## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. THEODORE, Individually and On Behalf of All Others Similarly Situated, | Case No. 6:21-cv-809 |
| Plaintiff, | |
| v. | |
| PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, and TASMIN ETTEFAGH, | |
| Defendants | |
| DAVID TENNENBAUM, Individually and On Behalf of All Others Similarly Situated, | Case No. 6:21-cv-818 |
| Plaintiff, | |
| v. | |
| PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER, and BYRON ROTH, | |
| Defendants | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BILL WILEMAN AND ANDREW WILEMAN FOR CONSOLIDATION OF RELATED ACTIONS, <u>APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL</u>**

Bill Wileman, as trustee of the Kasemady Pty Ltd ATF Wileman Super Fund, and Andrew Wileman (together, the "Wileman Family") respectfully submit this memorandum of law in support of their motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing the Wileman Family as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving the Wileman Family's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of: (a) persons who purchased or otherwise acquired PureCycle Technologies, Inc. ("PureCycle" or the "Company") f/k/a Roth CH Acquisition I Co. ("Roth Acquisition") securities between November 16, 2020 and May 5, 2021, inclusive (the "Class Period"); and/or (b) all holders of Roth Acquisition securities entitled to participate in the March 16, 2021 shareholder vote on the merger with PureCycle.

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

The Wileman Family believes that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on their financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, the Wileman Family satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other class members' claims, and they are committed to

1

fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, the Wileman Family respectfully submits that they are presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class, and their selection of Glancy Prongay & Murray LLP ("GPM") as lead counsel and Desmond Law Firm, P.C. as liaison counsel should be approved. GPM has substantial expertise in securities class actions, and has the experience and resources to efficiently prosecute this action.

## II.   STATEMENT OF FACTS[1]

PureCycle claims to commercialize a patented recycling process that separates, color, order and other contaminants from plastic waste feedstock to transform it into ultra-pure recycled polypropylene ("URPR") resin with virgin-like properties.

On November 16, 2020, PureCycle announced that it would become a publicly traded company via merger with Roth Acquisition, a special purpose acquisition company.

On March 18, 2021, PureCycle and Roth Acquisition announced that their anticipated business combination had been approved following shareholder approval at a special meeting held on March 16, 2021.

On May 6, 2021, before the market opened, Hindenburg Research published a research report alleging, among other things that multiple former employees of PureCycle's executives' former companies stated that their financial projections were based on "wild ass guessing," brought companies public far too early, and deceived investors. The report also alleged that no peer reviewed study in any scholarly journal cited or reviewed PureCycle licensed process and that multiple competitors and industry experts "explained that PureCycle faces steep competition for high quality feedstock, and called the company's financial projections into question."

---

[1] This section is adapted from the allegations in the complaints in the above-captioned actions.

On this news, the Company's stock price fell $9.76, or 40%, to close at $14.83 per share on May 6, 2021.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (i) that the technology PureCycle licensed from Procter & Gamble is not proven and presents serious issues even at lab scale; (ii) that the challenges posed by the availability and competition for the raw materials necessary to commercialize the licensed technology are significant; (iii) that PureCycle's financial projections are baseless; and (iv) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Wileman Family and other Class members have suffered significant losses and damages.

## III.   PROCEDURAL BACKGROUND

On May 11, 2021, plaintiff William C. Theodore commenced a securities fraud lawsuit against PureCycle and certain of its officers, captioned *Theodore v. PureCycle Technologies, Inc., et al.*, Case No. 6:21-cv-809 (the "*Theodore* Action"). It is brought on behalf of investors who purchased or otherwise acquired PureCycle securities between November 16, 2020 and May 5, 2021, inclusive.

The same day, plaintiff David Tennenbaum filed a substantially similar lawsuit against PureCycle and certain of its officers, captioned *Tennenbaum v. PureCycle Technologies, Inc., et al.*, Case No. 6:21-cv-818 (the "*Tennenbaum* Action," together with the *Theodore* Action, the "Related Actions"). It is brought on behalf of all purchasers of PureCycle securities between

November 16, 2020 and May 5, 2021, inclusive, and all holders of Roth Acquisition securities entitled to participate in the March 16, 2021 shareholder vote on the merger with PureCycle.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact.

