## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| WILLIAM C. THEODORE, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, and TASMIN ETTEFAGH,<br><br>               Defendants. | Case No. 6:21-cv-00809-PGB-GJK<br><br>Judge Paul G. Byron<br><br>CLASS ACTION |
| DAVID TENNENBAUM, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>vs.<br><br>PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER and BYRON ROTH,<br><br>               Defendants. | Case No. 6:21-cv-00818-PGB-DCI |

## MOTION OF JAMES BOENIG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

**TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Lead Plaintiff movant James Boenig ("Boenig") by and through his counsel, hereby moves this Court for the entry of an Order: (1) appointing Boenig as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*; (2) approving the selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Boenig believes he is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff.  Specifically, Boenig believes he has the "largest financial interest" in the relief sought by the Class.  Boenig also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because his claims are typical of other Class members' claims, and because he will fairly and adequately represent the Class.

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of Christopher J. Keller ("Keller Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

**WHEREFORE**, Boenig respectfully requests that the Court grant his motion and enter an Order: (1) appointing Boenig as Lead Plaintiff; (2) approving Boenig's selection of Labaton Sucharow as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................... ii

INTRODUCTION ..................................................................................... 1

I.    ARGUMENT ..................................................................................... 4

    A.    Boenig Should be Appointed Lead Plaintiff ........................... 4

        1.    The PSLRA Standard For Appointing Lead Plaintiff ................ 4

    B.    Boenig Is the "Most Adequate Plaintiff" ............................... 5

        1.    Boenig's Motion Is Timely ........................................ 5

        2.    Boenig Has the Largest Financial Interest in the Relief Sought by the Class ................................................ 6

        3.    Boenig Satisfies Rule 23's Typicality and Adequacy Requirements ............................................................. 7

            a.    Boenig's Claims Are Typical of Those of the Class ........ 7

            b.    Boenig Satisfies the Adequacy Requirement of Rule 23 ................................................................. 8

    C.    Boenig's Selection of Counsel Merits Approval ................... 9

II.   CONCLUSION ................................................................................. 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Biver v. Nicholas Fin., Inc.*,
    No. 8:14-cv-250-T-33TGW, 2014 WL 1763211
    (M.D. Fla. Apr. 30, 2014) ..................................................................7

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ...............................................................9

*Einhorn v. AxoGen, Inc.*,
    No. 8:19-cv-69-EAK-AAS, 2019 WL 5636382
    (M.D. Fla. Apr. 30, 2019) ..................................................................5

*Kux-Kardos v. VimpelCom, Ltd.*,
    151 F. Supp. 3d 471 (S.D.N.Y. 2016) ................................................7

*Luczak v. Nat'l Beverage Corp.*,
    No. 0:18-cv-61631-KMM, 2018 WL 9847842
    (S.D. Fla. Oct. 12, 2018) ................................................................5, 7

*Newman v. Eagle Bldg. Techs.*,
    209 F.R.D. 499 (S.D. Fla. 2002) ........................................................6

**Rules & Statutes**

Fed. R. Civ. P. 23 ...................................................................*passim*

15 U.S.C. § 78u-4 *et seq.* .............................................................*passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
    No. 04-cv-8141 (S.D.N.Y.) ..............................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
    No. 08-md- 1963 (S.D.N.Y.) ...........................................................10

*In re HealthSouth Corp. Sec. Litig.*,
    No. 03-cv-1500 (N.D. Ala.) .............................................................10

ii

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N.
730.................................................................................................................10

# INTRODUCTION

Proposed Lead Plaintiff James Boenig ("Boenig"), by his undersigned counsel, hereby moves this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Boenig as Lead Plaintiff in the above-captioned actions (the "Action")[1] on behalf of all persons other than Defendants (as defined herein) who purchased or otherwise acquired PureCycle Technologies, Inc. ("PureCycle" or the "Company") (formerly known as Roth CH Acquisition I Co. securities between November 16, 2020 and May 5, 2021, inclusive (the "Class Period"), and were damaged thereby (the "Class"); (2) approving Boenig's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.[2]

Boenig respectfully submits that he should be appointed Lead Plaintiff in the Action on behalf of the Class.  The Action, which is brought against PureCycle and

---

[1] There are two substantially identical class actions on file alleging violations of the federal securities laws.  All parties involved in the two actions agree that consolidation is warranted. Boenig agrees.

