## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| WILLIAM C. THEODORE, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No.: 6:21-cv-00809 |
| Plaintiff, | : : : | |
| vs. | : : : | |
| PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, and TASMIN ETTEFAGH, | : : : : : | |
| Defendants. | : : | |
| DAVID TENNENBAUM, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No.: 6:21-cv-00818 |
| Plaintiff, | : : : : | |
| vs. | : : : : | |
| PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER and BYRON ROTH, | : : : : : : | |
| Defendants. | : : | |

## MOTION AND SUPPORTING MEMORANDUM OF LAW OF ERSTE ASSET MANAGEMENT GMBH FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

FACTUAL BACKGROUND..................................................................................4

ARGUMENT .........................................................................................................6

I.  The Related Actions Should be Consolidated ..............................................6

II.  Erste AM Should Be Appointed as Lead Plaintiff ........................................8

    A.  The PSLRA Standard for Appointment of Lead Plaintiff ...................8

    B.  Erste AM Is the "Most Adequate Plaintiff" .........................................9

        1.  Erste AM has satisfied the PSLRA's procedural
requirements....................................................................................10

        2.  Erste AM has the largest financial interest in the relief
sought by the class. .........................................................................10

        3.  Erste AM satisfies Rule 23's typicality and adequacy
requirements....................................................................................11

            a.  Erste AM's claims are typical of those of the class .......12

            b.  Erste AM will fairly and adequately protect the
interests of the class......................................................13

III.  The Court Should Approve Erste AM's Selection of Counsel ....................15

CONCLUSION....................................................................................................16

CERTIFICATE OF SERVICE ............................................................................18

i

Erste Asset Management GmbH ("Erste AM"), upon the Declaration of Pedro A. Herrera, the attached exhibits, the supporting memorandum of law, and such other evidence as the Court may consider, moves this Court for an order:  (i) consolidating the above-captioned actions (the "Related Actions"); (ii) appointing Erste AM as Lead Plaintiff in the consolidated actions pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B); and (iii) approving Erste AM's choice of Lead Counsel.

## INTRODUCTION

Pending before this Court are two securities fraud class action lawsuits filed against PureCycle Technologies, Inc., including its predecessor, Roth CH Acquisition I Co. ("ROCH") (collectively referred to as  ("PureCycle" or the "Company"), and certain of its officers and/or directors in District Court for the Middle District of Florida.[1]  Both actions are brought on behalf of investors who purchased or otherwise acquired the publicly traded securities of PureCycle between November 16, 2020 and May 5, 2021, inclusive (the "Class Period"), and assert violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.  The *Tennenbaum* action also asserts

---

[1] *Theodore v. PureCycle Technologies, Inc., et al.*, No. 6:21-cv-00809 (M.D. Fla. May 11, 2021) and *Tennenbaum v. PureCycle Technologies, Inc., et al.*, No. 6:21-cv-00818 (M.D. Fla. May 11, 2021).

similar claims on behalf of all holders of ROCH securities entitled to participate in the March 16, 2021 shareholder vote on the merger of ROCH and PureCycle. The complaints on file in the Related Actions allege that during the Class Period, Defendants repeatedly made materially misleading statements and/or failed to disclose information necessary to make various statements not materially misleading, thus artificially inflating the price of the Company's publicly traded securities. According to the complaints, when these misrepresentations were revealed to the public, the market value of PureCycle's publicly traded securities declined, causing the proposed class to suffer significant losses and damages.

Erste AM seeks an Order pursuant to Local Rule 1.07(b) and Rule 42(a) of the Federal Rules of Civil Procedure consolidating the above-captioned actions and all related later-filed securities class actions involving PureCycle and/or its officers filed in a United States District Court. Consolidation is warranted, given the similarities of the actions, to facilitate judicial economy, and to ensure the orderly prosecution of the claims brought on behalf of the Company.

Further, the PSLRA directs the Court to appoint as lead plaintiff the movant with the largest interest in the relief sought by the class who also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") at this stage in the litigation. Erste AM respectfully submits that, pursuant to the PSLRA, it should be appointed to serve as Lead Plaintiff on behalf of the putative class. Erste

2

AM has the largest financial interest of any movant it knows to be before the Court, having suffered losses of approximately $1,817,000. *See* Certification and Loss Chart, Decl. of Pedro A. Herrera ("Herrera Decl."), Exs. A, B. Erste AM also meets the typicality and adequacy requirements of Rule 23 because, like all members of the putative class, it seeks recovery of losses incurred as a result of Defendants' allegedly false and misleading statements and/or omissions; it is motivated by its fund's large financial losses to vigorously prosecute the Related Actions; and it has committed to fairly and adequately represent the interests of the putative class and supervise counsel.

