UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. THEODORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, and TASMIN ETTEFAGH,<br><br>Defendants. | Case No.  6:21-cv-00809-PGB-GJK<br><br>**MOTION OF ROBERT CIECKO AND MARIUSZ CIECKO FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT** |
| DAVID TENNENBAUM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER and BYRON ROTH,<br><br>Defendants. | Case No.  6:21-cv-00818-PGB-DCI |

## TABLE OF CONTENTS

MOTION .......................................................................................................................... 1

MEMORANDUM OF LAW ............................................................................................ 2

I.      PRELIMINARY STATEMENT ........................................................................ 2

II.     STATEMENT OF FACTS ................................................................................. 3

III.    ARGUMENT ...................................................................................................... 5

      A.    The Related Actions Should Be Consolidated for All Purposes ............................. 5

      B.    The Ciecko Brothers Should Be Appointed Co-Lead Plaintiffs ............................. 6

            i.    The Ciecko Brothers Are Willing to Serve as Class Representatives ........ 7

            ii.   The Ciecko Brothers Have the "Largest Financial Interest" in the Related Actions ................................................................................................................ 8

            iii.  The Ciecko Brothers Otherwise Satisfy Rule 23's Requirements ............. 9

            iv.   The Ciecko Brothers Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses ................................... 11

      C.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ...................................................................................................... 12

IV.     CONCLUSION ................................................................................................. 13

LOCAL RULE 3.01(G) CERTIFICATION .................................................................. 13

CERTIFICATE OF SERVICE ...................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brustein v. Lampert*, No. 04-61159-CIV-LENARD/KLEIN,
 2005 U.S. Dist. LEXIS 51106 (S.D. Fla. June 15, 2005) ...........................................................9

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001).........................................................................................................9

*In re Molson Coors Brewing Co. Sec. Litig.*,
 233 F.R.D. 147 (D. Del. 2005) ...................................................................................................12

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................................9

*In re Sunbeam Sec. Litig.*, No. 98-8258-CIV-MIDDLEBROOKS,
 1998 U.S. Dist. LEXIS 21490 (S.D. Fla. Dec. 4, 1998) .........................................................5, 6

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)..............................................................8

*Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV-DIMITROULEAS,
 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008) .........................................................10

*Mulvaney v. GEO Group, Inc.*, No. 16-cv-81494-MIDDLEBROOKS,
 2016 U.S. Dist. LEXIS 193402 (S.D. Fla. Nov. 18, 2016).......................................................12

*Newman v. Eagle Bldg. Techs.*,
 209 F.R.D. 499 (S.D. Fla. 2002).................................................................................................6

*Nghiem Tran v. Erba Diagnostics, Inc.*, No. 15-cv-24440-COOKE/TORRES,
 2016 U.S. Dist. LEXIS 186864 (S.D. Fla. Apr. 8, 2016) ...........................................................9

*Piven v. Sykes Enters.*,
 137 F. Supp. 2d 1295 (M.D. Fla. 2000).....................................................................................10

*Plymouth County Ret. Sys. v. Carter's, Inc.*, No. 08-CV-2940-JOF,
 2009 U.S. Dist. LEXIS 20582 (N.D. Ga. Mar. 13, 2009)...........................................................8

*Prado-Steiman v. Bush*,
 221 F.3d 1266 (11th Cir. 2000) .................................................................................................10

*Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-cv-20880-UU,
 2016 U.S. Dist. LEXIS 33637 (S.D. Fla. Mar. 16, 2016)...........................................................9

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) ........................................................................................10

## Statutes

15 U.S.C. §78u-4(a) ............................................................................................6, 7, 8, 12

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..............................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ......................................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)............................................................................................11

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................................................11

Private Securities Litigation Reform Act of 1995 ..............................................................1, 2, 11

## Rules

Fed. R. Civ. P. 23................................................................................................... *passim*

