## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. THEODORE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff <br><br> v. <br><br> PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, and TASMIN ETTEFAGH, <br><br> Defendants. | Case No. 6:21-cv-00809-PGB-GJK |
| DAVID TENNENBAUM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff <br><br> v. <br><br> PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER and BYRON ROTH, <br><br> Defendants. | Case No. 6:21-cv-00818-PGB-DCI |

**MOTION OF RANDALL L. RUDEEN FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION**

Proposed lead plaintiff Randall L. Rudeen ("Movant"), by his counsel, will hereby move

this Court for an Order (attached hereto): (i) consolidating the above-captioned related actions (the

"Actions"); (ii) appointing Movant as Lead Plaintiff; (iii) approving Movant's selection of Levi &

Korsinsky, LLP to serve as Lead Counsel and The Hyman Law Firm, P.A. to serve as Liaison

Counsel; and (vi) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Movant submits the incorporated Memorandum of Law, the Declaration of Kelly Hyman and its exhibits, dated July 12, 2021.

## COMPLIANCE WITH CIVIL LOCAL RULE 3.01(g)

This motion is filed pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the PSLRA. This Section provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, Movant's counsel has no way of knowing who, if any, the competing lead plaintiff candidates are at this time. As a result, counsel for Movant has been unable to conference with opposing counsel as prescribed in Local Rule 3.01(g), and respectfully requests that the conference requirement of Local Rule 3.01(g), be waived for this motion. Pursuant to §78u-4(a)(3)(B)(iii)(II), Defendants do not have standing to oppose the appointment of Movant as lead plaintiff. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1138 (C.D. Cal. 1999).

## MEMORANDUM OF LAW

### I.    PRELIMINARY STATEMENT

Presently pending before this Court is the above-captioned class action lawsuits (the "Actions") brought on behalf of all investors who purchased or otherwise acquired securities of PureCycle Technologies, Inc. ("PureCycle" or the "Company") between November 16, 2020 and May 5, 2021, inclusive (the "Class Period"). The plaintiffs in the Actions allege violations of the Securities Exchange Act of 1934 ("Exchange Act") against the Company, Michael Otworth ("Otworth"), Michael E. Dee ("Dee"), David Brenner ("Brenner"), and Byron Roth ("Roth")

2

(collectively, the "Defendants").[1]

Randall L. Rudeen ("Movant") lost $20,522.58 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of his motion for (a) consolidation of the Actions; (b) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (c) for approval of his selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel and The Hyman Law Firm, P.A. ("Hyman Law") as Liaison Counsel.

Movant believes that he has the largest financial interest in the outcome of the Actions.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3]

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that they, he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999); *see also In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *Smith*

---

[1] The Actions are entitled *Theodore v. PurCycle Technologies, Inc., et al.,* No. 6:21-cv-00809-PGB-GJK (M.D. Fla. May 11, 2021) (the "*Theodore* Action"); and *Tennenbaum v. PurCycle Technologies, Inc., et al.,* No. 6:21-cv-00818-PGB-DCI (M.D. Fla. May 11, 2021) (the "*Tennenbaum* Action").

[2] Movant's certification identifying his transactions in PureCycle, as required by the PSLRA, as well as a chart detailing his losses are attached to the Declaration of Kelly Hyman ("Hyman Decl."), dated July 12, 2021, as Exhibits A and B, respectively.

[3] The "Class" is comprised of all persons who purchased or otherwise acquired PureCycle securities during the Class Period.

*v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002). Movant satisfies both requirements.

## II.    STATEMENT OF FACTS

PureCycle is headquartered in Orlando, Florida. ¶ 2.[4] Per its website, PureCycle has a "ground-breaking, patented recycling process, developed and licensed by Procter & Gamble . . . and commercialized by PureCycle, [that] separates color, order and other contaminants from plastic waste feedstock to transform it into Ultra-Pure Recycled Polypropylene ('UPRP') resin with virgin-like properties." *Id.* PureCycle shares trade on the NASDAQ stock exchange under the ticker "PCT." *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business. ¶ 7. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the technology PureCycle licensed from Procter & Gamble is not proven and presents serious issues even at lab scale; (ii) the challenges posed by the availability and competition for the raw materials necessary to commercialize the licensed technology are significant; (iii) PureCycle's financial projections are baseless; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On May 6, 2021 before the markets opened, analyst Hindenburg Research published a scathing report on PureCycle entitled "PureCycle: The Latest Zero-Revenue ESG SPAC Charade, Sponsored by the Worst of Wall Street." ¶ 5. In this report, as alleged in greater detail *infra*, Hindenburg wrote: (1) Hindenburg "spoke with multiple former employees of" Defendant Otworth's and other PureCycle executives' former companies "who said PureCycle's executives

---

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Theodore* Complaint") filed in *Theodore* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Theodore* Complaint. The facts set forth in the *Theodore* Complaint are incorporated herein by reference.

