## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| WILLIAM C. THEODORE, Individually and on Behalf of All Others Similarly Situated, | : Case No.: 6:21-cv-00809-PGB-GJK :  (Consolidated) |
| Plaintiff, | : |
| vs. | : |
| PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, and TASMIN ETTEFAGH, | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF ERSTE ASSET MANAGEMENT GMBH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO THE COMPETING MOTIONS**

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ....................................................................................................................... 4

A.    Under the PSLRA's Process, Erste AM Should Be Appointed Lead Plaintiff................... 4

    1.    Erste AM Has the Largest Financial Interest in the Relief Sought ......................... 5

    2.    Erste AM Satisfies the Requirements of Rule 23 ................................................... 6

B.    Erste AM's Selection of Lead Counsel Should Be Approved ........................................ 11

C.    The Competing Motions Should be Denied .................................................................... 13

CONCLUSION .................................................................................................................... 13

i

# TABLE OF AUTHORITIES

**Cases**

*Bo Young Cha v. Kinross Gold Corp.*,
2012 WL 2025850 (S.D.N.Y. May 31, 2012) ............................................................................. 3

*Boston Retirement System v. Alexion Pharmaceuticals, Inc.*,
Civ. No. 3:16-cv-2127 (D. Conn.) .......................................................................................... 8

*Brustein v. Lampert*,
2005 WL 8154797 (S.D. Fla. June 16, 2005) .......................................................................... 7

*Cambridge Ret. Sys. v. Mednax, Inc.*,
2018 WL 8804814 (S.D. Fla. Dec. 6, 2018) ........................................................................... 3

*Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*,
2007 WL 170556 (M.D. Fla. Jan. 18, 2007) ........................................................................... 5

*Hunt v. Enzo Biochem, Inc.*,
530 F. Supp. 2d 580 (S.D.N.Y. 2008) .................................................................................... 3

*In re Catalina Mktg. Corp. Sec. Litig.*,
225 F.R.D. 684 (M.D. Fla. 2003) .......................................................................................... 5

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ....................................................................................... 11, 13

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ............................................................................................... 12

*In re Donnkenny Inc. Sec. Litig.*,
171 F.R.D. 156 (S.D.N.Y. 1997) .......................................................................................... 11

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
288 F.R.D. 26 (S.D.N.Y. 2012) ....................................................................................... 9, 13

*In re Mersho*,
2021 WL 3121385 (9th Cir. July 23, 2021) ........................................................................... 11

*In re Miva, Inc., Sec. Litig.*,
2008 WL 681755 (M.D. Fla. Mar. 12, 2008) .......................................................................... 7

*In re SemGroup Energy Partners, L.P., Sec. Litig.*,
2008 WL 4826318 (N.D. Okla. Oct. 27, 2008) ...................................................................... 11

ii

*Kasilingam v. Tilray, Inc.*,
  2020 WL 4530357 (S.D.N.Y. Aug. 6, 2020) ............................................................... 9

*Luczak v. Nat'l Beverage Corp.*,
  2018 WL 9847842 (S.D. Fla. Oct. 12, 2018)............................................................... 7

*Makhlouf v. Tailored Brands, Inc.*,
  2017 WL 1092311 (S.D. Tex. Mar. 23, 2017) ........................................................... 11

*MAZ Partners LP v. First Choice Healthcare Sols., Inc.*,
  2019 WL 2648550 (M.D. Fla. June 12, 2019) ............................................................. 2

*Miller v. Dyadic Int'l, Inc.*,
  2008 WL 2465286 (S.D. Fla. Apr. 18, 2008) ................................................... 5, 6, 8

*Molema v. Bio-One Corp.*,
  2006 WL 1733859 (M.D. Fla. June 20, 2006) ........................................................... 12

*Newman v. Eagle Bldg. Techs.*,
  209 F.R.D. 499 (S.D. Fla. 2002) ............................................................... 4, 5, 13

