**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | | |
|---|---|---|
| WILLIAM C. THEODORE, | ) | Case No. 6:21-cv-00809-PGB-GJK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PURECYCLE TECNOLOGIES, | ) | |
| INC., MICHAEL OTWORTH, and | ) | |
| TASMIN ETTEFAGH, | ) | |
| Defendants. | ) | |
| | ) | |
| DAVID TENNENBAUM, | ) | |
| Plaintiff, | ) | Case No. 6:21-cv-00818-PGB-GJK |
| | ) | |
| v. | ) | |
| PURECYCLE TECHNOLOGIES, | ) | |
| INC., MICHAEL OTWORTH, | ) | |
| MICHAEL E. DEE, DAVID | ) | |
| BRENNER and BYRON ROTH, | ) | |
| Defendants. | ) | |

**RENEWED JOINT MOTION AND MEMORANDUM OF LAW**
**REGARDING FILING OF CONSOLIDATED AMENDED COMPLAINT**

Plaintiff William C. Theodore and Plaintiff David Tennenbaum ("Plaintiffs"),

and movants for Lead Plaintiff Bill Wileman and Andrew Wileman, James Boenig,

Erste Asset Management GmbH, and Robert Cieko and Mariusz Cieko (collectively

"Putative Lead Plaintiffs"), and Defendants PureCycle Technologies, Inc., Michael

Otworth, Tasmin Ettefagh, Michael E. Dee, David Brenner and Byron Roth,[1] ("Defendants") (collectively, the "Parties"), by and through their undersigned attorneys, respectfully request that the Court enter an order: (i) suspending any obligation to file a consolidated amended complaint until 45 days after this Court has entered an order on the pending Motion(s) for Appointment of Lead Plaintiff and Lead Counsel; (ii) requiring Defendants to answer or otherwise respond to the Consolidated Amended Complaint within 45 days after it has been filed; and (iii) adjourning the case management conference and case management report until after either (a) Defendants answer the lead plaintiff's amended complaint or (b) the Court rules on Defendants' motion to dismiss the lead plaintiff's amended complaint. In support of this motion, the parties state as follows:

1.     On May 11, 2021, Plaintiff Theodore filed in this Court a putative class action complaint against Defendants alleging violations of the federal securities laws. ECF No. 1.[2] Plaintiff sent each of the Defendants a waiver of service on May 19, 2021, which they each executed. ECF Nos. 8–10.

2.     In accordance with Local Rule 1.07(c), undersigned counsel for

---

[1] On May 11, 2021, Plaintiff Tennenbaum filed a complaint against the Company and Defendants Michael E. Dee, David Brenner and Byron Roth, which is now consolidated with the *Theodore* Action.

[2] Byron Roth is not named in the *Theodore* Action.

Plaintiff submitted a Notice of Pendency of Other Actions stating that this action is related to another action currently pending before this Court: *Tennenbaum v. PureCycle Technologies, Inc., et al.*, No. 6:21-cv-00818-PGB-DCI ("*Tennenbaum* Action"). ECF No. 13.

3.      The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78u-4(a)(3)(A)–(B) & (b)(3)(B), applies to this action and provides that:

(i)      not later than 20 days after the date on which the first complaint is filed, the plaintiff shall publish a notice advising members of the purported plaintiff class;

(ii)      not later than 60 days after the date on which the notice is published, any member of the purported class may move the Court to serve as lead plaintiff;

(iii)      not later than 90 days after the date on which a notice is published, the Court shall appoint the "most adequate plaintiff" as lead plaintiff for the class; and

(iv)      "all discovery and other proceedings" are automatically stayed during the pendency of any defendant's motion to dismiss.

4.      Pursuant to the PSLRA, notice was published on May 11, 2021 to members of the putative class advising them of the pendency of the action and their right to move this Court to serve as lead plaintiff not later than 60 days from the date

of the notice.  Accordingly, the deadline to file a motion for appointment as lead plaintiff passed on July 12, 2021.

5.    The following parties timely filed motions for appointment as lead plaintiff in either this matter and/or the now-consolidated *Tennenbaum* Action. These motions are currently pending before the Court.

- Bill Wileman and Andrew Wileman [ECF No. 25]

- James Boenig [ECF No. 30]

- Erste Asset Management GmbH [ECF No. 32]

- Robert Cieko and Mariusz Cieko [ECF No. 33]

6.    Pursuant to Local Rule 3.01(c), oppositions to the competing Motions for Appointment of Lead Plaintiff are due on July 26, 2021.

7.    Plaintiff Theodore and Plaintiff Tennenbaum did not file Motions for Appointment of Lead Plaintiff.

8.    On July 14, 2021, the Court granted a Motion to Consolidate and entered an order requiring plaintiffs to file their consolidated amended complaint by July 28, 2021 and defendants to file a response within 21 days. ECF No. 40.

