# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

|  |  |
|---|---|
| WILLIAM C. THEODORE, Individually and on Behalf of All Others Similarly Situated, | : Case No.: 6:21-cv-00809-PGB-GJK : (Consolidated) : : |
| Plaintiff, | : : |
| vs. | : : |
| PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, and TASMIN ETTEFAGH, | : : : : |
| Defendants. | : : |

## ERSTE ASSET MANAGEMENT GMBH'S REPLY IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

Pursuant to Local Rule 3.01(d), Erste Asset Management GmbH ("Erste AM"), respectfully submits the following reply in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Lead Counsel (ECF No. 32) and in response to the July 26, 2021 memoranda of the Wileman Family (the "Wilemans") (ECF No. 63) and the Ciecko Brothers (ECF No. 65).[1]

## ARGUMENT

The Wilemans and Ciecko Brothers do not dispute that Erste AM "has alleged a larger loss" and is therefore the presumptively most adequate lead plaintiff under the PSLRA. Ciecko Br. 2; Wileman Br. 1. Instead, the Wilemans and Ciecko Brothers lodge a series of spurious, collateral attacks on Erste AM that, as discussed below, are meritless and should be rejected.

### A. Erste AM Has Provided Adequate Information About Itself

The Ciecko Brothers assert that "Erste AM has failed to provide any information whatsoever about itself (in contrast to the Ciecko Brothers' detailed attestations) . . . . " Ciecko Br. at 3. To the contrary, Erste AM has provided significant information about itself and its prior service as a lead plaintiff, *see* ECF No. 64 at 8-10, including its corporate website where a wealth of additional

---

[1] References to "Ciecko Br. __" and "Wileman Br. __" are to ECF Nos. 63 and 65, respectively. References to "Ex. __" are to exhibits to the Declaration of D. Marcus Braswell, Jr., filed herewith. All capitalized terms are defined in Erste AM's opening brief (ECF No. 32) unless otherwise indicated. All citations are omitted and emphasis is added unless otherwise noted.

1

information about Erste AM's organization, management, structure, and history.[2]

*See Patel v. Reata Pharms., Inc.*, 2021 WL 2983249, at \*8 (E.D. Tex. July 15, 2021) (movant's "basic background information . . . sufficient . . . for the Court to make an informed lead-plaintiff determination.").[3]

**B.     Erste AM's PSLRA Certification Is Not "Deficient" by the Inadvertent Omission of a Single Motion for Appointment as Lead Plaintiff**

Citing no supporting case law, the Ciecko Brothers argue that Erste AM's PSLRA certification is "deficient" because it inadvertently omitted (due to an organizational name change) that Erste AM (then called "Erste-Sparinvest") filed a motion seeking appointment as lead plaintiff in *In re Nielsen Holdings plc Securities Litigation*, 1:18-cv-07143 (S.D.N.Y.).  Ciecko Br. at 4.[4]  This inadvertent omission is insufficient to rebut Erste's *prima facie* showing of adequacy.  *See Kuriakose v. Fed. Home Loan Mortg. Co.*, 2008 WL 4974839, at \*8 (S.D.N.Y. Nov. 24, 2008) (finding that "[t]he omission of one case was not very significant because, as an institutional investor, [movant] is not subject to the PLSRA's strict ban on

---

[2] *See, e.g.*, https://www.erste-am.com/en/about-us/company, https://www.erste-am.com/en/about-us/company/our-group; https://www.erste-am.com/en/about-us/company/locations; https://www.erste-am.com/en/about-us/company/history; https://www.erste-am.com/en/about-us/company/management; https://www.erste-am.com/en/about/press; https://www.erste-am.com/en/about-us/awards.

[3] In contrast, the Ciecko Brothers' Joint Declaration, ECF No. 34-4, includes only eight sentences of biographical information, *id.* at ¶¶ 2-3.

[4] In *Nielsen*, Erste AM filed a notice of non-opposition to the competing motions because it recognized that it did not claim the largest financial interest in the litigation.  *See* Ex. A.  Erste AM does not have any active role in that case.

