# Exhibit B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAO LU, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>JUMEI INTERNATIONAL HOLDING LIMITED, LEO OU CHEN, YUSEN DAI, MONA MENG GAO, YUNSHENG ZHENG, STEVE YUE JI, KEYI CHEN, GOLDMAN SACHS (ASIA) L.L.C., CREDIT SUISSE SECURITIES (USA) LLC, J.P. MORGAN SECURITIES LLC, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, PIPER JAFFRAY & CO., and OPPENHEIMER & CO. INC., )<br><br>Defendants. ) | **No.: 14-cv-09826-WHP**<br><br><u>**CLASS ACTION**</u> |

*-caption continued on next page-*

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION BY THE JUMEI INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL, AND IN OPPOSITION TO ANTHONY MATHEW'S MOTION FOR LIMITED DISCOVERY**

| | |
|---|---|
| XIANGBO YIN, Individually and on Behalf of All Others Similarly Situated, | **No.: 14-cv-09957-WHP** |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| JUMEI INTERNATIONAL HOLDING LIMITED, LEO OU CHEN, YUSEN DAI, MONA MENG GAO, YUNSHENG ZHENG, STEVE YUE JI, KEYI CHEN, GOLDMAN SACHS (ASIA) L.L.C., CREDIT SUISSE SECURITIES (USA) LLC, J.P. MORGAN SECURITIES LLC, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, PIPER JAFFRAY & CO., and OPPENHEIMER & CO. INC., | |
| Defendants. | |
| TERRY BROCK, Individually and on Behalf of All Others Similarly Situated, | **No.: 14-cv-09993-WHP** |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| JUMEI INTERNATIONAL HOLDING LIMITED, LEO OU CHEN, YUSEN DAI, MONA MENG GAO, YUNSHENG ZHENG, STEVE YUE JI, KEYI CHEN, GOLDMAN SACHS (ASIA) L.L.C., CREDIT SUISSE SECURITIES (USA) LLC, J.P. MORGAN SECURITIES LLC, CHINA RENAISSANCE SECURITIES (HONG KONG) LIMITED, PIPER JAFFRAY & CO., and OPPENHEIMER & CO. INC., | |
| Defendants. | |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ....................................................................................................................3

    I.     THE JUMEI INVESTOR GROUP IS THE PRESUMPTIVE LEAD PLAINTIFF...................................................................................................3

    II.    BASELESS ATTACKS AND SPECULATION ARE NOT "PROOF" AND ARE INSUFFICIENT TO REBUT THE PRESUMPTION .........................4

         A.    Goldenrain Assets Limited Is An Active British Virgin Island Company Registered With The British Virgin Islands Register Of Companies.........................................................................................4

         B.    Goldenrain And Oujie Are Not Subject To Unique Defenses With Respect To The Certifications ..................................................................5

         C.    Mathew's Speculative Attacks On The Jumei Investor Group Should Be Rejected................................................................................7

    III.    MATHEW CANNOT BE APPOINTED LEAD PLAINTIFF BECAUSE HE FAILS TO MAKE A PRIMA FACIE SHOWING OF ADEQUACY .............8

    IV.    MATHEW'S REQUEST FOR LIMITED DISCOVERY SHOULD BE REJECTED ...............................................................................................9

CONCLUSION.................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                              **Pages**

*Chill v. Green Tree Fin. Corp.*,
181 F.R.D. 398 (D. Minn. 1998) ............................................................................................. 6

*Ferrari v. Gisch*,
225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................................. 6

*Foley v. Transocean, Ltd.*,
272 F.R.D. 126 (2011) ............................................................................................................. 3

*Friedman v. Quest Energy Partners LP*,
261 F.R.D. 607 (W.D. Okla. 2009) ...................................................................................... 2, 6

*Ho v. NQ Mobile, Inc.*,
2014 WL 1389636 (S.D.N.Y. Apr. 9, 2014) ........................................................................... 7

*In re Cendant Corp. Sec. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................................ 3, 10

