# Exhibit C

ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
SEAN P. CONNELL, ESQ.
Nevada Baw No. 7311
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
andrew@mlolegal.com
sean@mlolegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice* pending)
J. Alexander Hood II (*pro hac vice* pending)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 212-661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant Phoenix Insurance Company Ltd.,*
*And Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MAC COSTAS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ORMAT TECHNOLOGIES, INC., ISAAC ANGEL, and DORON BLACHAR, <br><br> Defendants. | No.: 3:18-cv-00271-RCJ-VPC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF PHOENIX INSURANCE COMPANY LTD. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL, AND IN OPPOSITION TO COMPETING MOTION** |

MEMORANDUM OF POINTS AND AUTHORITIES

Phoenix[1] respectfully submits this memorandum of points and authorities (i) in further support of its Motion for Appointment as Lead Plaintiff and Approval of its Selection of Counsel (ECF No. 9); and (ii) in opposition to the competing motion of the City of Cape Coral Municipal Police Officers' Retirement Plan (the "Police Retirement Plan") (ECF No. 12).[2]

## PRELIMINARY STATEMENT

This is a class action securities fraud lawsuit against Ormat and certain of the Company's officers.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or movants with the greatest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[1] All capitalized terms herein are defined in Phoenix's moving brief, unless otherwise indicated.  (*See* ECF No. 9.)

[2] On August 10, 2018, another putative class member, Timothy Herbst, timely filed a similar competing motion.  (ECF No. 6.)  On August 15, 2018, Mr. Herbst filed a notice of non-opposition to competing motions, stating that "[h]aving reviewed the competing motions and supporting papers provided by the other movants seeking appointment as lead plaintiff, it appears that [Mr. Herbst] does not possess the 'largest financial interest in the relief sought by the class' as required by the PSLRA."  (ECF No. 16.) Additionally, on August 24, 2018, plaintiff Mac Costas filed a Notice of Non-opposition, stating that "it appears that Movant Phoenix Insurance Company Ltd., an institutional investor, has asserted the largest financial interest in this litigation and is, therefore, the presumptive lead plaintiff…" (ECF No. 20.)

Here, that movant is Phoenix, a sophisticated institutional investor that incurred nearly ***$4.73 million*** in losses in connection with its purchases of Ormat securities during the Class Period—***more than 150 times*** the size of the $31,400 loss alleged by the Police Retirement Plan, the only competing movant. *See*, *e.g.*, *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (May 10, 2016); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. Oct. 6, 2015). In addition, Phoenix retained 722,488 shares at the end of the Class Period—more than 100 times the 7,200 shares retained by the Police Retirement Plan. *See*, *e.g.*, *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2716, 1997 U.S. Dist. LEXIS 12432, at *18 (N.D. Ill. 1997); *Smilovits v. First Solar, Inc.*, No. CV12-0555 PHX DGC, 2012 U.S. Dist. LEXIS 102032, at *8-*9 (D. Ariz. July 23, 2012) (same); *Casden v. HPL Techs., Inc.*, No. C-02-3510 VRW, 2003 U.S. Dist. LEXIS 19606, at *12 (N.D. Cal. Sept. 29, 2003) (same).

| Movant | Loss | Retained Shares |
|---|---|---|
| Phoenix | $4,725,022 | 722,488 |
| Police Retirement Plan | $31,416 | 7,200 |

In addition to possessing the largest financial interest by any relevant measure, Phoenix more than satisfies the typicality and adequacy requirements of Rule 23. Phoenix, like all members of the Class, purchased Ormat securities at prices artificially inflated by defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. As such, it was "injured by the same course of conduct" as the other Class members. *In re MGM Mirage Secs. Litig.*, No. 2:09-cv-01558-GMN-LRL, 2010 U.S. Dist. LEXIS 120061, at *8 (D. Nev. Oct. 25, 2010) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Likewise, Phoenix's interests in this litigation "coincide with those of the class," and, given its sophistication and prior experience serving as a lead plaintiff, Phoenix "has the ability to prosecute the action vigorously.'" *MGM Mirage*, 2010 U.S. Dist. LEXIS 120061, at *8 (quoting *Stocke v. Shuffle Master, Inc.*, 2:07-CV-00715-KJD-RJJ, 2007 U.S. Dist. LEXIS 91535, at *3 (D. Nev. Nov. 30, 2007)).

MEMORANDUM OF POINTS AND AUTHORITIES

For the reasons set forth herein, Phoenix respectfully submits that its motion should be granted in its entirety, and that the competing motion of the Police Retirement Plan should be denied.

