UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. THEODORE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, and TASMIN ETTEFAGH, <br><br> Defendants. | Case No.  6:21-cv-00809-PGB-GJK <br><br> **SUR-REPLY MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF ROBERT CIECKO AND MARIUSZ CIECKO FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF SELECTION OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION** |
| DAVID TENNENBAUM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER and BYRON ROTH, <br><br> Defendants. | Case No.  6:21-cv-00818-PGB-DCI |

The Ciecko Brothers[1] respectfully submit this Sur-Reply Memorandum of Law: (i) in further support of their motion for consolidation, appointment as Lead Plaintiffs and approval of their selections of Pomerantz and Miller Shah as Lead and Liaison Counsel, respectively, for the Class (Dkt. No. 33); and in opposition to the competing motion of Erste AM (Dkt. No. 32).[2]

## I.      ARGUMENT

In its motion for leave to file a reply brief in further support of its lead plaintiff motion, Erste AM claimed to have "cogent, substantive responses" to arguments made by both the Ciecko Brothers and the Wilemans regarding, *inter alia*, Erste AM's apparent lack of standing and deficiencies in its Certification.  *See* Dkt. No. 72 at 2.  Yet as discussed below, Erste AM's reply brief clarifies nothing.  Rather, its latest submissions only further muddy the waters—for example, disclosing for the first time the apparent involvement of a second fund not mentioned in its initial motion papers—and underscore that the Court cannot in good conscience entrust Erste AM with leadership of this litigation.  After now three rounds of briefing, Erste has still failed either to establish its standing to pursue claims in this litigation or to file a Certification in compliance with the PSLRA's clearly stated requirements.  Either of the foregoing issues alone suffices to mandate denial of Erste AM's motion.  Moreover, the Ciecko Brothers respectfully submit that Erste AM's continued failures to make even these straightforward preliminary showings do not bode well for the Class if the Court were to appoint Erste AM to a leadership role in this complex securities class action.

---

[1] All capitalized terms herein are defined in the Ciecko Brothers' moving or opposition briefs, unless otherwise indicated.  *See* Dkt. Nos. 33, 65.

[2] Initially three other putative class members or groups thereof filed similar competing motions.  *See* Dkt. Nos. 25, 30, 35.  All three of these movants have since either filed notices of non-opposition or withdrawn their motions, leaving only the motions of the Ciecko Brothers and Erste AM before the Court.  *See* Dkt. Nos. 41, 62-63.

**A.  Erste AM Has Not Demonstrated That It Has Standing To Pursue Fraud Claims**

Erste AM claims, for the first time in its reply brief, that Erste AM's Article III standing to pursue claims in this litigation derives from the fact that "before filing[] its motion, Erste AM's fund executed (on July 5, 2021) a valid assignment conveying its property interest in the claims against the defendants in this lawsuit to Erste AM." Dkt. No. 77 at 7.  Erste AM thus concedes that, absent a valid assignment, it does not have any property interest in the fraud claims in this litigation—*i.e.*, that it is not the beneficial owner of the PureCycle securities listed on its Certification.  Yet Erste AM's assertion that it has obtained a valid assignment does not and cannot change the fact that Erste AM remains subject to a disqualifying unique defense for failing to establish its standing.

First, Erste AM cannot now retroactively establish its standing because standing is assessed at the time the lawsuit is commenced—*i.e.*, at the time that Erste AM filed its motion.  *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n.4 (1992).  Here, as Erste AM has acknowledged, it is not the beneficial owner of the PureCycle securities at issue in this litigation, and establishing its standing at the time it filed its lead plaintiff motion thus required Erste AM to demonstrate that it possessed a valid assignment.  Erste AM neither submitted any assignment with its motion papers nor even claimed to have obtained one.  It may not now cure this failure three weeks after the motion deadline.

Second, even if Erste AM could now cure its standing problem, it has not done so, because ***it still has not submitted an assignment*** for the Court's review.  Rather, it merely claims in its reply brief that it obtained an assignment from the fund at issue on July 6, 2021.  Absent an opportunity to review the purported assignment, neither the Court nor the other litigants can actually assess its validity.  Considering that it is essential for Erste AM to establish its standing

2

to pursue claims in this litigation, Erste AM's failure to submit the purported assignment of claims is highly conspicuous and calls into question Erste AM's readiness to vigorously pursue claims on behalf of the Class in this litigation. *See*, *e.g.*, *Haideri v. Jumei Int'l Holding, Ltd.*, 20-cv-02751-EMC, 2020 U.S. Dist. LEXIS 162510, at *13 (N.D. Cal. Sept. 4, 2020) (denying lead plaintiff motion where movants' belated proffers were "deficient", "conclusory and problematic", finding they did "not reflect commitment to the litigation").

Third, the failure to submit the assignment becomes even more conspicuous given the fact that Erste AM has still not identified or described the actual owner(s) of the PureCycle securities at issue—*i.e.*, the ostensible assignor of claims—and indeed has only introduced further confusion on this point in its reply papers. The transaction schedule appended to the Certification that Erste AM filed with its motion describes an entity named "Erste AM Fonds Nr. 566" ("Nr. 566") as the owner of the securities. Dkt. No. 32-1 at *7. Then, with its reply papers, Erste AM filed another Certification, identical in all respects to the first Certification, but describing an entity named "ERSTE WWF STOCK ENVIRONMENT" ("WWF") as the owner of the relevant securities and making no mention of Nr. 566. *See* Dkt. No. 77-9 at *4. Erste AM has provided no explanation whatsoever for the belated introduction of this second entity. Compounding the confusion further, in its reply brief, Erste AM in one instance still appears to describe Nr. 566 as the owner of the securities, but otherwise refers only generically to "its [Erste AM's] fund" without naming or describing the fund. *See*, *e.g.*, Dkt. No. 77 at *5. This unnecessary and avoidable confusion stems from Erste AM's inexplicable failure to explain who actually owns the relevant PureCycle securities—in part, because Erste AM has failed to submit any assignment, which would necessarily identify the assignor.

