UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM C. THEODORE,

                    Plaintiff,

v.                                                    Case No.  6:21-cv-809-PGB-GJK

PURECYCLE TECHNOLOGIES,
INC., MICHAEL OTWORTH, and
TASMIN ETTEFAGH,

                    Defendants.

_____

DAVID TENNENBAUM,

                    Plaintiff,

v.                                                    Case No.  6:21-cv-818-PGB-GJK

PURECYCLE TECHNOLOGIES,
INC., MICHAEL OTWORTH, MICHAEL
E. DEE, DAVID BRENNER, AND
BYRON ROTH,

                    Defendants.

_____

ORDER

        This  cause  came  on  for  consideration  without  oral  argument  on  the

following motions:

**MOTION:** NOTICE OF MOTION OF BILL WILEMAN AND ANDREW WILEMAN FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL (Doc. No. 25)

**FILED:**     July 12, 2021

_____

**THEREON** it is **ORDERED** that the motion is **DENIED**.

---

**MOTION:** MOTION OF JAMES BOENIG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF (Doc. No. 30)

**FILED:**     July 12, 2021

_____

**THEREON** it is **ORDERED** that the motion is **DENIED**.

---

**MOTION:** MOTION AND SUPPORTING MEMORANDUM OF LAW OF ERSTE ASSET MANAGEMENT GMBH FOR CONSOLIDATION OF THE RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL (Doc. No. 32)

**FILED:**     July 12, 2021

_____

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **MOTION OF ROBERT CIECKO AND MARIUSZ CIECKO FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT (Doc. No. 33)** |
| **FILED:** | **July 12, 2021** |

**THEREON** it is **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**.

| | |
|---|---|
| **MOTION:** | **MOTION OF RANDALL L. RUDEEN FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION (Doc. No. 35)** |
| **FILED:** | **July 12, 2021** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.   <u>INTRODUCTION.</u>

This is a putative class action against Defendants alleging violations of the federal securities laws. Doc. No. 1. Under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(A) (the "PSLRA"), the plaintiff shall publish a notice advising members of the purported class of the action, and then no later than sixty days after the date the notice is published, members of the purported class may move the Court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).

The court shall appoint the lead plaintiff no later than ninety days after the date the notice is published. *Id.* at § 78u-4(a)(3)(B)(i). On May 11, 2021, the notice of this case was published. Doc. No. 68 at ¶ 4.

On July 12, 2021, the following filed timely motions to be appointed lead plaintiff: Bill Wileman and Andrew Wileman (the "Wilemans"), Doc. No. 25; James Boenig, Doc. No. 30; Erste Asset Management GmbH ("Erste AM"), Doc. No. 32; Robert Ciecko and Mariusz Ciecko (the "Ciecko Brothers"), Doc. No. 33; and Randall L. Rudeen, Doc. No. 35. The motions were referred to the undersigned. On July 14, 2021, Rudeen filed a notice of withdrawing his motion to be appointed lead plaintiff. Doc. No. 41. On July 26, 2021, Boenig filed a "notice of non-opposition with respect to the pending motions for appointment as Lead Plaintiff, and approval of selection of counsel in the above-captioned securities class action." Doc. No. 62.

Also on July 26, 2021, the Wilemans filed a notice that they are not opposing the "*bona fide*" motions for appointment of lead plaintiff (the "Wilemans' Notice"). Doc. No. 63. In the Wilemans' Notice, they assert that they do "not oppose the lead plaintiff motions of *bona fide* movants with larger financial interests." *Id.* at 2. They then list reasons why they believe Erste AM would not be a suitable lead plaintiff. *Id.* at 2-3. On July 29, 2021, the Court

4

granted Erste AM's motion to file a reply to address the Wilemans' arguments and granted leave for the Ciecko Brothers to file a sur-reply. Doc. No. 75. On July 30, 2021, Erste AM filed its reply (the "Erste AM Reply"), Doc. No. 77, and on August 2, 2021, the Ciecko Brothers filed their sur-reply, Doc. No. 79.

