## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

WILLIAM C. THEODORE,
individually and on behalf of all
others similarly situated,

        Plaintiffs,                     Case No. 6:21-cv-00809-PGB-GJK

      v.

PURECYCLE TECHNOLOGIES, INC.,
MICHAEL OTWORTH, MICHAEL E.
DEE, DAVID BRENNER, BYRON
ROTH and TASMIN ETTEFAGH,

        Defendants.

_____/

### UNOPPOSED MOTION OF DEFENDANT BYRON ROTH FOR LEAVE TO FILE REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS

Pursuant to Local Rule 3.01(d), defendant Byron Roth respectfully moves the

Court for leave to file a reply in further support of his motion to dismiss the

consolidated amended complaint (Dkt. No. 95), and states the following in support:

1.      On September 27, 2021, co-lead plaintiffs Robert Ciecko and Mariusz

Ciecko ("Plaintiffs") filed the operative consolidated amended complaint in this

putative securities fraud class action (the "CAC") (Dkt. No. 90).

2.      On November 12, 2021, defendant Byron Roth moved to dismiss the

CAC in its entirety (Dkt. No. 95), and the other defendants separately moved to

dismiss the CAC in its entirety (Dkt. No. 93).  Defendants requested oral argument

on their motions (Dkt. Nos. 94, 96).  On November 15, 2021, the Court denied

defendants' requests for oral argument (Dkt. No. 97).

3. On December 28, 2021, pursuant to the Court's granting of Plaintiffs' unopposed motion for an extension of time and to file excess pages (Dkt. No. 99), Plaintiffs filed separate oppositions to defendants' respective motions to dismiss (Dkt. Nos. 104, 105). Plaintiffs requested and were given an additional twenty-five (25) days to file their oppositions.

4. As of this filing, there has been no judicial determination on either of the pending motions to dismiss.

5. Pursuant to Local Rule 3.01(d), the Court may grant leave to file a reply in support of a motion, and leave to file a reply should be granted in order to provide a full and fair resolution of a matter that is before the Court. *See, e.g.*, *Thomas v. McDonough*, 452 F. Supp. 2d 1203, 1220 n.13 (M.D. Fla. 2006). "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief from the Court." *Allied Portables, Ltd. Liab. Co. v. Youmans*, 2016 WL 7428229, at *1 (M.D. Fla. Oct. 19, 2016). The Court may grant a reply brief where "the reply will benefit the Court's resolution of the pending motion." *Id.* This Court has previously granted leave to allow a defendant to address a plaintiff's arguments that the defendant believed were "inaccurate and unsupported," *PK Studios, Inc. v. R.L.R. Invs., LLC*, 2015 WL 12843877, at *1 (M.D. Fla. Dec. 8, 2015), and where the defendant seeks to address "conclusory allegations made by [p]laintiff." *Global Tech Led, LLC v. Hilumz Int'l Corp.*, 2016 U.S. Dist. LEXIS 101888, at *3 (M.D. Fla. Aug. 3, 2016).

6.    In their opposition, Plaintiffs grossly misconstrue Mr. Roth's arguments in support of dismissing the CAC (including by stating, incorrectly, that Mr. Roth has conceded the falsity of certain statements and waived certain arguments) and misrepresent certain facts.[1]  These issues—related to the allegedly misleading nature of statements attributed to Mr. Roth, Mr. Roth's alleged scienter, and the alleged loss causation attributable to the statements at issue—are of such significance that Mr. Roth respectfully submits that he should be granted the opportunity to address them in a reply brief supported by authority, for the benefit of the Court, especially in light of the Court's denial of Mr. Roth's request for oral argument on his motion.

**WHEREFORE**, defendant Byron Roth respectfully requests leave to file, no later than January 18, 2022 (i.e., within twenty-one (21) days of the December 28, 2021 filing of Plaintiff's opposition), a reply of up to seven (7) pages in further support of his motion to dismiss the consolidated amended complaint, and for any further or other relief the Court deems equitable and just.

### Local Rule 3.01(g) Certification

Undersigned counsel hereby certifies that counsel for Mr. Roth conferred with counsel for Plaintiffs regarding the relief requested in this motion.  Counsel for Plaintiffs stated that Plaintiffs do not oppose the granting of the relief requested herein.

---

[1] By way of example, one critical misrepresentation of fact concerns research issued by other firms. While Plaintiffs contend only Roth Capital and Craig-Hallum issued buy ratings on PureCycle (Dkt. No. 105, at 19), the fact is that at least three (3) other firms issued research with Buy or Outperform ratings.

3

Dated:  January 5, 2022

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP

By:    */s/ Brian C. Frontino*
      Brian C. Frontino

Brian C. Frontino
200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone:  (305) 358-9900
Email: bfrontino@stroock.com

John R. Loftus (admitted *pro hac vice*)
Christine E. Ellice (admitted *pro hac vice*)
2029 Century Park East, Suite 1800
Los Angeles, California 90067
Telephone:  (310) 556-5800
Email: jloftus@stroock.com
   cellice@stroock.com

*Attorneys for Defendant Byron Roth*

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2022, a copy of the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

*/s/ Brian C. Frontino*
Brian C. Frontino

5