

Tamar A. Weinrib
Partner

October 26, 2022

**VIA ECF**

Judge Paul G. Byron
George C. Young Federal Annex Courthouse
401 West Central Boulevard
Orlando, Florida 32801

      Re:    *Theodore v. PureCycle Technologies, Inc. et al.,* No. 6:21-cv-809-PGB-GJK (M.D. Fl.)

Dear Judge Byron:

Lead Plaintiffs Robert Ciecko and Mariusz Ciecko (Plaintiffs"), hereby respond to the Order to Show Cause entered on October 25, 2022, stating that "Plaintiff has failed to file a Case Management Report within the time stated in the Court's Order at Doc. No. 70." Doc. No. 130. Doc. No. 70, the Endorsed Order entered by Magistrate Judge Gregory Kelly on July 28, 2021, provided that the parties "shall conduct the case management conference and file the case management report within thirty days following the earlier of either: (a) Defendants' filing an answer to the lead plaintiff's forthcoming consolidated amended complaint, or (b) the Court's decision on Defendants' motion to dismiss the lead plaintiff's forthcoming amended complaint" ("July 28, 2021 Endorsed Order"). Neither of these events have yet transpired. Defendants have not yet filed an answer to the operative complaint and the Court has not yet issued a decision on Defendants' motions to dismiss, filed on September 15, 2022 (Doc. Nos. 116, 118).

Moreover, on August 13, 2021, Pomerantz LLP, Lead Counsel for Plaintiffs, and Dechert LLP, counsel for Defendants (collectively, the "Parties"), wrote jointly to respectfully request an adjournment of an August 16, 2021 deadline for filing a Case Management Report, set forth in an Endorsed Order entered by this Court on August 9, 2021 (Doc. No. 81) in light of Magistrate Judge Kelly's July 28, 2021 Endorsed Order. *See* Doc. No. 85 ("Motion"). As the Motion stated, the July 28,

600 Third Avenue, 20th Floor, New York, New York 10016:  Tel:  212-661-1100

New York        Chicago        Los Angeles        Paris        www.PomerantzLaw.com

Judge Paul G. Byron
Page 2

2021 Endorsed Order should govern given that this case is a putative securities class action governed by the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The PSLRA provides that "[i]n any private action arising under [the Exchange Act], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss[.]" 15 U.S.C. § 78u- 4(b)(3)(B). The Court granted the Motion on August 18, 2021. Doc. No. 87.

Given that the PSLRA provides for an automatic stay of discovery, that the Parties have already adhered to the deadlines set by the Court for the filing of Plaintiffs' Second Amended Complaint and Defendants' motions to dismiss, and that this Court has already ruled that the Parties do not have to file a case management report until thirty dates after Defendants file an answer or the Court rules on their motion sot dismiss, the Parties have complied with all Court issued deadlines.

Respectfully submitted,

Tamar A. Weinrib

cc:   All Counsel of Record (via ECF)

taweinrib@pomlaw.com

New York        Chicago        Los Angeles        Paris        www.PomerantzLaw.com