**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

WILLIAM C. THEODORE,
Individually and on behalf of all others
similarly situated,

      Plaintiffs,

            v.

PURECYCLE TECHNOLOGIES,
INC., MICHAEL OTWORTH,
MICHAEL E. DEE, DAVID
BRENNER, BYRON ROTH and
TASMIN ETTEFAGH,

      Defendants.

Case No. 6:21-cv-00809-PGB-GJK

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>THEIR MOTION TO DISMISS</u>**

Defendants[1] hereby submit this reply memorandum in support of their motion to dismiss (the "Motion") (Doc. 116).

**INTRODUCTION**

Plaintiffs' Opposition ("Opposition") confirms they cannot remedy the deficiencies this Court identified when it dismissed the FAC.  Most egregiously, Plaintiffs have not even attempted to cure their failure to plead scienter, instead recycling the very same allegations from the FAC that the Court already found insufficient.  Indeed, Plaintiffs do not dispute that the SAC does not contain even *a single new scienter allegation*, a failure which is fatal to Plaintiffs' claims.

---

[1] Unless defined herein, all capitalized terms are defined as set forth in Defendants' Motion.

Plaintiffs also fail to comply with this Court's directive to identify specific misrepresentations and explain *why* they are false; that certain statements are not puffery does not relieve Plaintiffs of their pleading burden. Likewise, Plaintiffs cannot point to *any* statement by Defendants falsely representing that they had prior experience in plastics recycling. And Plaintiffs fail to identify any statement touting Innventure's track record or facts linking Defendants with Innventure's previous failed ventures—information that is stale and a matter of public record.

Finally, Plaintiffs do not even attempt to confront the fact that the Section 14(a) claim is a feeble attempt to restate their Section 10(b) claim and subject to the same standard.  Plaintiffs' claims should be dismissed with prejudice.

## ARGUMENT

### I.  Plaintiffs Remain Unable to Plead Scienter

This Court dismissed Plaintiffs' Section 10(b) claim because Plaintiffs failed to plead scienter adequately.  Order at 30-35.  As Defendants pointed out in their Motion, the SAC does not contain any new scienter allegation and Plaintiffs do not attempt to identify one in their Opposition.  Plaintiffs merely parrot the allegations from the FAC.  *Compare* FAC ¶¶ 31, 35-36, 46 *with* SAC ¶¶ 86-89.[2] As with the FAC, Order at 9 n.4, 31-32, noticeably absent from the SAC is any allegation that a

---

[2] Plaintiffs' argument that Otworth and Dee's compensation "contributes" to scienter, Doc. 122 at 21, was before this Court when it found Plaintiffs had failed to plead scienter.  Order at 30-34. Plaintiffs' reliance on *In re HD Supply Holdings* is misplaced, as scienter in that case was based on defendant's substantial stock dump. *In re HD Supply Holdings*, 341 F. Supp. 3d 1342, 1362 (N.D. Ga. 2018) (CEO sold nearly "entire holdings" for $53 million "after having reassured investors" about "supply chain recovery").

PureCycle employee or whistleblower, or an internal company document put Defendants on notice of the allegedly misleading nature of their statements.[3]

While Plaintiffs' Opposition belatedly characterizes certain allegations as raising an inference of scienter, Doc. 122 at 19-20, a plaintiff "may not recharacterize his Complaint in a brief responding to a motion to dismiss." *Loftin v. KPMG LLP*, 2003 WL 22225621, at *6 (S.D. Fla. Sept. 10, 2003); *compare* SAC ¶¶ 10, 13, 41, 53, 67, 69. Regardless, such allegations do not contain any particularized facts remotely suggesting any inference of scienter. Plaintiffs allege that Defendants had compared PureCycle's process to "traditional methods" of manufacturing and recycling, but they do not dispute that the process was more efficient and environmentally friendly. Doc. 116 at 10; Doc 122 at 19. Plaintiffs also note that PureCycle provided ROCH access to information, but fail to allege any facts—let alone red flags—contained within such information. SAC ¶ 90. And, strategic decisions regarding PureCycle's response to the Report, and the alleged lack of peer-reviewed studies, say nothing about Defendants' alleged state of mind. *Id*. ¶ 41. Finally, while Plaintiffs argue that the "core operations doctrine *bolsters* the inference of scienter," Doc. 122 at 21 (emphasis in original), that doctrine is "not

