# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. THEODORE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER, BYRON ROTH and TASMIN ETTEFAGH,<br><br>　　　　　　　　　　Defendants. | Case No. 6:21-cv-809-PGB-GJK<br><br>**DEMAND FOR A JURY TRIAL** |

## DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants PureCycle Technologies, Inc. ("PureCycle" or the "Company"), Michael Otworth, Michael Dee, and David Brenner (collectively, "Defendants"), by and through their undersigned attorneys, make the following answers and assert the following defenses in response to Lead Plaintiffs' Consolidated Second Amended Class Action Complaint ("SAC").[1]  In responding to the SAC, Defendants (i) incorporate into each such response a denial of all allegations in the SAC that assert or suggest that Defendants' statements or omissions during the putative class period were materially false or misleading in any respect; and (ii) deny any averments in the

---

[1] Plaintiffs' claims against Tasmin Ettefagh were dismissed without prejudice in the Court's June 15, 2022 Order.  Doc. 144.

introductory paragraph, cover page, table of contents, headings, subheadings, and footnotes of the SAC.

Defendants lack knowledge or information sufficient to admit or deny the allegations regarding Lead Plaintiffs' personal knowledge and its counsel's investigation, and on that basis they are denied.

## **NATURE OF THE ACTION**

1.    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants admit that Plaintiffs purport to bring a securities fraud class action. Defendants deny the allegation in Paragraph 1 that there is a valid class or that the Class Period as defined is appropriate.

2.    Defendants admit that during the relevant period, Defendant Roth was the Chairman and CEO of ROCH and Roth Capital, and admit that ROCH acquired PureCycle. Defendants lack information sufficient to form a belief as to the remaining allegations and characterizations of Paragraph 2 and so deny same.

3.    Defendants admit that as of the date the SAC was filed, PureCycle had not yet earned any revenue and that PureCycle develops and commercializes a process for recycling polypropylene and that polypropylene is used in a wide array of consumer applications. Defendants deny the remaining allegations and characterizations of Paragraph 3.

2

4.      Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants deny the allegations in Paragraph 4 that imply that Defendants issued misstatements, there is a valid class or that the Class Period as defined is appropriate.

5.      Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants deny the remaining allegations and characterizations of Paragraph 5.

6.      Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants deny the remaining allegations and characterizations of Paragraph 6.

7.      Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants deny the allegations in Paragraph 7 that the Individual Defendants were involved with the "six other early stage companies" when they "imploded."  Defendants further state that Defendant Brenner was not a founder or CEO of Innventure or TyraTech, Inc. and Defendant Dee is not alleged to have been involved in any of the early stage companies. Defendants otherwise deny the allegations and characterizations of Paragraph 7.

3

8.      Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  The remaining allegations in Paragraph 8 constitute legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 8.

9.      Defendants state that Paragraph 9 refers to a report published by Hindenburg Research, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy of or the characterizations set forth in that report.  Defendants deny the remaining allegations and characterizations of Paragraph 9.

10.     Defendants state that Paragraph 10 refers to a report published by Hindenburg Research, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy of or the characterizations set forth in that report.  Defendants deny the remaining allegations and characterizations of Paragraph 10.

11.     Defendants state that Paragraph 11 refers to a report published by Hindenburg Research, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy of or the characterizations set forth in that report or whether it is based on reliable sources. Defendants deny the remaining allegations and characterizations of Paragraph 11.

12.     Paragraph 12 purports to allege trading prices or trading volume for PureCycle's shares, which are a matter of public record, and Defendants state that they speak for themselves.

13.     Defendants state that their public statements speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants deny the remaining allegations and characterizations of Paragraph 13.

14.     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants deny the allegations in Paragraph 14 that imply that the existence of the SEC investigation validated the claims in the Hindenburg report and further note that on April 26, 2022, before the SAC was filed, the Company publicly disclosed that the SEC had closed its investigation without any adverse findings or enforcement action.  The allegations in Paragraph 14 regarding trading prices or trading volume for PureCycle's shares, which are a matter of public record, speak for themselves and reflect that the share price quickly recovered.

15.     Paragraph 15 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 15.

## JURISDICTION AND VENUE

16.    Paragraph 16 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 16.

17.    Paragraph 17 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18.    Paragraph 18 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants admit only that this Court has jurisdiction over them.

19.    Paragraph 19 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants admit only that venue is proper in this District.

20.    Paragraph 20 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 20.

## PARTIES

21.    Defendants admit only that Plaintiffs attached certain shareholder certifications executed by Robert and Mariusz Cieko as Exhibit C to the Declaration of Jayne A. Goldstein in in Support of Motion of Robert and Mariusz Cieko For Appointment As Lead Plaintiffs And Approval Of Counsel (Doc No. 34).  Defendants deny the allegations in Paragraph 21 that imply there is a valid class or that the Class

6

Period as defined is appropriate.  Defendants lack sufficient information to form a belief as to the remaining allegations and characterizations of Paragraph 21 and so deny same.

