**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| WILLIAM C. THEODORE, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER, BYRON ROTH and TASMIN ETTEFAGH,<br><br>                Defendants. | Case No. 6:21-cv-809-PGB-RMN<br><br>**DEMAND FOR A JURY TRIAL** |

**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a "Party") hereby agree to the following Agreed Confidentiality Agreement (the "Agreement") and request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored protective order governing the confidentiality of certain information in this action; and

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, as well as any other person in active concert or participation with any of the foregoing and all other persons with actual notice of this Order, will adhere to the following terms, upon risk of contempt:

1.  No person or entity subject to this Order may disclose "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a Party or person has designated as "Confidential" or Highly Confidential pursuant to this Order to any other person or entity except as permitted expressly by this Order.

2.  The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a)  Nonpublic financial information (including without limitation profitability reports or estimates, financial statements, tax returns, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, sale margins, and transaction records);

(b)  Nonpublic information relating to ownership or control of any non-public company;

(c)  Nonpublic business plans, product-development information, marketing plans, marketing studies or other commercially sensitive nonpublic information;

(d)  Proprietary, commercially sensitive, or trade secret information;

2

(e)     any information of a personal or intimate nature regarding any individual; or

(f)     any other category of information given confidential status by this Court after the date of this Order.

3.     The Producing Party may designate as Highly Confidential any Confidential Discovery Material that the Producing Party believes in good faith cannot be disclosed without threat of competitive injury because such Confidential Discovery Material contains particularly proprietary and commercially sensitive information. The Parties to this litigation agree that the production of any Discovery Material by any non-party to this litigation shall be subject to and governed by the terms of this Agreement.  The Party seeking the production of Discovery Material from the non-party shall include in the discovery request a copy of this Agreement. Absent written permission of the Producing Party, access to and disclosure of Highly Confidential Discovery Material shall be used solely for purposes of this litigation and limited to the persons set forth in Paragraph 8(a)-(i) below.

4.     The Producing Party or its counsel shall designate Confidential or Highly Confidential portions of Discovery Material as Confidential or Highly Confidential by stamping or otherwise clearly marking as Confidential or Highly Confidential the protected portion in a manner that will not interfere with legibility or audibility.

5.     A Producing Party or its counsel may designate deposition exhibits, deposition transcripts, or portions of deposition transcripts as Confidential or Highly Confidential either by: (a) indicating on the record during the deposition that a question

3

calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information" or "Highly Confidential" as applicable; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential. If no such designation is made at the deposition or within this 30-day period, the entire deposition transcript will be considered devoid of Confidential or Highly Confidential information, except for any exhibits to such transcript that previously were designated as Confidential or Highly Confidential.

6.  If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that

4

bears the Confidential or Highly Confidential designation within two (2) business days of providing such notice.

7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege, protection, or immunity from discovery; or (c) a waiver, admission, or ruling regarding the admissibility in evidence of any document, testimony, or other Discovery Material.

8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)      the Parties to this action, their insurers, and counsel to their insurers;

(b)      counsel of record for this action, including any paralegal, clerk, contracted support personnel, or other assistant that such counsel employs and assigns to this matter;

(c)      outside vendors or service providers (such as litigation support service providers, copy-service providers, foreign language translators, and document-management consultants) that counsel hire and assign to this matter;

(d)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document or in its metadata as having received a copy;

(f)     any witness who counsel of record believes in good faith may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, and any stenographic, clerical, or technical personnel of such persons, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action;

(i)     this Court, including any appellate court, its support personnel, and court reporters;

(j)     in-house counsel and the attorneys, paralegals, contractors, support staff, stenographic, and clerical staff employed by such counsel and working on this litigation; and

(k) such other persons as ordered by the Court.

9.     Before disclosing any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), or 8(g) above, counsel must

provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms.  If counsel provides a copy of this Order to an individual as contemplated herein, counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.     This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential.

11.     In filing Confidential or Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Highly Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  Any Party that seeks to file Confidential Discovery Material under seal must file an application in accordance with Rule 1.11 of this Court's Local Rules.  No party shall file a document under seal unless the Court previously granted a motion to file under seal which was submitted to the Court in compliance with Local Rule 1.11.

