# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

WILLIAM C. THEODORE,
individually and on behalf of all others
similarly situated,

                 Plaintiffs,

       v.

PURECYCLE TECHNOLOGIES,
INC., MICHAEL OTWORTH,
MICHAEL E. DEE, DAVID
BRENNER, and BYRON ROTH,

                 Defendants.

Case No. 6:21-cv-809-PGB-RMN

## DEFENDANTS' MOTION TO COMPEL PRODUCTION OF INFORMATION AND DOCUMENTS RESPONSIVE TO DEFENDANTS' REQUESTS FOR PRODUCTION AND INTERROGATORIES AND INCORPORATED MEMORANDUM OF LAW

PureCycle Technologies, Inc. ("PureCycle"), Michael Otworth, Michael Dee, David Brenner and Byron Roth ("Defendants"), respectfully move for an order compelling Lead Plaintiffs Robert and Mariusz Ciecko's ("Plaintiffs") to produce information and documents responsive to Defendants' First Requests for Production of Documents (the "RFPs") and First Set of Interrogatories (the "Interrogatories"). Defendants' Motion is supported by the incorporated memorandum of law.

## PERTINENT PROCEDURAL BACKGROUND

On July 28, 2023, Plaintiffs served their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) (the "Initial Disclosures") on Defendants. A true and correct copy of the Initial Disclosures is attached hereto as Exhibit A.

1

On August 14, 2023, Defendants served the Interrogatories and RFPs on Plaintiffs.  True and correct copies of the Interrogatories and RFPs are attached hereto as Exhibit B and Exhibit C, respectively.   As relevant here, the Interrogatories requested that Plaintiffs identify third parties with whom they had communicated between November 16, 2020 and November 10, 2021 (the "Relevant Time Period"), including current or former employees, agents, officers, directors, or shareholders of PureCycle; certain companies with which Defendants were allegedly previously involved (the "Prior Companies"); or Hindenburg Research.  *See* Ex. B at Interrogs. Nos. 7-9.  Similarly, as relevant here, the RFPs requested that Plaintiffs produce: (1) documents sufficient to demonstrate how Plaintiffs learned the identities of employees of PureCycle or the Prior Companies included or referenced in the Hindenburg Report; (2) documents sufficient to demonstrate the identities of any employees of PureCycle or the Prior Companies with whom Plaintiffs communicated prior to the filing of the Second Amended Complaint ("SAC"); and (3) communications and documents between Plaintiffs and Hindenburg Research, any current or former employee, agent, officer, director, or shareholder of Hindenburg Research, or third party referenced in the Hindenburg Report.  *See* Ex. C at RFPs Nos. 6-7, 14.  The requested information is necessary in order to allow Defendants to test the reliability of Plaintiffs' alleged sources of information and assertions set forth in the SAC.

On September 13, 2023, Plaintiffs timely served their responses and objections to the Interrogatories and RFPs.  True and correct copies of Plaintiffs' Responses and

Objections to the Interrogatories (the "Interrogatory Responses and Objections") and RFPs (the "RFP Responses and Objections") are attached hereto as Exhibit D and Exhibit E, respectively.  In their Interrogatory Responses and Objections, Plaintiffs objected to Defendants' Interrogatories Nos. 7-9 on the basis of, inter alia, attorney work product and attorney-client privilege.  *See* Ex. D at 9-11.  Plaintiffs made substantially the same objections to Defendants' RFPs Nos. 6, 7, and 14, and referred Defendants to Plaintiffs' Initial Disclosures in response to RFP No. 7.  *See* Ex. E at 10-11, 16.

On October 9, 2023, Plaintiffs made their first production to Defendants, totaling 21 pages and Bates-stamped PCT000001-PCT000021 (which they reproduced on November 13, 2023, with the revised Bates stamps CIECKO000001-CIECKO000021).

