# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| WILLIAM C. THEODORE, individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>     v.<br><br>PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER, BYRON ROTH and TASMIN ETTEFAGH,<br><br>                          Defendants. | Case No. 6:21-cv-809-PGB-GJK<br><br>**DEMAND FOR A JURY TRIAL** |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Lead Plaintiffs Robert Ciecko and Mariusz Ciecko, individually and on behalf of all others similarly situated ("Plaintiffs") by and through their undersigned attorneys, Pomerantz LLP, hereby respond and object to Defendants PureCycle Technologies, Inc. ("PureCycle"), Michael Otworth, Michael E. Dee, and David Brenner's (collectively, "Defendants") First Set of Interrogatories, dated August 14, 2023 ("Interrogatories").

**RESERVATION OF RIGHTS**

1. No incidental or implied admissions of any kind are intended in these responses, and the responses below do not concede the relevance, materiality, or

admissibility of any information sought.  Plaintiffs' response to all or any part of an Interrogatory is not, and shall not be deemed, an admission that: (a) Plaintiffs admit the existence or relevance of any fact(s) set forth or assumed by that Interrogatory; (b) Plaintiffs have in their possession, custody, or control any information responsive to that Interrogatory; or (c) Plaintiffs' response constitutes admissible evidence.  Plaintiffs' responses to the Interrogatories are made without prejudice to the right to contend at any other stage of the proceedings that the responses below are irrelevant, inadmissible, or otherwise objectionable.  Plaintiffs' response to all or any part of an Interrogatory does not waive all or any part of their objection(s) to that Interrogatory.

2.     The following responses are the product of Plaintiffs' good faith efforts to provide reasonable responses, as appropriate, based on facts and information known and/or reasonably available to them at the time of these responses.  Fact discovery is in its early stages and Plaintiffs have not completed discovery of the facts relating to the Action.  Accordingly, Plaintiffs reserve the right to supplement, revise, amend, modify, clarify, or correct any of their responses as necessary or appropriate.  Plaintiffs do not waive, and expressly preserve, all objections and the right to raise any other objections not set forth herein.

**GENERAL OBJECTIONS**

1.     Plaintiffs generally object to the Interrogatories on the following grounds, each of which is incorporated by reference in the objections to the individual

2

Interrogatories below.  All responses by Plaintiffs are subject to and without waiver of any of these General Objections:

2.      Plaintiffs generally object to the Interrogatories to the extent that they place a greater burden upon Plaintiffs than that imposed by the Federal Rules of Civil Procedure and the Local Civil Rules.

3.      Plaintiffs generally object to the Interrogatories to the extent that they call for the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege or protection.

4.      Plaintiffs object to the Interrogatories to the extent they fail to state with sufficient particularity the information sought.

5.      Plaintiffs object to the Interrogatories to the extent they are vague, ambiguous, or lack sufficient precision.

6.      Plaintiffs object to the Interrogatories to the extent they call for legal conclusions or require Plaintiffs to interpret the legal significance of information.

7.      Plaintiffs object to the Interrogatories to the extent that they are overbroad, unduly burdensome, intended solely to harass, and/or seek information irrelevant to the claim or defense of any party or information of such marginal relevance that its probative value is substantially outweighed by the burden imposed on Plaintiffs in having to search for and provide such information.

8.      Plaintiffs generally object to the Interrogatories to the extent that they seek information that can be found in the pleadings in this action, is publicly available, or is

3

available to Defendants from another source that is more convenient, less burdensome, or less expensive.

9. Plaintiffs generally object to the Interrogatories to the extent that they seek information outside of Plaintiffs' possession, custody, or control.

10. Plaintiffs generally object to each Interrogatory to the extent that it is compound and contains more than one Interrogatory.

11. Plaintiffs generally object to each Interrogatory to the extent it seeks information duplicative of any other discovery request in this matter.

12. Plaintiffs do not in any way waive or intend to waive any privilege or objection, but rather intend to preserve and are preserving the following:

(i) all objections as to vagueness, ambiguity, or other infirmity in the form of the Interrogatories and any objections based on the undue burden imposed by the Interrogatories;
(ii) all rights to object on any ground to the use of any of the responses, or their subject matter, in any proceedings, including the trial of this or any other action;
(iii) all rights to object on any ground to any further Interrogatories involving or related to the subject matter of the Interrogatories;
(iv) the right to supplement responses to the Interrogatories prior to trial; and any and all privileges and/or rights under the Federal Rules of Civil Procedure and other statutes, guidelines, common law, or other applicable laws.

