# EXHIBIT G

# Dechert
### LLP

35 West Wacker Drive
Suite 3400
Chicago, IL  60601
+1 312 646 5800  Main
+1 312 646 5858  Fax
www.dechert.com

**JONI JACOBSEN**

Joni.Jacobsen@dechert.com
+1 312 646 5813  Direct
+1 312 277 3105  Fax

November 22, 2023

**VIA EMAIL**

Tamar A. Weinrib
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
taweinrib@pomlaw.com

Re: Theodore v. PureCycle Technologies Inc., No. 21-cv-809 (M.D. Fla.)

Dear Tamar:

On behalf of Defendants PureCycle Technologies, Inc., Michael Dee, Michael Otworth, and David Brenner ("PureCycle Defendants"), I write to follow-up on our meet and confer on November 17, 2023, during which we discussed the various deficiencies in Lead Plaintiffs Robert and Mariusz Ciecko's ("Lead Plaintiffs") Responses and Objections to the PureCycle Defendants' First Requests for Production dated September 13, 2023, and Initial Disclosures dated July 28, 2023.

We understand your position is that the 21 total pages produced by Lead Plaintiffs on November 13, 2023, Bates-Stamped CIECKO000001-CIECKO000021, are the only non-privileged documents in Lead Counsel or Lead Plaintiff's possession, custody or control that are responsive to Defendants' First Requests for Production.  Based on our conversation, we understand that you are taking the position that anything else that might be responsive, including in response to Request Nos. 3, 7, 8, 9, 11 and 12, is being withheld on the basis of an attorney client or attorney work-product privilege.  As we articulated during the meet and confer, we find your assertion of privilege over these several categories of documents completely unfounded, and your responses to our discovery requests woefully deficient.

To start, in your responses to the interrogatories, you object to the definitions of "'Lead Plaintiffs,' You' and 'Your' to the extent they include Plaintiffs' attorneys," and argue that such definition "makes these Interrogatories overbroad and unduly burdensome, and improper insofar as they improperly seek information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine." Plaintiffs' Responses and Objections to Interrogatories at 4; *see also* Plaintiffs Responses and Objections to Document Requests at 5.

More specifically, you assert that any correspondence or documents exchanged between You as Lead Counsel and *any other individuals other than the Lead Plaintiffs*  (e.g., former employees



November 22, 2023
Page 2

of PureCycle, anonymous witnesses or other sources referenced in the Hindenburg Report, and/or employees at Hindenburg Research) are protected from disclosure by the attorney client or work product privilege.  To the extent you have an attorney-client relationship with anyone related to this litigation other than the two Lead Plaintiffs, please identify such clients immediately.  Otherwise, such documents cannot be withheld on the basis of the attorney-client privilege.

Your attempt to withhold relevant documents and information under the attorney work-product doctrine fares no better. The attorney work-product doctrine only protects from discovery by the opposing party "documents and tangible things that are prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A).  Contrary to your position, the attorney work product doctrine does not protect all communications attorneys may have with non-clients, nor documents or facts gathered (not prepared) during the preparation of the Complaint or the course of litigation.  Moreover, the work product doctrine certainly does not protect the *identity* of individuals with whom counsel corresponded and the dates of such correspondence—particularly where such individuals may have been a source for the allegations in the complaint.

For example, Request No. 7 merely requests *documents sufficient to identify* any Employees of PureCycle or the Prior Companies that Lead Plaintiffs *or Lead Counsel* have communicated with prior to the filing of the SAC.  But your position is that all documents created or received by Lead Counsel are protected by the attorney work-product doctrine.  Remarkably, you even refused to produce redacted correspondence with non-clients regarding this action, with only the To/From/CC/BCC, Send Date/Time, and signature blocks unredacted.  Under applicable law, redacted versions of such correspondence, and/or the identity of any persons that you as Lead Counsel have communicated with, *are not privileged*.  Indeed, Defendants have a right to understand the purported sources of the allegations in the Complaint and to test the reliability of such sources during the course of discovery. Your refusal to provide even the identities of individuals with whom Lead Counsel corresponded, as well as the timing and frequency of such communications, is unsupportable and a blatant attempt to obstruct Defendants from adequately preparing their defense.  To the extent that you merely refer Defendants to Plaintiffs' Initial Disclosures, that is non-responsive to the question posed.  As discussed below, Lead Plaintiffs' disclosures fail to articulate which individuals identified have knowledge regarding various topics and in no way provide the information sought in this Request.

Similarly, Interrogatory No. 9 asks whether Lead Plaintiff or Lead Counsel communicated with any person associated with Hindenburg Research or any third party referenced in the Hindenburg Report during the relevant period, and if so, the identity of such Persons and the dates and manner of such communications.  However, the Responses merely state that Lead Plaintiffs had no such communications but that they "object to this Interrogatory, *and will not respond*, to the extent it seeks information protected by the attorney-client privilege or work product privileges."     The



analysis set forth above applies with the same force here.  We are not aware of any attorney-client relationship Lead Counsel has with Hindenburg Research or any third parties referenced in the Report. If you are attempting to withhold documents or information on the basis of the attorney-client privilege, please identify any clients (other than Lead Plaintiffs) with whom Lead Counsel communicated.

Otherwise, we assume you are attempting to withhold such information on the basis of the attorney work-product doctrine.  The identify of (i) the persons at Hindenburg Research with whom Lead Counsel communicated and (ii) third parties referenced in the Hindenburg Report with whom Lead Counsel communicated—and the dates and manner of such communications—are not protected under the attorney work-product privilege. Such information is factual, not attorney mental impressions or opinions, and indeed would be required to appear on any privilege log.  Moreover, given the prominence that the Hindenburg Report plays in your Complaint, the mere fact that Lead Counsel chose to communicate with Hindenburg or third parties referenced in the Report does not reveal any mental impressions by Lead Counsel.  Even if the factual information Defendants seek were attorney work product (which it is not), Defendants have a substantial need to obtain the identities of such individuals.  Once again, your refusal to identify such persons and the dates and manner of any communications improperly prevents Defendants from testing the allegations set forth in the Complaint.

Regarding Request No. 34, we understand your position is that Lead Plaintiffs do not *think* there are any communications regarding PureCycle Securities with anyone other than counsel, which are privileged.  This representation is not sufficient.  Because Lead Plaintiffs are not able to provide certain confirmation that no such communications, whether via email, text messages, or instant message applications, exist, you are required to conduct appropriate collections and searches of forms of communication in order to determine whether non-privileged communications responsive to Request No. 34 exist and, if so, produce accordingly.

With regard to our discussion regarding Lead Plaintiff's Initial Disclosures, we requested that you supply Amended Disclosures updated the contact information and addresses, if known, and a break down of the subjects of information for each of the 40 persons listed without such information on the Initial Disclosures.  We understand your position is that you will update the Initial Disclosures with the contact information and addresses of any person listed, if that information is now known. However, you indicated that each of the seven categories of information listed, which comprises virtually all of allegations and subjects at issue in the SAC, applies to all 45 persons listed on Plaintiffs' Initial Disclosures.  We reiterate that such grouping of subjects possibly known to all 45 persons does not comply with FRCP 26, and expect Plaintiffs' Amended Disclosures to also identify subjects of information possibly known to *each* person listed.



November 22, 2023
Page 4

Absent remediation of the above-described deficiencies in Lead Plaintiffs' discovery responses by November 30, 2023, Defendants will take steps to compel production of discoverable information and materials.

Sincerely,

*/s/ Joni Jacobsen*

Joni Jacobsen