# EXHIBIT I



Tamar A. Weinrib
Partner

November 30, 2023

**VIA EMAIL**

David Kistenbroker
Joni S. Jacobsen
DECHERT LLP
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601

      Re:    *Theodore v. PureCycle Technologies, Inc. et al.,* No. 6:21-cv-809-PGB-GJK
               (M.D. Fl.)

Dear Counsel:

On behalf of Lead Plaintiffs Robert Ciecko and Mariusz Ciecko ("Plaintiffs"), I write in response to your letters dated November 22, 2023 and November 30, 2023 regarding Lead Plaintiffs Robert and Mariusz Ciecko's ("Plaintiffs") Responses and Objections to the PureCycle Defendants' First Requests for Production dated September 13, 2023 ("R&Os") and Initial Disclosures dated July 28, 2023.

As stated in the R&Os and as confirmed during our meet and confer held on November 17, 2023, Plaintiffs have already produced all of the responsive documents in *their* possession, custody and control. We also reiterate our position that Defendants are not entitled to discovery from Plaintiffs' attorneys that is protected under the attorney client privilege or work product doctrine. As you are well aware, neither the Second Consolidated Amended Class Action Complaint filed on August 18, 2022 (Doc. No. 113)("SAC") nor any prior filed complaint in this action cites to or relies upon the statements of any anonymous witnesses. Despite your reference to "applicable law," of which you cite none, the case law both in this Circuit and in other jurisdictions is clear

600 Third Avenue, 20th Floor, New York, New York 10016  Tel:  212-661-1100

New York        Chicago        Los Angeles        Paris        www.PomerantzLaw.com

Page 2

that Defendants are not entitled to discovery revealing the identity of any third party witness counsel may or may not have spoken to in the course of this litigation, *unless* Plaintiffs relied upon such witnesses in their complaint (which they did not) or unless Plaintiffs have already determined they will rely upon such witnesses at trial (a premature determination given the dearth of discovery Defendants have produced to date). *See Mazur v. Lampert*, No. 04-61159 CIV, 2007 WL 917271, at *6 (S.D. Fla. Mar. 25, 2007) ("if Plaintiffs intend to treat those witnesses merely as confidential sources, and not truly as 'witnesses' whose identities will be revealed at trial, then Plaintiffs are justified in their refusal to disclose those persons in discovery"). *See also In re Faro Techs. Sec. Litig.*, No. 605CV-1810-ORL-22DAB, 2008 WL 205318, at *2 (M.D. Fla. Jan. 23, 2008); *In re Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 389 (S.D. Cal. 2002) (identities of persons plaintiffs chose to interview in pretrial investigation are protected by work product doctrine); *In re MTI Tech. Corp. Sec. Litig. II,* 2002 WL 32344347, at *1 (C.D. Cal. June 13, 2002) (same).  Any accusations that that this somehow "obstruct(s) Defendants from adequately preparing their defense" are baseless.

This is particularly so given that the identities of any individual Plaintiffs believes at this point may have relevant discoverable information is listed in the Initial Disclosures served on July 28, 2023.  Defendants have asked Plaintiffs to supplement the disclosures with phone numbers and addresses.  Federal Rule of Civil Procedure 26 ("Rule 26") is clear that a party is only required to provide the address and telephone number of individuals likely to have discoverable information to the extent they are "known."  As communicated to you during the meet and confer, Plaintiffs do not "know" the addresses of these individuals and thus have not included them in the Initial Disclosures.  Indeed, given that these individuals are current or former employees of Defendant **PureCycle**, **PureCycle** undoubtedly has this information already.  Nevertheless, in the attached

amended Initial Disclosures Plaintiffs include any phone numbers they have been able locate. Moreover, Rule 26 simply states that the Initial Disclosures should indicate along with the identities of individuals likely to have discoverable information, the "subjects of that information." Plaintiffs have done so to the best of their ability given the information currently at their disposal. These are individuals that worked at PureCycle during the relevant time frame and thus may or may not have discoverable information on any of the subject matters listed in the Initial Disclosures at 3-4.  However,  though Plaintiffs served their First Set of Requests for Production *four months ago,* the PureCycle Defendants[1] have only made one limited production to date, have yet to agree upon a final search term list, and have given no indication when they intend to make further productions much less complete production in response to the Requests.  Absent this discovery, Plaintiffs are unable to delineate which former or current employees of PureCycle have discoverable information regarding which subject matters asserted in the Complaint.

Lastly, in response to your November 30, 2023 letter, we confirm that Plaintiffs have produced all documents in their possession, custody, and control reflecting their transactions in PureCycle securities, which are also listed in the certifications previously filed with the Court. However, to clarify, CIECKO000001-CIECKO000008 reflects all of Mariusz Ciecko's trades in PureCycle through Merrill, a Bank of America Company, whereas CIECO000009-CIECKO000021 reflect all of Robert Ciecko's trades in PureCycle through TD Ameritrade.

I remain available to meet and confer at 12:30pm today Eastern Time.  However, be advised that Plaintiffs will not agree to produce any requested documents or information that are covered by any applicable privilege, as asserted in the R&Os, as asserted during our November 17 meet and confer, and as made clear once again herein.

---

[1] PureCycle Technologies, Inc., Michael Otworth, Michael Dee, and David Brenner.

Respectfully submitted,


Tamar A. Weinrib