# EXHIBIT J

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

WILLIAM C. THEODORE,
individually and on behalf of all others
similarly situated,

      Plaintiffs,

        v.

PURECYCLE TECHNOLOGIES,
INC., MICHAEL OTWORTH,
MICHAEL E. DEE, DAVID
BRENNER, BYRON ROTH and
TASMIN ETTEFAGH,

      Defendants.

Case No. 6:21-cv-809-PGB-GJK

**PLAINTIFFS' AMENDED INITIAL
DISCLOSURES PURSUANT TO
FEDERAL RULE OF CIVIL
PROCEDURE 26(a)(1)**

## I.    PRELIMINARY STATEMENT

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Lead Plaintiffs Robert Ciecko and Mariusz Ciecko ("Plaintiffs"), hereby submit their initial disclosures.

Plaintiffs' investigation is continuing, and discovery may reveal additional documents, individuals, or entities likely to have discoverable information that Plaintiffs may use to support the claims set forth in their Consolidated Second Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 113) (the "Complaint").  Plaintiffs reserve the right to modify or supplement the information contained in these initial disclosures.

## II.    INITIAL DISCLOSURE QUALIFICATIONS

These initial disclosures are made without waiver of, or prejudice to, any current or future objections Plaintiffs may have. Plaintiffs expressly reserve all objections, including, but not limited to: (a) relevance; (b) attorney-client privilege; (c) work product protection; (d) privacy; (e) any other applicable privilege or protection under federal or state laws; (f) undue burden; (g) materiality; (h) overbreadth; and (i) the admissibility of these initial disclosures or the subject matter thereof.

These initial disclosures are based upon information reasonably available to Plaintiffs at this time.  Because Defendants have not produced any documents to date, Plaintiffs have not had the opportunity to review any documents or information in the possession, custody, or control of the Defendants that might lead to the identification of individuals or entities that are likely to possess discoverable information.  Plaintiffs have not yet completed their investigation of this case and discovery may reveal additional documents, individuals and/or entities likely to have discoverable information that Plaintiffs may use to support its claims.  Plaintiffs incorporate by reference herein any other individuals and entities identified by any other party to this litigation.  Additionally, Plaintiffs reserve the right to amend or supplement these initial disclosures if and when Plaintiffs obtain supplemental information, in accordance with Rule 26(e) or as otherwise appropriate.

## III.   PERSONS WHO MAY HAVE DISCOVERABLE INFORMATION UNDER FED. R. CIV. P. 26(a)(1)(A)(i)

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Plaintiffs hereby submit that the following individuals and entities are likely to have discoverable information that they may use to support their claims in this action.

### A. Plaintiffs

Plaintiffs listed below possess discoverable information concerning their purchases and/or sales of PureCycle Technologies Inc. ("PureCycle") securities from November 16, 2020 through November 10, 2021 (the "Class Period"):

Robert Ciecko and Mariusz Ciecko
c/o Pomerantz LLP
600 Third Avenue, 20th floor
New York, New York 10016

Other members of the proposed Class, whose identities are exclusively within Defendants' knowledge, are likely to have discoverable information concerning their purchases and/or sales of the Company's securities.

### B. Defendants, Current and Former Employees, Directors and Agents of PureCycle and Roth CH Acquisition I Co.

Defendants and the individuals listed below are likely to have discoverable information that Plaintiffs may use to support their claims as alleged in the Complaint, including, but not limited to, information concerning: (i) Defendants' statements alleged in the Complaint to be false and misleading; (ii) Roth CH Acquisition I Co.'s ("ROCH") acquisition of PureCycle; (iii) PureCycle's agreement with Procter & Gamble to license its polypropylene recycling technology; (iv) PureCycle's

3

polypropylene recycling process; (v) PureCycle management's background and experience; (vi) government investigations relating to PureCycle's recycling process and/or PureCycle management's public statements regarding PureCycle's technology, financial projections, key supply agreements, and management; (vii) PureCycle management's compensation; (viii) Byron Roth's compensation as a result of ROCH's acquisition of PureCycle; (ix) Byron Roth's preexisting relationships with PureCycle senior executives; (x) Food and Drug Administration communications with PureCycle regarding its recycling technology; (xi) ROCH and PureCycle's document retention policies and practices; and (xii) the location or identity of documents, witnesses, or other evidence pertaining to the allegations in the Complaint:

