# EXHIBIT K

# Dechert
LLP

35 West Wacker Drive
Suite 3400
Chicago, IL  60601
+1 312 646 5800  Main
+1 312 646 5858  Fax
www.dechert.com

**JONI JACOBSEN**

Joni.Jacobsen@dechert.com
+1 312 646 5813  Direct
+1 312 277 3105  Fax

December 18, 2023

**VIA EMAIL**

Tamar A. Weinrib
Pomerantz LLP
600 Third Avenue, 20th Floor
New York, NY 10016
taweinrib@pomlaw.com

**Re: Theodore v. PureCycle Technologies Inc., No. 21-cv-809 (M.D. Fla.)**

Dear Tamar:

On behalf of Defendants PureCycle Technologies, Inc., Michael Dee, Michael Otworth, and David Brenner ("PureCycle Defendants") and Defendant Byron Roth ("Roth"), I write to renew specific discovery Requests based on information gathered in the Lead Plaintiffs' Depositions on December 7, 2023, and December 12, 2023.

**Document Production**

Previously, you represented to both counsel for the PureCycle Defendants and Defendant Byron Roth that the 21 total pages produced by Lead Plaintiffs on November 13, 2023 were the only non-privileged Documents in Lead Plaintiffs' possession, custody or control that are responsive to either PureCycle Defendants' or Defendant Roth's Requests for Production.  This representation was revealed to be false in the Lead Plaintiffs' depositions.

First, in Robert Ciecko's deposition held on December 7, 2023, he was asked about the existence of Documents relating to this litigation.  He testified that the receives "a notification that [he has] a statement, and then [he could] go and retrieve them electronically on [his] own, and if [he] want[s], [he] can print the hard copies." *Id*. at 108:10-19.  He also testified that he did not search his emails for Documents or Communications responsive to Defendants' Document Requests other than searching for "PCT" and "PureCycle", *Id*. at 142:14-143:25, which obviously does not encompass all of Defendants' Requests.  Further, he confirmed that two of the accounts with which he purchased and sold PureCycle Securities—and included in his certification attached to his Motion for Lead Plaintiff—were not accounts held under his name or his Social Security number; instead, the accounts were held under his children's Social Security numbers, and the other two accounts are joint accounts with his wife.  *Id*. at 157:4-164:11.  Mr. Robert Ciecko even had difficulty identifying which of his four accounts were which since the account names and numbers



December 18, 2023
Page 2

were improperly redacted from the production.[1]  Based on this testimony, PureCycle Defendants request that Mr. Robert Ciecko conduct a full search of his online TD Ameritrade accounts, as well as his email account(s) and produce all Documents responsive to Defendants' Document Requests, including but not limited to: (1) any account statements reflecting PureCycle Securities trades; (2) any email notifications sent by TD Ameritrade or Charles Schwab reflecting PureCycle Securities trade information; (3) any emails responsive to the Document Requests, including PureCycle Defendants' Request Nos. 1, 3; (4) Documents sufficient to show how each account is titled including the last two digits of the account number and last four digits of the Social Security/Tax ID number associated with each account.  These Documents and Communications are responsive to PureCycle Defendants' Request Nos. 1, 3, 15 and 34.[2]

Additionally, in Mariusz Ciecko's deposition held on December 12, 2023, he testified that he did not conduct any searches of his emails for Documents responsive to the Requests in Exhibit 12, "because [he] did not save any documents in [his] email." M. Ciecko Dep. Trans. At 108:3-9.  And yet, he later revealed that he received email notifications from Merrill Lynch indicating when each trade had been completed or executed. M. Ciecko Dep. Trans. at 126:13-18; 168:22-170:15. Mariusz Ciecko also testified that he did not recall whether Merrill Lynch sent email notifications regarding monthly or quarterly account statements, nor did he actively look for account statements on his Merrill Lynch online account.  *Id*. at 110:18-111:9.  Based on this testimony, we request that Mariusz Ciecko conduct a search of his email account(s) and his online Merrill Lynch Account for all Documents responsive to Defendants' Document Requests, including but not limited to: (1) email notifications from Merrill Lynch regarding his PCT trades, (2) account statements including information regarding his PCT trades, (3) any emails responsive to the Document Requests, include PureCycle Defendants' Request Nos. 1, 3, and (4) any other Documents or information available regarding his PCT trades.  These Documents and Communications are responsive to PureCycle Defendants' Request Nos. 1, 3, 15 and 34.[3]

