# EXHIBIT L



Tamar A. Weinrib
Partner

December 21, 2023

**VIA EMAIL**

David Kistenbroker
Joni S. Jacobsen
DECHERT LLP
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601

      Re:    *Theodore v. PureCycle Technologies, Inc. et al.,* No. 6:21-cv-809-PGB-GJK
             (M.D. Fl.)

Dear Counsel:

On behalf of Lead Plaintiffs Robert Ciecko and Mariusz Ciecko ("Plaintiffs"), I write in response to your letter dated December 18, 2023, wherein you request additional production of documents from Co-Lead Plaintiffs Robert Ciecko and Mariusz Ciecko ("Plaintiffs"). Plaintiffs previously produced documents bates stamped CIECKO000001-CIECKO000021, which reflect all of their transactions in PureCycle securities. During their depositions, Plaintiffs testified comprehensively regarding their relevant transactions and confirmed that the documents they have already produced reflect all of their transactions in PureCycle securities. Nevertheless, and though *Defendants already possesses all of Plaintiffs' relevant trading data in PureCycle securities*, attached is a supplemental production bates stamped CIECKO001940-CIECKO002087 with monthly account statements for Plaintiffs' brokerage accounts which reflect *the same transactional data* they have already produced.

**Robert Ciecko**: Your letter falsely states that, Mr. Ciecko "confirmed that two of the accounts with which he purchased and sold PureCycle Securities—and included in his certification

attached to his Motion for Lead Plaintiff—were not accounts held under his name or his Social Security number; instead, the accounts were held under his children's Social Security numbers…" In fact, Mr. Ciecko clearly testified that all four of his accounts are joint. R. Ciecko Dep. Tr., 159:7-8 ("my joint account with my son"); 159:10-11 ("that is my daughter's and my joint account'); 162: 12-14 ("Q: Do I understand that those are joint accounts with your wife? A: Yes."). Mr. Ciecko testified that he believes his children's social security numbers are associated with their accounts; he never stated that his social security number is *not* also associated with these accounts. Nevertheless, it is apparent both from his testimony and from the attached production that Mr. Ciecko is account holder on all four accounts and had trading authority on all four accounts.

Regarding Defendants' request for emails, Mr. Ciecko has already made abundantly clear both in his responses and objections to Defendants' discovery requests and again in his deposition testimony that, "I had nothing on my computer. I never stored anything on my computer." R. Ciecko Dep. Tr., 131:23-24.

**Mariusz Ciecko**: Defendants acknowledge Mr. Ciecko's clear testimony that he did not have any emails responsive to the discovery requests yet remarkably ask that he search for and produce emails. Referring to testimony wherein Mr. Ciecko stated that he received email confirmations of executed trades, and though Mr. Ciecko has already produced documents reflecting all of his holdings and trades in PureCycle securities and testified to those transactions at his December 12, 2023 deposition, Defendants request production of these auto generated confirmations from Merrill Lynch. Those emails do not mention the name of any security, the nature of the executed transaction (*e.g.*, buy or sell), the amounts involved, or any other relevant identifying detail. Given that these auto generated emails contain no relevant data regarding Mr.

Ciecko's transactions in PureCycle securities, and given that the fact of their execution is already evident from Mr. Ciecko's prior production, testimony, and the supplemental production transmitted herewith, there is no basis for demanding their production.

**Defendants' Request for Privileged Material**: Plaintiffs have already made their position abundantly clear that, consistent with the case law, Defendants are not entitled to production of attorney work product identifying any individual with whom counsel may or may not have communicated regarding this litigation. The Second Consolidated Amended Class Action Complaint filed on August 18, 2022 (Doc. No. 113)("SAC") does not directly rely upon confidential witness statements but rather cites to the Hindenburg Report and recounts the statements of former employees with whom Hindenburg communicated. Defendants have provided no basis for seeking production of privileged attorney work product identifying anyone counsel has communicated with in the course of litigation, where the operative complaint only cites to anonymous witness statements obtained by a third party (that is not an agent of counsel) prior to the commencement of litigation[1].

We therefore reiterate our position as set forth in our December 4, 2023 letter, that Defendants are not entitled to production of privileged materials:

> The case law both in this Circuit and in other jurisdictions is clear that Defendants are not entitled to discovery revealing the identity of any third party witness counsel may or may not have spoken to in the course of this litigation, *unless* Plaintiffs relied upon such witnesses in their complaint (which they did not) or unless Plaintiffs have already determined they will rely upon such witnesses at trial (a premature determination given the dearth of discovery Defendants have produced to date). *See Mazur v. Lampert*, No. 04-61159 CIV, 2007 WL 917271, at *6 (S.D. Fla. Mar. 25, 2007) ("if Plaintiffs intend to treat those witnesses merely as confidential sources, and not truly as 'witnesses' whose identities will be revealed at trial, then Plaintiffs are justified in their refusal to disclose those persons in discovery"). *See also In re Faro Techs. Sec. Litig.*, No. 605CV-1810-ORL-22DAB, 2008 WL 205318, at *2 (M.D. Fla. Jan. 23, 2008); *In re Ashworth, Inc. Sec. Litig.*,

---

[1] Even if the Complaint did directly rely upon confidential witnesses with whom Plaintiff directly communicated, Defendants did not limit their request to identification of confidential witnesses relied upon in the Complaint.

Page 4

213 F.R.D. 385, 389 (S.D. Cal. 2002) (identities of persons plaintiffs chose to interview in pretrial investigation are protected by work product doctrine); *In re MTI Tech. Corp. Sec. Litig. II,* 2002 WL 32344347, at *1 (C.D. Cal. June 13, 2002) (same). Any accusations that that this somehow "obstruct(s) Defendants from adequately preparing their defense" are baseless.

Moreover, your false accusations of "obstructive and evasive tactics" are not only inflammatory but inaccurate. The PureCycle Defendants' Requests for Admission specify a Relevant Time Period of November 16, 2020 through November 10, 2021 inclusive, yet Defendants accuse Plaintiffs of being "evasive" for providing responses limited to that Relevant Time Period. Regardless, both Robert and Mariusz Ciecko testified at their depositions that they did not communicate with anyone at Hindenburg or the Prior Companies. *See* R. Ciecko Dep. Tr., 129:9-24; 130:2-24; 131:1-2; 210:2024, 211:1-7; M. Ciecko Dep. Tr., 112:25; 113:1-16.

**Defendants' Deficient Production**: Plaintiffs served their First Set Of Requests For Production Of Documents To Defendants on August 2, 2023, *almost five months ago.* Yet to date, Defendants made one scant deficient production on November 9, 2023, and provided no timeline for further productions since. Indeed, while production in response to all of the Requests should have been made in a timely manner, Plaintiffs made clear in the letter dated October 11, 2023 that search terms are not appropriate to narrow the scope of production in response to Requests Nos. 7, 13, 26, and 35. Production of documents in response to those Requests should have therefore been made months ago. If Defendants do not make a meaningful production by Friday, December 29, 2023, that at minimum incudes complete production in response to Requests Nos. 7, 13, 26, and 35, along with a schedule for when they will substantially complete production in response to all of the Requests, Plaintiffs will file a motion to compel with the Court.

\*\*\*

To the extent any matter addressed herein requires further discussion, I am available to meet and confer on Tuesday, December 26, 2023.

Respectfully submitted,

Tamar A. Weinrib