## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| WILLIAM C. THEODORE, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 6:21-cv-809-PGB-RMN |
| v. | **DEFENDANTS' MOTION TO COMPEL PRODUCTION OF INFORMATION AND DOCUMENTS RESPONSIVE TO DEFENDANTS' REQUESTS FOR PRODUCTION AND INTERROGATORIES** |
| PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER, and BYRON ROTH, | |
| Defendants. | |

Defendants respectfully move for an order compelling Plaintiffs to produce information and documents responsive to Defendants' First Requests for Production ("RFPs") and First Set of Interrogatories ("Interrogatories") which seek the identity of unnamed individuals referenced or quoted in the SAC, including anonymous sources referenced in the Hindenburg Report. Ex. A, RFPs 6-7, 14; Ex. B, Interrogs. 7-9.[1] Although Plaintiffs rely upon and quote these sources throughout the SAC,  SAC ¶¶ 10, 48, 76, 81-82, Plaintiffs refuse to provide their identities or documents despite meet and confers. *See* Ex. C, 9-11; Ex. D, 10-11, 16; Exs. E-L.

"The names and addresses of witnesses are non-privileged and discoverable." *In re Faro Techs. Sec. Litig.*, Case No. 6:05-cv-1810, 2008 WL 205318, at *2 (M.D.Fla.

---

[1] True and accurate copies of the Parties' Discovery Requests, Responses and Objections, and correspondence regarding this discovery dispute are attached as Exhibits A-L.

1

Jan. 23, 2008) (quoting *Castle v. Sangamo Weston, Inc.,* 744 F.2d 1464, 1467 (11th Cir. 1984)).  "Defendants are entitled to the discovery of the name and address of those persons described in the [SAC]" because "[s]uch information is obviously 'relevant . . . and is 'reasonably calculated to lead to the discovery of admissible evidence.'"  *In re Aetna Inc. Sec. Litig.*, No. Civ. A. MDL 1219, 1999 WL 354527, at *2 (E.D.Pa. May 26, 1999).  "Requiring Plaintiffs to identify the names of individuals whose statements they 'found significant enough to include in their Complaint .... is the very essence of the discovery process.'"  *Edwards v. McDermott Int'l, Inc.*, Case No. 4:18-cv-4330, 2021 WL 5121853, at *3 (S.D. Tex. Nov. 4, 2021).

Plaintiffs' objections are meritless.  Even if an attorney-client relationship existed, it would not protect "the external trappings of the relationship, such as facts relating to the creation or existence of the attorney-client relationship."  *Thompson v. Cincinnati Ins. Co.*, Case No. 3:10-cv-318, 2010 WL 4667100, at *3 (N.D. Fla. Nov. 9, 2010).  Additionally, "the work product doctrine does not protect against the discovery of relevant non-privileged facts, whether or not they are contained in protected documents or were learned by an attorney."  *In re Theragenics Corp. Sec. Litig.*, 205 F.R.D. 631, 633–34 (N.D. Ga. 2002) (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 507 (1947)).  Moreover, while Plaintiffs point to more than 45 persons identified in their Initial Disclosures, Exs. L, I, that does not relieve them of their burden to produce non-privileged documents responsive to Defendants' RFPs or identify which individuals were sources for the Hindenburg Report.  *Hubbard v. Bankatlantic Bancorp, Inc.*, Case No. 07-61542, 2009 WL 3856458, at *4 (S.D. Fla. Nov. 17, 2009); *In re*

*Harmonic, Inc. Sec. Litig.*, 245 F.R.D. 424, 428 (N.D. Cal. 2007); *Am. Floral Servs., Inc. v. Florists Transworld Delivery Ass'n*, 107 F.R.D. 258, 260–61 (N.D. Ill. 1985).

"[I]t would be unfair to permit Plaintiffs to rely so heavily in their Complaint on the confidential witnesses, yet allow Plaintiffs to keep their identities from Defendants during discovery, unless and until Plaintiffs decide to use the confidential witnesses at trial witnesses[.]" *Hubbard*, 2009 WL 3856458, at *4; *see, e.g.,* SAC ¶¶ 10, 48, 76, 81-82.

Dated: February 23, 2024                    **DECHERT LLP**

By:     /s/ *Joni S. Jacobsen*
        David Kistenbroker (*admitted pro hac vice*)
        Joni S. Jacobsen (*admitted pro hac vice*)
        Radhe Patel
        35 W. Wacker Drive, Suite 3400
        Chicago, IL 60601
        312-646-5800
        david.kistenbroker@dechert.com
        joni.jacobsen@dechert.com
        radhe.patel@dechert.com

        Nina S. Riegelsberger (*admitted pro hac vice*)
        Hayoung Park (*admitted pro hac vice*)
        Julia Markham-Cameron
        Three Bryant Park
        1095 Avenue of the Americas
        New York, NY 10036
        212-698-3500
        nina.riegelsberger@dechert.com
        hayoung.park@dechert.com
        julia.markham-cameron@dechert.com

3

STOVASH, CASE, SHAY & PEARCE, P.A.

Amy S. Shay, Esquire
Florida Bar Number 0068871
ashay@scsplaw.com
The VUE at Lake Eola 220 N. Rosalind Avenue
Orlando, Florida 32801
(407) 316-0393

*Counsel for Defendants PureCycle Technologies, Inc., Michael Otworth, Michael E. Dee, David Brenner*

DLA PIPER LLP (US)

*/s/ John R. Loftus*
John R. Loftus (*admitted pro hac vice*)
Christine E. Ellice (*admitted pro hac vice*)
2000 Avenue of the Stars Suite 400
North Tower Los Angeles, CA 90067
Telephone: (310) 595-3000
jake.loftus@dlapiper.com
christine.ellice@dlapiper.com

Ardith Bronson
Florida Bar No. 423025
200 S. Biscayne Blvd. Suite 2500
Miami, FL 33131-5341
Telephone: (305) 423-8562
ardith.bronson@dlapiper.com

*Counsel for Defendant Byron Roth*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ *Joni S. Jacobsen*

Joni S. Jacobsen (*admitted pro hac vice*)
DECHERT LLP
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601
312-646-5800
joni.jacobsen@dechert.com

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that on November 17, 2023, counsel for the PureCycle Defendants and Plaintiffs met and conferred regarding the topic of this Motion via telephonic conference, and again through several letters following up on the meet and confer conversation, *see* Exs. G, H, I, K, L.  No part of the discovery dispute was resolved through the meet and confer or correspondence between counsel.

/s/ *Joni S. Jacobsen*
Joni S. Jacobsen (*admitted pro hac vice*)
DECHERT LLP
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601
312-646-5800
joni.jacobsen@dechert.com

6

**STANDING ORDER ON DISCOVERY MOTIONS CERTIFICATION**

I hereby certify that the foregoing motion is in compliance with U.S. Magistrate Judge's Standing Order on Discovery Motions, ECF No. 5, and includes 494 words which were counted by Microsoft Word, exclusive of the caption, signature blocks, and certifications.

/s/ *Joni S. Jacobsen*
Joni S. Jacobsen (*admitted pro hac vice*)
DECHERT LLP
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601
312-646-5800
joni.jacobsen@dechert.com