# EXHIBIT A

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. THEODORE, individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E.DEE, DAVID BRENNER, BYRON ROTH, and TASMIN ETTEFAGH, <br><br> Defendants. | Case No. 6:21-cv-809-PGB-GJK <br><br> **DEMAND FOR A JURY TRIAL** |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, and this Court's July 26, 2023 Case Management and Scheduling Order [Dkt. 154], PureCycle Technologies, Inc., Michael Otworth, Michael E. Dee and David Brenner, (collectively, "Defendants"), by and through their counsel, requests that Robert Ciecko and Mariusz Ciecko ("Lead Plaintiffs") produce or permit Defendants to inspect and copy each of the documents and things described below. All documents shall be produced to Defendants' counsel, Dechert LLP, at 35 W. Wacker Drive, Suite 3400, Chicago, Illinois, 60601, not later than thirty days of the date hereof.

## I.    DEFINITIONS

1.     "Action" means the litigation referred to in the above caption, *William C. Theodore v. PureCycle Technologies, Inc., et al*, No. 6:21-cv-809, pending in the United States District Court for the Middle District of Florida.

2.     The terms "and" as well as "or" as used herein shall be read and applied interchangeably and shall be construed disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information.

3.     The terms "any" or "all" shall mean "each and every" as well as "anyone and everyone." The singular includes the plural and the plural includes the singular. The present tense includes the past and future tenses. Words in feminine, masculine, or neuter form shall include each of the other genders.

4.     "Civil Case Management Plan" shall mean the Case Management and Scheduling Order so ordered by the Court on July 26, 2023, Docket No. 154.

5.     "Communication(s)" shall have the broadest possible meaning permitted under the Federal Rules of Civil Procedure, and for avoidance of doubt includes, but is not limited to, the transmittal of information written or recorded in any manner, and is Included within the scope of the term "Documents."

6.     "Complaint" means the Consolidated Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on August 18, 2022 (Dkt. 113).

7.     "Concerns," "Concerning," "Related to" or "Relating to" means consisting of, regarding, discussing, describing, evidencing, referring to, constituting,

- 2 -

comprising, containing, setting forth, showing, disclosing, explaining, summarizing, pertaining to, memorializing, reflecting or otherwise having any logical or factual connection to the subject matter of the Document Request.

8.  "Defendants" means PureCycle Technologies, Inc. ("PureCycle"), Michael Otworth ("Otworth"), Michael E. Dee ("Dee") David Brenner ("Brenner"), and Byron Roth ("Roth"), collectively and individually, and shall Include PureCycle's officers, directors, Employees, partners, agents, consultants, or any other Person acting or purporting to act on behalf of such entities, it shall also include any agent, representative, affiliate, or entity acting on behalf of Otworth, Dee, Brenner or Roth.

9.  "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or Electronically Stored Information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and shall also be used to Include any "Communication" as defined above. By definition, non-identical copies of the same Document are different original Documents, and different types of media containing identical information are different original Documents. "Document" also includes originals (or copies if originals are not available), non-identical copies (whether different from the original because of written notes or underlining of text or otherwise), and translation of any Document.

10.  "Employee(s)" means, but is not limited to, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, or any other Person employed directly or indirectly by the entity referenced in the document request.

11.     "ESI" or "Electronically Stored Information" means any portion of data available only on a computer or other device capable of storing electronic data.  ESI Includes, but is not limited to, e-mail, spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files and all other files present on any type of device capable of storing electronic data.  Devices capable of storing ESI Include, but are not limited to, servers, desktop computers, portable computers, handheld computers, flash memory devices, wireless communication devices, pagers, workstations, minicomputers, mainframes and all other forms of online or offline storage, whether on or off company premises.  ESI is meant to Include instant messages on any platform, cell phone text messages (SMS Messages and MMS Messages) and other similar types of Messages.

12.     "Hindenburg Research" means Hindenburg Research LLC.

13.     "Hindenburg Report" means the Report published by Hindenburg concerning Defendants on May 6, 2021.

14.     "Include" and "Including" is not meant to be used by way of exclusion and (in addition to its usual meanings) means "included, but not limited to."

15.     "Lead Plaintiffs" means Robert Ciecko and Mariusz Ciecko, collectively.

16.     "Merger" means the 2021 transaction where PureCycle was purchased in a special purpose acquisition company ("SPAC") transaction.