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal conclusions. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Kornfield v. Opteum Inc.*, 2008 WL 11408525, at *2 (S.D. Fla. Sept. 29, 2008).

### B.    The Wileman Family Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  As set forth below, the Wileman Family satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. The Wileman Family has, to the best of their knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, the Wileman Family is not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, the Wileman Family respectfully submits that they should be appointed lead plaintiff.

### 1.    The Wileman Family Has Filed a Timely Motion

The Wileman Family has made a timely motion in response to a PSLRA early notice. On May 11, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Leo W. Desmond ("Desmond Decl."), Ex. A. Therefore, the Wileman Family had sixty days (i.e., until July 12, 2021) to file a motion to be appointed as lead plaintiff. As purchasers of PureCycle securities during the Class Period, the Wileman Family are members of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

5

Additionally, as set forth in the Wileman Family's PSLRA certifications, the Wileman Family attests that they have reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. Desmond Decl., Ex. B. Accordingly, the Wileman Family satisfies the first requirement to serve as lead plaintiff for the class

### 2.      The Wileman Family Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, the Wileman Family believes that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

The Wileman Family purchased PureCycle securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Desmond Decl., Ex. C. To the best of their knowledge, the Wileman Family is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, the Wileman Family believes they have the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3.      The Wileman Family Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, at the lead plaintiff stage of the litigation, "the initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy." *Eastwood Enterprises, LLC v. Farha*, 2008 WL 687351, at *1 (M.D. Fla. Mar. 11, 2008).

### a)      The Wileman Family's Claims Are Typical

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large". *Prado-Steinman ex rel. Prado v. Bush*, 22 F.3d 1266, 1279 (11th Cir. 2000); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (same).

The Wileman Family's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, the Wileman Family alleges that Defendants' material misstatements and omissions concerning PureCycle's business, operations, and financial prospects violated the federal securities laws. The Wileman Family, like all members of the Class, purchased PureCycle securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, the Wileman Family's interests and claims are "typical" of the interests and claims of the Class.

### b)      The Wileman Family Are Adequate Representatives

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." "[T]he adequacy prong requires that the class representatives have common interests with the nonrepresentative class members and requires that the representatives demonstrate that they will

vigorously prosecute the interests of the class through qualified counsel." *Biver v. Nicholas Fin., Inc.*, 2014 WL 1763211, at *5 (M.D. Fla. Apr. 30, 2014).

The Wileman Family has demonstrated their adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that they have sufficient incentive to provide vigorous advocacy. *See* Desmond Decl., Ex. C. The Wileman Family is not aware of any conflict between their claims and those asserted on behalf of the Class. As such, the Wileman Family is well-equipped to represent the class.

### C. Lead Plaintiff's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not interfere with lead plaintiff's selection unless necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Mulvaney v. Geo Group, Inc.*, 2016 WL 10519276, at *3 (S.D. Fla. Nov. 18, 2016). Here, the Wileman Family has selected GPM as lead counsel for the class and Desmond Law Firm, P.C. as liaison counsel. The firms have successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firms' resumes, *see* Desmond Decl., Exs. D & E, the Court may be assured that, by granting the Motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve the Wileman Family's selection of counsel.

### V. CONCLUSION

For the foregoing reasons, the Wileman Family respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Wileman Family as Lead Plaintiff for the Class; (3) approving Lead Plaintiff's selections of GPM as Lead Counsel and

Desmond Law Firm, P.C. as Liaison Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:  July 12, 2021                              Respectfully submitted,

*/s/ Leo W. Desmond*
Leo W. Desmond, Esquire
Florida Bar Number 0041920
**DESMOND LAW FIRM, P.C.**
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600
Facsimile: 772.231.0300
lwd@desmondlawfirm.com

*Counsel for the Wileman Family and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160
Email: info@glancylaw.com

*Counsel for the Wileman Family and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

9

## CERTIFICATE OF SERVICE

I, Leo W. Desmond, hereby certify that on July 12, 2021, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing (NEF) to all counsel of record.

*s/ Leo W. Desmond*
Leo W. Desmond