[2] The PSLRA provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action.  Consequently, counsel for Boenig have no way of knowing who, if any, the competing Lead Plaintiff candidates are at this time.  As a result, counsel for Boenig have been unable to conference with opposing counsel as required by Local Rule 3.01(g)(1), and respectfully request that the conference requirement be waived in this narrow instance.

certain of its executive officers (collectively, "Defendants"), seeks to recover damages caused by Defendants' alleged violations of the federal securities laws under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed herein, Boenig respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Boenig incurred losses of *$109,415* on his Class Period transactions in PureCycle securities as calculated on a last-in-first-out ("LIFO") basis.[3] Accordingly, Boenig has a substantial financial interest in directing this litigation

---

[3] A copy of Boenig's Certification ("Certification"), is attached as Exhibit A to the Declaration of Christopher J. Keller (the "Keller Decl."), submitted herewith.  The Certification sets forth all of Boenig's transactions in PureCycle securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Boenig on his Class Period transactions in PureCycle securities ("Loss Analysis") is attached as Exhibit B to the Keller Decl.

and recovering losses attributable to Defendants' violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

In addition to asserting a substantial financial interest in this litigation, Boenig also meets the typicality and adequacy requirements of Rule 23 because: (1) his claims arise from the same course of events as those of the other Class members, (2) he relies on similar legal theories to prove Defendants' liability, and (3) he has retained experienced counsel and is committed to vigorously prosecuting the Action.

Finally, pursuant to the PSLRA, Boenig respectfully requests that the Court approve his selection of Labaton Sucharow as Lead Counsel for the Class. *See* 15 U.S.C. § 78u -4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Labaton Sucharow is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Boenig respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selection of Lead Counsel.

3

## I.   ARGUMENT

### A.   Boenig Should be Appointed Lead Plaintiff

Boenig respectfully submits that he should be appointed Lead Plaintiff because he timely filed the instant motion, believes he has the largest financial interest of any qualified movant, and satisfies the typicality and adequacy requirements of Rule 23.

#### 1.   The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the  purported plaintiff  class –
>
> (I)      of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)     that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

4

Next, pursuant to the PSLRA, the Court is to consider any motion made by Class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating the lead plaintiff motions, the Court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (2) has the largest financial interest in the relief sought by the Class; and (3) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Luczak v. Nat'l Beverage Corp.*, No. 0:18-cv-61631-KMM, 2018 WL 9847842, at *1 (S.D. Fla. Oct. 12, 2018).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Einhorn v. AxoGen, Inc.*, No. 8:19-cv-69-EAK-AAS, 2019 WL 5636382, at *1–3 (M.D. Fla. Apr. 30, 2019).

Under the framework established by the PSLRA, Boenig is "the most adequate plaintiff" and should be appointed as Lead Plaintiff.

### B.    Boenig Is the "Most Adequate Plaintiff"

#### 1.    Boenig's Motion Is Timely

Boenig filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action

against Defendants caused notice regarding the pending nature of this case to be published on *Globe Newswire*, a widely- circulated, national, business-oriented news wire service, on May 11, 2021. *See* Notice, Keller Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, *i.e.*, on or before July 12, 2021. Boenig filed his motion seeking appointment as Lead Plaintiff within this deadline and has thus satisfied the procedural requirements of the PSLRA.

### 2.   Boenig Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Newman v. Eagle Bldg. Techs*., 209 F.R.D. 499, 502 (S.D. Fla. 2002) ("The most important factor in determining the lead plaintiff is the amount of financial interest claimed.").

Boenig incurred substantial losses of *$109,415* on his transactions in PureCycle securities on a LIFO basis during the Class Period. *See* Loss Analysis, Keller Decl., Ex. B. Accordingly, Boenig has a substantial financial interest as a qualified movant seeking Lead Plaintiff status and is thus the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii).