In addition, Erste AM has retained competent and experienced counsel to prosecute this securities litigation and seeks the Court's approval of its selection of Counsel. Accordingly, under the PSLRA, Erste AM is presumptively the most adequate plaintiff and is entitled to appointment as lead plaintiff for the class. Pursuant to the PSLRA, the lead plaintiff is entitled to select lead counsel for the class subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Erste AM has selected the law firm of Motley Rice LLC ("Motley Rice"). Motley Rice has extensive experience successfully prosecuting securities fraud cases and its appointment would serve the interests of the class.

For the reasons summarized herein and discussed more fully below, Erste AM's motion should be approved in its entirety.

3

**FACTUAL BACKGROUND**

According to its website, PureCycle has a "ground-breaking, patented recycling process, developed and licensed by Procter & Gamble . . . and commercialized by PureCycle, [that] separates color, order and other contaminants from plastic waste feedstock to transform it into Ultra-Pure Recycled Polypropylene ('UPRP') resin with virgin-like properties."  PureCycle shares trade on the NASDAQ stock exchange under the ticker "PCT."  The Company is headquartered in Orlando, Florida.

On November 16, 2020, PureCycle issued a press release announcing plans to become a publicly traded company via a merger with Roth Acquisition.  Roth Acquisition was set up as a special purpose acquisition company (commonly referred to as a SPAC).  Roth Acquisition's shares traded on the NASDAQ stock exchange under the ticker symbol "ROCH."

On March 18, 2021, PureCycle and Roth Acquisition announced that their anticipated business combination had been completed after having been approved by Roth Acquisition's stockholders at a special meeting held on March 16, 2021.  Shares of PureCycle also began trading on NASDAQ under the ticker symbol PCT on March 18, 2021.  During the Class Period, shares of ROCH/PCT stock traded as high as $35.75 each.

4

Before the markets opened on May 6, 2021, analyst Hindenburg Research published a scathing report on PureCycle entitled "PureCycle: The Latest Zero-Revenue ESG SPAC Charade, Sponsored by the Worst of Wall Street." In this report, Hindenburg wrote: (1) Hindenburg "spoke with multiple former employees of" Defendant Otworth's and other PureCycle executives' former companies "who said PureCycle's executives based their financial projections on 'wild ass guessing', brought companies public far too early, and had deceived investors"; (2) unlike most "leading plastics companies [who] publish peer reviewed studies that detail their advancements in the field," Hindenburg was "unable to find a single peer reviewed study in any scholarly journal citing or reviewing PureCycle's licensed process"; (3) "multiple competitors and industry experts . . . explained that PureCycle faces steep competition for high quality feedstock, and called the company's financial projections into question"; (4) "a 30-year expert on polymers, with a background in advanced plastics recycling . . . told us the company's patent is 'indirect,' 'vague,' and a 'regurgitation' of prior art"; (5) the same expert "referred to the company's flammable pressurized process as a 'bomb' and warned about the company forging ahead to commercial scale despite having issues at a lab scale"; and (6) in conclusion, that "PureCycle represents the worst qualities of the SPAC boom; another quintessential example of how executives and SPAC sponsors enrich

themselves while hoisting unproven technology and ridiculous financial projections onto the public markets, leaving retail investors to face the ultimate consequences."

On this news, PureCycle's stock price fell from its May 5, 2021 closing price of $24.59 per share to a May 6, 2021 closing price of $14.83, trading intraday as low as $13.55 per share. This represents a one-day drop of approximately 40%.

According to the complaints on file, through the Class Period, Defendants made materially false and misleading statements regarding the Company's business. When these misrepresentations were revealed to the public, members of the putative class suffered significant damages and losses.

## ARGUMENT

### I.      The Related Actions Should be Consolidated

The Court should consolidate the Related Actions given their similarity, and because it will ensure the orderly prosecution of the claims brought against Defendants. To Erste AM's knowledge, there are no other pending class actions brought pursuant to the federal securities laws against Defendants. Pursuant to Local Rule 1.07(b), consolidation of the Related Actions is warranted:

> If actions assigned to a judge present the probability of inefficiency or inconsistency, a party may move to consolidate the actions. The party must file the motion in one action and a notice and a copy of the motion in the other action. The judge can order the clerk to assign to the consolidated actions the magistrate judge assigned to the first-filed action.

Further, the consolidation of actions in federal court is also governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also Grand Lodge of Pennsylvania v. Peters*, 2007 WL 1812641, at \*1 (M.D. Fla. June 22, 2007) (finding consolidation warranted pursuant to the PSLRA, as the multiple actions involved each asserted "substantially the same claim or claims"); *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1312 (M.D. Fla. 2000) (finding consolidation of related actions warranted as the actions all involved a "common question of law or fact" and consolidation would "tend to avoid unnecessary costs or delay").