Fed. R. Civ. P. 42.....................................................................................................1, 2, 5

iii

## MOTION

Robert Ciecko and Mariusz Ciecko (together, the "Ciecko Brothers"), by and through their counsel, hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Federal Rule of Civil Procedure 42 ("Rule 42"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the Ciecko Brothers as Co-Lead Plaintiffs on behalf of all investors who purchased or otherwise acquired PureCycle Technologies, Inc. ("PureCycle" or the "Company") and/or Roth CH Acquisition I Co. ("Roth Acquisition") securities between November 16, 2020 and May 5, 2021, inclusive, and all holders of Roth Acquisition securities entitled to participate in the March 16, 2021 shareholder vote on the merger with PureCycle (the "Class Period") (the "Class"); and (3) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel, and Miller Shah LLP ("Miller Shah") as Liaison Counsel, for the Class.[1]

---

[1] On May 11, 2021, the first-filed of the Related Actions was filed in this Court, styled *Theodore v. Purecycle Technologies, Inc. et al.*, No. 6:21-cv-00809 (M.D. Fla.) ("*Theodore* Action"), alleging a class including all investors who purchased or otherwise acquired PureCycle (formerly known as Roth Acquisition) securities between November 16, 2020 and May 5, 2021, inclusive. *See* Dkt. No. 1 ("*Theodore* Complaint"), at ¶ 1.  Also on May 11, 2021, a second action alleging substantially the same wrongdoing as the *Theodore* Action against overlapping defendants was filed in this Court, styled *Tennenbaum v. PureCycle Technologies, Inc. et al.*, No. 6:21-cv-00818 (M.D. Fla.) ("*Tennenbaum* Action"), on behalf of a more expansive class of investors including all purchasers of the publicly traded securities of PureCycle and/or Roth Acquisition between November 16, 2020 and May 5, 2021, inclusive, and all holders of Roth Acquisition securities entitled to participate in the March 16, 2021 shareholder vote on the merger with PureCycle. *See* *Tennenbaum* Action, Dkt. No. 1, at ¶ 1.  Therefore, without conceding that this is the appropriate class, to avoid excluding any potential class members, this motion has adopted the more expansive class alleged in the *Tennenbaum* Action.

1

**MEMORANDUM OF LAW**

The Ciecko Brothers respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3), as amended by the PSLRA, and Rule 42, for the entry of an Order: (1) consolidating the Related Actions; (2) appointing the Ciecko Brothers as Co-Lead Plaintiffs on behalf of the Class; and (3) approving proposed Co-Lead Plaintiffs' selection of Pomerantz as Lead Counsel, and Miller Shah as Liaison Counsel, for the Class.

## I.     PRELIMINARY STATEMENT

The complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  PureCycle investors, including the Ciecko Brothers, incurred significant losses following the disclosure of the alleged fraud, which caused PureCycle's share price to fall sharply, damaging the Ciecko Brothers and other PureCycle investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are both putative class actions alleging violations of the federal securities laws by an overlapping group of defendants arising from the same alleged fraudulent misconduct.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  In connection with their transactions in PureCycle securities during the Class Period, the Ciecko Brothers incurred losses of approximately $131,095.  *See* Declaration of Jayne A. Goldstein in Support of Motion ("Goldstein Decl."), Exhibit ("Ex.") A.  Accordingly, the

Ciecko Brothers believe that they have the largest financial interest in the relief sought in the Related Actions. Beyond their considerable financial interest, the Ciecko Brothers also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Related Actions on behalf of the Class, the Ciecko Brothers have selected Pomerantz as Lead Counsel, and Miller Shah as Liaison Counsel, for the Class. These firms and their attorneys are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, the Ciecko Brothers respectfully request that the Court enter an order consolidating the Related Actions, appointing the Ciecko Brothers as Co-Lead Plaintiffs for the Class, and approving their selection of Pomerantz as Lead Counsel, and Miller Shah as Liaison Counsel, for the Class.