based their financial projections on 'wild ass guessing', brought companies public far too early, and had deceived investors"; (2) unlike most "leading plastics companies [who] publish peer reviewed studies that detail their advancements in the field," Hindenburg was "unable to find a single peer reviewed study in any scholarly journal citing or reviewing PureCycle's licensed process"; (3) "multiple competitors and industry experts . . . explained that PureCycle faces steep competition for high quality feedstock, and called the company's financial projections into question"; (4) "a 30-year expert on polymers, with a background in advanced plastics recycling . . . told us the company's patent is 'indirect,' 'vague,' and a 'regurgitation' of prior art"; (5) the same expert "referred to the company's flammable pressurized process as a 'bomb' and warned about the company forging ahead to commercial scale despite having issues at a lab scale"; and (6) in conclusion, that "PureCycle represents the worst qualities of the SPAC boom; another quintessential example of how executives and SPAC sponsors enrich themselves while hoisting unproven technology and ridiculous financial projections onto the public markets, leaving retail investors to face the ultimate consequences." *Id.*

In response to this news, PureCycle's stock price plummeted from its May 5, 2021 closing price of $24.59 per share to a closing price of $14.83 on May 6, 2021, trading intraday as low as $13.55 per share which represents a one-day drop of approximately 40%. ¶ 6.

## III.    ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. §78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

#### 1.  The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a).

6

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### a.  Movant is Willing to Serve as Class Representative

On May 11, 2021, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a

securities class action had been filed against PureCycle and certain of its officers and directors, and which advised putative class members that they have until July 12, 2021 to file a motion to seek appointment as a lead plaintiff in the action.[5] Movant has reviewed the complaint filed in the *Theodore* Action and has timely filed this motion pursuant to the Notice.

### b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, Movant purchased PureCycle securities in reliance upon the materially false and misleading statements issued by PureCycle and the individual defendants, and was injured thereby. *See* Hyman Decl., Ex. A. In addition, Movant suffered a substantial loss of $20,522.58. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest and also satisfies Rule 23. *See Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at \*3 (M.D. Fla. Jan. 18, 2007).

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

The PSLRA also states that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of a class representative, Rule 23(a) requires generally that a representative's claims be typical of those of the class, and that the representative will fairly and adequately protect the interests of the class. *See Sheet Metal Workers Local 28 Pension Fund v. Office Depot, Inc.*, Nos. 07-81038-CIV, 07-14348, 2008 WL 1943955, at \*2 (S.D. Fla. May 2, 2008); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216

---

[5] The first-filed action was filed in this Court on May 11, 2021. On that same day, the Notice was published over *Globe Newswire*, a widely-circulated national wire service. *See* Hyman Decl., Ex. C (Press Release).

F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.*, 2003 WL 21415287, at *5-6 (S.D.N.Y. June 18, 2003); *Weltz*, 199 F.R.D. at 133 (considering only typicality and adequacy on a motion for designation as lead plaintiff); *see also In Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a)(3)-(4).

Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by the defendants; and (iii) his claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiffs be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Prado-Steinman ex rel. Prado v. Bush,* 221 F.3d 1266, 1279 & n.14 (11th Cir. 2000) (finding typicality satisfied as long as the named plaintiffs share the "same essential characteristics of the claims" as the class); *Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

The claims asserted by Movant are typical of those of the Class. Movant, like the other members of the Class, acquired PureCycle securities during the Class Period at prices artificially inflated by the defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from the defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality

requirement of Rule 23(a)(3). *See In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992); *see also Weiss*, 745 F.2d at 809.

Moreover, Movant is an adequate representative for the Class. There is no antagonism between Movant's interests and those of the Class. Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 35 years. He resides in Meridian, Idaho, and possess a Master's Degree in Medicine. Movant is currently retired, but prior to that, he was employed as a Physician. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. Accordingly, Movant meets the adequacy requirement of Rule 23.

## IV.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.*, 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel.).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class and Hyman Law as proposed Liaison Counsel. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these Actions, and are well-qualified to represent the Class. Further, Ms. Hyman is a Florida bar attorney that is familiar with the local practice and procedure of this district and has extensive experience representing plaintiffs in class action cases. *See* Hyman Decl., Ex. D (the firm resume of Levi & Korsinsky) and E (the resume of Hyman Law).

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class in the Actions; and (3) approve Levi & Korsinsky as Lead Counsel and Hyman Law as Liaison Counsel for the Class.

Dated:  July 12, 2021                                    Respectfully submitted,

**THE HYMAN LAW FIRM, P.A.**

*/s/ Kelly Hyman*
Kelly Hyman
Florida Bar No. 0719021
515 North Flager Drive, Suite P300
West Palm Beach, Florida 33401
Tel: (56) 538-9050
E-mail: kellyhyman@thehymanlawfirm.com
www.thehymanlawfirm.com

*Liaison Counsel for Movant and [Proposed]*
*Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

11

(*pro hac vice to be submitted*)

*Lead Counsel for Movant and [Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I HEREBY certify that on July 12, 2021, I electronically filed the foregoing document with

the Clerk of the Court CM/ECF.


/s/ Kelly Hyman
Kelly Hyman