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
  63 F. Supp. 3d 394 (D. Del. 2014) ............................................................................ 9

*Omdahl v. Farfetch Ltd.*,
  2020 WL 3072291 (S.D.N.Y. June 10, 2020)............................................................ 11

*Patel v. Reata Pharms., Inc.*,
  2021 WL 2983249 (E.D. Tex. July 15, 2021)............................................................. 9

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) .............................................................................. 5

*Piven v. Sykes Enters.*,
  137 F. Supp. 2d 1295 (M.D. Fla. 2000) ........................................................... 4, 5, 10

*Shenwick v. Twitter, Inc.*,
  2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) ........................................................ 12

*Smilovits v. First Solar, Inc.*,
  2012 WL 3002513 (D. Ariz. July 23, 2012) ............................................................. 11

*Vincelli v. National Home Health Care Corp.*,
  112 F. Supp. 2d 1309 (M.D. Fla. 2000) ............................................................. 4, 10

iii

*Xianglin Shi v. SINA Corp.*,
  2005 WL 1561438 (S.D.N.Y. July 1, 2005) ................................................................................ 5

## Statutes

15 U.S.C. § 78u- 4(a)(3)(B)(v) ........................................................................................ 11

15 U.S.C. § 78u-4 ..................................................................................................... 1, 2

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(1) ................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .................................................................................. 5

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) .......................................................................... 4, 9, 13

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ........................................................................ 12

## Other Authorities

H.R. Conf. Rep.
  No. 104-369, at 34 (1995) .......................................................................................... 10

## Rules

Fed. R. Civ. P. 23(a)(3) ............................................................................................... 7

Fed. R. Civ. P. 23(a)(4) ............................................................................................... 7

Erste Asset Management GmbH ("Erste AM"), respectfully submits this memorandum of law in further support of its motion (ECF No. 32), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, for appointment as Lead Plaintiff and approval of its selection of Motley Rice to serve as Lead Counsel for the class, and in opposition to the competing motions (ECF Nos. 25, 30, 33, 35).[1]

## PRELIMINARY STATEMENT

On July 12, 2021, Erste AM filed a timely motion under the PSLRA for an Order: (i) consolidating the two Related Actions against PureCycle;[2] (ii) appointing Erste AM as Lead Plaintiff in the consolidated action; and (iii) approving Erste AM's choice of Lead Counsel for the Class. (ECF No. 32.) In addition to Erste AM's motion, motions seeking appointment as Lead Plaintiff were also filed by Bill Wileman, as trustee of the Kasemady Pty Ltd ATF Wileman Super Fund, and Andrew Wileman (the "Wileman Family") (ECF No. 25); James Boenig (ECF No.

---

[1] Unless otherwise noted, all references to "ECF No. __" are to docket entries in the action captioned *Theodore v. PureCycle Technologies, Inc.*, 6:21-cv-00809-PGB-GJK. All capitalized terms are defined in Erste AM's opening motion (ECF No. 32) unless otherwise indicated. All citations are omitted and emphasis added unless noted.

[2] On July 14, 2021, the Court issued an Order (ECF No. 40) consolidating the Related Actions.

1

30); Robert Ciecko and Mariusz Ciecko (the "Ciecko Brothers") (ECF No. 33); and Randall L. Rudeen (ECF No. 35).[3]

"The PSLRA sets forth the procedures required in class actions alleging violations of the federal securities laws." *MAZ Partners LP v. First Choice Healthcare Sols., Inc.*, 2019 WL 2648550, at *1 (M.D. Fla. June 12, 2019) (citing 15 U.S.C. § 78u-4), *report and recommendation adopted*, 2019 WL 2646302 (M.D. Fla. June 27, 2019) (Byron, J.).  Under the PSLRA, "[t]he Court must presume that the most adequate plaintiff is a person that: (1) either filed the complaint or filed a motion in response to the notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23." *Id.* (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)).