9.    On July 7, 2021, Plaintiff and Defendants filed a Joint Motion Regarding Defendants' Time to Respond to the Complaint in each respective case requesting an order clarifying that Defendants need not respond to a complaint until the consolidated amended complaint is filed, and postponing the requirements relating to the Court's Initial Order on Case Management and Deadlines.  ECF No.

21. On July 16, 2021, the Court entered an Order denying as moot the Parties' Joint Motion and Memorandum of Law regarding Defendants' Time to Respond to the Complaint. ECF No. 49.

10. Pursuant to Federal Rule of Civil Procedure 16(b)(2), Local Rule 3.02, and the Court's Initial Order on Case Management and Deadlines, the parties must conduct a case management conference and file a case management report no later than forty (40) days after appearance by any defendant. ECF No. 6. The Court further ordered the parties to include in their case management report proposed deadlines for fact and expert discovery related to class certification and the filing of briefs related to Plaintiff's forthcoming motion for class certification. ECF No. 7.

11. Until the Court has an opportunity to rule on the pending competing Motions for Appointment of Lead Plaintiff, it is unclear which Putative Lead Plaintiff will have primary control of the litigation going forward, including the filing of a consolidated amended complaint. Indeed, none of the Putative Lead Plaintiffs have filed complaints in the now consolidated *Theodore* and *Tennenbaum* actions. Similarly, neither Plaintiff Theodore nor Plaintiff Tennenbaum has filed a Motion for Appointment of Lead Plaintiff.

12. On July 26, 2021, Plaintiff Tennenbaum filed a Notice of Voluntary Dismissal Without Prejudice. ECF No. 67.

13. Accordingly, the Parties agree that filing a consolidated amended

- 5 -

complaint or a response thereto, prior to the Court's ruling on the competing Motions for the Appointment of Lead Plaintiff which are still being briefed, is likely to result in a waste of the Parties' resources and would not serve the interests of judicial economy.

14.     Similarly, any response that Defendants were to file prior to the appointment of lead plaintiff and filing of a consolidated amended complaint will be rendered moot, is likely to result in a waste of the Parties' resources, and would not serve the interests of judicial economy.  The Parties agree that Defendants should be relieved of their obligation to answer or otherwise respond to any complaint until lead plaintiff is appointed in this matter and such lead plaintiff has the opportunity to file a consolidated amended complaint.

15.     Additionally, conducting a case management conference and filing a case management report prior to the appointment of a lead plaintiff and the resolution of any motion by Defendants to dismiss the lead plaintiff's consolidated amended complaint will likely result in duplication of effort by the parties and the Court.  The PSLRA automatically stays all discovery through a decision on any defendant's motion to dismiss, and a second case management conference and report would likely be necessary following the appointment of a lead plaintiff and resolution by the Court of Defendants' motion to dismiss.

16.     Accordingly, the Parties respectfully request that the Court extend the

time to conduct the case management conference and to file a case management report until 30 days after the earlier of either: (a) Defendants' filing an answer to the lead plaintiff's forthcoming amended complaint or (b) the Court's decision on Defendants' motion to dismiss the lead plaintiff's forthcoming amended complaint.

17.    The Parties agree that this Joint Motion is made in good faith and is not intended to delay.

WHEREFORE, the Parties jointly move to request the Court enter an Order modifying the Court's July 14, 2021 Order [ECF No. 40] to the extent it requires (i) a consolidated amended complaint to be filed by July 28, 2021; and (ii) Defendants to answer or otherwise respond to the consolidated amended complaint within 21 days thereafter, as follows:

(1)    Within 45 days following the appointment of a lead plaintiff in this matter, the Lead Plaintiff shall file a consolidated amended complaint;

(2)    Within 45 days after Lead Plaintiff's consolidated amended complaint is filed, Defendants shall answer or otherwise plead;

(3)    Defendants and Lead Plaintiff shall conduct the case management conference and file the case management report within thirty (30) days following the earlier of either: (a) Defendants' filing an answer to the lead plaintiff's forthcoming consolidated amended complaint, or (b) the Court's decision on Defendants' motion to dismiss the lead plaintiff's forthcoming amended complaint.   Pursuant to the

Court's prior order, the case management report shall propose a schedule for fact and expert discovery related to class certification and the filing of briefs related to the lead plaintiff's motion for class certification. *See* ECF No. 7.

## INCORPORATED MEMORANDUM OF LAW

The Court may, for good cause shown, extend the time prescribed by the Federal Rules of Civil Procedure to do any act required or allowed by the Rules. *See* Fed. R. Civ. P. 6(b)(1). "[T]he Court has always been receptive to motions for enlargement of time before deadlines pass based on the good cause standard and thereafter on a showing of excusable neglect." *Landis v. Direct Wireless Enters., Inc.*, No. 6:08-cv-1603, 2009 WL 2605074, at *5 n.7 (M.D. Fla. June 10, 2009). The parties have timely sought an extension and shown good cause for the requested relief. Because the lead plaintiff will have the choice to file an amended complaint that will supersede the current complaint, any response that Defendants prepare now to the current complaint will likely be rendered moot.