'professional plaintiffs' who have served as lead plaintiff in more than five class actions in the previous three-year period"); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 538-39 (S.D.N.Y. 2015) (noting that "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement."); *Vladimir v. Bioenvision, Inc.*, 2007 WL 4526532, at \*9 (S.D.N.Y. Dec. 21, 2007) (rejecting "alleged technical (as opposed to substantive) inadequacy of a certificate as a determinative factor").[5]

Here, "[t]he failure to correct obvious or inconsequential clerical errors, like the one[] at issue, simply is not the type of adequacy issue that would 'divert the fact finders' attention from the merits and thus infect the claims of the class as a whole.'" *Khunt*, 102 F. Supp. 3d at 539 (quoting *Dubin v. Miller*, 132 F.R.D. 269, 272 (D. Colo. 1990)). However, to the extent the Court views the inadvertent omission of Erste AM's motion in *Nielsen* as a deficiency, Erste AM stands ready to submit a supplemental certification,[6] which in any event, is only required by statute to be

---

[5] Counsel for the Ciecko Brothers have acknowledged elsewhere that "trivial discrepancies" in a PSLRA certification are of no import to the analysis. *See* Ex. B at 6.

[6] *See also Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at \*9 (D.N.J. Mar. 17, 2015) ("Courts have found supplemental certifications sufficient to remedy deficiencies in the PSLRA certification.") (collecting cases); *Batter v. Hecla Mining Co.*, 2020 WL 1444934, at \*9 (S.D.N.Y. Mar. 25, 2020) ("find[ing] that the supplemental certifications and declaration submitted by the Glucks overcome the deficiencies in their original certifications, such that these deficiencies do not render them unable to serve as adequate fiduciaries for the class" and noting that "[c]ourts in this District have considered and found sufficient similar supplemental declarations to remedy similar deficiencies in PSLRA certifications").

"filed *with the complaint*," 15 U.S.C. § 78u-4(a)(2)(A), and not necessarily with the lead-plaintiff motion itself.  *See Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 61 (D. Mass. 1996) (stating "a purported class member seeking to serve as lead plaintiff is not required to file a certification, pursuant to section 21D(a)(2)(a), with his or her motion."); Ex. C at 4 (brief filed by counsel for the Ciecko Brothers acknowledging that "the plain language of the PSLRA does not require a lead plaintiff movant to file a shareholder certification at all.  Rather, the certification requirement applies only to members of the putative class who file complaints").[7]

## C.     Erste AM Has Article III Standing and Neither the Wilemans Nor the Ciecko Brothers Have Offered Any Evidence to the Contrary

Both the Wilemans and the Ciecko Brothers contend that it is "unclear" whether Erste AM has "Article III standing" to assert claims on behalf of its fund that purchased shares of PureCycle—and that for this reason, Erste AM is subject to a "unique defense" rendering it inadequate under Rule 23 of the Federal Rules of Civil Procedure.  *See* Wileman Br. at 1; Ciecko Br. at 4.

As an initial matter, "[a]t this stage in the litigation, it is the [competing movant's] burden to show that standing will be a legitimate issue in order to rebut the presumption."  *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp.

---

[7] *See also Blaich v. Emp. Sols., Inc.*, 1997 WL 842417, at *2 (D. Ariz. Nov. 21, 1997) (rejecting argument "that the certification signed on behalf of the [movant group] was deficient in not listing other cases in which [movant] was appointed as lead plaintiff. . . . As discussed above, the [movant group] had no obligation under the PSLRA to file such a certification because it did not file the Complaint").

3d 394, 403 (D. Del. 2014). Here, no competing movant—including the Ciecko Brothers—has presented any proof or evidence that calls into question Erste AM's standing to assert claims on behalf of its fund. *See, e.g.*, *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the presumptive lead plaintiff] would be uniquely subject"). In contrast, several courts have rejected competing lead-plaintiff movants' spurious challenges to Erste AM's standing. For example, in *Boston Retirement System v. Alexion Pharmaceuticals, Inc.*, NO. 3:16-CV-2127 (AWT) (D. Conn.), a competing movant "argue[d] that Erste-Sparinvest [now Erste AM] lacks standing to represent the class." Ex. D at 3. The court rejected that argument and appointed Erste-Sparinvest as Co-Lead Plaintiff over that objection. *Id.* (rejecting argument that "Erste-Sparinvest lacks standing to represent the class," finding that Erste-Sparinvest is "a sophisticated institutional investor which purchased shares," and noting that the competing movant "has not produced any proof to the contrary").