*In re Fannie Mae Sec. Litig.*,
355 F. Supp. 2d 261 (D.D.C. 2005) ......................................................................................... 7

*In re KIT Digital, Inc. Sec. Litig.*,
293 F.R.D. 441 (S.D.N.Y. 2013) ......................................................................................... 5, 10

*In re Tronox, Inc. Secs. Litig.*,
262 F.R.D. 338 (S.D.N.Y. 2009) ........................................................................................... 2, 7

*In re XM Satellite Radio Holdings Sec. Litig.*,
237 F.R.D. 13 (D.D.C. 2006) ................................................................................................... 9

*Niederklein v. PCS Edventures!.com, Inc.*,
No. 1:10-cv-00479-EJL-CWD, 2011 WL 759553 (D. Idaho Feb. 24, 2011) .......................... 6

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................................... 2, 6

*Seidel v. Noah Educ. Holdings Ltd.*,
2009 WL 700782 (S.D.N.Y. Mar. 9, 2009) ............................................................................. 7

*Stone v. Agnico-Eagle Mines Ltd.*,
280 F.R.D. 142 (S.D.N.Y. 2012) ............................................................................................. 5

*Teran v. Subaye, Inc.*, Nos. 11 Civ. 2614 (NRB),
11 Civ. 3886 (NRB), 2011 WL 4357362 (S.D.N.Y. Sept. 16, 2011) ...................................... 5

*Vandevelde v. China Natural Gas, Inc.*,
    277 F.R.D. 126 (D. Del. 2011) ............................................................................................ 3

*Vladimir v. Bioenvision, Inc.*, No. 07 CIV. 6416SHSAJP,
    2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007) ................................................................ 6, 8

*Zhu v. UCBH Holdings, Inc.*,
    682 F. Supp. 2d 1049 (N.D. Cal. 2010) .............................................................................. 9

## **Statutes**

15 U.S.C. § 78u .......................................................................................................... *passim*

## **Rules**

Rule 23 of the Federal Rules of Civil Procedure ......................................................... *passim*

Bellport Overseas Limited ("Bellport"), Goldenrain Assets Limited ("Goldenrain"), and Cao Oujie ("Oujie") (collectively, the "Jumei Investor Group") respectfully submit this Reply Memorandum of Law in further support of their motion for consolidation of the above-captioned actions under Rule 42(a), appointment as Lead Plaintiff, and approval of Pomerantz LLP as Lead Counsel, and in opposition to Anthony Mathew's motion for lead plaintiff and limited discovery.[1]

**PRELIMINARY STATEMENT**

There is no dispute that the Jumei Investor Group possesses the "largest financial interest" and is entitled to the strong presumption under the PSLRA as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii). None of the competing movants challenge the fact that the Jumei Investor Group—with losses exceeding **$1.9 million**—has the largest financial interest in this case. Nor does any competing movant dispute that Goldenrain *alone* has a far larger financial interest than any other individual movant. Further, the Jumei Investor Group has made a *prima facie* showing of adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure and has provided sufficient evidence to demonstrate its adequacy and its members' ability and commitment to work together with their chosen proposed Lead Counsel in an efficient manner to maximize the recovery on behalf of the Class. Accordingly, the Jumei Investor Group has more than satisfied the requirements entitling it to the strong presumption as the "most adequate plaintiff," and should be appointed as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as those found in the Memorandum of Law in Support of Jumei Investor Group's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Counsel ("Opening Memo"), ECF No. 21, and the Jumei Investor Group's Memorandum in Further Support of its Motion ("Opposition Memo"), ECF No. 27. All docket references are to Docket No. 1:14-cv-09826-WHP. Unless otherwise noted, all emphases are added and internal citations and quotations omitted.