## ARGUMENT

### A.     PHOENIX SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.    Phoenix has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii).   While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Ninth Circuit recognize that the amount of financial loss is the most significant factor to be considered. *See*, *e.g.*, *Robb*, 2016 U.S. Dist. LEXIS 62457, at *8 (the "most important . . . factor is the financial loss suffered'); *Knox*, 136 F. Supp. 3d at 1163 (appointing lead plaintiff based on a "comparison of the financial losses suffered by the movants"); *Lomingkit v. Apollo Educ. Grp., Inc.*, No. CV-16-00689-PHX-DLR, 2016 U.S. Dist. LEXIS 78591, at *6 (D. Ariz. June 16, 2016) (comparing movants' respective financial losses to determine financial interest).

Second to financial loss, courts also assess financial interest with reference to the number of net shares purchased (*i.e.*, retained shares) during the class period.  *See*, *e.g.*, *Lax*, 1997 U.S. Dist. LEXIS 12432, at *18 (considering "net shares purchased during the class period (*i.e.*, retained shares)" alongside financial loss in assessing financial interest); *Smilovits*, 2012 U.S. Dist. LEXIS 102032, at *8-*9 (comparing movants' "losses and net shares purchased" in determining financial interest); *Casden*, 2003 U.S. Dist. LEXIS 19606, at *12 (considering, *inter alia*, "number of net shares purchased during the class period" in determining financial interest).

Under either of the foregoing analyses, Phoenix possesses the largest financial interest in the litigation. The following chart compares Phoenix to the Police Retirement Plan:

| Movant | Loss | Retained Shares |
|---|---|---|
| Phoenix | $4,725,022 | 722,488 |
| Police Retirement Plan | $31,416 | 7,200 |

Phoenix's net loss of *$4.73 million* is *more than 150 times* the $31,416 loss incurred by the Police Retirement Plan, the only competing movant. In addition, Phoenix retained 722,488 shares at the end of the Class Period, *more than 100 times* the 7,200 shares retained by the Police Retirement Plan. Accordingly, Phoenix, not the Police Retirement Plan, plainly has the largest financial interest in this litigation.

### 2. Phoenix Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Phoenix has also made a *prima facie* showing sufficient to satisfy the typicality and adequacy requirements of Rule 23. (*See* ECF No. 9 at 7-8.) Phoenix's claims are typical of those of the Class: "other members [of the Class] have the same or similar injury… the action is based on conduct which is not unique to [Phoenix], and . . . other class members have been injured by the same course of conduct." *MGM Mirage*, 2010 U.S. Dist. LEXIS 120061, at *8 (quoting *Hanon*, 976 F.2d at 508). Likewise, Phoenix is an adequate class representative, because its interests "coincide with those of the class" and it "has the ability to prosecute the action vigorously." *MGM Mirage*, 2010 U.S. Dist. LEXIS 120061, at *8 (quoting *Stocke* 2007 U.S. Dist. LEXIS 91535, at *3). Given its $4.73 million loss in connection with the fraud alleged, Phoenix's interests clearly coincide with those of the class; and as a sophisticated institutional investor with prior experience serving as the lead plaintiff in the Mylan Action, possessing a sophisticated in-house legal department capable of directing its litigation counsel's efforts, Phoenix's ability to prosecute this action vigorously is beyond question.

Phoenix has further demonstrated its adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

### 3. No Proof Exists to Rebut the Presumption in Favor of Phoenix's Adequacy

To overcome the strong presumption entitling Phoenix to appointment as Lead Plaintiff, the PSLRA requires "*proof*" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added); *see also Fosbre v. Las Vegas Sands Corp.*, No. 2:10-CV-00765-KJD-LRL, 2010 U.S. Dist. LEXIS 98501, at *4-*5 (D. Nev. Aug. 31, 2010); *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1054 (N.D. Cal.) (rejecting "speculative assertions" offered by competing movants as "insufficient to rebut the lead plaintiff presumption"). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

Anticipating a potential argument by the Police Retirement Plan, Phoenix respectfully submits that its submission of its shareholder certification subsequent to, rather than concurrently with, the filing of its motion has no bearing on its adequacy to represent the Class. As described in the notice filed by Phoenix on August 13, 2018—the next business day after the August 10, 2018 lead plaintiff motion deadline—the certification referenced in Phoenix's motion brief was inadvertently omitted from Exhibit B to Phoenix's motion papers due to a clerical error. (*See* ECF No. 15.) Phoenix's counsel promptly identified the error and submitted a corrected Exhibit B containing the certification. (ECF No. 15-1 at *2-*3.)