Finally, even assuming *arguendo* that Erste AM's unsupported assertion—*i.e.*, that it obtained an assignment of claims from the relevant fund on July 5, 2021—did cure its standing problem, this simultaneously renders Erste AM's Certification, which was signed nearly one month earlier, on June 8, 2021, even further deficient—thus mandating denial of Erste AM's motion on a separate basis (as discussed in detail *infra* at Section I.B.).

### B. Erste AM's Certification Remains Defective

Erste AM spills much ink defending the legal sufficiency of its Certification, but its supposed explanations only raise more questions than answers.

Erste AM concedes that its Certification failed to comply with the PSLRA's clear instructions because it "inadvertent[ly]" failed to disclose the fact that Erste AM filed a lead plaintiff motion in the PSLRA action *In re Nielsen Holdings plc Sec. Litig.*, 1:18-cv-07143 (S.D.N.Y.) within the past three years. Dkt. No. 77 at 2. Yet rather than actually curing this acknowledged error by submitting a corrected submission, Erste AM only states that it "stands ready to" do so. *Id.* at 3. As with Erste AM's failure to submit the assignment that it supposedly received from the relevant fund, Erste AM once again asks the Court to rely on conclusory assurances in its briefing rather than simply providing the necessary, duly executed documentation.

Erste AM's failure to provide a corrected Certification disclosing its lead plaintiff motion in *Nielsen* is puzzling, considering that Erste AM ***did*** submit a slightly different Certification with its reply papers—yet rather than correct the Certification to include *Nielsen*, Erste AM merely revised the schedule of transactions appended to the Certification to name a different fund, WWF, as the owner of the PureCycle securities at issue, removing Nr. 566 from the Certification without explanation. *See* Dkt. No. 77-9 at *4. Accordingly, Erste AM has now submitted one Certification in which it attests, under penalty of perjury, that Nr. 566 is the beneficial owner of the relevant

securities (Dkt. No. 32-1), and one Certification in which it attests, under penalty of perjury, that WWF is the beneficial owner of the relevant securities (Dkt. No. 77-9).  As two distinct funds, Nr. 566 and WWF are different legal entities, meaning that one of Erste AM's two Certifications must be false.

Nor has Erste AM offered any explanation as to why it even submitted this second Certification in the first place.  Did it perhaps do so in order to correct a misidentification of the relevant fund in its initial Certification?  In the absence of any explanation, Erste AM's submission of this additional Certification is simply puzzling.

Moreover, accepting Erste AM's unsupported assertion that the relevant fund—whichever fund that may be—assigned its claims in this litigation to Erste AM on July 5, 2021, then both of the Certifications submitted by Erste AM are fatally flawed.  Both Certifications are dated June 8, 2021 (*see* Dkt. No. 32-1 at *6; Dkt. No. 77-9 at *3), and both Certifications attest, under penalty of perjury, that Erste AM "is duly authorized to institute legal action on . . . the Fund's behalf, including litigation against PureCycle and any other defendants".  *See* Dkt. No. 32-1 at *5 ¶ 2; Dkt. No. 77-9 at *2 ¶ 2).  Yet Erste AM now states that it did ***not*** receive any assignment of the fund's claims until July 5, 2021—nearly one month ***after*** Erste AM attested in its Certifications, under penalty of perjury, to have authorization to pursue claims in this litigation on behalf of the relevant fund.  A false attestation as to a fundamental issue—namely, Erste AM's authorization to litigate on behalf of the fund at issue—is not a minor defect, particularly in light of the fact that Erste AM has failed to clearly identify this fund or establish that it has assigned its claims in this litigation to Erste AM (as discussed above).  The Ciecko Brothers respectfully submit that this is precisely the kind of error that courts consider disqualifying in PSLRA lead plaintiff motions.  *See*, *e.g.*, *In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW), 2007 U.S. Dist. LEXIS

66258, at \*23, \*28 n.8 (D.N.J. Sept. 6, 2007) (denying motion by movant whose certification "contained incorrect trading data and loss calculations," finding it to be "plagued with misinformation"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 U.S. Dist. LEXIS 15012, at \*16-\*17 (N.D. Ill. Jan. 28, 2020) (denying motion by movants where errors in loss calculations demonstrated that movants either knowingly submitted incorrect information or failed to review their submissions before filing); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414-15 (E.D. Pa. 2019) (denying lead plaintiff motion where errors "speak to a level of carelessness" that raises doubt that applicant possesses "the necessary adequacy and sophistication to be lead plaintiff").

## II.    CONCLUSION

For the foregoing reasons and the reasons set forth in their moving and opposition briefs (Dkt. Nos. 33, 65), the Ciecko Brothers respectfully request that the Court issue an Order granting their motion in full and denying the competing motion of Erste AM.

Dated:  August 2, 2021

**MILLER SHAH LLP**

By: */s/ Jayne A. Goldstein*
Jayne A. Goldstein
1625 N. Commerce Pkwy, Suite 320
Fort Lauderdale, Florida 33326
Telephone: (954) 903-3170
Facsimile: (866) 300-7367
jagoldstein@millershah.com

*Counsel for the Ciecko Brothers and*
*Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Thomas H. Przybylowski
(admitted *pro hac vice*)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
tprzybylowski@pomlaw.com

6

*Counsel for the Ciecko Brothers and*
*Proposed Lead Counsel for the Class*

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2021, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Jayne A. Goldstein*
Jayne A. Goldstein