## II.   <u>BACKGROUND.</u>

On May 11, 2021, William C. Theodore filed a complaint against Defendants PureCycle Technologies, Inc., Michael Otworth (PureCycle's Chief Executive Officer and Chairman of the Board of Directors), and Tasmin Ettefagh (PureCycle's Chief Sustainability Officer), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5, 17 C.F.R. § 240.10b-5. Doc. No. 1. The facts set forth herein are taken from the complaint.

PureCycle represented that it has a patent for a valuable recycling process for plastics. *Id.* at ¶ 2. On March 18, 2021, shares of PureCycle began trading on NASDAQ. *Id.* at ¶ 4. Theodore alleges that on May 6, 2021, analyst Hindenburg Research published a report on PureCycle stating that PureCycle's executives' financial projections were based on guesses, brought PureCycle public too early, and deceived investors. *Id.* at ¶ 5. The report also stated that its author could not find peer reviewed studies in any scholarly journals reviewing PureCycle's

licensed process, that PureCycle faces significant competition for the materials it needs, that its patent is "indirect," "vague," and a "regurgitation of prior art," that its process was dangerous, and that it was having issues at a lab scale. *Id.* The closing price for PureCycle's stock on the day the report was released fell approximately 40% from the previous day. *Id.* at ¶ 6.

Theodore asserts two claims based on these allegations: Count One—Violations of § 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder against all Defendants, and Count Two – Violation of § 20(a) of the Exchange Act against Otworth and Ettefagh. *Id.* at 20-21. He alleges a class consisting "of all persons and entities who purchased or otherwise acquired PureCycle securities between November 16, 2020 and May 5, 2021, inclusive. Excluded from the Class are Defendants, directors and officers of the Company, as well as their families and affiliates." *Id.* at ¶ 50.

Also on May 11, 2021, David Tennenbaum filed a complaint on behalf of himself and others similarly situated against PureCycle, Otworth, Michael E. Dee (PureCycle's Chief Financial Officer), David Brenner (PureCycle's Chief Commercial Officer), and Byron Roth (chairman and CEO of the company that merged with PureCycle), in this Court in case number 6:21-cv-818-PGB-GJK (the "Tennenbaum Litigation"). Case No. 6:21-cv-818-PGB-GJK, Doc. No. 1. The

Tennenbaum Litigation is based on substantially the same facts and asserts the same claims as those alleged in Theodore's complaint. *Id.*; Case No. 6:21-cv-809-PGB-GJK, Doc. No. 1. Tennenbaum's proposed class definition is slightly different from Theodore's, as it includes, along with those who bought PureCycle stock, purchasers of the stock of the company that merged with PureCycle and the holders of that stock who were "entitled to participate in the March 16, 2021 shareholder vote on the merger with PureCycle . . . ." Case No. 6:21-cv-818-PGB-GJK, Doc. No. 1 at ¶ 56.

On July 14, 2021, the Court consolidated the Tennenbaum Litigation with this case and designated this case as the lead case.[1] Doc. No. 40. The Court also directed Plaintiffs to file a consolidated pleading by July 28, 2021, and for Defendants to respond to the consolidated pleading within twenty-one days. *Id.* at 2. On July 27, 2021, Tennenbaum filed a notice of voluntary dismissal of the Tennenbaum litigation. Doc. No. 67. Also on July 27, 2021, the parties asked the Court to modify the deadlines until after a lead plaintiff is appointed and to extend the deadlines to conduct a case management conference and file a case management report. Doc. No. 68. On July 28, 2021, the Court granted the motion to modify the deadlines. Doc. No. 70.

---

[1] This moots the litigants' requests in their motions to be appointed lead plaintiff that the Tennenbaum Litigation be consolidated with this action.