---

[3] Plaintiffs claim that Layman's statement that PureCycle's recycling process requires high quality feedstock (SAC ¶ 45) is misleading because it does not disclose that high quality feedstock is "difficult to obtain" (Doc. 122 at 19), but they cite no source to support this conclusion. Plaintiffs' reliance on *In re Sensormatic Electronics Corporation Securities Litigation*, 2002 WL 1352427, at *6 (S.D. Fla. June 10, 2002) is misplaced as it relies on group pleading, which this Court has held did not survive the PSLRA. *Metro. Trans. Auth. Defined Benefit Pension Plan Master Tr. v. Welbilt, In*c, 2020 WL 905591, at *4 (M.D. Fla. Feb. 6, 2020), *appeal dismissed sub nom. Schlimm v. Wellbilt, Inc.*, 2020 WL 3669539 (11th Cir. June 3, 2020).

meant to absolve Plaintiffs from alleging any specific facts" to support an inference of scienter. Order at 32-33. Here, there is no inference to bolster.

## II. Plaintiffs Remain Unable to Plead Falsity

Plaintiffs also fail to identify any false statement with specificity, or explain why such statement is false, as the Court required in its Order. Order at 6, 9 n.4.

***Recycling Process.*** Plaintiffs still contend that Defendants made false or misleading statements regarding PureCycle's "breakthrough" and "revolutionary" recycling process (Doc. 122 at 15 (quoting SAC ¶ 43)), but the Court has *already* ruled that such statements are non-actionable puffery. Order at 20 & n.9. Next, to the extent Plaintiffs are relying on statements regarding PureCycle's process that the Court identified as non-puffery, SAC ¶¶ 53, 60-63, 67-69, Plaintiffs fail to identify why those statements are false or misleading; a non-puffery statement is not false simply because it is not puffery. *Cambridge Ret. Sys. v. MEDNAX, Inc.*, 2019 WL 4893029, at *19 (S.D. Fla. Oct. 3, 2019) (even if "not inactionable puffery," plaintiff fails to allege facts "showing that any statement was false or misleading at the time it was made"). Indeed, Plaintiffs fail to identify known issues with PureCycle's recycling process before the challenged statements were made.[4]

***Management Experience.*** Plaintiffs' allegations regarding PureCycle management's prior experience are contradicted by the very documents on which Plaintiffs rely. First, Defendants *never* held themselves out as experts in the plastics

---

[4] For example, Plaintiffs do not allege any basis to believe that PureCycle's recycling method was *not* "more cost efficient and environmentally sustainable than the traditional manufacturing process." Doc. 122 at 17.

industry; Plaintiffs fail to cite any documents to the contrary.  Instead, Plaintiffs argue that Defendants' statement that the management team had "broad experience in plastics manufacturing," followed by "a recitation of [Defendants'] experience," somehow Defendants suggested that they had "relevant plastics experience."  Doc. 122 at 16 n.6.  However, the same sentence Plaintiffs selectively quote regarding "plastics manufacturing," also referenced experience in "plant development, technology, R&D, sales, marketing, accounting, and finance."  SAC ¶ 71.[5]  Plaintiffs cannot manufacture a misrepresentation about Otworth's, Dee's, or Brenner's experience that is not in the text.  Doc. 122 at 16 n.6; *compare* Doc. 116.02 at 70.

Second, and similarly, Plaintiffs' conclusory allegations that Defendants Otworth, Dee, and Brenner "brought six companies public" through Innventure and "drove them into the ground" (Doc. 122 at 7; SAC ¶ 49) also fall short.  Plaintiffs do not—and cannot—identify anything in the solicitation materials touting Innventure's track record and thus triggering further disclosure.[6]  Moreover, Plaintiffs do not allege *particularized facts* establishing that the Individual Defendants were even involved in the business failings—let alone drove the ventures "into the ground." Doc. 116 at 17; SAC ¶ 34 (alleging only that Innventure was founded by, *inter alia*, Otworth and Brenner, Brenner served as founding CEO of TyraTech and TyraTech was acquired for $2.15 million nine years after Brenner's