22.    Defendants admit the allegations in Paragraph 22, except deny the allegations that suggest that all shares of PureCycle common stock acquired in the Merger were freely tradeable after the closing of the Merger in March 2021 and not subject to certain restrictions or lockups; as stated in ROCH's November 16, 2020 Form 8-K, (i) twenty percent of all founders shares may be sold only from and after the six-month anniversary of the closing date; (ii) thirty percent of all founders shares may be sold only from and after the one-year anniversary of the closing date; and (iii) fifty percent of all founders shares may be sold only from and after the date that the Company's Ironton, Ohio plant becomes operational, as certified by an independent engineering firm.

23.    Defendants admit only that Defendant Otworth previously served as CEO of PureCycle and the Chairman of the combined company's Board of Directors. Defendants otherwise deny the allegations in Paragraph 23.

24.    Defendants admit only that Defendant Dee previously served as CFO of PureCycle.  Defendants otherwise deny the allegations in Paragraph 24.

25.    Defendants admit only that Defendant Brenner previously served as CCO of PureCycle.  Defendants otherwise deny the allegations in Paragraph 25.

26.    Defendants admit the allegations of Paragraph 26.

27.     Defendant Ettefagh has been dismissed from this action and accordingly, no response is required.

28.     Paragraph 28 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants otherwise deny the allegations and characterizations in Paragraph 28.

29.     The allegations in Paragraph 29 require no response.

30.     Paragraph 30 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants state that their public statements and Company's public filings with the SEC speak for themselves regarding the terms and conditions of any compensation or grants of shares and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants otherwise deny the allegations and characterizations in Paragraph 30.

## SUBSTANTIVE ALLEGATIONS

### Background

### ROCH, Roth, and the PureCycle De-SPAC

31.     Defendants admit that, as recognized by the SEC, a SPAC is a legally recognized vehicle for various transactions, including transitioning a private company from a private company to a publicly traded company.  Paragraph 31 contains legal

conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 31.

32.     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants otherwise admit the allegations in Paragraph 32.

33.     Defendants admit that, prior to the business combination with ROCH, Defendant Roth was the Chairman of the Board of Directors and CEO of Roth Acquisition and CEO and Chairman of Roth Capital, and that Roth Capital is an investment bank.  Defendants otherwise lack sufficient information to form a belief as to the allegations in Paragraph 33 and so deny same.

34.     Defendants state that Paragraph 34 refers to a documentary called "The China Hustle," an article that appeared in the *Vanity Fair*, and Roth's FINRA BrokerCheck report, and Defendants respectfully refer the Court to that documentary and those documents for a complete recitation of their contents, without conceding the accuracy of the contents of that documentary or documents.  Defendants lack sufficient information to form a belief as to the remaining allegations and characterizations of Paragraph 34 and so deny same.

35.     Defendants admit that Roth CH Acquisition I SPAC entered into an agreement and plan of merger with PureCycle on November 16, 2020.  Defendants deny the remaining allegations and characterizations of Paragraph 35.

36.     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Paragraph 36 purports to allege trading prices or trading volume for PureCycle's shares, which are a matter of public record, and Defendants state that they speak for themselves. Defendants deny the allegations in Paragraph 36 suggesting that all shares of PureCycle common stock acquired in the Merger were freely tradeable after the closing of the Merger in March 2021 and not subject to certain restrictions or lockups; as stated in ROCH's November 16, 2020 Form 8-K, (i) twenty percent of all founders shares may be sold only from and after the six-month anniversary of the closing date; (ii) thirty percent of all founders shares may be sold only from and after the one-year anniversary of the closing date; and (iii) fifty percent of all founders shares may be sold only from and after the date that the Company's Ironton, Ohio plant becomes operational, as certified by an independent engineering firm.   Defendants lack sufficient information to form a belief as to the remaining allegations and characterizations of Paragraph 36 and so deny same.

**PureCycle's Dubious Technology**

37.     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants admit that PureCycle was formed as a Delaware limited liability company on September 15, 2015 as Advanced Resin Technologies, LLC, and changed its name to PureCycle

Technologies LLC in November 2016. Defendants deny the allegations in Paragraph 37 that allege that recycling of polypropylene is impossible to process effectively or economically.

38. Defendants admit that polypropylene is a common plastic that historically represented a relatively small percentage of recycled plastics and, as repeatedly disclosed in the Company's SEC filings, the Company faces a risk that the technology will not be profitable or scalable to commercial-scale operation. Defendants lack sufficient information to form a belief as to the remaining allegations and characterizations of Paragraph 38 and so deny same.

39. Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants deny the allegations in Paragraph 39 that allege that recycling of polypropylene is impossible to do effectively or economically. Defendants deny the allegations in Paragraph 39 implying there is a valid class or that the Class Period as defined is appropriate. Defendants otherwise lack sufficient information to form a belief as to the allegations in Paragraph 39 and so deny same.

40. Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

41. Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with,

contrary to, or not supported by, the entirety of those documents.  Defendants deny any allegations suggesting that peer review was necessary.  Defendants further state that on April 25, 2023, PureCycle announced that it had reached mechanical completion of its first polypropylene purification plant and had submitted documentation to the independent construction monitor for formal certification of completion.  On June 20, 2023, PureCycle issued a press release announcing that it successfully commenced post-industrial recycled ("PIR") pellet production at the plant.  On June 28, 2023, PureCycle filed a Form 8-K with the SEC disclosing that "[o]n June 28, 2023, the independent construction monitor reviewing construction and commissioning of the PureCycle Technologies, Inc. polypropylene purification plant in Ironton, Ohio ("Ironton Project"), issued its certification confirming commencement of production of post-industrial recycled ("PIR") pellets produced from Ironton Project feedstock."  Defendants lack sufficient information to form a belief as to the remaining allegations and characterizations of Paragraph 41 and so deny same.

42.    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants admit that P&G licensed the recycling technology to PureCycle in October 2015.  Defendants deny the allegations and characterizations in Paragraph 42 alleging that the Individual Defendants had "extensive experiencing driving companies into the ground."

12

Defendants lack sufficient information to form a belief as to the remaining allegations and characterizations of Paragraph 42 and so deny same.

43.    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants deny the remaining allegations and characterizations of Paragraph 43.

## PureCycle's Undisclosed Feedstock Hurdles

44.    Defendants admit that the feedstock for PureCycle's recycling technology is polypropylene waste, and that PureCycle's purification process aims to return the feedstock to its near-virgin condition.  Defendants otherwise deny the characterizations and allegations of Paragraph 44.

45.    Defendants state that Paragraph 45 refers to a recording published on PureCycle's website, and Defendants respectfully refer the Court to that recording for a complete recitation of its contents.  Defendants deny the remaining allegations and characterizations of Paragraph 45.

46.    Defendants state that Paragraph 46 refers to statements of Scott Saunders and Richard Minges, and Defendants respectfully refer the Court to those statements, if they exist, for a complete recitation of their contents, without conceding the accuracy of the contents of those statements.  Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those

documents.  Defendants deny the remaining allegations and characterizations of Paragraph 46.

### Defendants Dupe Investors Regarding PureCycle Executives' "Experience"

47.    Defendants state that Innventure's public statements speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants deny that Defendant Brenner was a founder or CEO of Innventure or TyraTech, Inc., and state that the allegations in Paragraph 47 refer to his father, who is not a defendant in this action.  Defendants further deny the allegations in Paragraph 47 alleging that Defendant Otworth or Defendant Brenner were involved with or associated with the entities identified by Paragraph 47 when said entities' investors suffered losses.  Defendants deny the remaining allegations and characterizations of Paragraph 47.

48.    Defendants lack knowledge or information sufficient to admit or deny the allegations regarding purported statements, if they exist, made by alleged former employees of PetroAlgae, TyraTech and AgCert in Paragraph 48, and so deny same.

49.    Defendants deny the allegations in Paragraph 49 alleging that Defendants Otworth and Brenner were involved with or associated with Innvenuture when it allegedly "drove [six companies] into the ground."  Defendants otherwise deny the allegations and characterizations of Paragraph 49.

50.    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with,

14

contrary to, or not supported by, the entirety of those documents.  Defendants deny the remaining allegations and characterizations of Paragraph 50.

**Defendants' Exorbitant Compensation**

51.     Defendants deny the allegations and characterizations in Paragraph 51 alleging that Defendants Otworth and Dee had a "troubling lack of experience in polypropylene recycling and checkered history bringing companies public that downward spiraled thereafter," or received compensation "merely for consummating the SPAC transaction."   Defendants state that their public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

52.     Defendants state that the Company's public filings with the SEC disclosing the amount and terms of Defendant Dee's compensation speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants deny that Defendant Dee sold any shares during the relevant period and further note that pursuant to Defendant Dee's publicly disclosed employment agreement, referred to in the Company's November 20, 2020 S-4 Statement and February 12, 2021 Form 424(b)(3) Prospectus, Defendant Dee's shares were subject to performance related restrictions, including that one third of his shares would not vest until the date that the Company's Ironton, Ohio plant became operational and was certified as such by an independent engineering firm. Defendants state that Paragraph 52 purports to refer to trading prices for PureCycle's shares, which are a matter of public record, and such prices speak for themselves.

15

## MATERIALLY FALSE AND MISLEADING STATEMENTS

53.     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants deny the allegations in Paragraph 53 implying there is a valid class or that the Class Period as defined is appropriate.

54.     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Paragraph 54 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 54.

55.     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations or characterizations inconsistent with, contrary to, or not supported by, the entirety of those documents.

56.     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants deny the allegations in Paragraph 56 implying that the presentation's descriptions of the Individuals Defendants' experience were untrue or misleading.

16

57.     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants deny the allegations in Paragraph 57 alleging that Defendants were involved with the "six other failed businesses" when they "imploded."  Defendants further state that Defendant Brenner was not a founder or CEO of Innventure or TyraTech, Inc. and Defendant Dee is not alleged to have been involved in any of the early stage companies.