12.    A Party may challenge the confidentiality designation of any Discovery Material produced in this Litigation at any time.  If the Party believes that portion(s) of a document are not properly designated as "Confidential" or "Highly Confidential," the Party will identify the specific information that it believes is not properly designated and notify the Producing Party in writing of its good faith belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material and respond in writing or in a meet and confer process, within fourteen (14) days of such notification.  If a Party elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party, it shall notify the Producing Party, and the Party shall have fourteen (14) days from such notification to challenge the designation by commencing a discovery dispute.  The ultimate burden of persuasion in any such challenge shall be on the Producing Party as if the Producing Party were seeking a Protective Order pursuant to Fed. R. Civ. P. 26(c) in the first instance.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event that a designation is changed by the Producing Party or by Court Order, the Producing Party shall provide replacement media, images, and associated production information as provided above.

13.    Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation

8

proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to the use of its own documents or information produced in this action.

14.    Nothing in this Order will prevent any Party from producing any Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.    Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.    Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential or Highly Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery

9

Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain or reference Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or reference Confidential or Highly Confidential Discovery Material remain subject to this Order.

17. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Protective Order to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

Dated: September 27, 2023

**DECHERT LLP**

By: /s/ *Joni S. Jacobsen/cw*

David Kistenbroker (*pro hac vice*)
Joni S. Jacobsen (*pro hac vice*)
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601
312-646-5800
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com

Amy Shay (Florida Bar No. 068841)
The VUE at Lake Eola

220 North Rosalind Avenue
Orlando, FL 32801
Telephone: (407) 316-0393
ashay@scsplaw.com

*Counsel for Defendants PureCycle
Technologies, Inc., Michael Otworth,
Michael Dee, and David Brenner*

**DLA PIPER LLP**

By:    /s/ _____
John R. Loftus (*pro hac vice*)
Christine Ellice (*pro hac vice*)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Telephone: (310) 595-3000
jake.loftus@dlapiper.com
christine.ellice@dlapiper.com

Amanda E. Reagan (Florida Bar
No. 92520)
3111 W. Dr. Martin Luther King
Jr. Blvd.
Suite 200
Tampa, FL 33607
Telephone: (813) 229-2111
amy.reagan@dlapiper.com

*Attorneys for Defendant Byron Roth*

**POMERANTZ LLP**

By:    /s/ _____
Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, NY 10016
(646) 581-9973
taweinrib@pomlaw.com

*Counsel for Lead Plaintiffs Robert Ciecko and
Marius Ciecko*

11

_____

Robert M. Norway
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

WILLIAM C. THEODORE,
individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

PURECYCLE TECHNOLOGIES,
INC., MICHAEL OTWORTH,
MICHAEL E. DEE, DAVID
BRENNER, BYRON ROTH and
TASMIN ETTEFAGH,

Defendants.

Case No. 6:21-cv-809-PGB-GJK

**DEMAND FOR A JURY TRIAL**

## EXHIBIT A – CONFIDENTIALITY AGREEMENT

The undersigned, having been requested to assist in connection with Civil
Action No. 21-cv-809 pending in the United States District Court for the Middle
District of Florida, hereby agrees as follows:

1.   I declare under penalty of perjury that I have read the Protective Order
entered by the Court in this action in its entirety and agree to abide by its terms.

2.   I agree that any discovery material or information designated as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" which I see, hear, or learn
about in connection with this lawsuit, including documents and deposition transcripts,
may be used solely for the purpose of this lawsuit and not for any other purpose.  I agree
not to disclose to any person any such discovery material or information designated as

13

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" except as specifically authorized by the Protective Order.

3.    When this litigation is terminated. I agree to return to the party and lawyers whom I am assisting any discovery material and information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and to retain no copies of such materials.

4.    I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.

5.    I further agree to submit to the jurisdiction of the United States District Court for the Middle District of Florida for the purposes of enforcing the terms of the Protective Order.

Dated this __day of_____2023

_____

Signature

_____

Name

_____

Company