On November 10, 2023, Defendants sent Plaintiffs a letter identifying various deficiencies in Plaintiffs' Initial Disclosures and RFP Responses and Objections.  A true and correct copy of this letter is attached hereto as Exhibit F.  In this letter, Defendants stated their positions that, *inter alia*, Plaintiffs' referral to their Initial Disclosures in response to RFP No. 7 was insufficient, as the Initial Disclosures only provided a list of names of all persons with knowledge as required by Rule 26 (which included 45 persons), and failed to identify "the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses."  *See* Fed. R. Civ. P. 26(a)(1)(A)(i).  Whereas, RFP No. 7 asked for documents sufficient to

identify any PureCycle or Prior Companies' employees with whom Plaintiffs or their counsel had communicated prior to the filing of the SAC. Ex. F at 1. The letter further informed Plaintiffs that they must provide addresses and phone numbers included in their initial disclosures, as required by Fed. R. Civ. P. 26. *Id.*

On November 17, 2022, the parties met and conferred regarding the deficiencies Defendants identified in their November 10, 2023 letter. On November 22, 2023, Defendants sent Plaintiffs a follow-up letter summarizing the discussion in the November 17, 2023 meet and confer. A true and correct copy of this letter is attached hereto as Exhibit G. As stated in that letter, Defendants understood Plaintiffs' position to be that, aside from those documents included in Plaintiffs' September 13, 2023 production, all other responsive documents in Plaintiffs' possession, custody, or control were being withheld on the basis of attorney-client or attorney work product privilege, including documents and correspondence exchanged between Plaintiffs' counsel and any individuals other than Plaintiffs. Ex. G at 1-2. Further, Plaintiffs continued to withhold the identities of individuals with whom Plaintiffs and/or their counsel had communicated, as well as documents sufficient to identify such individuals, citing attorney-client privilege and work product privilege. *Id.* at 2.

On November 30, 2023, Defendants sent another letter to Plaintiffs outlining additional concerns with Plaintiffs' document production. A true and correct copy of this letter is attached hereto as Exhibit H. On November 30, 2023, Plaintiffs responded to Defendants' November 22, 2023 and November 30, 2023 letters. A true and correct copy of Plaintiffs' November 30, 2023 letter is attached hereto as Exhibit I. In that

4

letter, Plaintiffs reiterated their position that (1) they had produced all responsive documents in their possession, custody and control; (2) Defendants were "not entitled to discovery revealing the identity of any third party witnesses counsel may or may not have spoken to in the course of this litigation, *unless* Plaintiffs relied upon such witnesses in their complaint (which they did not) or unless Plaintiffs have already determined they will rely upon such witnesses at trial . . . ." Ex. I at 1-2. On December 4, 2023, Plaintiffs served their Amended Initial Disclosures, which included phone numbers for certain third parties likely to have discoverable information that Plaintiffs may use to support their claims as alleged in the SAC, but were otherwise unchanged. A true and correct copy of these Amended Initial Disclosures is attached hereto as Exhibit J.

On December 18, 2023, Defendants sent another letter to Plaintiffs which, *inter alia*, restated Defendants' disagreement to Plaintiffs' assertion of the work product privilege and/or attorney client privilege as bases to withhold the identity of third parties with whom Plaintiffs or their counsel have communicated prior to or during the course of litigation. A true and correct copy of Defendants' December 18, 2023 letter is attached hereto as Exhibit K. Defendants informed Plaintiffs that they would move forward with a motion to compel the disclosure of the identity of any anonymous or otherwise unidentified third parties referenced or quoted in Plaintiffs' SAC—either directly or as a source for the Hindenberg Report—with whom Plaintiffs or their counsel had been in contact prior to or during the course of litigation. Ex. K at 4-5.

On December 21, 2023, Plaintiffs sent a response to Defendants' December 18, 2023 letter.  A true and correct copy of Plaintiffs' December 21, 2023 response letter is attached hereto as Exhibit L.  In this letter, Plaintiffs restated their position that "Defendants are not entitled to production of attorney work product identifying any individual with whom counsel may or may not have communicated regarding this litigation." Ex. L at 3.