13. The failure to object on a particular ground or grounds shall not be construed as a waiver of Plaintiffs' rights to object on any additional grounds.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Plaintiffs object to Defendants' definitions of the terms "Lead Plaintiffs," "You" and "Your" to the extent they include Plaintiffs' attorneys, which makes these

4

Interrogatories overbroad and unduly burdensome, and improper insofar as they improperly seek information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

## RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1

Identify Your ownership of PureCycle Securities between November 16, 2020 and November 10, 2021, including all transactions where You sold or bought during the Relevant Time Period, and any Investment Managers that provided advice to You in connection with such transactions.

**RESPONSE**:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein. Plaintiffs further object to this Interrogatory because it is compound. Subject to and without waiving any of the foregoing objections, and in accordance with Fed. R. Civ. P. 33(d), Plaintiffs refer Defendants to responsive, non-privileged documents that will be produced showing Plaintiffs' transactions in PureCycle Securities during the November 16, 2020 to November 10, 2021 Class Period. Plaintiffs further direct Defendants to the certifications that Plaintiffs previously filed with the Court pursuant to the Private Securities Litigation Reform Act, setting forth dates and prices of purchases and sales of PureCycle Securities (ECF No. 34-3) during the Relevant Time Period. Plaintiffs further respond that no Investment Manager provided advice to them in connection with their transactions in PureCycle Securities.

**INTERROGATORY NO. 2**

For each transaction in which You sold or purchased PureCycle Securities during the Relevant Time Period, (i) describe each and every reason why you sold or purchased PureCycle Securities; (ii) explain whether or not (a) You had knowledge of the transaction before it was executed, (b) You directed the transaction, and (c) You approved or authorized the transaction; and (iii) identify all Persons associated with or acting on behalf of Lead Plaintiffs who were involved in the transaction.

**RESPONSE**:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is vague, overbroad, unduly burdensome, and compound. Subject to and without waiving any of the foregoing objections, Plaintiffs respond that they made their decisions to purchase and/or sell PureCycle Securities after reading news, announcements, and tracking other public information regarding PureCycle, including stock price movement.  Plaintiffs further respond that all decisions and actions taken to purchase and/or sell PureCycle Securities were their own.

**INTERROGATORY NO. 3**

Identify all sources of information You reviewed, considered, or relied upon in connections with each purchase and sale of PureCycle Securities during the Relevant Time Period, Including all research reports You reviewed or subscribed to during the Relevant Time Period, and the dates and sources You from which You accessed or

6

received the sources of information.

**RESPONSE**:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is vague, overbroad, unduly burdensome, and compound. Plaintiffs further object to the extent this Interrogatory seeks information outside Plaintiffs' possession, custody, or control.  Subject to and without waiving any of the foregoing objections, Plaintiffs respond that they reviewed articles, price chart movement, and IPO information regarding PureCycle in Investor's Business Daily, reviewed articles regarding PureCycle in Hedgeye, conducted additional research and reviewed additional articles using general Google searches, reviewed PureCycle's press releases, reviewed PureCycle's website, and reviewed the Hindenburg Report.

**INTERROGATORY NO. 4**

Identify all registration statements, prospectuses, proxy statements, or all other public filings related to PureCycle Securities with the Securities and Exchange Commission You reviewed or accessed during the Relevant Time Period.

**RESPONSE**:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is overbroad, unduly burdensome, and compound. Subject to and without waiving any of the foregoing objections, Plaintiffs respond that they reviewed PureCycle

press releases, annual filings on Form 10-K, and listened to quarterly earnings calls.

### INTERROGATORY NO. 5

Describe all actions that You took to monitor Your investment in PureCycle Securities during the Relevant Time Period.

**RESPONSE**:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is vague and overbroad. Subject to and without waiving any of the foregoing objections, Plaintiffs respond that they monitored PureCycle's daily price activity in addition to reviewing the publicly available information set forth above.