> PureCycle Technologies Inc.
> c/o Dechert LLP
> 35 West Wacker Drive, Suite 3400
> Chicago, IL 60601
>
> Michael Otworth
> c/o Dechert LLP
> 35 West Wacker Drive, Suite 3400
> Chicago, IL 60601
>
> Michael E. Dee
> c/o Dechert LLP
> 35 West Wacker Drive, Suite 3400
> Chicago, IL 60601
>
> David Brenner
> c/o Dechert LLP
> 35 West Wacker Drive, Suite 3400
> Chicago, IL 60601
>
> Byron Roth
> c/o DLA Piper LLP
> 2000 Avenue of the Stars

4

Suite 400 North Tower
Los Angeles, CA 90067-4735

Tasmin Ettefagh
c/o Dechert LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601

Lauren Maleki

Amy Jo Clark
317-504-0133

John Layman
513-335-6931

Amber Sias
606-831-5549

Eric Gindlesperger
606-928-5597

Sam Carver
606-232-7106

John D. Trebbien
513-886-2806

Chris Talarek

Tom Cripe

Melanie Whitfield

Ethan Chesser
713-501-0991

James H. Haw

Brandon McDaniel

Diana Schwering

5

Jason Vititoe

Dustin Olson

Melissa Westerman

Scott Brown

Kara Viademonte
407-968-7171

Desiree Janisse

Rachel Dial

Malcolm Osenton

Madeline Skena
847-868-5885

Ron Rau

Rick Blakeslee

Felix Banuchi

Amy Simpson

Kristen Taylor

Katrina Page Holloway

Richard Crockrel

Jimmie Weatherford

Brett Hafer

Gordon Roth (ROCH)

Rick Hartfiel (ROCH)

John Lipman (ROCH)

6

Aaron Gurewitz (ROCH)

Molly Montgomery (ROCH)

Daniel M. Friedberg (ROCH)

Adam Rothstein (ROCH)

### C. Government Agencies and Representatives

The following government agencies, as well their employees or affiliates, are likely to have discoverable information relevant to the Complaint's allegations that Plaintiffs may use to support their claims including, but not limited to:

The Securities and Exchange Commission

The Food and Drug Administration

**IV.     A COPY-- OR DESCRIPTION BY CATEGORY AND LOCATION—OF ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT THE DISCLOSING PARTY HAS IN ITS POSSESSION, CUSTODY, OR CONTROL AND MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS THE USE WOULD BE SOLELY FOR IMPEACHMENT, PURSUANT TO FED R. CIV. P. 26(a)(1)(A)(ii)**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), categories of documents or tangible things in Plaintiffs' possession or control that they may use to support their claims include, without limitation, the following:

1.     Plaintiffs' financial records identifying and relating to their purchases and sales of PureCycle securities.

7

2.      As referenced in the Complaint, publicly available documents regarding PureCycle, such as Securities and Exchange Commission filings, press releases, conference call transcripts, media articles, and analyst reports.

Plaintiffs reserve their right to use any and all documents produced by any other party or non-party in this action.

### V.    COMPUTATION OF DAMAGES UNDER FED. R. CIV. P. 26(a)(1)(A)(iii)

Any computation or estimate of damages is premature at this stage and subject to expert input and analysis.   Nevertheless, Plaintiffs seek, or intend to seek, compensatory damages, as well as pre-judgment interest, post-judgment interest, and reasonable attorneys' fees and costs and expenses, none of which can be computed or estimated at this time.

Plaintiffs reserve the right to supplement this disclosure and will make expert disclosures pursuant to Rule 26(a)(2) at the appropriate time, consistent with the schedule ordered by the Court or otherwise agreed to by the parties, subject to the Court's approval.

### VI.    ANY INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A JUDGMENT UNDER FED. R. CIV. P. 26(a)(1)(A)(iv)

Plaintiffs respond that the information sought by this portion of the Rule is inapplicable to Plaintiffs.

Dated: December 4, 2023                          Respectfully submitted,

**POMERANTZ LLP**

8

By: */s/ Tamar A. Weinrib*
Tamar A. Weinrib
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (646) 581-9973
Facsimile: (917) 463-1044
taweinrib@pomlaw.com

*Lead Counsel for Plaintiffs*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December, 2023, I served the foregoing Amended Initial Disclosure of Plaintiffs Pursuant to Federal Rule of Civil Procedure 26(a)(1), via electronic mail to all counsel of record.  The Initial Disclosures were originally served on July 28, 2023.

_/s/ Tamar A. Weinrib_
Tamar A. Weinrib