Plaintiffs have an obligation to conduct a search of all possible sources which may contain Documents responsive to Defendants' Requests for Production.  The fact that neither Lead Plaintiff has actually done so, despite your repeated representations that no additional non-privileged Documents exist, is concerning.  Please ensure that your clients conduct the requested searches and

---

[1] Furthermore, Mr. Robert Ciecko testified that he took notes during his research regarding PureCycle Securities in a notebook, R. Ciecko Dep. Trans. at 132:7-134:9.  The relevant page of that notebook was then produced in the middle of the deposition (CIECKO001939).  This too calls into question whether he made sufficient effort to locate all responsive Documents.

[2] As discussed in Counsel for Roth's December 15th Letter, the same are similarly responsive to Defendant Roth's Document Requests.

[3] As discussed in Counsel for Roth's December 15th Letter, the same are similarly responsive to Defendant Roth's Document Requests.



December 18, 2023
Page 3

produce any additional responsive Documents by December 22, 2023. Otherwise, Defendants will pursue a motion to compel production of such Documents in Court.

**Identity of Unnamed Persons in the SAC**

We also disagree with your repeated assertion of the work product privilege and/or the attorney client privilege[4] as a purported basis to withhold the identity of any individuals with whom Lead Plaintiffs—or You as Lead Counsel—have communicated with prior to or during the course of this litigation. These Requests include the identity of any former employees of PureCycle, any anonymous witnesses or other sources referenced in the Hindenburg Report, and/or current or former employees at Hindenburg Research.

The attorney work-product doctrine only protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial." Fed. R. Civ. P. 26(b)(3)(A). Contrary to your position, the attorney work product doctrine does not protect all communications attorneys may have with non-clients, nor Documents gathered (not prepared) during the preparation of the Complaint or the course of litigation. Moreover, the work product doctrine certainly does not protect the *identity* of individuals with whom counsel corresponded and the dates of such correspondence—particularly where, **as here**, such individuals were sources for the allegations in the SAC, were quoted extensively throughout the SAC, and may be crucial witnesses in the litigation. *See, e.g.*, SAC ¶¶ 10, 48, 76, 81, 82. The *identity* of such individuals is the only information requested by Request for Production No. 7, and Interrogatory Nos. 7, 8, 9. Your refusal to disclose the identity of these individuals is improper, a blatant attempt to hide relevant information, and prevents Defendants from adequately preparing their defense.

The authority you cite in your November 30, 2023 Letter to counsel for PureCycle Defendants actually supports Defendants' position. In *Mazur v. Lampert*, for example, the court states that "under the plain language of the operative Rule in this matter, a claim of work product protection in response to an interrogatory asking for the identity of specific witnesses identified in a complaint must fail." No. 04-61159 CIV, 2007 WL 917271, at *3 (S.D. Fla. Mar. 25, 2007). Unlike here,

---

[4] In Lead Plaintiffs' Responses and Objections to Defendants' First Set of Interrogatories, you objected to such requests as improperly seeking information protected by the attorney client privilege or work product doctrine. LP's R&Os to PureCycle Defendants' Interrogatory Nos. 7, 8, 9 ("Plaintiffs further object to this Interrogatory, and will not respond, to the extent it seeks information protected by the attorney client or work product privileges."). You repeated such objections in our meet and confer on November 17, 2023, but refused to specify whether the objections were on the basis of attorney-client privilege or work product. As noted in our letters dated November 22, 2023 and November 30, 2023, if you have an attorney-client relationship with any of the individuals whose identity we seek, notify us in writing by December 22, 2023. Otherwise, we will assume the basis for your objections are the attorney-work product doctrine.