17.     "Person" or "Persons" means natural Persons, proprietorships, governmental agencies, corporations, partnerships, limited liability companies, trusts,

joint ventures, groups, associations, organizations, and all other business, legal or artificial entities.

18. "Prior Companies" means the companies that Lead Plaintiffs allege the Defendants were previously involved with, including ChromaVision Medical Systems, eMerge Interactive, Inc., AgCert International, Ltd., TyraTech, Inc., PetroAlgae, and XL TechGroup, Inc., their indirect controlling persons or entities, subsidiaries, predecessors, successors and assigns, parents, stockholders, managers, advisors, divisions, principals, members, officers, trustees, management personnel, employees, agents, owners, consultants, accountants, investment analysts, directors, partners, contractors, representatives, attorneys, and any other persons or entities acting or purporting to act on its behalf, or who are or have been subject to the direction or control of any of the foregoing.

19. "PureCycle Securities" refers to: (i) common stock traded under the ticker symbol "ROCH," warrants to purchase common stock of ROCH traded under the ticker symbol "ROCHW," and units comprised of ROCH common stock and warrants traded under the ticker symbol "ROCHU;" and (ii) common stock traded under the ticker symbol "PCT", warrants to purchase common stock traded under the ticker symbol "PTTW", and units comprised of common stock and warrants traded under ticker symbol "PCTTU," all traded on NASDAQ.

20. "Putative Class" shall mean all purchasers of PureCycle Securities between November 16, 2020 through November 10, 2021, inclusive.

- 5 -

21.    "You" or "Your" means the Lead Plaintiffs or persons or entity responding to these Requests and its past or present subsidiaries, affiliates, predecessors, successors, divisions, partnerships and joint ventures, and all of its present and former directors, officers, Employees, attorneys, agents, consultants, representatives, associates, and other Persons acting on its behalf.

22.    Any term stated in the singular Includes the plural and vice versa.

23.    The use of any tense of any word Includes all other tenses.

24.    Words in feminine, masculine, or neuter form shall include each of the other genders.

25.    Where applicable, any word or term used in these Requests but not defined above shall have its usual and ordinary meaning.

## II.    FORM OF PRODUCTION

Documents shall be produced in a format consistent with the ESI Protocol to be agreed upon by the parties in accordance with Federal Rule of Civil Procedure 34(2)(E).

## III.    INSTRUCTIONS

1.    You are required to produce all non-privileged Documents in Your possession, custody or control, including information in the possession, custody or control of any of Your attorneys, directors, officers, agents, Employees, representatives, associates, division affiliates, partnership, parents or subsidiaries, and Persons under their control.

2.      Each Document requested shall be produced in its entirety, including, but not limited to, attachments, enclosures, cover letters, memoranda and appendices. If a Document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

3.      Each Document is to be produced along with all non-identical versions thereof in their entirety, without abbreviation or redaction.

4.      Unless otherwise stated in a specific Request, these Requests seek responsive information and Documents authored, generated, disseminated, drafted, produced, reproduced, received, obtained, or otherwise created or distributed, concerning or in effect during the Relevant Time Period.

5.      If You object to part of a Request, You must specifically state the basis of Your objections in accordance with Rule 34 of the Federal Rules of Civil Procedure and produce all Documents called for by the portion of the Request to which You do not object. In further accordance with Rule 34 of the Federal Rules of Civil Procedure, each objection must state whether any responsive materials are being withheld on the basis of that objection.

6.      If there are no Documents responsive to any particular Request, the response shall state so in writing.

7.      In the event any Document called for by these Requests is withheld on the basis of a claim of privilege or immunity, that Document is to be identified as required by Federal Rule of Civil Procedure 34.

8.      Each Request herein shall be construed independently. No Request shall be construed by reference to any other Request for the purpose of limiting the scope of the answers to such Request.

9.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, You shall produce responsive Documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of the demand.

10.     These Requests shall be deemed continuing Requests so as to require supplemental responses if You obtain or discover additional Documents between the time of the initial production and the time of trial. Such supplemental Documents must be produced promptly upon discovery.

## IV.     RELEVANT TIME PERIOD

Unless indicated otherwise, the Requests set forth below refer to the period from November 16, 2020 through November 10, 2021, inclusive ("Relevant Time Period").

## V.     DOCUMENTS REQUESTED

REQUEST NO. 1:

All Communications between You and Defendants or Tasmin Ettefagh.