### 3. Boenig Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). At the lead plaintiff selection stage all that is required to satisfy Rule 23 is a "preliminary showing" that the lead plaintiff's claims are typical and adequate. *Nat'l Beverage Corp.*, 2018 WL 9847842, at *2; *see also Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Here, Boenig unquestionably satisfies both requirements.

### a. Boenig's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when there is "a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Biver v. Nicholas Fin., Inc.*, No. 8:14-cv-250-T-33TGW, 2014 WL 1763211, at *5 (M.D. Fla. Apr. 30, 2014) (quoting *Kornberg v. Royal Caribbean Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). On this point, "'[a] sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *Id.* (quoting *Royal Caribbean Cruise Lines, Inc.*, 741 F.2d at 1337).

7

As applied, Boenig's claims are typical of the claims asserted by the proposed Class.  Like all members of the Class, Boenig alleges that Defendants made material misstatements and omissions in violation of the federal securities laws.  Boenig, as did all of the members of the Class, transacted in PureCycle securities during the Class Period in reliance on Defendants' alleged misstatements and omissions and was damaged thereby.  Because Boenig's claims arise from the same course of events as do the claims of other Class members, the typicality requirement is satisfied.

> **b.      Boenig Satisfies the Adequacy Requirement of Rule 23**

"[T]he adequacy prong requires that the class representatives have common interests with the nonrepresentative class members and requires that the representatives demonstrate that they will vigorously prosecute the interests of the class through qualified counsel."  *Id*. (quoting *Piazza v. Ebsco Indus. Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001)).  "Thus, the adequacy of representation analysis involves two inquiries: '(1) whether any substantial conflicts of interest exist between the representatives and the class, and (2) whether the representatives will adequately prosecute the action.'"  *Id*. (quoting *Valley Drug Co. v. Geneva Pharm., Inc.*, 350  F.3d 1181, 1189 (11th Cir. 2003)).

As applied, Boenig has satisfied the adequacy requirement of Rule 23. Boenig understands and accepts the duties and obligations of a Lead Plaintiff under

the PSLRA.  *See* Certification, Keller Decl., Ex. A.  No antagonism exists between the interests of Boenig and those of the absent Class members; rather, the interests of Boenig and the Class are squarely aligned.  Indeed, Boenig suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action. Further, there is no proof that Boenig is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II).  Boenig has also retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* at Section I.C, and timely submitted his choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).

Accordingly, Boenig is adequate to represent the Class.

### C.   Boenig's Selection of Counsel Merits Approval

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").  Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class."  *See*

9

H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Boenig has selected the law firm of Labaton Sucharow to represent the Class. Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors.  For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md- 1963 (S.D.N.Y.), in which the Firm served as co-lead counsel.  Labaton Sucharow has also achieved noteworthy results in cases within this Circuit.  For example, Labaton Sucharow served as co-lead counsel in *In re HealthSouth Corp. Securities Litigation*, No. 03-cv-1500 (N.D. Ala.), in which the firm achieved a recovery of $671 million on behalf of harmed investors, and similarly served as co-lead counsel in *Eastwood Enterprises, LLC v. Farha* (WellCare Securities Litigation), No. 07-cv-1940 (M.D. Fla.), in which it secured a recovery of $200 million. Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. See Labaton Sucharow Firm Resume, Keller Decl., Ex. E.

In light of the foregoing, the Court should approve Boenig's selection of Labaton Sucharow as Lead Counsel for the Class.  The Court can be assured that,

by approving Boenig's choice of counsel, the Class will receive the highest caliber of representation.

## II.     CONCLUSION

For the foregoing reasons, Boenig respectfully requests that the Court issue an Order: (1) appointing Boenig as Lead Plaintiff for the Class; (2) approving Boenig's selection of Labaton Sucharow as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

DATED:  July 12, 2021                              Respectfully submitted,

/s/ Christopher J. Keller
**LABATON SUCHAROW LLP**
Christopher J. Keller
Francis P. McConville
David J. Schwartz
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Proposed Lead Plaintiff
James Boenig and Proposed Lead
Counsel for the Class*

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2021, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing to all counsel of record.

*/s/ Christopher J. Keller*
Christopher J. Keller