Here, the Related Actions involve common issues of law and fact, as they bring similar claims, arise from the same factual circumstances, and name some of the same defendants. Consolidation of the Related Actions is necessary and appropriate and will serve to promote an efficient litigation by expediting pretrial proceedings, avoiding duplication of effort, avoiding harassment of parties and witnesses and minimizing the expenditure of time and money by all persons concerned. Moreover, consolidation of the Related Actions is warranted because each of these cases is dependent on proof of the same questions of law and fact—

specifically, whether PureCycle and the named officers and/or directors violated the federal securities laws by, *inter alia*, making false and/or misleading statement and omitting material information in public disclosures, included related to the commercialization and ability to scale the technology PureCycle licensed from Procter & Gamble, challenges posed by the availability and competition for the raw materials necessary to commercialize the licensed technology, and whether there was any reasonable basis for PureCycle's financial projections. *See Vincelli*, 112 F. Supp. 2d at 1312-13 ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (internal quotations omitted). Under these circumstances, consolidation is proper pursuant to Local Rule 1.04(c) and Fed. R. Civ. P. 42(a).

## II.     Erste AM Should Be Appointed as Lead Plaintiff

### A.     The PSLRA Standard for Appointment of Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, the pendency of the Related Actions must be publicized in a widely circulated national

business-oriented publication or wire service not later than 20 days after filing of the

first complaint.  The notice must advise members of the purported class:

> (I)　　of the pendency of the Related Actions, the claims asserted therein, and the purported class period; and
>
> (II)　　that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, under the PSLRA, a court is to consider any motion made by class

members to serve as lead plaintiff and appoint the "most adequate plaintiff."

15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating a lead-plaintiff motion, a court shall

adopt a presumption that the "most adequate plaintiff" is the person or group of

persons who:  (i) filed a complaint or made a motion to serve as lead plaintiff; (ii) has

the largest financial interest in the relief sought by the class; and (iii) who otherwise

satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This

presumption may be rebutted only by proof that the presumptively most adequate

plaintiff "will not fairly and adequately protect the interests of the class" or "is

subject to unique defenses that render such plaintiff incapable of adequately

representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B.　　Erste AM Is the "Most Adequate Plaintiff"

Erste AM respectfully submits that it is the presumptive "most adequate

plaintiff" because it has complied with the PSLRA's procedural requirements,

9

possesses the largest financial interest of any qualified movant, and satisfies Rule 23's typicality and adequacy requirements.

### 1. Erste AM has satisfied the PSLRA's procedural requirements.

Erste AM filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), notice of the pendency of the first-filed action was published on *Globe Newswire*, a widely circulated, national, business-oriented news reporting wire service, on May 11, 2021. *See* Notice, Herrera Decl., Ex. C. Pursuant to the PSLRA, any member of the proposed class may apply to be appointed as Lead Plaintiff within sixty days after publication of the notice, i.e., on or before July 12, 2021. Erste AM has filed its motion within the required timeframe.

### 2. Erste AM has the largest financial interest in the relief sought by the class.

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as that movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Erste AM's fund incurred a loss of approximately $1,817,000 on net purchases of 180,000 shares of PureCycle common stock during the Class Period.

10

*See* Certification & Loss Chart, Herrera Decl., Exs. A, B.  Erste AM is unaware of any movant with a larger financial interest in the outcome of the Related Actions.

### 3.	Erste AM satisfies Rule 23's typicality and adequacy requirements

The PSLRA directs that a lead plaintiff also must "satisf[y] the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  With respect to class certification, Rule 23(a) requires that:  (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) such claims are typical of those of the class; and (iv) the representative will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a).  At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a preliminary showing that it will satisfy the typicality and adequacy requirements of Rule 23.  Consequently, in deciding the motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until Lead Plaintiff moves for class certification.  *See Plumbers and Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.*, 2008 WL 2608111, at *2 n.2 (M.D. Fla. July 1, 2008); *see also Grand Lodge of Pennsylvania*, 2007 WL 1812641, at *1 n.7.  Erste AM satisfies both of these requirements.

11

### a. Erste AM's claims are typical of those of the class

Pursuant to Rule 23(a)(3), typicality requires "that a party seeking to represent a class have claims or defenses that are typical of the claims or defenses of the class." *In re Cendant Corp.*, 264 F.3d at 263 (internal quotations omitted); *see* Fed. R. Civ. P. 23(a)(3).  The typicality requirement of Rule 23(a) is satisfied when a plaintiff has, similar to other class members:  (i) purchased securities during the class period in reliance on allegedly false and misleading statements issued by defendants, and (ii) has suffered financial losses allegedly due to defendants' conduct.  *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007).