## II.    STATEMENT OF FACTS

As alleged in the *Theodore* Complaint, according to PureCycle's website, the Company has a "ground-breaking, patented recycling process, developed and licensed by Procter & Gamble . . . and commercialized by PureCycle, [that] separates color, order and other contaminants from plastic waste feedstock to transform it into Ultra-Pure Recycled Polypropylene ('UPRP') resin with virgin-like properties." *Theodore* Complaint ¶ 2. PureCycle shares trade on the NASDAQ stock exchange ("NASDAQ") under the ticker "PCT." *Id.* The Company is headquartered in Orlando, Florida. *Id.*

On November 16, 2020, PureCycle issued a press release announcing plans to become a publicly traded company via a merger with Roth Acquisition. *Id.* ¶ 3. Roth Acquisition was setup

3

as a special purpose acquisition company (commonly referred to as a SPAC). *Id.* Roth Acquisition's shares traded on the NASDAQ under the ticker symbol "ROCH." *Id.*

On March 18, 2021, PureCycle and Roth Acquisition announced that their anticipated business combination had been completed after having been approved by Roth Acquisition's stockholders at a special meeting held on March 16, 2021. *Id.* ¶ 4. Shares of PureCycle also began trading on the NASDAQ under the ticker symbol "PCT" on March 18, 2021. *Id.* During the Class Period, shares of ROCH/PCT stock traded as high as $35.75 each. *Id.*

Before the markets opened on May 6, 2021, analyst Hindenburg Research ("Hindenburg") published a scathing report on PureCycle entitled "PureCycle: The Latest Zero-Revenue ESG SPAC Charade, Sponsored by the Worst of Wall Street." *Id.* ¶ 5. In this report, Hindenburg wrote: (1) Hindenburg "spoke with multiple former employees of" Defendant Michael Otworth's and other PureCycle executives' former companies "who said PureCycle's executives based their financial projections on 'wild ass guessing', brought companies public far too early, and had deceived investors"; (2) unlike most "leading plastics companies [who] publish peer reviewed studies that detail their advancements in the field," Hindenburg was "unable to find a single peer reviewed study in any scholarly journal citing or reviewing PureCycle's licensed process"; (3) "multiple competitors and industry experts . . . explained that PureCycle faces steep competition for high quality feedstock, and called the company's financial projections into question"; (4) "a 30-year expert on polymers, with a background in advanced plastics recycling . . . told us the company's patent is 'indirect,' 'vague,' and a 'regurgitation' of prior art"; (5) the same expert "referred to the company's flammable pressurized process as a 'bomb' and warned about the company forging ahead to commercial scale despite having issues at a lab scale"; and (6) in conclusion, that "PureCycle represents the worst qualities of the SPAC boom; another

4

quintessential example of how executives and SPAC sponsors enrich themselves while hoisting unproven technology and ridiculous financial projections onto the public markets, leaving retail investors to face the ultimate consequences." *Id.*

On this news, PureCycle's stock price fell from its May 5, 2021 closing price of $24.59 per share to a May 6, 2021 closing price of $14.83, trading intraday as low as $13.55 per share. *Id.* ¶ 6. This represents a one-day drop of approximately 40%. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business. *Id.* ¶ 7. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the technology PureCycle licensed from Procter & Gamble is not proven and presents serious issues even at lab scale; (ii) the challenges posed by the availability and competition for the raw materials necessary to commercialize the licensed technology are significant; (iii) PureCycle's financial projections are baseless; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

## III. ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995). Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *In re Sunbeam Sec. Litig.*, No. 98-8258-CIV-MIDDLEBROOKS, 1998 U.S. Dist. LEXIS

21490, at *8 (S.D. Fla. Dec. 4, 1998) (consolidating actions "alleg[ing] substantially similar claims that share common questions of fact and law").

The Related Actions at issue here clearly involve common questions of both law *and* fact. Each action was brought against PureCycle and certain of its officers in connection with alleged violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing—namely, that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of PureCycle's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) ("The class actions currently before the Court are ideally situated for consolidation. The complaints present virtually identical claims for relief based upon a single course of conduct during the Class Period."); *Sunbeam*, 1998 U.S. Dist. LEXIS 21490, at *7-*8 ("Consolidation of related complex actions, and securities cases in particular, is commonplace and an effective use of judicial resources.").