Here, Erste AM is the presumptive Lead Plaintiff under the analysis mandated by the PSLRA.  *First*, as detailed below, Erste AM has the "largest financial interest" in this litigation.  In fact, Erste AM, with losses of $1,803,143.90[4] on a last-in, first-

---

[3] On July 14, 2021, Mr. Rudeen withdrew his motion and acknowledged that he does not have the largest financial interest in this action as required for appointment under the PSLRA.  (ECF No. 41.)  On July 15, 2021, counsel for the Wileman Family stated via email that they intend to file a notice of non-opposition to the other competing motions.

[4] Erste AM's opening motion (ECF No. 32 at 2, 10) and Exhibit B thereto (ECF No. 32-1 at 9) inadvertently listed two slightly different loss amounts of "approximately $1,817,000" and "$1,803,143.90."  The former was based on PureCycle's closing stock price on July 2, 2021, and the latter was updated to reflect PureCycle's closing stock price on July 9, 2021.

out ("LIFO") basis[5] (ECF No. 32-1 at 9), has a financial interest that is more than *six times* the size of the competing movants' claimed losses *combined*:

| MOVANT | CLAIMED LOSSES |
|---|---|
| Erste AM | $1,803,143.90 |
| Ciecko Brothers | $131,095.00 |
| James Boenig | $109,415.16 |
| Randall L. Rudeen | $20,522.58 |
| ~~Wileman Family~~ | ~~$13,720.79~~ |

*Second*, in addition to asserting the largest financial interest, Erste AM satisfies the typicality and adequacy requirements of Rule 23 and is perfectly situated to represent all Class members. Erste AM is a sophisticated institutional investor with the resources, knowledge, motivation, and prior lead plaintiff experience necessary to adequately oversee counsel and ensure that the Class's claims are vigorously and efficiently prosecuted. *See Piven v. Sykes Enters.*, 137 F. Supp. 2d

---

[5] LIFO is the preferred and most widely accepted methodology for calculating movants' losses. *See Cambridge Ret. Sys. v. Mednax, Inc.*, 2018 WL 8804814, at *5 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, 2018 WL 6978626 (S.D. Fla. Dec. 21, 2018) (noting that "[c]ourts prefer the [LIFO] method of accounting and have 'generally rejected FIFO as an appropriate means of calculating losses in securities fraud cases'" and thus "rel[ying] solely on the parties' calculations of losses under the LIFO method") (quoting *Hunt v. Enzo Biochem, Inc.*, 530 F. Supp. 2d 580, 590 n.70 (S.D.N.Y. 2008)); *see also Bo Young Cha v. Kinross Gold Corp.*, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) (observing that "the overwhelming trend . . . nationwide has been to use LIFO").

1295, 1302 (M.D. Fla. 2000) (noting Congressional preference that Lead Plaintiff be "institutional plaintiffs with 'real' interests at stake").

The presumption, once triggered in Erste AM's favor, "may be rebutted *only upon proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class." *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).  Given that no "proof" has been—nor could be— offered to rebut Erste AM's presumptive status, Erste AM should be appointed as Lead Plaintiff; Erste AM's chosen counsel, Motley Rice, should be appointed as Lead Counsel; and the competing motions should be denied.

## ARGUMENT

### A.    Under the PSLRA's Process, Erste AM Should Be Appointed Lead Plaintiff

"[T]he PSLRA provides certain guidelines for identifying the plaintiff or plaintiffs who are the most strongly aligned with the class of shareholders, and most capable of controlling the selection and actions of counsel." *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1313 (M.D. Fla. 2000).  "The selection of the lead plaintiff . . . is governed by a rebuttable presumption that the most adequate plaintiff 'is the person or group of persons that: (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class, and

4

(c) otherwise satisfies the requirements of Rule 23 of the FRCP.'" *Newman*, 209 F.R.D. at 502 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)); *see also Miller v. Dyadic Int'l, Inc.*, 2008 WL 2465286, at *3 (S.D. Fla. Apr. 18, 2008) (same); *Piven*, 137 F. Supp. 2d at 1302 (same). Here, Erste AM meets these requirements and should therefore be appointed to serve as Lead Plaintiff.