Moreover, to avoid duplication of effort by both the Court and the parties, the Parties seek to postpone the case management conference and the filing of the case management report until after either (a) Defendants answer the lead plaintiff's amended complaint, or (b) the Court rules on Defendants' motion to dismiss the lead plaintiff's amended complaint.

WHEREFORE, based on the foregoing, the Parties jointly request relief to

- 8 -

modify the Court's July 14, 2021 Order relating to the filing of a consolidated amended complaint and Defendants' response thereto, as follows:

(1)     Within 45 days following the appointment of a lead plaintiff in this matter, the Lead Plaintiff shall file a consolidated amended complaint;

(2)     Within 45 days after Lead Plaintiff's consolidated amended complaint is filed, Defendants shall answer or otherwise plead;

(3)     Defendants and Lead Plaintiff shall conduct the case management conference and file the case management report within thirty (30) days following the earlier of either: (a) Defendants' filing an answer to the lead plaintiff's forthcoming consolidated amended complaint, or (b) the Court's decision on Defendants' motion to dismiss the lead plaintiff's forthcoming amended complaint.   Pursuant to the Court's prior order, the case management report shall propose a schedule for fact and expert discovery related to class certification and the filing of briefs related to the lead plaintiff's motion for class certification.  *See* ECF No. 7.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), between July 22 and July 27, 2021, the parties undersigned below diligently conferred via email with all parties of record and the undersigned parties jointly seek the relief requested in this motion.  No other party has expressed any opposition to this motion.

- 9 -

Stipulated and agreed to this 27th day of July, 2021.

SUGARMAN & SUSSKIND P.A

STOVASH, CASE & TINGLEY, P.A.
AMY S. TINGLEY

*/s/ D. Marcus Braswell, Jr.*
D. MARCUS BRASWELL, JR.

*/s/ Amy S. Tingley*
AMY S. TINGLEY

100 Miracle Mile, Suite 300
Coral Gables, FL 33134
305-529-2801
mbraswell@sugarmansusskind.com

*Local Counsel for Erste Asset Management GmbH*

MOTLEY RICE LLC
Gregg S. Levin
William S. Norton
Christopher F. Moriarty
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
843-216-9000
glevin@motleyrice.com
bnorton@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for Erste Asset Management GmbH and Proposed Lead Counsel for the Class*

The VUE at Lake Eola
220 North Rosalind Avenue
Orlando, Florida 32801
Telephone: 407/316-0393
atingley@sctlaw.com

DECHERT LLP
DAVID H. KISTENBROKER
JONI JACOBSEN
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Telephone: 312/646-5800
312/646-5858 (fax)
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com

*Attorneys for Defendants PureCycle Technologies, Inc., Michael Otworth, Tasmin Ettefagh, Michael E. Dee, and David Brenner*

- 10 -

LABATON SUCHAROW LLP

STROOCK & STROOCK & LAVAN LLP

/s/ *Christopher J. Keller*
CHRISTOPHER J. KELLER

Christopher J. Keller
Francis P. McConville
David J. Schwartz
140 Broadway
New York, NY 10005
212-907-0700
ckeller@labaton.com
fmcconville@labaton.com
dschwartz@labaton.com

*Counsel for Proposed Lead Plaintiff
James Boenig and Proposed Lead
Counsel for the Class*

/s/ *Brian C. Frontino*
BRIAN C. FRONTINO

200 S. Biscayne Blvd, Suite 3100
Miami, FL 33131-5323
305-358-9900
bfrontino@stroock.com

Christine E. Ellice
John R. Loftus
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
jloftus@stroock.com
cellice@stroock.com

*Attorneys for Defendant Byron Roth*

- 11 -

- 12 -

MILLER SHAH LLP

<u>/s/ *Jayne A. Goldstein*</u>
JAYNE A. GOLDSTEIN

Jayne A. Goldstein
1625 N. Commerce Pkwy, Suite 320
Fort Lauderdale, Florida 33326
954-903-3170
jagoldstein@millershah.com

*Counsel for the Ciecko Brothers and
Proposed Liaison Counsel for the
Class*

POMERANTZ LLP
James M. LoPiano
600 Third Avenue
New York, New York 10016
212-661-1100
jlopiano@pomlaw.com

*Counsel for the Ciecko Brothers and
Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
212-697-6484
peretz@bgandg.com

*Additional Counsel for the Ciecko
Brothers*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2021, a copy of the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

*/s/ D. Marcus Braswell, Jr.*
D. Marcus Braswell, Jr.

**SUGARMAN & SUSSKIND P.A.**
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone:  (305) 529-2801
Facsimile:  (305) 447-8115
mbraswell@sugarmansusskind.com

- 13 -