Similarly, in 2014, the Delaware Court of Chancery appointed Erste AM (then Erste-Sparinvest) as co-lead plaintiff in a consolidated shareholder class action and rejected arguments against its standing to assert claims on behalf of one of its funds. *See Entezari v. Lorillard, Inc.*, 2014 WL 6684600, at *2 (Del. Ch. Nov. 25, 2014)

5

("The Smith Group has raised standing . . . challenges to the adequacy of Erste as a co-lead plaintiff, but these concerns do not change my analysis. . . . I am satisfied for present purposes that Erste has standing to bring an action on behalf of VBV Passive World Equities, the fund managed by Erste that actually holds Lorillard stock."). *See also In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d 570 (S.D.N.Y. 2009) (holding that because Austrian asset management company "is the management company for its funds, . . . [it] is authorized to sue as a matter of law").

Here, just as in *Alexion*, *Lorillard*, and *Vivendi*, Erste AM is the Austrian management company for its fund—Erste AM Fonds Nr. 566—and therefore has standing and is authorized to sue on its fund's behalf as a matter of law.

The Wilemans and Ciecko Brothers both rely on *Gross v. AT&T Inc.*, in which the court found that a Belgian asset manager faced "a non-speculative risk" of "a standing challenge" because its managed funds had not "execute[d] an assignment of claims" in favor of the asset manager. 2019 WL 7759222, at *1 (S.D.N.Y. June 24, 2019). The court found that "[t]he only question . . . is whether the Funds have . . . conveyed a property interest in th[e] claims to [the lead-plaintiff movant] through an assignment or through some other means." *Id.* at *2. The court found, however, that that such no assignment existed. *Id.* at *3 ("All that was necessary was for the Funds to execute an assignment of claims, with a condition that all benefits derived therefrom must be remitted back to the Funds.").

6

Here, in contrast to *AT&T*, before filings its motion, Erste AM's fund executed (on July 5, 2021) a valid assignment conveying its property interest in the claims against the defendants in this lawsuit to Erste AM.  Thus, because its fund executed a valid assignment, Erste AM has Article III standing under the holding in *AT&T*. *See also MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019) ("[T]he assignee of a claim has standing to assert the injury in fact suffered by the assignor.").  Indeed, numerous courts have made abundantly clear that the receipt of assignments from funds managed by an investment manager was sufficient to confer standing.  *See Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2009 WL 1458234, at *2 (D. Minn. May 26, 2009) (rejecting argument that lead plaintiff movants that "received effective assignments of claims" were "subject to unique defenses regarding their Article III standing"); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F. 3d. 100, 108 (2d Cir. 2008) ("[A]n assignment of claims . . . fulfils the constitutional requirement of an 'injury-in-fact.'").

**D.    Erste AM Timely Filed a Certification with Valid Electronic Signatures**

The Wilemans and Ciecko Brothers both assert that Erste AM's PSLRA certification (ECF No. 32-1 at 6) is "unsigned" and therefore defective.  *See* Ciecko Br. at 10-11 (describing how "the Ciecko Brothers' counsel attempted to follow th[e] instruction by uploading the Certification filed by Erste AM for verification" and concluding that Erste AM's Certification is "unsigned"); Wileman Br. at 2-3

7

(asserting that "the link does not lead to any electronic signatures"). Yet, neither of these parties' counsel contacted counsel for Erste AM to confer on this issue or to inquire how that link actually works. *See* L.R. 3.01(g). If their counsel had attempted to do so—rather than waiting to brief the issue before the Court—Erste AM's counsel would have emailed them the original pdf of Erste AM's PSLRA certification (just as they had emailed to counsel for movant James Boenig in response to a separate inquiry), along with instructions and screen shots depicting exactly how one can easily upload the original pdf to the verification website. *See* Ex. E. Compounding their failure to seek clarification, counsel for both the Wilemans and Ciecko Brothers did not (as they claim) attempt to upload the actual certification. Rather, they downloaded the file-stamped pdf of ECF No. 32-1 (including the attorney declaration and Exhibits A through D to Erste AM's opening motion) from PACER. That obviously is *not* the original signed certification, and could not be recognized as such by the authentication website. When the original certification is properly uploaded as instructed, *see* Ex. E, the website generates a "Verification report" confirming the precise dates and times the certification was signed by its two signatories and confirming that "[t]he verification of the signature/seal value was successful." Ex. F. A separate screen shot of the authentication website identifies the two signers and indicates that both the

8

"signature[s]" and the "certificate" are "valid" and "OK." *See* Ex. G.[8]

To the extent that any other movant challenges the fact that Erste AM's certificate bears an electronic (rather than ink) signature, that contention fails. The Ciecko Brothers signed their own PSLRA certification *electronically* with digital signatures, *see* ECF No. 34-3 at 2, 6, and also signed their "Joint Declaration" electronically using "DocuSign." *See* ECF No. 34-4 at 7-8 ("DocuSigned by: Robert Ciecko 4E0B32AF1B54497").