In the face of the Jumei Investor Group's overwhelming financial interest superiority, all other competing movants (other than Anthony Mathew ("Mathew")) have stepped aside to allow for the orderly appointment of Lead Plaintiff and prosecution of the Related Actions. Yet, Mathew attempts to rebut the presumption by attacking Goldenrain and Oujie with negligently gathered facts (at best) and/or intentionally manufactured evidence (at worst) in a desperate attempt to avoid the result required under the PSLRA. These baseless arguments include:

- Mathew's investigators' inability to locate Goldenrain's records in the British Virgin Islands Register of Companies, despite Goldenrain's clear and indisputable existence as an active British Virgin Island Business Company. *See* Certificate of Incorporation for Goldenrain, attached as Exhibit A to the Declaration of Cao Oujie ("Oujie Decl."), submitted herewith.

- Mathew's contention that Goldenrain "may be Goldrain Ltd.", a "struck off" entity. This is simply factually incorrect.

- Mathew nitpicks at facial discrepancies between Oujie's and Goldenrain's PSLRA certifications. However, any minor discrepancies can easily be explained by Oujie's best attempt to transliterate her Chinese name into written English. *See* Oujie Decl. at ¶ 4. Moreover, courts across the country universally conclude that such minor or inadvertent mistakes in PSLRA certifications do not strike at the heart of Rule 23's adequacy requirement. *See*, *e.g.*, *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 407 (S.D.N.Y. 2004); *Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 615 (W.D. Okla. 2009).

- Mathew speculates—without proffering the requisite proof—that it is "possible" the Jumei Investor Group members misunderstand their role as Lead Plaintiff. These concerns ring hollow and hardly rise to the level of "proof" that the presumptive lead plaintiff "will not fairly and adequately represent the interests of the class." *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *see also In re Tronox, Inc. Secs. Litig.*, 262 F.R.D. 338, 346–47 (S.D.N.Y. 2009).

Far from purported "red flags" sufficient to rebut the Jumei Investor Group's strong presumption, these misguided attacks amount to little more than red herrings which fall short of the "***proof***" required to rebut the presumption under the PSLRA. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Instead, the facts strongly support the presumption and show the Jumei Investor Group should be appointed Lead Plaintiff.

2

In stark contrast, Mathew fails to make the required *prima facie* showing of adequacy and typicality. Mathew's purported "investigation" into Goldenrain and subsequent failure to locate basic corporate documents publicly available for every company registered in the British Virgin Islands raises serious questions pertaining to Mathew's adequacy to represent the Class. Accordingly, though not apposite because he lacks the largest financial interest, Mathew could not be appointed Lead Plaintiff on the record he has submitted.

## ARGUMENT

### I. THE JUMEI INVESTOR GROUP IS THE PRESUMPTIVE LEAD PLAINTIFF

It is undisputed that the Jumei Investor Group is the presumptive Lead Plaintiff, because its $1,977,665 loss is the largest financial interest of any movant in the Related Actions. *See* ECF No. 22-3. In light of the Jumei Investor Group's superior financial interest, it must merely make a *prima facie* showing that it otherwise satisfies the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23 to warrant appointment as Lead Plaintiff under the PSLRA. *See In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 263–64 (3d Cir. 2001) ("[B]oth the statutory and the legislative history suggest that the court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive").

As demonstrated in the Jumei Investor Group's Opening Memo (*see* p. 8–12) and Opposition Memo (*see* p. 6–8), the Jumei Investor Group also satisfies the adequacy and typicality requirements of Rule 23. Accordingly, the Jumei Investor Group is entitled to the strong presumption in favor of being appointed Lead Plaintiff: a presumption that can **only** be rebutted upon **proof** that it is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Foley v. Transocean, Ltd.*, 272 F.R.D. 126, 131-33 (2011) (finding that the presumption "may only be rebutted upon '**proof**'" of inadequacy or atypicality and rejecting challenge founded on speculation) (emphasis added); *Vandevelde v. China Natural Gas, Inc.*, 277 F.R.D. 126, 135 (D.

3

Del. 2011) (concluding competing movant had not persuasively rebutted the presumption). No such proof exists here to rebut the presumption in favor of appointing the Jumei Investor Group as Lead Plaintiff.