Courts in the Ninth Circuit have rejected the argument that "minor or inadvertent mistakes" are evidence of a lead plaintiff movant's inadequacy to serve as a class representative. *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at *34 (D. Idaho Feb. 24, 2011) ("minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement"); *Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011

U.S. Dist. LEXIS 79795, at *44 (C.D. Cal. Mar. 15, 2011) ("the adequacy of the certificat[ion] should not be the determinative factor in selecting the lead plaintiff") (quoting *Bhojwani v. Pistiolis*, Nos. 06 Civ. 13761 (CM) (KNF) *et al.*, 2007 U.S. Dist. LEXIS 51239, at *27 (S.D.N.Y. June 26, 2007)). Here, Phoenix's motion brief clearly described the certification, stating both the names and positions of its two signatories, summarizing its contents, and referencing it as "Exhibit B" to the brief. (*See* ECF No. 9 at 5.) While the document appended as Exhibit B to the brief inadvertently omitted the first two pages comprising Phoenix's certification, it did include the chart reflecting Phoenix's Class Period transactions in Ormat securities, and as such contained all of the information necessary to assess Phoenix's financial interest in the Action. In addition, the certification itself is dated June 21, 2018—50 days before the motion deadline. (*See* ECF No. 15-1 at *3.) The initial omission of Phoenix's shareholder certification was plainly nothing more than a minor clerical error, promptly cured.

Moreover, the plain language of the PSLRA does not require a lead plaintiff movant to file a shareholder certification at all. Rather, the certification requirement applies only to members of the putative class who file complaints: "Each ***plaintiff*** seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such ***plaintiff*** and ***filed with the complaint***." 15 U.S.C. § 78u-4(a)(2)(A) (emphases added). Courts in the Ninth Circuit have likewise held that only plaintiffs, not lead plaintiff movants, are required to file shareholder certifications in PSLRA actions. *See In re Apollo Grp. Sec. Litig.*, Nos. CV 04-2204-PHX-EHC *et al.*, 2005 U.S. Dist. LEXIS 32801, at *1 (D. Ariz. Apr. 14, 2005) ("The Court finds that the certification requirement clearly applies only to plaintiffs who file complaints."); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1155 (N.D. Cal. Nov. 2, 1999) (finding movant "not barred for mere failure to file a certification", noting "[i]t seems strained to recast the words 'filed with the complaint' to mean 'filed with the complaint or motion.'"). Here, Phoenix has not filed a complaint against Ormat. As such, the PSLRA imposed no

obligation on Phoenix to submit a shareholder certification contemporaneously with its motion—or indeed at all.

In sum, a minor and quickly remedied clerical error, amounting to no more than the belated filing of a document that Phoenix was under no obligation to file at all, clearly falls well short of the high standard of *proof* necessary to rebut the presumption in favor of Phoenix's adequacy.

Because Phoenix has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, the Court should appoint Phoenix as Lead Plaintiff.

### B.    PHOENIX'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Curry v. Yelp Inc.*, Nos. 14-cv-03547-JST *et al.*, 2014 U.S. Dist. LEXIS 161042, at *8 (N.D. Cal. Nov. 16, 2014) ("A district court will only interfere with the lead plaintiff's choice of counsel if that choice 'is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff.'") (quoting *In re Cavanaugh*, 306 F.3d at 726, 739 n. 11 (9th Cir. 2002)).

Here, Phoenix has selected Pomerantz as Lead Counsel and Muehlbauer Law as Liaison Counsel for the Class.  As their respective resumes reflect, the firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  (*See* ECF Nos. 9-4, 9-5.)  Thus, the Court may be assured that by approving the selection of counsel by Phoenix, the members of the class will receive the best legal representation available.

/ / /

/ / /

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its moving brief (ECF No. 9), Phoenix respectfully requests that the Court issue an Order: (1) appointing Phoenix as Lead Plaintiff for the Class; and (2) approving its selection of Pomerantz to serve as Lead Counsel and Muehlbauer Law as Liaison Counsel for the Class.

Dated: August 24, 2018

**MUEHLBAUER LAW OFFICE, LTD.**

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Facsimile: 702-825-0141
andrew@mlolegal.com

*Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice* pending)
J. Alexander Hood II (*pro hac vice* pending)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 212-661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant and*
*Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/Andrew Muehlbauer*
Andrew Muehlbauer