Now ripe before the Court are the motions to be appointed lead plaintiff. As the Wilemans, Boenig, and Rudeen filed notices indicating their lack of opposition to others being appointed lead plaintiff or withdrew the motion, Doc. Nos. 41, 62, 63, Erste AM and the Ciecko Brothers are the only remaining applicants for lead plaintiff. Theodore did not file a motion to be appointed lead plaintiff.

## III.    <u>ANALYSIS.</u>

The PSLRA sets forth the procedures required in class actions alleging violations of the federal securities laws. 15 U.S.C. § 78u-4. Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." The Court must presume that the most adequate plaintiff: (1) either filed the complaint or filed a motion in response to the notice of the lawsuit; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies Federal Rule of Civil Procedure 23's requirements. *Id.* § 78u-4(a)(3)(B)(iii). "With respect to Rule 23 requirements, a proposed Lead Plaintiff must establish that its claims are typical of the class, and that it would be an adequate representative." *Molema v.*

*Bio-One Corp.*, No. 6:05-cv-1859-ACC-DAB, 2006 WL 1733859, at *2 (M.D. Fla. June 20, 2006).

"The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "The decision to approve counsel selected by the Lead Plaintiff is a matter within the Court's discretion and is by no means automatic." *Molema*, No. 6:05-cv-1859-ACC-DAB, 2006 WL 1733859, at *2. "Approval of lead counsel necessarily requires an independent evaluation of, among other considerations, the effectiveness of proposed class counsel to ensure the protection of the class." *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1315 (M.D. Fla. 2000).

### A.   Appointment of Lead Plaintiff

#### 1.   Erste AM

Erste AM asserts that it should be appointed lead plaintiff because it "has the largest financial interest of any movant it knows to be before the Court, having suffered losses of approximately $1,817,000." Doc. No. 32 at 5. In support, Erste AM cites to the Certification and Loss Chart attached to its motion. *Id.* In the Certification, Manfred Lentner and Magdalena Reischl state on behalf of Erste AM "for account of the fund listed in Schedule A (the 'Fund')" that the

9

Fund purchased shares of PureCycle from March 23, 2021, through April 20, 2021.[2] Doc. No. 32-1 at 5, 7. Schedule A lists the Fund as "Erste AM Fonds Nr. 566." *Id.* at 7.

In its motion, Erste AM states that its "fund" incurred the loss, but it does not explain its relationship to the Fund. *Id.* at 12. Erste AM does not state that it owns or controls the Fund. The only information about Erste AM in its motion and memorandum supporting its motion is that it has previously been appointed lead plaintiff in other securities class action cases and "is a sophisticated institutional investor that manages assets worth EUR 71.55 billion as of May 2021 (the equivalent of more than $84 billion)." *Id.* at 16; Doc. No. 64 at 13, 15. In the Erste AM Reply, it states that it provided significant information about itself and directs the reader to "its corporate website where a wealth of additional information about Erste AM's organization, management, structure, and history" can be found. Doc. No. 77 at 2-3. None of this additional information is included in the Erste AM Reply.

Attached to the Erste AM Reply is a new Schedule A apparently listing the same purchases of PureCycle stock, but not including "Erste AM Fonds Nr. 566," as is on the Schedule A attached to the motion. Doc. No. 77-9 at 4. Instead, "Erste

---

[2] The Certification does not contain signatures on its face. Doc. No. 32-1 at 6. Instead, it states that it was electronically signed and that the electronic signatures can be inspected at a particular website. *Id.*

WWF Stock Environment" is listed. *Id.* Erste AM provides no explanation for this discrepancy. Instead, in the Erste AM Reply, Erste AM asserts that it "is the Austrian management company for its fund—Erste AM Fonds Nr. 566—and therefore has standing and is authorized to sue on its fund's behalf as a matter of law." Doc. No. 77 at 7. But that statement in the Erste AM Reply is unsupported, and Schedule A to the Erste AM Reply does not list Erste AM Fonds Nr. 566.