---

[5] Although Mr. Vititoe does have plastics manufacturing experience, nothing in this paragraph suggests that Defendants Otworth, Dee, or Brenner also had such experience. *Id.*

[6] Incredibly, Plaintiffs now state that they are not basing their claims on that the statement that Innventure's statement about "six successful IPOs" is misleading (Doc. 122 at 16 n.6)—conceding Defendants did not make nor repeat that statement.  *See* Doc. 116 at 16-17.

departure, and Otworth held an unspecified C-level role at XL TechGroup).   In response, Plaintiffs merely state, *without citation*, that "via Innventure, [Defendants] had previously taken six early stage companies public that led to investor losses," but do not identify any facts to support Defendants' involvement.[7]  Instead, Plaintiffs attempt to deflect their own pleading failures by mischaracterizing Defendants' arguments as "factual" and "inappropriate" at the pleading stage.  Doc. 122 at 16 n.6.  Not so.  Defendants' Motion identifies Plaintiffs' failure to plead facts to support their broad conclusions, facts which are necessary to survive a motion to dismiss.[8]  Doc. 116 at 17.

## III.   Plaintiffs Ignore the Requirement to Plead Their Section 14(a) Claim with Particularity

Plaintiffs' attempt to repackage their Section 10(b) claim as a Section 14(a) claim is nothing more than a doomed effort to avoid a more stringent pleading standard.  Doc. 116 at 19-20.  Plaintiffs' Section 14(a) claim is still subject to a heightened pleading standard, both because (i) the PSLRA's heightened pleading requirements applies to "any private action" arising from the Securities Exchange Act; and (ii) Plaintiffs' Section 14(a) claim is premised on the same allegations as

---

[7] Without any link to Defendants' involvement, Plaintiffs also fail to plead how any further information regarding Innventure would be material to a reasonable investor.  Doc. 116 at 17-18. Moreover, Defendants' prior experience was public for over a decade before any challenged statement or omission was made.  *Meyer v. Greene*, 710 F.3d 1189, 1199 (11th Cir. 2013) (even "repackaging of already-public information" cannot form the basis of an actionable omission).

[8] The only fact Defendants request the Court consider is Plaintiffs' error in mistaking Defendant Brenner for his father (Doc. 116 at 17 & n.12)—a judicially noticeable fact which may be considered on a motion to dismiss.  *See Chapman v. Abbott Laboratories*, 930 F. Supp.2d 1321, 1323 (M.D. Fla. 2013) ("court need not accept as true" allegations that "contradict or are inconsistent with judicially-noticed facts.").

their Section 10(b) claim and thus sounds in fraud. *Id.* at 20-23. Tellingly, Plaintiffs fail to respond to these arguments and thus concede them. *Sabino v. Kerzner Int'l Bahamas Ltd.*, 2014 WL 11878359, at *2 (S.D. Fla. July 8, 2014) (arguments not raised in opposition to motion to dismiss are waived). Instead, Plaintiffs contend that they have stated a claim "even under the heightened pleading standard of the [PSLRA]," Doc. 122 at 22. Thus, Plaintiffs' Sections 10(b) and 14(a) claims should be dismissed for the same reasons.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' SAC with prejudice.[9]

Dated this 31st day of October, 2022.

DECHERT LLP

/s/ *Joni S. Jacobson*
David S. Kistenbroker (*pro hac vice*)
Joni S. Jacobson (*pro hac vice*)
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-4800
david.kistenbroker@dechert.com
joni.jacobson@dechert.com

STOVASH, CASE & TINGLEY, P.A.

Amy S. Tingley
Florida Bar No. 068841
The VUE at Lake Eola
220 North Rosalind Avenue
Orlando, FL 32801
Telephone: (407) 316-0393
atingley@sctlaw.com

*Attorneys for Defendants PureCycle Technologies, Inc., Michael Otworth, Michael E. Dee, David Brenner, and Tasmin Ettefagh*

---

[9] Plaintiffs did not request leave to amend if Defendants' Motion is granted. *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) (rejecting "idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend").

7