58.     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

59.     Paragraph 59 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 59 and incorporate their responses to Paragraph 54.

60.     Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants state that Paragraph 60 refers to a transcript of the video presentation published with the ROCH press release, and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of its contents and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of such transcript.

17

61.    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants state that Paragraph 61 refers to a transcript of the video presentation published with the ROCH press release, and Defendants respectfully refer the Court to that transcript for a complete and accurate statement of its contents and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of such transcript.  Defendants deny Plaintiffs' allegations that Defendants' experience was inaccurate.

62.    Paragraph 62 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 62 and incorporate their responses to Paragraphs 54 and 57.

63.    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

64.    Paragraph 64 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 64 and incorporate their responses to Paragraph 54.

65.    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

66.    Paragraph 66 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants otherwise deny the allegations and characterizations in Paragraph 66 and incorporate their responses to Paragraph 54.

67.    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

68.    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

69.    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

70.    Paragraph 70 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 70 and incorporate their responses to Paragraphs 54 and 66.

71.    Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with,

contrary to, or not supported by, the entirety of those documents. Defendants deny the remaining allegations and characterizations of Paragraph 71.

72. Paragraph 72 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 72 and incorporate their responses to Paragraph 57.

73. Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

74. Paragraph 74 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 74 and incorporate their responses to Paragraphs 54.

### THE TRUTH EMERGES

75. Defendants state that Paragraph 75 refers to a report published by Hindenburg Research, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy of or the characterizations set forth in that report. Defendants deny that the report was based on reliable sources. Defendants otherwise deny the allegations and characterizations in Paragraph 75.

76. Defendants state that Paragraph 76 refers to a report published by Hindenburg Research, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy of the contents of that report. Defendants deny that the report was based on reliable sources.

Defendants lack knowledge or information sufficient to admit or deny the allegations regarding statements made by purported "former employees of Defendant Otworth and PureCycle executives' former companies" in Paragraph 76, and on that basis they are denied.

77. Defendants state that Paragraph 77 refers to a report published by Hindenburg Research and an interview of "P&G's inventor of the technology", and Defendants respectfully refer the Court to that report and that interview for a complete recitation of their contents, without conceding the accuracy of the contents of that report and interview. Defendants deny that the report was based on reliable sources. Defendants further state that maintaining a minimum quality and supply of feedstock is a known risk to PureCycle's process and it has been disclosed to investors in public filings with the SEC. Defendants lack knowledge or information sufficient to admit or deny the allegations regarding statements made by the purported "P&G's inventor of the technology" in Paragraph 77, and so deny same.

78. Defendants state that Paragraph 78 refers to a report published by Hindenburg Research, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy of or the characterizations set forth in that report. Defendants deny that the report was based on reliable sources. Defendants lack knowledge or information sufficient to admit or deny the allegations regarding purported statements made by Scott Saunders in Paragraph 78, and so deny same.

79.    Defendants state that Paragraph 79 refers to a report published by Hindenburg Research, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy of or the characterizations set forth in that report.  Defendants deny that the report was based on reliable sources.  Defendants lack knowledge or information sufficient to admit or deny the allegations regarding purported statements made by Richard Minges in Paragraph 79, and so deny same.

80.    Defendants state that Paragraph 80 refers to a report published by Hindenburg Research, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy of the contents of that report.    Defendants deny that the report was based on reliable sources. Defendants otherwise deny the allegations and characterizations in Paragraph 80.

81.    Defendants state that Paragraph 81 refers to a report published by Hindenburg Research, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy of or the characterizations set forth in that report.  Defendants deny that the report was based on reliable sources.  Defendants lack knowledge or information sufficient to admit or deny the allegations regarding purported statements made by a "30 year expert in polymers" in Paragraph 81, and so deny same.

82.    Defendants state that Paragraph 82 refers to a report published by Hindenburg Research, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy of or the

characterizations set forth in that report. Defendants deny that the report was based on reliable sources. Defendants otherwise deny the allegations and characterizations in Paragraph 82.

83. Paragraph 83 purports to allege trading prices or trading volume for PureCycle's shares, which are a matter of public record, and Defendants state that they speak for themselves.

84. Defendants state that Paragraph 84 refers to a press release published by PureCycle, and Defendants respectfully refer the Court to that press release for a complete and accurate statement of its contents. Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants otherwise deny the allegations and characterizations in Paragraph 84.

85. Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants deny the allegations and characterizations in Paragraph 85 regarding PureCycle's 10-Q for the quarter ending on September 30, 2021 or that the SEC investigative subpoena "further validat[ed] the claims in the Hindenburg report," and further note that on April 26, 2022, before the SAC was filed, the Company publicly disclosed that the SEC had closed its investigation without any adverse findings or enforcement action.