## ARGUMENT

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Federal Rules "strongly favor full discovery whenever possible." *Beckel v. Fagron Holding USA, LLC*, Case No. 8:16-cv-2059, 2019 WL 414864, at *3 (M.D. Fla. Feb. 1, 2019) (quoting *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)).  Indeed, "[t]he overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Scottsdale Ins. Co. v. Mega Select, Inc.*, Case No. 6:20-cv-1446, 2021 WL 6125565, at *2 (M.D. Fla. Nov. 16, 2021) (quoting *Oliver v. City of Orlando*, Case No. 6:06-cv-1671, 2007 WL 3232227, at *1 (M.D. Fla. Oct. 31, 2007)).  District courts have broad discretion in managing discovery. *Beckel*, 2019 WL 414864, at *3 (citing *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013)).

6

I.     **The Identity of Unnamed Individuals in the Second Amended Complaint Are
       Discoverable.**

Consistent with the Federal Rules of Civil Procedure, Defendants are entitled

to discover the identity of any unnamed individuals that are referenced or quoted in

the SAC, including the identity of any former employees of PureCycle, any

anonymous witnesses or other sources referenced in the Hindenburg Report, and/or

current or former employees at Hindenburg Research.  Plaintiffs rely upon information

provided by these individuals to form the core allegations in the SAC and quote them

extensively throughout the SAC.  *See, e.g.,* SAC ¶¶ 10, 48, 76, 81, 82.  Such information

is plainly relevant to Plaintiffs' claim as well as Defendants' defense and therefore

discoverable under the Federal Rules.  *See* Fed. R. Civ. P. 26(b)(1).

It is well-settled in the Eleventh Circuit that "[t]he names and addresses of

witnesses are non-privileged and discoverable." *In re Faro Techs. Sec. Litig.*, Case No.

6:05-cv-1810, 2008 WL 205318, at *2 (M.D. Fla. Jan. 23, 2008) (quoting *Castle v.

Sangamo Weston, Inc.,* 744 F.2d 1464, 1467 (11th Cir.1984)); *Hubbard v. Bankatlantic

Bancorp, Inc.*, Case No. 07-61542, 2009 WL 3856458, at *3 (S.D. Fla. Nov. 17, 2009)

(quoting *Castle,* 744 F.2d at 1467) ("The identities of witnesses are discoverable.").

Courts in the Eleventh Circuit and others have found that "the identities of

confidential witnesses in securities fraud class actions are discoverable."  *Hubbard*,

2009 WL 3856458, at *3 (collecting cases).

Where, as here, Plaintiffs "chose to include" allegations based on the unnamed

individuals in the SAC, "Defendants are entitled to the discovery of the name and

address of those persons described in the Second Amended Complaint" because "[s]uch information is obviously 'relevant to the subject matter involved in the pending action' and is 'reasonably calculated to lead to the discovery of admissible evidence.'" *In re Aetna Inc. Sec. Litig.*, No. Civ. A. MDL 1219, 1999 WL 354527, at *2 (E.D. Pa. May 26, 1999) (quoting Fed. R. Civ. P. 26(b)(1)).  Thus, "[r]equiring Plaintiffs to identify the names of individuals whose statements they 'found significant enough to include in their Complaint .... is the very essence of the discovery process.'" *Edwards v. McDermott Int'l, Inc.*, Case No. 4:18-cv-4330, 2021 WL 5121853, at *3 (S.D. Tex. Nov. 4, 2021) (quoting *In re Amgen Inc. Sec. Litig.*, Case No. CV 07-2536, 2013 WL 12139088, at *3 (C.D. Cal. Dec. 2, 2013)).

## II.    The Identity of Unnamed Individuals in the Second Amended Complaint Are Not Protected by the Attorney-Client Privilege or the Work Product Doctrine.