### INTERROGATORY NO. 6

Identify the date You first learned about or read: (i) the Hindenburg Report; and (ii) the allegations, facts, and circumstances in the Hindenburg Report.

**RESPONSE**:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is vague, overbroad, unduly burdensome, and compound. Subject to and without waiving any of the foregoing objections, Plaintiffs respond that they first learned about or read the Hindenburg Report and learned about or read the allegations, facts, and circumstances contained therein on the date of its issuance, May 6, 2021.

**INTERROGATORY NO. 7**

Did You communicate during the Relevant Time Period about any topic with PureCycle or with any current or former employee, agent, officer, director, or shareholder of PureCycle?  If the answer is anything other than an unqualified no, identify all Persons who communicated on Your behalf during the Relevant Time Period with PureCycle or with any current or former employee, agent, officer, director, or shareholder of PureCycle, identify the current or former employee, agent, officer, director, or shareholder of PureCycle with whom the communications were made, and identify the date and manner of all such Communications.

**RESPONSE**:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is vague, overbroad, unduly burdensome, and compound. Plaintiffs further object to this Interrogatory, and will not respond, to the extent it seeks information protected by the attorney client or work product privileges.  Subject to and without waiving any of the foregoing objections, and responding to the best of their knowledge, Plaintiffs have not communicated during the Relevant Time Period with PureCycle or with any current or former employee, agent, officer, or director of PureCycle.  Plaintiffs further respond that the only PureCycle shareholder they spoke to during the Relevant Time Period was each other.

9

## INTERROGATORY NO. 8

Did You communicate during the Relevant Time Period about any topic with the Prior Companies or with any current or former employee, agent, officer, director, or shareholder of the Prior Companies?  If the answer is anything other than an unqualified no, identify all Persons who communicated on Your behalf during the Relevant Time Period with the Prior Companies or with any current or former employee, agent, officer, director, or shareholder of Prior Companies, identify the current or former employee, agent, officer, director, or shareholder of the Prior Companies with whom the communications were made, and identify the date and manner of all such Communications.

## RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is vague, overbroad, unduly burdensome, and compound. Plaintiffs further object to this Interrogatory, and will not respond, to the extent it seeks information protected by the attorney client or work product privileges.  Subject to and without waiving any of the foregoing objections, Plaintiffs respond that to the best of their knowledge they did not communicate with the Prior Companies or with any current or former employee, agent, officer, director, or shareholder of the Prior Companies during the Relevant Time Period.

**INTERROGATORY NO. 9**

Did You communicate during the Relevant Time Period about any topic with Hindenburg Research, with any current or former employee, agent, officer, director, or shareholder of Hindenburg Research, or with any third party referenced in the Hindenburg Report? If the answer is anything other than an unqualified no: (i) identify all Persons who communicated on Your behalf during the Relevant Time Period with Hindenburg Research, with any current or former employee, agent, officer, director, or shareholder of Hindenburg Research, or with any third party referenced in the Hindenburg Report; (ii) identify the third party or the current or former employee, agent, officer, director, or shareholder of Hindenburg Research with whom the communications were made; and (iii) identify the date and manner of all such Communications.

**RESPONSE**:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein. Plaintiffs further object to this Interrogatory because it is vague, overbroad, unduly burdensome, and compound. Plaintiffs further object to this Interrogatory, and will not respond, to the extent it seeks information protected by the attorney client or work product privileges. Subject to and without waiving any of the foregoing objections, Plaintiffs respond that they did not communicate with Hindenburg Research regarding PureCycle.

11

### INTERROGATORY NO. 10

Did You hire, employ, or otherwise utilize any Investment Manager during the Relevant Time Period to oversee or make investment decisions on Your behalf?  If the answer is yes, identify the Persons or entities who acted as Investment Managers on Your behalf.

### RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is vague, overbroad, unduly burdensome, and compound. Subject to and without waiving any of the foregoing objections Plaintiffs respond that they did not hire, employ, or otherwise utilize an Investment Manager during the Relevant Time Period.

### INTERROGATORY NO. 11

Did You communicate with the Investment Managers about PureCycle Securities or the Hindenburg Report during the Relevant Time Period? If the answer is anything other than an unqualified no, identify all Persons who communicated with the Investment Managers on Your behalf, and specify the Persons associated with the Investment Managers with whom each Person communicated on Your behalf.

### RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is vague, overbroad, unduly burdensome, and compound. Subject to and

without waiving any of the foregoing objections, Plaintiffs direct Defendants to their response to Interrogatory No. 10.

**INTERROGATORY NO. 12**

Describe the circumstances surrounding Your first Communication with Lead Counsel regarding this Action and identify: (i) the date of Your first Communication with Lead Counsel concerning this Action, (ii) whether Your first Communication occurred via telephone, letter, website, in person or some other means; (iii) the name and title of the Person(s) who prepared, sent, received or otherwise participated in Your first Communication with Lead Counsel concerning this Action; and (iv) all Persons, publications, websites and/or Documents that introduced You to Lead Counsel.

**RESPONSE**:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is vague, overbroad, unduly burdensome, and compound. Plaintiffs further object to this Interrogatory as it seeks information that is irrelevant and not proportional to the needs of this Action.  Plaintiffs further object to this Interrogatory as it seeks information protected by the attorney client or work product privileges.

**INTERROGATORY NO. 13**

Identify any and all Putative Class members with whom You or Lead Counsel have been in contact and describe the subject matter of that contact or communication.

13

**RESPONSE**:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is vague, overbroad, unduly burdensome, and compound. Plaintiffs further object to this interrogatory as it seeks information that is irrelevant and not proportional to the needs of this Action.  Plaintiffs further object to this Interrogatory, and will not respond, to the extent it seeks information protected by the attorney client or work product privileges.  Subject to and without waiving any of the foregoing objections, Plaintiffs respond that they do not have any information responsive to this Interrogatory that is not subject to the attorney client or work product privilege.

**INTERROGATORY NO. 14**

Identify all known Putative Class members and the quantity of PureCycle Securities they purchased or otherwise acquired during the Relevant Time Period.

**RESPONSE:**

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions as if fully set forth herein.  Plaintiffs further object to this Interrogatory because it is vague, overbroad, unduly burdensome, and compound. Plaintiffs further object to this interrogatory as it seeks information that is irrelevant and not proportional to the needs of this Action.  Plaintiffs further object to this Interrogatory to the extent it seeks information that is not in Plaintiffs' possession, custody, or control.  Plaintiffs further object to this Interrogatory to the extent it seeks information that is already in

Defendants' possession or in the public domain.  Subject to and without waiving any of the foregoing objections, Plaintiffs direct Defendants to the certifications that Plaintiffs previously filed with the Court pursuant to the Private Securities Litigation Reform Act, setting forth dates and prices of purchases and sales of PureCycle Securities (ECF No. 34-3) during the Relevant Time Period.

Dated: September 13, 2023

**POMERANTZ LLP**
By: /s/ *Tamar A. Weinrib*
Tamar A. Weinrib (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (646) 581-9973
Facsimile: (917) 463-1044
taweinrib@pomlaw.com

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 13th day of September, 2023, I served Plaintiffs' **Responses and Objections to Defendants' First Set Of Interrogatories** by e-mail to the following counsel of record for each party:

### Counsel for Defendants

**DECHERT LLP**

David Kistenbroker
Joni S. Jacobsen
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com

Catherine Wigglesworth
Circa Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
catherine.wigglesworth@dechert.com

Nina Rieglesberger
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
nina.rieglesberger@dechert.com

Amy Shay (Florida Bar No. 068841)
The VUE at Lake Eola
220 North Rosalind Avenue
Orlando, FL 32801
Telephone: (407) 316-0393
ashay@scsplaw.com

### Counsel for Defendant Roth

**DLA PIPER (US)**

John R. Loftus
Christine E. Ellice
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Telephone: (310) 595-3000
jake.loftus@dlapiper.com
christine.ellice@dlapiper.com

Amanda E. Reagan
Florida Bar No. 92520
3111 W. Dr. Martin Luther King Jr.
Blvd. Suite 200
Tampa, Florida 33607-6233
Phone: 813-229-2111
Fax: 813-229-1447
Email: amy.reagan@dlapiper.com

16

/s/ Tamar A. Weinrib

*Lead Counsel for Plaintiffs*

17