December 18, 2023
Page 4

the plaintiffs in *Mazur*, included all individuals cited in the complaint in their Rule 26(b)(1) disclosures, including their positions held with which employers, which made deducing the identity of those individuals cited in the complaint reasonably likely. *Id*. at *1. Here, Lead Plaintiffs have continued their attempt to improperly withhold the identity of such individuals by serving wholly inadequate Rule 26 Disclosures. Specifically, in response to PureCycle Defendants' Request No. 7, Lead Plaintiffs refer Defendants to Lead Plaintiffs' Initial and Supplemental Disclosures. Yet their disclosures merely list 40 names—with no indication of where each person is or was employed, their positions, nor the information they may have which is relevant to this action.

Similarly, *In re Faro Techs. Sec. Litig.*, No. 605CV-1810-ORL-22DAB, 2008 WL 205318, at *2 (M.D. Fla. Jan. 23, 2008) supports Defendants' position that "solely as to the issue of identity, the Court agrees with the majority of the courts that have recently addressed the issue, and finds "the work product immunity does not allow Plaintiffs to conceal the identity of those "Confidential Witnesses" identified by title in the complaint."" Defendants are not seeking the "particulars of any and all contacts with Plaintiffs attorneys and investigators", *Id.*, but merely their *identity*. This position was reiterated in *Hubbard v. Bankatlantic Bancorp, Inc.*, No. 07-61542-CIV, 2009 WL 3856458, at *2 (S.D. Fla. Nov. 17, 2009) where Plaintiffs were ordered to provide the names of the unnamed persons in their complaint a full six months before discovery closed. Caselaw on this issue is in Defendants' favor.

Your obstructive and evasive tactics continued through the depositions of Lead Plaintiffs, and in the Responses and Objections to PureCycle Defendants' Requests for Admission. For example, Robert Ciecko was asked whether he knew the names of or if his attorneys had spoken to anyone referenced in Paragraph 10 of the SAC, to which you objected on privilege grounds, and he refused to answer. R. Ciecko Dep. Trans. at 121:9-124:14. Additionally, in PureCycle Defendants' Request for Admission No. 24 to Mariusz Ciecko states: "Admit that you have no knowledge of the identity of the PureCycle or Prior Companies' employees referenced in the Hindenburg Report." (emphasis added). Mariusz Ciecko's answer evades the request for *present day knowledge* responding: "Plaintiff Mariusz Ciecko *had no knowledge* of the identity of PureCycle or Prior Companies' employees referenced in the Hindenburg Report *during the Relevant Time Period*." (emphasis added). The same evasive tactic is employed in response to Request for Admission No. 25, which seeks admission that "You *have had* no communication with any third party referenced in the Hindenburg Report" (with You defined to include Lead Counsel), to which Plaintiff Mariusz Ciecko responses "Plaintiff Mariusz Ciecko admits that *he had no communication during the Relevant Time Period* with any third party referenced in the Hindenburg Report." The Responses provided by Robert Ciecko are similarly evasive.

Based on the aforementioned responses to Defendants' discovery requests, PureCycle Defendants and Defendant Roth are moving forward with a motion to compel disclosure of the identity of any



December 18, 2023
Page 5

anonymous or otherwise unidentified third-parties referenced or quoted in the SAC that Lead Plaintiffs or Lead Counsel have been in contact with prior to or throughout the course of this litigation.  Please confirm your position that the *identity* of such persons is covered by the attorney work product privilege.

*        *        *

Please provide responses and responsive Documents to the above requests no later than December 22, 2023 or your availability for a meet and confer before that date. Otherwise, we will seek relief in Court.

Sincerely,

*/s/ Joni Jacobsen*

Joni Jacobsen