REQUEST NO. 2:

All Documents Concerning: (i) Defendants' alleged plans Concerning PureCycle or any portion of PureCycle after the Merger; (ii) any Documents Concerning the steps taken in furtherance of those alleged plans; and (iii) any

Documents Concerning PureCycle's recycling technology, including but not limited to the operation or viability thereof.

REQUEST NO. 3:

All Documents Concerning Defendants or Tasmin Ettefagh.

REQUEST NO. 4:

All notes, transcripts, videotapes, recordings, or other Documents Concerning any speeches, remarks, interviews, commentary, or other presentations made or participated in by any Defendant, Tasmin Ettefagh, or any other current or former employee or representative of PureCycle.

REQUEST NO. 5:

All communications and documents exchanged with any current or former Employee or representative of PureCycle, or any current or former Employee or representative of the Prior Companies, Including but not limited to those whose statements or interviews were Included in the Hindenburg Report.

REQUEST NO. 6:

Documents sufficient to demonstrate how You learned the identity of the PureCycle or Prior Companies' Employees Included or referenced in the Hindenburg Report.

REQUEST NO. 7

Documents sufficient to demonstrate the identity of any PureCycle or Prior Companies' Employees you communicated with prior to the filing of the Complaint, including those individuals Included or referenced in the Hindenburg Report.

REQUEST NO. 8:

All Documents that support alleged assertions, as stated in Complaint ¶ 10, by current or former Employees of PureCycle or the Prior Companies that Defendants were deceiving investors, took the Prior Companies public prematurely, issued projections based on "wild ass guessing", or contributed in any way to the Prior Companies' alleged bankruptcy, delisting, or acquisition after an approximately 95% decline in value.

REQUEST NO. 9:

All Documents that support any allegation, as stated in Complaint ¶ 10, that the Defendants were involved with or employed by the Prior Companies at the time when any of the Prior Companies went into bankruptcy, were delisted, or were acquired after an approximately 95% decline in value.

REQUEST NO. 10:

All statements and communications made by current or former Employees or representatives of PureCycle or the Prior Companies that You relied upon in bringing this Action.

REQUEST NO. 11:

All Documents that support Your allegations that:  (i) PureCycle's recycling technology is unproven; (ii) the flammable pressurized process is not yet functional; (iii) the flammable pressurized process is dangerous; (iv) PureCycle cannot obtain the quantity and quality of feedstock required for its recycling technology; and (v) that the economics of conducting the recycling process at scale are cost prohibitive.

- 10 -

REQUEST NO. 12:

All Documents that support Your contention that PureCycle cannot use a broader range of feedstock to make virgin quality UPRP pellets than "polypropylene feedstock of high quality."

REQUEST NO. 13:

All Documents that support Your allegation that there is an insufficient volume of, and high competition for, high quality polypropylene feedstock.

REQUEST NO. 14:

All communications and Documents between Lead Plaintiffs and Hindenburg Research, any current or former employee, agent, officer, director, or shareholder of Hindenburg Research, or any third party referenced in the Hindenburg Report.

REQUEST NO. 15:

Documents sufficient to demonstrate Your ownership of PureCycle Securities at any time, including a full investment history detailing all transactions, purchases, and sales with the date of each respective transaction, purchase, and sale.

REQUEST NO. 16:

All Documents regarding all information You received, reviewed, examined, considered, or relied upon in connection with Your decision to engage in any transactions in PureCycle Securities at any time.

REQUEST NO. 17:

All Documents, statements, filings, releases, and publications that You allege contain false and misleading statements about PureCycle, including but not limited to statements and articles referenced in the Complaint.

REQUEST NO. 18:

All Documents You relied upon in deciding whether to vote in favor of the Merger.

REQUEST NO. 19:

All business plans, investment horizons, or analyses relating to PureCycle, including but not limited to business plans, investment horizons, or analyses demonstrating any expectations You held regarding Your investment in PureCycle.

REQUEST No. 20:

All Documents or public or non-public information or analyses, including but not limited to analyst reports, that You relied upon or considered in connection with any and all potential investment decisions, such as decisions to purchase, sell or hold PureCycle securities.

REQUEST NO. 21:

All Communications with potential class members relating to or concerning this Action.

REQUEST NO. 22:

All Documents considered and/or relied upon in: (i) filing this Action; or (ii) drafting the Complaint.

REQUEST NO. 23:

Documents sufficient to demonstrate that You have standing to assert the claims included in the Complaint.

REQUEST NO. 24:

All Documents relating to Your belief that PureCycle securities or common stock existed at an "artificially inflated price" during the Relevant Time Period, as alleged in Paragraphs 106-107 and 114 of the Second Amended Complaint.