Erste AM satisfies the typicality requirement because its claims arise from the same events and course of conduct and are based on the same legal theories as the claims of the other class members, and it seeks the same relief.  *See id.*; *see also Eastwood Enterps., LLC v. Farha*, 2008 WL 687351, at *1 (M.D. Fla. Mar. 11, 2008).  Like other class members, Erste AM's fund purchased PureCycle's publicly traded securities in reliance on the Company's public statements that contained materially false or misleading statements or omissions, and were damaged thereby. Moreover, Erste AM is not subject to any unique or special defenses.

> **b.   Erste AM will fairly and adequately protect the interests of the class**

Pursuant to Rule 23(a)(4), the representative party must demonstrate that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining whether a representative will fairly and adequately represent the class, courts assess: (i) whether the proposed Lead Plaintiff has interests that are not antagonistic to the class, (ii) whether the class representative has significant interest in the outcome of the case to ensure vigorous advocacy, and (iii) whether the representative party's counsel is qualified, experienced, and generally able to conduct the litigation. *See Edward J. Goodman Life Income Trust*, 2007 WL 170556, at *3.

First, the interest of Erste AM in recovering its fund's loss is squarely aligned with that of the class because its claims rest on the same foundation as the claims of absent class members, and no antagonism exists between the interests of Erste AM and those of the class. Second, Erste AM is motivated to prosecute the Related Actions vigorously by virtue of its fund's large loss, and has committed to represent the best interests of the proposed class. Erste AM has demonstrated its adequacy as a class representative by signing a certification affirming its willingness to serve as, and understanding of the responsibilities of, a Court-appointed Lead Plaintiff. *See* Herrera Decl. Ex. A. Third, as a large, financially sophisticated institutional investor with billions of euros of assets under management and fiduciary duties to ensure that

13

its funds are well-managed, Erste AM is well-qualified to represent the class. Erste AM also has experience serving as a lead plaintiff in securities litigation; for example, Erste AM has spent the last several years serving as co-lead plaintiff in a securities fraud class action captioned *Boston Retirement System v. Alexion Pharmaceuticals, Inc.*, Civ. No. 3:16-cv-2127 (D. Conn.).

Indeed, Erste AM is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001). Based in Vienna, Austria, Erste AM is a sophisticated institutional investor that manages assets worth EUR 71.55 billion as of May 2021 (the equivalent of more than $84 billion).

Erste AM also has demonstrated its adequacy by retaining counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this one, as discussed further in the next section. *See* Herrera Decl., Ex. D (Firm Resume of Motley Rice).

Accordingly, Erste AM satisfies both the adequacy and typicality requirements.

### III.    The Court Should Approve Erste AM's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  Courts should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Molema v. Bio-One Corp.*, 2006 WL 1733859, at * 2 (M.D. Fla. June 20, 2006) ("Approval of lead counsel necessarily requires an independent evaluation of, among other considerations, the effectiveness of proposed class counsel to ensure the protection of the class.").

Erste AM has selected the law firm of Motley Rice as lead counsel for the proposed class.  Motley Rice has substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions.  The firm's experience in the prosecution of securities class actions is derived from, among other things, its service as sole lead counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP (S.D.N.Y.), in which the court in approved a settlement of $140 million for the class in December 2016.  *See* Herrera Decl., Ex. D at 3 (Motley Rice Shareholder and Securities Fraud Resume).  Motley Rice also served as co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH (D. Kan.), in which the court approved a settlement of $131 million for the class in August 2015.  *Id.*  Motley Rice has

15

successfully served as lead or co-lead counsel in numerous securities fraud class actions. *Id.* at 3-5. Thus, Motley Rice attorneys have the skill and knowledge necessary to prosecute this action effectively and expeditiously. The Court may be assured that by approving Erste AM's selection of lead counsel, the members of the class will receive adequate representation.

## CONCLUSION

For the foregoing reasons, Erste AM respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint Erste AM as lead plaintiff for the putative class; and (iii) approve Erste AM's selection of Motley Rice as lead counsel for the putative class.

DATED:  July 12, 2021                     Respectfully submitted,

**SUGARMAN & SUSSKIND P.A.**

D. Marcus Braswell, Jr. (146160)
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone:  (305) 529-2801
Facsimile:  (305) 447-8115
mbraswell@sugarmansusskind.com

*Local Counsel for Erste Asset Management GmbH*

16

**MOTLEY RICE LLC**
Gregg S. Levin
William S. Norton
Christopher F. Moriarty
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450
glevin@motleyrice.com
bnorton@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for Erste Asset Management
GmbH and Proposed Lead Counsel
for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 12, 2021.

_____
                                            D. Marcus Braswell, Jr.

18