### B.  THE CIECKO BROTHERS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

The Ciecko Brothers should be appointed Co-Lead Plaintiffs because, to their knowledge, they have the largest financial interest in the Related Actions and otherwise satisfy the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any

6

such notice.  Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Ciecko Brothers satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### i.   The Ciecko Brothers Are Willing to Serve as Class Representatives

On May 11, 2021, counsel for the plaintiff in the first-filed of the Related Actions caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a securities class action had been filed against PureCycle and certain of its officers, and which advised investors in PureCycle securities that they had until July 12, 2021—*i.e.*, sixty days from the date of the Notice—to file a motion to be appointed as Lead Plaintiff.  *See* Goldstein Decl., Ex. B.  The Ciecko Brothers have filed the instant motion pursuant to the Notice, and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary.

7

*See id.*, Ex. C.  Accordingly, the Ciecko Brothers satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### ii.   The Ciecko Brothers Have the "Largest Financial Interest" in the Related Actions

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of their knowledge, the Ciecko Brothers have the largest financial interest of any putative Class member seeking to serve as Lead Plaintiff. For the purposes of lead plaintiff appointment pursuant to the PSLRA, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered (the "*Lax* Factors").  No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997); *see also, e.g.*, *Plymouth County Ret. Sys. v. Carter's, Inc.*, No. 08-CV-2940-JOF, 2009 U.S. Dist. LEXIS 20582, at *5 (N.D. Ga. Mar. 13, 2009) (assessing financial interest with reference to the *Lax* factors).

During the Class Period, the Ciecko Brothers collectively: (1) purchased 11,221 shares of PureCycle common stock and forty-five PureCycle call option contracts; (2) expended $329,496 on their purchases of PureCycle securities; (3) retained 8,721 of their shares of PureCycle common stock and forty-five PureCycle call option contracts; and (4) as a result of the disclosures of the fraud, suffered losses of $131,095 in connection with their Class Period purchases of PureCycle securities.  *See* Goldstein Decl., Ex. A.  Because the Ciecko Brothers possess the largest financial interest in the outcome of this litigation, they may be presumed to be the "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

8

### iii.    The Ciecko Brothers Otherwise Satisfy Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Brustein v. Lampert*, No. 04-61159-CIV-LENARD/KLEIN, 2005 U.S. Dist. LEXIS 51106, at \*14 (S.D. Fla. June 15, 2005) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)); *see also, e.g.*, *Nghiem Tran v. Erba Diagnostics, Inc.*, No. 15-cv-24440-COOKE/TORRES, 2016 U.S. Dist. LEXIS 186864, at \*3 (S.D. Fla. Apr. 8, 2016).  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Thorpe v. Walter Inv. Mgmt., Corp.*, No. 1:14-cv-20880-UU, 2016 U.S. Dist. LEXIS 33637, at \*18 (S.D. Fla. Mar. 16, 2016).  Here, the complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all lead plaintiff candidates.

9

The typicality requirement of Rule 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000); *Piven v. Sykes Enters.*, 137 F. Supp. 2d 1295, 1306 (M.D. Fla. 2000) (same).

The Ciecko Brothers' claims are typical of those of the Class. The Ciecko Brothers allege, as do all Class members, that Defendants violated the federal securities laws by making untrue statements of material fact and by omitting to state material facts necessary to make the statements made not misleading. The Ciecko Brothers, as did all Class members, purchased PureCycle securities at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosures of those misrepresentations and/or omissions that drove PureCycle's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Class representatives must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 32271, at *19 (S.D. Fla. Apr. 18, 2008) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003)).