### 1. Erste AM Has the Largest Financial Interest in the Relief Sought

"The PSLRA does not state how to determine which plaintiff has the largest financial interest in the relief sought by the class." *Xianglin Shi v. SINA Corp.*, 2005 WL 1561438, at *2 (S.D.N.Y. July 1, 2005). Thus, "the method used and the factors considered in determining each movant's financial interest remain fully within the discretion of the district court." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 406-407 (S.D.N.Y. 2004). Courts in this District have based their determination of the "largest financial interest" on the amount of each movant's loss. *See In re Catalina Mktg. Corp. Sec. Litig.*, 225 F.R.D. 684, 686 (M.D. Fla. 2003) (appointing group of investors with the largest financial loss); *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007) (appointing investor group that "suffered the largest estimated losses").

5

Here, based on the movants' respective submissions to the Court, it is indisputable that Erste AM has sustained the largest losses in connection with its fund's transactions in PureCycle securities during the Class Period:



As depicted in the chart above, Erste AM's losses of approximately $1,803,143.90 (*see* ECF No. 32-1 at 9) are more than *six times* the size of the remaining competing movants' claimed losses *combined*. Thus, Erste AM clearly possesses the "largest financial interest" and should be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1).

## 2. Erste AM Satisfies the Requirements of Rule 23

"Of those [Rule 23] prerequisites, only two - typicality and adequacy - are relevant in deciding a motion for appointment of lead plaintiff." *Miller*, 2008 WL 2465286, at *6. At the lead plaintiff appointment stage, a "candidate for lead

plaintiff status must only make a *prima facie* showing" of typicality and adequacy. *Brustein v. Lampert*, 2005 WL 8154797, at *4 (S.D. Fla. June 16, 2005). Here, Erste AM demonstrated in its opening motion that it satisfies the typicality and adequacy prerequisites of Rule 23, as required by the PSLRA. <u>*First*</u>, Erste AM's claims are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Like other members of the proposed Class, Erste AM: (1) purchased PureCycle securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby. *See In re Miva, Inc., Sec. Litig.*, 2008 WL 681755, at *3 (M.D. Fla. Mar. 12, 2008) ("Typicality is satisfied where the named plaintiffs' claims arise from the same event or pattern or practice and are based on the same legal theory as the claims of the class.").

*Second*, Erste AM is adequate because it is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). Erste AM's interests are clearly aligned with other Class members and there is no evidence of any conflict. With losses far exceeding those of any other movant, Erste AM has a sufficient interest in this case to ensure its vigorous prosecution, and has demonstrated its commitment to prosecuting this action efficiently and in the best interests of the Class. *See Luczak v. Nat'l Beverage Corp.*, 2018 WL 9847842, at *2 (S.D. Fla. Oct. 12, 2018) (holding that representation is adequate when "(1) class counsel is

7

qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy"); *see also Miller*, 2008 WL 2465286, at *6 (same).

Indeed, Erste has previously been appointed and served as a lead plaintiff in several securities class action cases.  For example, Erste AM has spent the last several years serving as co-lead plaintiff in a securities fraud class action captioned *Boston Retirement System v. Alexion Pharmaceuticals, Inc.*, Civ. No. 3:16-cv-2127 (D. Conn.) (ECF No. 43) (appointing Erste AM—then known as Erste-Sparinvest KapitalanLagegesellschaft mbH[6]—to serve as co-lead plaintiff and noting that "[h]aving considered the characteristics of these two institutional investors, the court agrees that the class would benefit from joint leadership of two sophisticated institutions").[7]

The PSLRA makes clear that the "presumption" that "the court *shall adopt*" that the movant with "the largest financial interest in the relief sought by the class"

---

[6] On November 3, 2018, Erste-Sparinvest Kapitalanlagegesellschaft m.b.H. changed its name to Erste Asset Management GmbH following the merger of Erste-Sparinvest Kapitalanlagegesellschaft m.b.H. into Erste Asset Management GmbH. *See* https://www.erste-am.com/en/about-us/company/history.