Erste AM's electronic signatures are therefore valid and enforceable. Indeed, courts have rejected challenges to electronically signed PSLRA certificates. *See, e.g.*, *Bhojwani v. Pistiolis*, 2007 WL 2197836, at *8 (S.D.N.Y. July 31, 2007), at *8 (S.D.N.Y. July 31, 2007) (rejecting "contention that [movant's] PSLRA certificate is defective, because . . . it bears an electronic signature," finding lack of "any authority for the proposition that PSLRA does not permit a plaintiff to execute a certificate by means of an electronic signature," and noting that "'it is unsettled whether a candidate for lead plaintiff who has not filed a complaint is even required to submit [ ]a certificate,' at this stage of the litigation").

---

[8] Erste AM is willing to provide the original (non-filed-stamped) pdf of Erste AM's PSLRA certification upon request by the Court.

Further, electronic signatures such as the ones on Erste AM's PSLRA certification are valid and enforceable under federal[9] and state[10] law. Here, Erste AM's PSLRA certification notes that it is "signed with two qualified electronic signatures" that have "the equivalent legal effect of a handwritten signature" and cites to "Art 25 REGULATION (EU) No 910/2014 ('eIDAS Regulation')."[11] *See* Ex. H at 2; *see also* ECF No. 32-1 at 6 (same).

## <u>CONCLUSION</u>

For the reasons stated herein, Erste AM respectfully requests that the Court: (1) appoint Erste AM as Lead Plaintiff; and (2) approve Erste AM's selection of Motley Rice as Lead Counsel for the Class.

---

[9] The federal Electronic Signatures in Global and National Commerce Act ("ESIGN") provides that a transaction or document "may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation." 15 U.S.C. § 7001. An "'electronic signature' means any electronic sound, symbol or process, attached to or logically associated with a contract or other record and executed or adopted by a person with the intent to sign the record." 15 U.S.C. § 7006.

[10] Florida (and 47 other states) passed the Uniform Electronic Transactions Act ("UETA"), which guarantees "legal effect" to "electronic signatures." *See* Fla. Stat. § 668.50(2)(h) & (7)(a). Florida also passed the Electronic Signature Act of 1996, which states that "an electronic signature may be used to sign a writing and shall have the same force and effect as a written signature." Fla. Stat. Ann. § 668.004.

[11] The European Union "adopted eIDAS (Regulation (EU) N°910/2014) in 2016 to meet the need for a single e-signature law across its member states." Dan Puterbaugh, E-Sign Rising, ACC Docket, September 2017, at 50, 51.

DATED:  July 30, 2021                    Respectfully submitted,

**SUGARMAN & SUSSKIND P.A.**

*/s/ D. Marcus Braswell, Jr.*

D. Marcus Braswell, Jr.
Pedro A. Herrera
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone:  (305) 529-2801
Facsimile:  (305) 447-8115
MBraswell@sugarmansusskind.com
PHerrera@sugarmansusskind.com

*Local Counsel for Erste Asset
Management GmbH*

**MOTLEY RICE LLC**
Gregg S. Levin (*pro hac vice*)
William S. Norton (*pro hac vice*)
Christopher F. Moriarty (*pro hac
vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450
glevin@motleyrice.com
bnorton@motleyrice.com
cmoriarty@motleyrice.com

*Counsel for Erste Asset Management
GmbH and Proposed Lead Counsel
for the Class*

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 30, 2021.

/s/ D. Marcus Braswell, Jr.
D. Marcus Braswell, Jr.

**SUGARMAN & SUSSKIND P.A.**
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone:  (305) 529-2801
Facsimile:  (305) 447-8115
MBraswell@sugarmansusskind.com