**II. BASELESS ATTACKS AND SPECULATION ARE NOT "PROOF" AND ARE INSUFFICIENT TO REBUT THE PRESUMPTION**

### A. Goldenrain Assets Limited Is An Active British Virgin Island Company Registered With The British Virgin Islands Register Of Companies

Mathew asserts that his "investigators" found no record of Goldenrain in the British Virgin Islands ("BVI") Register of Companies ("BVI Registry"). *See* Mathew's Memorandum in Further Support of his Motion ("Mathew Memo"), ECF No. 28, at 7–8. As an initial matter, undeniable evidence demonstrates that Oujie has complete ownership of Goldenrain, which is a company incorporated with the BVI Registry as a BVI Business Company on February 7, 2014. *See* Oujie Decl. at ¶ 2. Attached as Exhibit A to the Declaration of Cao Oujie, submitted herewith, is a true and correct copy of the Certificate of Incorporation for Goldenrain as it appears on file with the BVI Registry.

Surprised by Mathew's apparent inability to locate Goldenrain as an active BVI Business Company within the BVI Registry, counsel for the Jumei Investor Group performed an independent search to locate Goldenrain. After less than five (5) minutes with a BVI Registry representative over the phone, counsel for the Jumei Investor Group confirmed Goldenrain's existence, registration date, and active status as a BVI Business Company, and subsequently filled out the International Search Request Form R820, located at http://www.bvifsc.vg/en-gb/divisions/registryofcorporateaffairs.aspx. *See* Declaration of Francis P. McConville ("McConville Decl."), filed herewith, at ¶¶ 3–4. Within 24 hours, counsel for the Jumei Investor Group received the BVI Registry Search Report for Goldenrain, once again confirming Goldenrain's existence, registration date, and active status. *See id.*, McConville Decl. Exs. A–B.

4

Accordingly, Mathew's misguided speculation that Goldenrain may not exist, and correspondingly, Oujie has failed to establish standing to pursue claims on behalf of Goldrain Ltd., the entity Mathew *was* able to locate, is simply wrong, and should be rejected as a matter of law. *See In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 447 (S.D.N.Y. 2013) (concluding "a sworn declaration of ownership trumps speculation as to a party's property interest in relevant shares"); *accord Stone v. Agnico-Eagle Mines Ltd.*, 280 F.R.D. 142, 145 (S.D.N.Y. 2012) (declaration that movant "owns its investments is sufficient to establish its standing, notwithstanding speculative allegations"); *Teran v. Subaye, Inc.*, Nos. 11 Civ. 2614 (NRB), 11 Civ. 3886 (NRB), 2011 WL 4357362, at \*6 (S.D.N.Y. Sept. 16, 2011) (finding lead plaintiff movant's "sworn declaration asserting that he owned the shares detailed in his certification" sufficient to overcome another lead plaintiff movant's speculation to the contrary).

**B.      Goldenrain And Oujie Are Not Subject To Unique Defenses With Respect To The Certifications**

Mathew quibbles with Oujie's signature on the various certifications signed in this action. *See* Mathew Memo, at 5–7. As a threshold matter, and as indicated in her Declaration filed herewith, the minor discrepancies can be easily explained by Oujie's best attempt to transliterate her name into written English. *See* Oujie Decl. at ¶ 4. In fact, the proper spelling of her name in Chinese characters is reflected in the Certification executed on her behalf on December 18, 2014, filed with this Court on February 10, 2015. *Id.* And because there is no official spelling of Chinese names in the written English language, the spelling thereof in the Lead Plaintiff Motion papers reflects her best attempt to translate the pronunciation of the name, and is ***identical*** to the spelling of the name as it appears on her national passport, the relevant account statements reflecting the personal Class Period transactions in the Jumei International Holding, Ltd. securities, as well as those on behalf of Goldenrain. *Id.*