Also in the Erste AM Reply, Erste AM states that its "fund executed (on July 5, 2021) a valid assignment conveying its property interest in the claims against the defendants in this lawsuit to Erste AM." *Id.* at 8. There is no explanation of what Erste AM is referring to when it states its "fund," and Erste AM did not file the assignments with the Court. Doc. No. 77.

Erste AM does not state that it bought PureCycle shares. It states that its fund incurred a loss, but does not establish its relationship to this fund, and, indeed, two different funds are listed with no explanation regarding the discrepancy. Erste AM's allegations regarding an assignment from the fund are conclusory and provide no meaningful information. Erste AM thus fails to demonstrate that it has any financial interest in the relief sought in this litigation.

11

2.    The Ciecko Brothers

The Ciecko Brothers also request to be appointed co-lead plaintiffs. Doc. No. 33. As mentioned earlier, a rebuttable presumption is established as to the most adequate plaintiff if that applicant: (1) either filed the complaint or filed a motion in response to the notice of the lawsuit; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies Federal Rule of Civil Procedure 23's requirements. *Id.* § 78u-4(a)(3)(B)(iii). The Ciecko Brothers meet the first requirement, as they timely filed their motion to be appointed co-lead plaintiffs. Doc. No. 33.

The Ciecko Brothers also meet the second requirement. They filed a Joint Declaration stating that they "purchased PureCycle securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action." Doc. No. 34-4 at 2, 3. They include a chart reflecting a loss of $131,095 due to their purchase of the PureCycle securities from March 17, 2021, through April 30, 2021. Doc. No. 34-1. This loss is the largest demonstrated loss before the Court. *See* Doc. No. 30 at 8 (Boenig asserts losses of $109,415); Doc. No. 35 at 8 (Rudeen asserts losses of $20,522.58); Doc. No. 63 (the Wilemans assert that it appears that they do not possess the largest financial interest in the relief sought). Considering the amount of the Ciecko

Brothers' losses and the concessions by the other applicants for lead plaintiff, the Ciecko Brothers have the largest financial interest in the relief sought.

Under 15 U.S.C. § 78u-4(a)(3)(B)(iii), the third requirement is whether the potential lead plaintiff satisfies Rule 23. "[T]he Rule 23 analysis focuses on whether the presumptive lead plaintiff's claims and defenses are typical of the claims of the class and whether the presumptive lead plaintiff will fairly and adequately protect the interests of the class." *Cole v. Health Mgmt. Assocs., Inc.*, No. 2:07-CV-484-MMH-SPC, 2008 WL 11334897, at *6 (M.D. Fla. May 14, 2008). The typicality requirement is satisfied when the presumptive lead plaintiff's claims "'arise from the same event or pattern or practice and are based on the same legal theory as the claims of the class.'" *Id.* (quoting *In re Miva, Inc., Sec. Litig.*, No. 2:05-cv-201-JES-DNF, 2008 WL 681755, at *3 (M.D. Fla. Mar. 12, 2008)). In assessing adequacy, "the Court must consider '(1) whether any substantial conflicts of interest exist between the [presumptive lead plaintiff] and the class; and (2) whether the [presumptive lead plaintiff] will adequately prosecute the action.'" *Id.* (quoting *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)).

The Ciecko Brothers' claims arise from the same events and are based on the same legal theories as the claims of the class, as all the claims arise from

Defendants' alleged "untrue statements of material fact and by omitting to state material facts necessary to make the statements made not misleading." Doc. No. 33 at 14. The Ciecko Brothers claim that they "were damaged upon the disclosures of those misrepresentations and/or omissions that drove PureCycle's share price downward[,]" just as other class members were. *Id.* Thus, the Ciecko Brothers fulfill the typicality requirement.