## ADDITIONAL SCIENTER ALLEGATIONS

86. Defendants admit that PureCycle relies principally on the commercialization of the process for recycling polypropylene for future revenue growth as disclosed in PureCycle's public statements and public filings with the SEC. Defendants admit that as of the filing of the SAC, these products and services had not yet generated revenue. Defendants deny the allegations in Paragraph 86 implying there is a valid class or that the Class Period as defined is appropriate. Defendants otherwise deny the allegations and characterizations in Paragraph 86.

87. Defendants deny the allegations and characterizations in Paragraph 87 that Defendants Otworth, Dee and Brenner were involved with or associated with the "six other companies," when they allegedly failed, or "dr[ove] them into the ground." Defendants admit that Defendants Otworth, Dee and Brenner had actual knowledge of their own experience prior to taking PureCycle public via the SPAC transaction. Defendants deny all other allegations or characterizations in Paragraph 87.

88. Defendants deny the allegations and characterizations in Paragraph 88 that Defendants Otworth and Dee had a "troubling lack of experience in polypropylene recycling and checkered history bringing companies public that downward spiraled thereafter," or received compensation "merely for consummating the SPAC transaction." Defendants otherwise state that their public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

24

89.     Defendants state that the Company's public filings with the SEC disclosing the amount and terms of Defendant Dee's compensation speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants note that pursuant to Defendant Dee's publicly disclosed employment agreement, referred to in the Company's November 20, 2020 S-4 Statement and February 12, 2021 Form 424(b)(3) Prospectus, include performance related restrictions on Defendant Dee's shares, including that one third of his shares would not vest until the date that the Company's Ironton, Ohio plant became operational and was certified as such by an independent engineering firm.  Paragraph 89 purports to refer to trading prices for PureCycle's shares, which are a matter of public record, and Defendants state that such prices speak for themselves.  Defendants otherwise deny the allegations in Paragraph 89.

90.     Paragraph 90 refers to the Merger Agreement, and Defendants respectfully refer the Court to that Agreement for a complete and accurate statement of its contents and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of that document.  Defendants otherwise deny the allegations and characterizations of Paragraph 90.

91.     Paragraph 91 refers to a press release issued by PureCycle, and Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations or characterizations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants deny the remaining allegations and characterizations of Paragraph 91.

92.     Defendants admit that Roth Capital and Craig-Hallum issued "buy" ratings when they initiated coverage of PureCycle in March and April 2021. Paragraph 92 refers to a report published by BrokerCheck, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy or reliability of that report. Defendants further state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants otherwise deny the allegations and characterizations of Paragraph 92.

93.     Defendants admit that Roth Capital and Craig-Hallum were the sole underwriters in the IPO and received shares as founders, but otherwise Defendants deny the allegations and characterizations of Paragraph 93, and note that, as stated in ROCH's November 16, 2020 Form 8-K, (i) twenty percent of all founders shares may be sold only from and after the six-month anniversary of the closing date; (ii) thirty percent of all founders shares may be sold only from and after the one-year anniversary of the closing date; and (iii) fifty percent of all founders shares may be sold only from and after the date that the Company's Ironton, Ohio plant becomes operational, as certified by an independent engineering firm.

## CLASS ACTION ALLEGATIONS

94.     Defendants admit that Lead Plaintiffs purport to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all owners and former owners of PureCycle Securities who purchased or otherwise

26

acquired shares, and were damaged thereby, during the period from November 16, 2020 and May 5, 2021, inclusive, but deny that Lead Plaintiffs state legally cognizable claims under the federal law, or any other statute, rule, or the common law, deny that Lead Plaintiffs' claims are properly certifiable as a class, and otherwise deny any and all remaining allegations in Paragraph 94.

95. Paragraph 95 contains legal conclusions to which no responsive pleading is required. To the extent any further response is required, Defendants admit that shares of PureCycle stock are publicly traded on NASDAQ, but otherwise deny the allegations and characterizations in Paragraph 95.

96. Paragraph 96 contains legal conclusions to which no responsive pleasing is required. To the extent any further response is required, Defendants deny the allegations in Paragraph 96.

97. Paragraph 97 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 97.

98. Paragraph 98 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 98.

99. Paragraph 99 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 99.

## PRESUMPTION OF RELIANCE

100. Paragraph 100 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 100.

101. Defendants deny the allegations and characterizations of Paragraph 101 or lack sufficient information to form a belief as to the allegations and characterizations of Paragraph 101 and so deny the same.

102. Paragraph 102 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 102.

103. Paragraph 103 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 103.

## NO SAFE HARBOR

104. Paragraph 104 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 104. Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

105.    Paragraph 105 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 105.

## LOSS CAUSATION AND ECONOMIC LOSS

106.    Paragraph 106 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 106.

107.    Paragraph 107 contains legal conclusions to which no responsive pleading is required.  Defendants lack knowledge or information sufficient to admit or deny the allegations regarding the behavior of putative class members, and so deny same.  To the extent a response otherwise is required, Defendants deny the allegations and characterizations in Paragraph 107.