Plaintiffs' objections based on the attorney-client privilege and the work product doctrine to withhold the identity of the unnamed individuals are meritless.  As an initial matter, Plaintiffs do not allege that that an attorney-client relationship exists between Plaintiffs' counsel and any of the unnamed individuals in the SAC. Furthermore, even if an attorney-client relationship exists, the identity of the unnamed individuals is not privileged because "[t]he attorney-client privilege protects the confidentiality of communications within the attorney-client relationship, not the external trappings of the relationship, such as facts relating to the creation or existence of the attorney-client relationship." *Thompson v. Cincinnati Ins. Co.*, Case No. 3:10-cv-318, 2010 WL 4667100, at *3 (N.D. Fla. Nov. 9, 2010) (citing *Langer v. Presbyterian*

8

*Medical Center of Philadelphia*, Civ. A. No. 87-4000, 1995 WL 79520, at *13 (E.D. Pa. Feb. 17, 1995), *opinion vacated on other grounds on reconsideration*, 1995 WL 395937 (E.D. Pa. July 3, 1995)); *see id.* (quoting *Langer*, 1995 WL 79520, at *13 ("Thus, existence of the relationship, dates and general subjects of meetings, and the identity of persons at those meetings, are not privileged information.")).

Nor is the identity of the unnamed individuals protected by the work product doctrine. As the Supreme Court made clear in *Hickman v. Taylor*, 329 U.S. 495 (1947), "the work product doctrine does not protect against the discovery of relevant non-privileged facts, whether or not they are contained in protected documents or were learned by an attorney." *In re Theragenics Corp. Secs. Litig.*, 205 F.R.D. 631, 633–34 (N.D. Ga. 2002) (citing *Hickman*, 329 U.S. at 501, 507). Since *Hickman*, numerous courts have recognized that "names and addresses of witnesses interviewed by counsel who have knowledge of the facts alleged in the complaint are not protected from disclosure by the work product doctrine." *Id.* at 634. For instance, in *Hubbard*, the court found that "[s]ince Plaintiffs have used the confidential witnesses in their Complaint, the identities of the confidential witnesses are not work product because Plaintiffs have already disclosed their existence and some of the information obtained from them." 2009 WL 3856458, at *3. The court further explained, "disclosing the identities of the confidential witnesses will not reveal any more of the mental impressions, conclusions, opinions and legal theories of Plaintiffs' attorneys than Plaintiffs' attorneys have already chosen to reveal in the Complaint." *Id.* Likewise, in *In re Faro Technologies Securities Litigation*, the court found that "the work product

9

immunity does not allow Plaintiffs to conceal the identity of those 'Confidential Witnesses' identified by title in the complaint.'" 2008 WL 205318, at *2 (quoting *Mazur v. Lampert*, Case No. 04-61159, 2007 WL 917271, at *4 (S.D. Fla. 2007)).

Additionally, Plaintiffs' claim that "Defendants are not entitled to discovery revealing the identity of any third party witness counsel may or may not have spoken to in the course of this litigation, *unless* Plaintiffs relied upon such witnesses in their complaint (which they did not)" is contradicted by the allegations in the SAC explicitly relying on or quoting the unnamed individuals from the Hindenburg Report. *See, e.g.,* SAC ¶¶ 10, 48, 76, 81, 82. It is undisputed that Defendants are entitled to discovery of information that are highly relevant to their defense in this action. *Supra* Section I. Likewise, Plaintiffs' claim that Defendants are not entitled to such discovery "unless Plaintiffs have already determined they will rely upon such witnesses at trial" fares no better and weighs in favor of disclosing the witnesses' identity. As the *Hubbard* court recognized, "it would be unfair to permit Plaintiffs to rely so heavily in their Complaint on the confidential witnesses, yet allow Plaintiffs to keep their identities from Defendants during discovery, unless and until Plaintiffs decide to use the confidential witnesses at trial witnesses, perhaps at the very end of the discovery period." *Hubbard*, 2009 WL 3856458, at *4 (citing *Miller v. Ventro Corp.,* Case No. C01-01287, 2004 WL 868202, at *2 (N.D. Cal. Apr. 21, 2004)).