REQUEST NO. 25:

All Documents relating to Your belief as to the "true value" of PureCycle securities or common stock during the Relevant Time Period.

REQUEST NO. 26:

All Documents regarding Persons who provided or provide Lead Plaintiffs investment advice and/or who had authority to make investment decisions on Lead Plaintiffs' behalf, including but not limited to former and current investment professionals and all agents who had or have authority to purchase, sell, hold, or otherwise effect transactions involving PureCycle Securities on Lead Plaintiffs' behalf.

REQUEST NO. 27:

All Documents relating to any Communications between Lead Plaintiffs or Lead Plaintiffs' Counsel and any governmental or regulatory authority regarding PureCycle, including but not limited to any FOIA requests made to any governmental or regulatory authority and any responses received in response to such requests.

REQUEST NO. 28:

All Documents relating to Lead Plaintiffs' decision or potential decision to seek to become a class representative in this Action, including any Documents concerning solicitation, requests, or advertisements from or by Lead Plaintiffs' Counsel or any other law firm.

REQUEST NO. 29:

Without regard to the Relevant Time Period, all Documents relating to Lead Plaintiffs' involvement in any securities-related litigation, arbitration, or other legal or administrative proceeding, including but not limited to any other securities-related actions that were filed by or joined in by Lead Plaintiffs, any securities-related actions in which Lead Plaintiffs moved for appointment as a lead plaintiff or class representative, and any securities-related actions in which Lead Plaintiffs provided testimony, or otherwise participated, at any time.

REQUEST NO. 30:

All Documents relating to the computation of damages that Lead Plaintiffs seek to recover in this Action for themselves as individuals and on behalf of the Putative Class alleged in the Complaint.

REQUEST NO. 31:

All Documents relating to any method, means, analysis, or formula by which Lead Plaintiffs intend or seek to prove loss causation and damages in this Action.

REQUEST NO. 32:

All Documents that Lead Plaintiffs provided to, or received from, any expert whom Lead Plaintiffs expect to testify in connection with this Action, including but

not limited to expert reports, curriculum vitae, engagement letters, opinions, work papers, and reliance materials.

REQUEST NO. 33:

All Documents that Lead Plaintiffs intend to or may rely upon or use at trial.

REQUEST NO. 34:

All Communications between You and any Person relating to PureCycle Securities during the Relevant Time Period.

Dated:  August 14, 2023          **DECHERT LLP**

By:     */s/ Joni S. Jacobsen*
        David Kistenbroker
        Joni S. Jacobsen
        35 W. Wacker Drive, Suite 3400
        Chicago, IL 60601
        312-646-5800
        david.kistenbroker@dechert.com
        joni.jacobsen@dechert.com

        Catherine Wigglesworth
        Circa Centre
        2929 Arch Street
        Philadelphia, PA 19104
        215-994-4000
        catherine.wigglesworth@dechert.com

        Nina Riegelsberger
        Three Bryant Park
        1095 Avenue of the Americas
        New York, NY 10036
        212-698-3500
        nina.riegelsberger@dechert.com

        Amy Shay (Florida Bar No. 068841
        The VUE at Lake Eola
        220 North Rosalind Avenue
        Orlando, FL 32801

- 15 -

407-316-0393
ashay@scsplaw.com

*Counsel for Defendants PureCycle
Technologies, Inc., Michael Otworth,
Michael E. Dee and David Brenner*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 14th day of August, 2023, I served

**Defendants' First Set of Requests for Production** by e-mail to the following counsel

of record for each party:

**Counsel for Lead Plaintiffs**

**POMERANTZ LLP**

Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (646) 581-9973
Facsimile: (917) 463-1044
taweinrib@pomlaw.com

**Counsel for Defendant Roth**

**DLA PIPER (US)**

John R. Loftus
Christine E. Ellice
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Telephone: (310) 595-3000
jake.loftus@dlapiper.com
christine.ellice@dlapiper.com

Amanda E. Reagan
Florida Bar No. 92520
3111 W. Dr. Martin Luther King Jr.
Blvd. Suite 200
Tampa, Florida 33607-6233
Phone: 813-229-2111
Fax: 813-229-1447
Email: amy.reagan@dlapiper.com

*/s/ Joni S. Jacobsen*

*Attorney for Defendants PureCycle Technologies, Inc., Michael Otworth, Michael E. Dee, and David Brenner*