The Ciecko Brothers are adequate representatives for the Class. The Ciecko Brothers have submitted signed Certifications declaring their commitment to protecting the interests of the Class. *See* Goldstein Decl., Ex. C. There is no evidence of antagonism or conflict between the Ciecko Brothers' interests and the interests of the Class, and the significant losses incurred by the Ciecko

10

Brothers demonstrate that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Moreover, the Ciecko Brothers have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submit their choice of Pomerantz as Lead Counsel, and Miller Shah as Liaison Counsel, to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz and Miller Shah, the Ciecko Brothers are also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

The Ciecko Brothers likewise have demonstrated their adequacy because they are a small and cohesive duo of two brothers who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Goldstein Decl., Ex. D.

### iv. The Ciecko Brothers Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing the Ciecko Brothers as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiffs:

> (aa)   will not fairly and adequately protect the interests of the class; or
>
> (bb)   [are] subject to unique defenses that render such plaintiff[s] incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of the Ciecko Brothers to fairly and adequately represent the Class has been discussed above. The Ciecko Brothers are not aware of any unique defenses Defendants

11

could raise that would render them inadequate to represent the Class.  Accordingly, the Ciecko Brothers should be appointed Co-Lead Plaintiffs for the Class.

### C.  CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with lead plaintiffs' selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa);  *see also Mulvaney v. GEO Group, Inc.*, No. 16-cv-81494-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 193402, at *8 (S.D. Fla. Nov. 18, 2016); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

The Ciecko Brothers have selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume.  *See* Goldstein Decl., Ex. E.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *Id.*  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See id.*

Miller Shah is also well-qualified to serve as Liaison Counsel for the Class in the Related Actions.  As its firm resume reflects, Miller Shah maintains an office in Fort Lauderdale, Florida,

12

and the firm specializes in securities class action matters, among other practice areas. *See* Goldstein Decl., Ex. F. Miller Shah's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the Local Civil Rules and practice norms of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the Related Actions, the Ciecko Brothers' choice of counsel have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Related Actions effectively and expeditiously. The Court may be assured that by approving the Ciecko Brothers' selection of Pomerantz as Lead Counsel and Miller Shah as Liaison Counsel, the Class members will receive the best legal representation available. Thus, the Ciecko Brothers respectfully urge the Court to appoint Pomerantz and Miller Shah to serve as Lead Counsel and Liaison Counsel, respectively, for the Class.

## IV. CONCLUSION

For the foregoing reasons, the Ciecko Brothers respectfully request that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Ciecko Brothers as Co-Lead Plaintiffs for the Class; and (3) approving Co-Lead Plaintiffs' selections of Pomerantz as Lead Counsel, and Miller Shah as Liaison Counsel, for the Class.

### LOCAL RULE 3.01(g) CERTIFICATION

The Ciecko Brothers are aware of Local Rule 3.01(g), which provides, in relevant part: "Before filing a motion in a civil action . . . the movant must confer with the opposing party in a good faith effort to resolve the motion." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the Related Actions is July 12, 2021, on which date any member of the putative Class may so move. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) & (a)(3)(B)(i). The Ciecko Brothers will thus not know the identities of the other putative Class members, if any,

13

who intend to file competing Lead Plaintiff motions until July 13, 2021—the day after the statutory deadline—making conferral with opposing parties prior to the filing of the Ciecko Brothers' motion papers impracticable.  Under these circumstances, the Ciecko Brothers respectfully request that compliance with Local Rule 3.01(g) be waived in this instance.

Dated:  July 12, 2021                                    **MILLER SHAH LLP**

By: */s/ Jayne A. Goldstein*
Jayne A. Goldstein
1625 N. Commerce Pkwy, Suite 320
Fort Lauderdale, Florida 33326
Telephone: (954) 903-3170
Facsimile: (866) 300-7367
jagoldstein@millershah.com

*Counsel for the Ciecko Brothers and*
*Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
James M. LoPiano
(*pro hac vice* application forthcoming)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jlopiano@pomlaw.com

*Counsel for the Ciecko Brothers and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ &**
**GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for the Ciecko Brothers*

14

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2021, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.

> */s/ Jayne A. Goldstein*
> Jayne A. Goldstein

15