[7] Notably, in *Alexion*, Erste AM and its counsel, Motley Rice, currently serve as Co-Lead Plaintiff and Co-Lead Counsel, respectively, alongside Labaton Sucharow LLP, counsel for movant James Boenig.  (*See* ECF No. 30 at 11).

who "otherwise satisfies the requirements of Rule 23" is "the most adequate plaintiff . . . may be rebutted *only upon proof*" of that movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (finding that "exacting proof [is] needed to rebut the PSLRA's presumption"); *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402 (D. Del. 2014) ("[T]he PSRLA requires more than mere assertions in order to rebut the presumptive lead plaintiffs' status.  Rather, the PSLRA requires 'actual proof' that the presumptive lead plaintiffs are inadequate representatives of the class or subject to unique defenses.").

"[C]ourts regularly reject the notion that detailed background information is required by a lead-plaintiff movant to show that he or she is adequate and typical." *Patel v. Reata Pharms., Inc.*, 2021 WL 2983249, at *8 (E.D. Tex. July 15, 2021) (finding that movant's "basic background information" was "sufficient . . . for the Court to make an informed lead-plaintiff determination."); *see also Kasilingam v. Tilray, Inc.*, 2020 WL 4530357, at *3 (S.D.N.Y. Aug. 6, 2020) ("The other movants contend that the presumption in favor of Kassin is rebutted here because Kassin has not in their view provided sufficient personal information to demonstrate his

adequacy. [. . .]  But the Court is not required to peer into these questions where it otherwise finds adequacy.").

Here, as it noted in its opening papers (ECF No.  32 at 14), Erste AM is based in Vienna, Austria, and acts as an asset management company that manages assets worth EUR 71.55 billion as of May 2021 (the equivalent of more than $84 billion).[8]  As a large, sophisticated institutional investor that manages billions of euros in assets, and with prior service as a lead plaintiff under the PSLRA, Erste AM is the prototypical investor Congress sought to encourage to lead securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) ("[I]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *see also Piven*, 137 F. Supp. 2d at 1304 ("Certainly the [PSLRA's] legislative history makes clear that institutional Plaintiffs with 'real' interests at stake are preferred plaintiffs in this context."); *Vincelli*, 112 F. Supp. 2d at 1314 (observing Congressional preference for "institutional plaintiffs with expertise in the securities market and real financial

---

[8] *See* https://www.erste-am.com/en/about-us/company (noting that Erste AM has "[m]ore than 300 employees" and "is one of the leading asset managers in Central Europe and operates across seven countries").

interests in the integrity of the market") (quoting *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997)).

Thus, Erste AM has demonstrated its adequacy under Rule 23 and no party has submitted any "proof" that Erste AM—the presumptive lead plaintiff—is not adequate or typical. *See Makhlouf v. Tailored Brands, Inc.*, 2017 WL 1092311, at *7 (S.D. Tex. Mar. 23, 2017) (recognizing that courts decline to disqualify the presumptive lead plaintiff with "baseless speculations as proof of inadequacy").[9]

## B.    Erste AM's Selection of Lead Counsel Should Be Approved

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u‑4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Omdahl v. Farfetch Ltd.*, 2020 WL 3072291, at *3 (S.D.N.Y. June 10, 2020). The Court should not disturb a