5

Thus, Mathew's attempt rebut the Jumei Investor Group's presumptive lead plaintiff status with such trivial discrepancies falls flat because such "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement." *See Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 WL 759553, at *11 (D. Idaho Feb. 24, 2011).[2] As the court in *Pirelli Armstrong Tire Corp.* noted, "[a]lthough the [certification] procedures contemplated by the PSLRA are well defined, district courts have not followed them invariably, especially when doing so would fail the court's ultimate obligation to appoint as lead plaintiff the member or members of the purported plaintiff class who are most capable of representing the interests of the class members." *See Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust*, 229 F.R.D. at 407. Even if either the Goldenrain or Oujie certifications were defective in some way—which, for the reasons explained above, they are not— the Court could "waive [a certificate] requirement or any inadequacies in the certificates themselves" in order to ensure adequate protection of the Class. *Id.*; *see also Vladimir v. Bioenvision, Inc.*, No. 07 CIV. 6416SHSAJP, 2007 WL 4526532, at *9 (S.D.N.Y. Dec. 21, 2007) (declining to find an "alleged technical (as opposed to substantive) inadequacy of a certificate as a determinative factor").

The inconsistencies and typographical errors on Oujie's certifications are inconsequential and did not, and will not, have any impact on Oujie's ability to serve as Lead Plaintiff.

---

[2] *See also Friedman*, 261 F.R.D. at 615 (finding that errors on certification were not "significant" and did not preclude lead plaintiff appointment); *Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004) (holding that relatively minor miscalculations of losses suffered by the presumptive most adequate plaintiff were not a legitimate basis for disqualification for lead plaintiff appointment); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 410-11 (D. Minn. 1998) (allowing presumptive most adequate plaintiff group to supplement certifications in order to correct technical deficiencies).

C.     **Mathew's Speculative Attacks On The Jumei Investor Group Should Be Rejected**

Finally, Mathew speculates—without proffering the requisite proof—that the Jumei Investor Group "may not" understand their roles as Lead Plaintiff. *See* Mathew Memo, at 11–12. This argument turns the PSLRA's presumption on its head. The members of the Jumei Investor Group submitted sworn PSLRA certifications that provided evidence of their understanding that, as Lead Plaintiff, they are not entitled to any additional compensation other than the pro rata share of the recovery achieved by the Class, except to the extent awarded by the Court directly relating to the representation of the Class. *See* ECF No. 22-2. Nothing more was required. *See*, *e.g.*, *Seidel v. Noah Educ. Holdings Ltd.*, 2009 WL 700782, at *4 (S.D.N.Y. Mar. 9, 2009) (holding certification was sufficient, there was no obligation to "provide detailed documentation in support" of that understanding and refusing to impose duty to refute speculation to the contrary); *Ho v. NQ Mobile, Inc.*, 2014 WL 1389636, at *3–4 (S.D.N.Y. Apr. 9, 2014) (same).[3]

Here, Mathew's rank speculation and innuendo pertaining to blog posts on Chinese websites—translated by Google, no less—are simply insufficient to question the Jumei Investor Group's adequacy and typicality as Lead Plaintiff. Indeed, Mathew has failed to provide even basic evidence connecting the alleged blog posts and the Jumei Investor Group's adequacy under Rule 23. However, "it is [Mathew's] ***burden*** to submit ***proof*** that [the Jumei Investor Group] is an atypical investor – google search results are insufficient." *In re Tronox, Inc. Secs. Litig.*, 262 F.R.D. at 346–47; *see also In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 263 (D.D.C. 2005) (rejecting as "speculative and hypothetical" claims regarding potential conflicts between the

---

3       Although not required by the Court or the PSLRA, Oujie has further indicated in her Declaration submitted herewith that she understands that as Lead Plaintiff, it is her duty to oversee the work of counsel, including continuous review of all relevant pleadings, expenses incurred, and fees ultimately requested by her proposed Lead Counsel, Pomerantz LLP. *See* Oujie Decl. ¶ 5.

7

presumptive lead plaintiff and the class where movants "offer no proof" how such potential conflicts might affect the presumptive lead plaintiff's "capacity to fairly and adequately represent the class").

Accordingly, these "concerns" ring hollow and hardly rise to the level of "***proof***" that the presumptive lead plaintiff "will not fairly and adequately represent the interests of the class." *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). No such proof exists here to rebut the presumption in favor of appointing the Jumei Investor Group as Lead Plaintiff.