The Ciecko Brothers also demonstrate that they will adequately prosecute this action. There appear to be no conflicts of interest between them and the class. In their Joint Declaration, the Ciecko Brothers attest to their "commit[ment] to ensuring the litigation is litigated as zealously and efficiently as possible, in accordance with [their] duties under the PSLRA." Doc. No. 34-4 at ¶ 6. They state that if they are appointed co-lead plaintiffs, then they will do the following: "confer[] with each other and with our counsel regarding litigation strategy and other matters, attend[] court proceedings, depositions, any settlement mediations, and hearings as needed, and review[] and authoriz[e] the filing of important litigation documents." *Id.* at ¶ 37. They devised a method to resolve any differences that may arise between them, stating that they will use "a majority vote, in which each of us possesses a number of votes equal to our

losses incurred in connection with our Class Period purchases of PureCycle securities, calculated in terms of U.S. dollars." *Id.* at ¶ 10.

The Ciecko Brothers timely filed a motion to be appointed co-lead plaintiffs in response to the notice of this litigation, demonstrated the largest financial interest in the relief sought, and satisfy the typicality and adequacy requirements of Rule 23. Therefore, they are appointed Co-Lead Plaintiffs.

### B.   Appointment of Lead Counsel

The Ciecko Brothers ask the Court to appoint the law firm of Pomerantz LLP as lead counsel, and the law firm of Miller Shah, LLP, as liaison counsel. Doc. No. 33 at 16-17. The Ciecko Brothers state that "Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume." *Id.* at 16. They attached Pomerantz's background, experience, and list of the cases in which the firm acted as lead counsel in class action securities litigation, among other things. Doc. No. 34-5. Based on the Ciecko Brothers' representations and lack of objections to Pomerantz's appointment, Pomerantz is appointed lead counsel.

The Ciecko Brothers also ask for "liaison counsel" to be appointed. Doc. No. 33 at 16-17. They fail to provide authority for appointing "liaison counsel"

15

under the PSLRA, however. *Id.* "[W]hile some courts have approved the selection of multiple law firms, others have refused to do so, noting the danger of lawyers seizing control of the litigation, contrary to Congress's intent, the inherent inefficiencies of too many cooks in the kitchen, and the potential for undue pressure on the lead plaintiff." *Goldberger v. Faro Techs., Inc.*, No. 6:05-cv-1810-ACC-DAB, 2006 WL 8448587, at *3 (M.D. Fla. Mar. 13, 2006), *report and recommendation adopted sub nom. In re Faro Techs. Sec. Litig.*, 2006 WL 1119201 (M.D. Fla. Apr. 26, 2006); *see also In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 224 (D.N.J. 1999) (denying request to appoint liaison counsel when no compelling reason was given). Because the Ciecko Brothers fail to demonstrate why liaison counsel is required, the request for appointment of Miller Shah as such is denied. *MAZ Partners LP v. First Choice Healthcare Sols., Inc.*, No. 6:19-CV-619-PGB-LRH, 2019 WL 2648550, at *4 (M.D. Fla. June 12, 2019), *report and recommendation adopted* (M.D. Fla. June 27, 2019) (denying request to appoint liaison counsel where lead plaintiff provided no authority or demonstrated necessity for the request).

## IV.  <u>CONCLUSION.</u>

Accordingly, it is **ORDERED** as follows:

1. The motions to be appointed lead plaintiff of the Wilemans, Doc. No. 25; James Boenig, Doc. No. 30; Erste AM, Doc. No. 32; and Randall L. Rudeen, Doc. No. 35, are **DENIED**;

2. The Ciecko Brothers' motion to be appointed co-lead plaintiffs, consolidate actions, and approve selection of counsel, Doc. No. 33, is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. The Ciecko Brothers are appointed Co-Lead Plaintiffs;

   b. Their selection of Pomerantz LLP as Lead Counsel is approved; and

   c. In all other respects, the motion is **DENIED**.

3. **On or before September 21, 2021**, the Ciecko Brothers must file an amended complaint.

4. **Within forty-five days** after the amended complaint is filed, Defendants must file a response to the consolidated amended complaint.

**DONE** and **ORDERED** in Orlando, Florida, on August 5, 2021.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Unrepresented Parties