108.    Defendants state that Paragraph 108 refers to a report published by Hindenburg Research, and Defendants respectfully refer the Court to that report for a complete recitation of its contents, without conceding the accuracy of or the characterizations set forth in that report.  Defendants deny the remaining allegations and characterizations of Paragraph 108.

109.    Paragraph 109 purports to allege trading prices for PureCycle's shares, which are a matter of public record, and Defendants state they speak for themselves.

110.    Paragraph 110 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 110.  Defendants state that their public

statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.

## COUNT ONE

**Violations of § 10(b) of the Exchange Act and Rule 10b-5 Promulgated
Thereunder
(Against All Defendants)**

111.    Defendants repeat each and every answer set forth above as if fully set forth herein.  Defendants admit that Lead Plaintiffs' purported claim is asserted against all Defendants, but deny that Lead Plaintiffs state legally cognizable claims under the federal law, or any other statute, rule, or the common law, and deny any and all remaining allegations of Paragraph 111.

112.    Paragraph 112 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 112.

113.    Paragraph 113 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 113.

114.    Paragraph 114 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 114.

## Count Two

### Violation of § 20(a) of the Exchange Act
### (Against the Individual Defendants)

115. Defendants repeat each and every answer set forth above as if fully set forth herein. Defendants admit that Lead Plaintiffs' purported claim is asserted against all Defendants, but deny that Lead Plaintiffs state legally cognizable claims under the federal law, or any other statute, rule, or the common law, and deny any and all remaining allegations of Paragraph 115.

116. Paragraph 116 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 116.

## Count Three

### Violation of § 14(a) of the Exchange Act and SEC Rule 14a-9
### (Against All Defendants)

117. Defendants repeat each and every answer set forth above as if fully set forth herein. Defendants admit that Lead Plaintiffs' purported claim is asserted against all Defendants, but deny that Lead Plaintiffs state legally cognizable claims under the federal law, or any other statute, rule, or the common law, and deny any and all remaining allegations of Paragraph 117.

118. Paragraph 118 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 118.

31

119.   Paragraph 119 contains legal conclusions to which no responsive pleading is required.   Defendants admit that Lead Plaintiffs' purported claim is asserted against all Defendants, but deny that Lead Plaintiffs state legally cognizable claims under the federal law, or any other statute, rule, or the common law, and deny any and all remaining allegations of Paragraph 119.   To the extent a response otherwise is required, Defendants deny the allegations and characterizations in Paragraph 119.

120.   Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.   Defendants otherwise deny the allegations and characterizations of Paragraph 120.

121.   Paragraph 121 contains legal conclusions to which no responsive pleading is required.   To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 121.

122.   Paragraph 122 contains legal conclusions to which no responsive pleading is required.  Paragraph 122 refers to the Proxy Statement,  and Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.   Defendants otherwise deny the allegations and characterizations of Paragraph 122.

123.   Paragraph 123 contains legal conclusions to which no responsive pleading is required.  Paragraph 123 refers to the Proxy Statement, and Defendants

state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants otherwise deny the allegations and characterizations of Paragraph 123.

124. Paragraph 124 contains legal conclusions to which no responsive pleading is required. Paragraph 124 refers to the Proxy Statement, and Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants otherwise deny the allegations and characterizations of Paragraph 124.

125. Paragraph 125 contains legal conclusions to which no responsive pleading is required. Paragraph 125 refers to the Proxy Statement, and Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants otherwise deny the allegations and characterizations of Paragraph 125.

126. Paragraph 126 contains legal conclusions to which no responsive pleading is required. Paragraph 126 refers to the Proxy Statement, and Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents. Defendants otherwise deny the allegations and characterizations of Paragraph 126.

33

127.     Paragraph 127 contains legal conclusions to which no responsive pleading is required.  Paragraph 127 refers to the Proxy Statement, and Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants otherwise deny the allegations and characterizations of Paragraph 127.

128.     Paragraph 128 contains legal conclusions to which no responsive pleading is required.  Paragraph 128 refers to the Proxy Statement, and Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  Defendants otherwise deny the allegations and characterizations of Paragraph 128.

129.     Paragraph 129 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 129.

130.     Paragraph 130 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 130.

## Count Four

### Violation of § 20(a) of the Exchange Act in Connection with the Proxy Claims (Against the Individual Defendants)

131. Defendants repeat each and every answer set forth above as if fully set forth herein. Defendants admit that Lead Plaintiffs' purported claim is asserted against all Defendants, but deny that Lead Plaintiffs state legally cognizable claims under the federal law, or any other statute, rule, or the common law, and deny any and all remaining allegations of Paragraph 131.

132. Paragraph 132 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 132.

133. Paragraph 133 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 133.

134. Paragraph 134 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 134.

135. Paragraph 135 contains legal conclusions to which no responsive pleading is required. Paragraph 135 refers to Proxy Statements, and Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported

35

by, the entirety of those documents.  To the extent a response otherwise is required, Defendants deny the allegations and characterizations in Paragraph 135.