Moreover, Plaintiff's reliance on their Initial Disclosures[1] does not relieve them of their burden to produce non-privilege documents responsive to Defendant's Requests for Production. In response to Defendant's Request for Production No. 7, which seeks "[d]ocuments sufficient to demonstrate the identity of any PureCycle or Prior Companies' Employees you communicated with prior to the filing of the [SAC], including those individuals Included or referenced in the Hindenburg Report," Plaintiffs, after stating their objections, directed Defendants to their Initial Disclosures. Ex. C at 9. However, courts have found such tactics to be insufficient and ordered plaintiffs "to provide the names of the confidential witnesses so that the defendants could avoid looking for a 'needle in a haystack'." *Hubbard*, 2009 WL 3856458, at *4. *See In re Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424, 428 (N.D. Cal. 2007) (granting motion to compel answers to interrogatories regarding identity of five confidential witnesses included among a list of 77 witnesses in plaintiffs' initial disclosures, reasoning that "[b]ecause the information will inevitably be disclosed and the earlier disclosure does not compromise Plaintiffs' strategic or tactical position, there is no basis for finding work product protection"); *Am. Floral Servs., Inc. v. Florists Transworld Delivery Ass'n*, 107 F.R.D. 258, 260–61 (N.D. Ill. 1985) (ordering identification of two witnesses interviewed by plaintiff's counsel because "[defendant]'s ability to distill the 200-person list, as tendered by [plaintiff], into the two names of persons with allegedly

___

[1] Plaintiffs served Amended Initial Disclosures but the identity of the unnamed individuals in the SAC is not identified among the 45 witnesses in the Amended Initial Disclosures. *See* Ex. J at 4-7.

inculpatory information smacks of a needle-in-haystack search: time-consuming, wasteful and expensive").

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Compel in its entirety.

Dated: February 9, 2024

**DECHERT LLP**

By:    /s/ *Joni S. Jacobsen*
       David Kistenbroker (*admitted pro hac vice*)
       Joni S. Jacobsen (*admitted pro hac vice*)
       Radhe Patel
       35 W. Wacker Drive, Suite 3400
       Chicago, IL 60601
       312-646-5800
       david.kistenbroker@dechert.com
       joni.jacobsen@dechert.com
       radhe.patel@dechert.com

       Nina S. Riegelsberger (*admitted pro hac vice*)
       Hayoung Park (*admitted pro hac vice*)
       Julia Markham-Cameron
       Three Bryant Park
       1095 Avenue of the Americas
       New York, NY 10036
       212-698-3500
       nina.riegelsberger@dechert.com
       hayoung.park@dechert.com
       julia.markham-cameron@dechert.com

STOVASH, CASE, SHAY & PEARCE, P.A.

Amy S. Shay, Esquire
Florida Bar Number 0068871
ashay@scsplaw.com
The VUE at Lake Eola 220 N.
Rosalind Avenue
Orlando, Florida 32801
(407) 316-0393

*Counsel for Defendants PureCycle Technologies, Inc., Michael Otworth, Michael E. Dee, David Brenner*

DLA PIPER LLP (US)

*/s/John R. Loftus*
John R. Loftus (*admitted pro hac vice*)
Christine E. Ellice (*admitted pro hac vice*)
2000 Avenue of the Stars Suite 400
North Tower Los Angeles, CA 90067
Telephone: (310) 595-3000
jake.loftus@dlapiper.com
christine.ellice@dlapiper.com

Ardith Bronson
Florida Bar No. 423025
200 S. Biscayne Blvd. Suite 2500
Miami, FL 33131-5341
Telephone: (305) 423-8562
ardith.bronson@dlapiper.com

*Counsel for Defendant Byron Roth*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ *Joni S. Jacobsen*

Joni S. Jacobsen (*admitted pro hac vice*)
DECHERT LLP
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601
312-646-5800
joni.jacobsen@dechert.com