---

[9] *See also In re Mersho*, 2021 WL 3121385, at *6 (9th Cir. July 23, 2021) (finding district court committed "clear error" by "not giv[ing] effect to the [PSLRA] presumption" when it "plac[ed] the burden" on the "presumptively most adequate plaintiff" with the largest loss "to prove adequacy" and instead "should have shifted the burden to the competing movants to show inadequacy" through "evidence that cast[s] 'genuine and serious doubt on [the] plaintiff's willingness or ability to perform the functions of lead plaintiff'") (quoting *In re Cavanaugh*, 306 F.3d 726, 733 (9th Cir. 2002)); *Smilovits v. First Solar, Inc.*, 2012 WL 3002513, at *5 (D. Ariz. July 23, 2012) ("Speculation does not satisfy an objector's burden in overcoming the presumption established by the PSLRA."); *In re SemGroup Energy Partners, L.P., Sec. Litig.*, 2008 WL 4826318, at *2 (N.D. Okla. Oct. 27, 2008) ("Mere innuendo and inferences will not suffice to support allegations of atypicality, conflict of interest or unique defenses.").

proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Erste AM has further demonstrated its adequacy by selecting Motley Rice as proposed Lead Counsel for the Class. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001) ("[O]ne of the best ways for a court to ensure that . . . [the lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel . . . ."). Motley Rice has litigated numerous other securities matters under the PSLRA as Lead Counsel, resulting in substantial recoveries for investors. *See* ECF No. 72-4 (Motley Rice Shareholder and Securities Fraud Resume);[10] *see also Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) (finding that "Motley Rice has experience with securities class action cases, and has served as lead counsel in other similar cases in this district" and concluding that Motley Rice "will provide effective representation to the class"). Therefore, Erste AM's selection of Motley Rice as proposed Lead Counsel should be approved.

---

[10] *See Molema v. Bio-One Corp.*, 2006 WL 1733859, at *2 (M.D. Fla. June 20, 2006) (appointing law firm as lead counsel where "[i]t appear[ed] from the resume of the firm that its attorneys are well-versed in the vagaries of securities class action litigation").

## C.    The Competing Motions Should be Denied

As demonstrated above, all other movants' claimed losses are significantly lower than Erste AM's claimed loss.  Additionally, no "proof" exists to rebut Erste AM's presumptive status as the most adequate plaintiff under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Newman*, 209 F.R.D. at 502 (same); *In re Facebook*, 288 F.R.D. at 40 (same).  Therefore, "a straightforward application of the statutory scheme" provides ample basis for granting Erste AM's motion and denying the competing motions.  *See In re Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

## CONCLUSION

For the reasons stated herein, Erste AM respectfully requests that the Court: (1) appoint Erste AM as Lead Plaintiff; and (2) approve Erste AM's selection of Motley Rice as Lead Counsel for the Class.[11]

DATED:  July 26, 2021                                    Respectfully submitted,

**SUGARMAN & SUSSKIND P.A.**

*/s/ D. Marcus Braswell, Jr.*

D. Marcus Braswell, Jr.
Pedro A. Herrera

---

[11] Erste AM respectfully reserves the right, pursuant to Local Rule 3.01(d), to seek leave from the Court to file a reply to address any new arguments made by any party with respect to Erste AM's motion.

100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone:  (305) 529-2801
Facsimile:  (305) 447-8115
MBraswell@sugarmansusskind.com
PHerrera@sugarmansusskind.com

*Local Counsel for Erste Asset
Management GmbH*

**MOTLEY RICE LLC**
Gregg S. Levin
William S. Norton
Christopher F. Moriarty
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450
glevin@motleyrice.com
bnorton@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for Erste Asset Management
GmbH and Proposed Lead Counsel
for the Class*

14

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 26, 2021.

/s/ D. Marcus Braswell, Jr.
D. Marcus Braswell, Jr.

**SUGARMAN & SUSSKIND P.A.**
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone:  (305) 529-2801
Facsimile:  (305) 447-8115
pherrera@sugarmansusskind.com

15