In sum, Mathew's opposition is just an attempt to throw arguments against the wall and hope they stick. They do not. The Jumei Investor Group has by far the greatest financial interest in this action. And it otherwise satisfies the requirements of Rule 23. Its motion should be granted in its entirety.

## III.    MATHEW CANNOT BE APPOINTED LEAD PLAINTIFF BECAUSE HE FAILS TO MAKE A PRIMA FACIE SHOWING OF ADEQUACY

The Jumei Investor Group has more than satisfied the applicable requirements of Rule 23, and each of Mathew's challenges to the group's adequacy and typicality are without merit. Thus, Mathew's motion should be denied. *See Vladimir*, 2007 WL 4526532, at *6 ("Once the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.").

However, should the Court analyze Mathew's application, the Jumei Investor Group is compelled to highlight mistakes underscoring his inability to adequately represent the Class. Indeed, Mathew's purported "investigation" into Goldenrain and subsequent failure to locate the corporate entity raises serious questions pertaining to his counsel's competence and integrity. The Third Circuit has expressly held that a court should scrutinize a proposed lead plaintiff's choice of

8

counsel in determining whether the proposed lead plaintiff itself meets the adequacy of representation requirement.  *See Cendant*, 264 F.3d at 265–66.  "Because one of a lead plaintiff's most important functions is to 'select and retain' lead counsel, *see* 15 U.S.C. § 78u4(a)(3)(B)(v), one of the best ways for a court to ensure that [the proposed lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel . . ." *Id.*

The inescapable conclusion is that Mathew's baseless attack is the product of either: (i) counsel's inability to locate a simple document in the BVI Registry, which is troubling considering the plethora of international complexities at issue in a case involving foreign defendants, or worse, (ii) an attempt to manufacture evidence in order to rebut the presumption. The Jumei Investor Group respectfully submits that, under either scenario, Mathew is inadequate to serve as Lead Plaintiff because he has selected counsel that has failed to demonstrate the necessary competence to zealously advocate on behalf of the Class.  *See In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 19 (D.D.C. 2006) (admonishing counsel for the "disingenuousness" of concerns underlying challenges to presumptive lead plaintiff).

## IV.      MATHEW'S REQUEST FOR LIMITED DISCOVERY SHOULD BE REJECTED

Mathew's factually incorrect speculation pertaining to Goldenrain's identity cannot provide a reasonable basis for granting discovery, or for that matter, "a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class."  15 U.S.C. §78u-4(a)(3)(B)(iv); *see also, e.g.*, *Guohua Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1055 n.1 (N.D. Cal. 2010) (concluding discovery should not be granted under the PSLRA without sufficiently "egregious" allegations and denying discovery into lead plaintiff's adequacy). As the Third Circuit has cautioned, "Courts must . . . take care to prevent the use of discovery to harass presumptive lead plaintiffs, something that the Reform Act was meant to guard against."

9

*Cendant*, 264 F.3d at 270 n.49; *see also In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 448 (S.D.N.Y. 2013) (concluding that the PSLRA provides for discovery "'only if' such reasonable basis is demonstrated by another plaintiff"). Mathew's requests for discovery, along with his motion, should be denied.

## CONCLUSION

Because the Jumei Investor Group has the largest financial interest in the Related Actions and satisfies the typicality and adequacy requirements of Rule 23, its Motion should be granted in its entirety.

Dated: March 9, 2015
      New York, New York

    **POMERANTZ LLP**

    */s/ Jeremy A. Lieberman*
    Jeremy A. Lieberman
    Francis P. McConville
    600 Third Avenue, 20th Floor
    New York, New York 10016
    Telephone: 212-661-1100
    Facsimile: 212-661-8665
    Email: jalieberman@pomlaw.com
        fmcconville@pomlaw.com

    and,

    Patrick V. Dahlstrom
    10 South LaSalle Street, Suite 3505
    Chicago, IL 60603
    Telephone: 312-377-1181
    Facsimile: 312-377-1184
    Email: pdahlstrom@pomlaw.com

    ***Counsel for Movant and Proposed Lead Counsel for the Class***