136.    Paragraph 136 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 136.

137.    Paragraph 137 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 137.

138.    Paragraph 138 contains legal conclusions to which no responsive pleading is required.  Paragraph 138 refers to Proxy Statements, and Defendants state that their public statements and the Company's public filings with the SEC speak for themselves and deny any allegations inconsistent with, contrary to, or not supported by, the entirety of those documents.  To the extent a response otherwise is required, Defendants deny the allegations and characterizations in Paragraph 138.

139.    Paragraph 139 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 139.

140.    Paragraph 140 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 140.

141.   Paragraph 141 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations and characterizations in Paragraph 141.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny each and every allegation of the Prayer for Relief paragraph and subparagraphs and state that Defendants are not liable to Lead Plaintiffs for any form of relief whatsoever.

**TO THE EXTENT** the foregoing answers do not address any allegation in Lead Plaintiffs' SAC, including but not limited to the Table of Contents, the section headings and subheadings, and the subparts of and footnotes to any paragraph, Defendants hereby explicitly deny those allegations.

## AFFIRMATIVE DEFENSES

Defendants hereby set forth their separate and distinct affirmative defenses to Plaintiff's SAC. By listing these matters as "affirmative defenses," Defendants do not assume the burden of proving any matter upon which Plaintiff bears the burden of proof under the applicable law, nor do they in any way concede Plaintiff has met its burden of establishing any of the requisite elements of Lead Plantiffs' claim. Defendants reserve the right to amend these affirmative defenses and allege further affirmative defenses as appropriate and/or as discovered during the course of this litigation.

37

## First Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because the Company's relevant SEC filings, press releases, investor presentations, conference calls, and other communications did not contain any materially false or misleading statements or omissions.

## Second Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because the Defendants made a reasonable investigation of the facts and had reasonable grounds to believe, and did believe, that the Company's SEC filings, press releases, conference calls, investor presentations and other communications did not contain an untrue statement and did not omit any material facts at the time those documents were issued or became effective.

## Third Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because, throughout the putative class period, Defendants did not misstate or unreasonably withhold any information regarding their prior experience. Thus, no reasonable jury could conclude that Defendants acted with scienter.

## Fourth Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because, throughout the putative class period, Defendants did not misstate or unreasonably withhold any information regarding the success and progress of PureCycle's recycling

38

technology. Thus, no reasonable jury could conclude that Defendants acted with scienter.

## Fifth Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because, throughout the putative class period, Defendants did not possess concrete information undermining the accuracy of their statements regarding PureCycle's recycling technology. Thus, no reasonable jury could conclude that Defendants acted with scienter.

## Sixth Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because Defendants did not possess any motive and/or opportunity for committing the wrongful acts alleged. Thus, no reasonable jury could conclude that Defendants acted with scienter.

## Seventh Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because the competing inference of non-culpability is the more plausible inference. Thus, no reasonable jury could conclude that Defendants acted with scienter.

## Eighth Affirmative Defense

The claims asserted in the SAC against the Company are barred or fail, in whole or in part, because any purported wrongdoing cannot be imputed to the Company where Lead Plaintiffs fail to demonstrate that the Company acted recklessly or, in

regards to forward-looking statements, with actual knowledge of their allegedly false or misleading nature.

## Ninth Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because Defendants fully met all disclosure obligations; specifically, Defendants did not have any duty to disclose, did not possess information which they had a duty to disclose earlier, and/or did not have a duty to disclose further information than what was disclosed.

## Tenth Affirmative Defense

Assuming there was any false or misleading statement or omission as alleged in the SAC, and Defendants deny there are any, the claims asserted in the SAC are barred or fail, in whole or in part, because any such false or misleading statement or omission was not material.

## Eleventh Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, by the Private Securities Litigation Reform Act's ("PSLRA") safe harbor because the challenged statements contained in the relevant SEC filings, press releases, conference calls, investor presentations, and other communications are forward-looking as defined by the PSLRA and (i) accompanied by meaningful cautionary language, or (ii) immaterial, or (iii) Plaintiff cannot establish Defendants' actual knowledge with respect to such statements.

40

## Twelfth Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because the Company's SEC filings, press releases, conference calls, investor presentations, and other communications bespoke caution.

## Thirteenth Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because the alleged misstatements purportedly made by the Company and/or Defendants are nonactionable expressions of puffery, corporate optimism, and/or opinion.

## Fourteenth Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because Lead Plaintiffs assumed the risks disclosed in the Company's SEC filings, press releases, investor presentations, conference calls, and other communications, and any losses Lead Plaintiffs experienced were caused because some or all of those risks materialized.

## Fifteenth Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because the substance of the information that Lead Plaintiffs allege was misrepresented or omitted was publicly disclosed or was in the public domain at the relevant time and, as such, was received by, or otherwise available to, Plaintiffs and members of the putative class and was at all times reflected in the price of PureCycle securities. Moreover, no person or entity may recover from Defendants to the extent such person

or entity had actual or constructive knowledge of the facts alleged in the SAC to have been concealed or misrepresented.

## Sixteenth Affirmative Defense

The claims asserted in the SAC are barred or fail, in whole or in part, because the Company and/or Defendants acted at all times in good faith and with the proper exercise of business judgment, and exercised at least the degree of care, diligence and skill that ordinarily prudent persons would exercise in similar circumstances and like positions.

## Seventeenth Affirmative Defense

The SAC fails to comply with the requirements of the Private Securities Litigation Reform Act.

## Eighteenth Affirmative Defense

The SAC fails to comply with the requirements of Rule 9(b) of the Federal Rules of Civil procedure.

## Nineteenth Affirmative Defense

Lead Plaintiffs have suffered no legally recoverable damages from the acts about which Lead Plaintiffs complain.

## Twentieth Affirmative Defense

Lead Plaintiffs' alleged damages are not recoverable from Defendants because all or part of such damages were not proximately caused by an alleged fraudulent act or omission of Defendants as alleged in the SAC and/or resulted from causes other

than any alleged fraudulent act or omission of Defendants, including but not limited to the intervening or superseding acts of third parties and/or market forces.

### Twenty-First Affirmative Defense

Lead Plaintiffs' claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule or regulation.

### Twenty-Second Affirmative Defense

Any liability of Defendants must be reduced or eliminated under the doctrines of comparative responsibility, contribution, setoff, and/or indemnity.

### Twenty-Third Affirmative Defense

The SAC is not properly maintainable as a class action.

### Twenty-Fourth Affirmative Defense

Lead Plaintiffs' claims are barred or fail, in whole or in part, by the truth-on-the-market defense.

### Twenty-Fifth Affirmative Defense

Defendants cannot be held liable under Section 20(a) of the Securities Exchange Act because they acted at all times in good faith and/or were not culpable participants in the act or acts about which Lead Plaintiffs complain.

### Twenty-Sixth Affirmative Defense

Plaintiff's III Count is barred or fails, in whole or in part, because Defendants were not control persons within the meaning of Section 20(a) of the Exchange Act.

### Twenty-Seventh Affirmative Defense

Defendants cannot be liable as control persons under Section 20(a) of the Exchange Act because they acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

### Twenty-Eighth Affirmative Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims of Plaintiffs and members of the putative class are barred, in whole or in part, because Plaintiffs and members of the putative class were aware of the misstatement or omission and/or did not rely upon those in purchasing PureCycle's securities.

### Twenty-Ninth Affirmative Defense

Each Plaintiff and member of the putative class would have acquired PureCycle's securities even if, when those securities were acquired, each Plaintiff and member of the putative class would have known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

### Thirtieth Affirmative Defense

Plaintiffs and members of the putative class lack standing to bring some or all of the claims alleged.

### Thirty-First Affirmative Defense

Plaintiffs and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

### Thirty-Second Affirmative Defense

Plaintiffs and members of the putative class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

### Thirty-Third Affirmative Defense

The claims of Plaintiffs and members of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification and/or unclean hands.

### Thirty-Fourth Affirmative Defense

Any recovery for damages allegedly incurred by Plaintiffs of members of the putative class is subject to offset in the amount of any tax benefits or other benefits received by Plaintiffs or members of the putative class through their investments.

### Thirty-Fifth Affirmative Defense

The SAC fails to state a claim against Defendants upon which relief may be granted.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendants demand a trial by jury of all the claims asserted in the SAC so triable.

**WHEREFORE,** Defendants respectfully pray that the Court dismiss the SAC with prejudice, that Defendants be awarded their costs and expenses for defending

this action; and that the Court award Defendants such other and further relief as it deems just and proper.

Dated: July 14, 2023                              Respectfully submitted,

                                                  **DECHERT LLP**

                                       By:        /s/  *Joni Jacobsen*
                                                  David Kistenbroker
                                                  Joni S. Jacobsen
                                                  35 W. Wacker Drive, Suite 3400
                                                  Chicago, IL 60601
                                                  312-646-5800
                                                  david.kistenbroker@dechert.com
                                                  joni.jacobsen@dechert.com

                                                  Catherine Wigglesworth
                                                  Circa Centre
                                                  2929 Arch Street
                                                  Philadelphia, PA 19104
                                                  215-994-4000
                                                  catherine.wigglesworth@dechert.com

                                                  Nina S. Riegelsberger
                                                  Three Bryant Park
                                                  1095 Avenue of the Americas
                                                  New York, NY 10036
                                                  212-698-3500
                                                  nina.riegelsberger@dechert.com

                                                  Amy Shay (Florida Bar No. 068841)
                                                  The VUE at Lake Eola
                                                  220 North Rosalind Avenue
                                                  Orlando, FL 32801
                                                  Telephone:  (407) 316-0393
                                                  ashay@scsplaw.com

                                                  *Counsel for Defendants*
                                                  *PureCycle Technologies, Inc., Michael*
                                                  *Otworth, Michael Dee, and David Brenner*

46

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 14, 2023, I cause a true and correct copy of the foregoing to be served by CM/ECF on all parties listed to receive electronic service for this case.

/s/ *Joni Jacobsen*
Joni Jacobsen