# EXHIBIT B

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| WILLIAM C. THEODORE, individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>      v.<br><br>PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER, BYRON ROTH and TASMIN ETTEFAGH,<br><br>                          Defendants. | Case No. 6:21-cv-809-PGB-GJK<br><br>**DEMAND FOR A JURY TRIAL** |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants PureCycle Technologies, Inc. ("PureCycle"), Michael Otworth, Michael E. Dee, and David Brenner (collectively, "Defendants,") request that Lead Plaintiffs Robert Ciecko and Mariusz Ciecko answer the following interrogatories (the "Interrogatories," and each of them an "Interrogatory") within 30 days, or at such other time as agreed by the Parties or ordered by the Court, pursuant to the Agreed Confidentiality Agreement to be entered between the Parties.

These Interrogatories are provided without prejudice to or waiver of Defendants' rights to conduct further discovery, including to propound additional Interrogatories at a later date concerning any issue raised in the Complaint (as

1

defined below), Defendants' Answers or in any other pleading or motion, including Lead Plaintiff's anticipated Motion for Class Certification.

## DEFINITIONS

1.      "Action" means the litigation referenced to in the above caption, *William C. Theodore v. PureCycle Technologies, Inc., et al*, No. 6:21-cv-809, pending in the United States District Court for the Middle District of Florida.

2.      The terms "and" as well as "or" as used herein shall be read and applied interchangeably and shall be construed disjunctively or conjunctively so as to require the fullest and most complete disclosure of all requested information.

3.      The terms "any" or "all" shall mean "each and every" as well as "anyone and everyone."

4.      "Civil Case Management Plan" shall mean the Case Management and Scheduling Order so ordered by the Court on July 26, 2023, Docket No. 154.

5.      "Communication(s)" shall have the broadest possible meaning permitted under the Federal Rules of Civil Procedure, and for avoidance of doubt includes, but is not limited to, the transmittal of information written or recorded in any manner, and is Included within the scope of the term "Documents."

6.      "Complaint" shall mean the Consolidated Second Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on August 18, 2022 (Dkt. 113).

7.      "Concerns," "Concerning," "Related to" or "Relating to" means consisting of, regarding, discussing, describing, evidencing, referring to, constituting,

comprising, containing, setting forth, showing, disclosing, explaining, summarizing, pertaining to, memorializing, reflecting or otherwise having any logical or factual connection to the subject matter of the Interrogatory.

8.    "Defendants" means PureCycle Technologies, Inc. ("PureCycle"), Michael Otworth ("Otworth"), Michael E. Dee ("Dee") David Brenner ("Brenner"), and Byron Roth ("Roth"), collectively and individually, and shall Include PureCycle's parents, predecessors, affiliates, successors or subsidiaries, Including officers, directors, Employees, partners, agents, consultants, or any other Person acting or purporting to act on behalf of such entities, it shall also include any agent, representative, affiliate, or entity acting on behalf of Otworth, Dee, Brenner or Roth.

9.    "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or Electronically Stored Information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and shall also be used to Include any "Communication" as defined above.  By definition, non-identical copies of the same Document are different original Documents, and different types of media containing identical information are different original Documents.  "Document" also includes originals (or copies if originals are not available), non-identical copies (whether different from the original because of written notes or underlining of text or otherwise), and translation of any Document.

10.    "Employee(s)" means, but is not limited to, current and former officers, directors, executives, managers, sales personnel, secretaries, clerical staff, messengers, or any other Person employed directly or indirectly by Defendant or Defendants.

11. "Hindenburg Research" means Hindenburg Research LLC.

12. "Hindenburg Report" means the Report published by Hindenburg Research concerning the Defendants and Byron Roth and Tasmin Ettefagh on May 6, 2021.

13. "Include" and "Including" is not meant to be used by way of exclusion and (in addition to its usual meanings) means "included, but not limited to."

14. "Investment Managers" shall mean any entity that made investment decisions on behalf of Lead Plaintiff.

15. "Lead Counsel" shall mean Pomerantz LLP, its partners, associates, direct or indirect controlling persons or entities, subsidiaries, predecessors, successors and assigns, parents, stockholders, managers, advisors, divisions, principals, members, officers, trustees, management personnel, employees, agents, owners, consultants, accountants, investment analysts, directors, partners, contractors, representatives, attorneys, and any other persons or entities acting or purporting to act on its behalf, or who are or have been subject to the direction or control of any of the foregoing.

16. "Lead Plaintiffs" shall mean Robert Ciecko and Mariusz Ciecko and any of their affiliates, advisors, principals, agents, consultants, accountants, investment analysts, representatives, attorneys, and any other persons or entities acting or purporting to act on its behalf, or who are or have been subject to the direction or control of any of the foregoing.

17. "Person" and/or "Persons" means natural Persons, proprietorships, government entities, corporations, partnerships, limited liability companies, trusts,

joint ventures, groups, associations, organizations, and all other business, legal, or artificial entities.

18.    "PureCycle Securities" shall refer to:  (i) common stock traded under the ticker symbol "ROCH," warrants to purchase common stock of ROCH traded under the ticker symbol "ROCHW," and units comprised of ROCH common stock and warrants traded under the ticker symbol "ROCHU;" and (ii) common stock traded under the ticker symbol "PCT", warrants to purchase common stock traded under the ticker symbol "PTTW", and units comprised of common stock and warrants traded under ticker symbol "PCTTU," all traded on NASDAQ.

19.    "Prior Companies" means the companies that Lead Plaintiffs allege the Defendants were previously involved with, including ChromaVision Medical Systems, eMerge Interactive, Inc., AgCert International, Ltd., TyraTech, Inc., PetroAlgae, and XL TechGroup, their indirect controlling persons or entities, subsidiaries, predecessors, successors and assigns, parents, stockholders, managers, advisors, divisions, principals, members, officers, trustees, management personnel, employees, agents, owners, consultants, accountants, investment analysts, directors, partners, contractors, representatives, attorneys, and any other persons or entities acting or purporting to act on its behalf, or who are or have been subject to the direction or control of any of the foregoing.

20.    "Putative Class" shall mean all purchasers of PureCycle Securities between November 16, 2020 through November 10, 2021, inclusive.

21.    "You" or "Your" shall mean Lead Plaintiffs or persons or entity responding to these Requests and its past or present subsidiaries, affiliates, predecessors, successors, divisions, partnerships and joint ventures, and all of its present and former directors, officers, Employees, attorneys, agents, consultants, representatives, associates, and other Persons acting on its behalf.

22.    Any term stated in the singular Includes the plural and vice versa.

23.    The use of any tense of any word Includes all other tenses.

24.    Words in feminine, masculine, or neuter form shall include each of the other genders.

25.    Where applicable, any word or term used in these Interrogatories but not defined above shall have its usual and ordinary meaning.

## INSTRUCTIONS

1.    In responding to these Interrogatories, you are requested to provide all information that is in your actual or constructive possession, custody, or control, or that is in the possession, custody, or control of all past and present employees, agents, attorneys, officers, directors, consultants, representatives, and other Persons on their behalf.

2.    When used herein in reference to a Person, the terms "identify" and "identify and describe" mean to state: (a) the Person's current name; (b) the Person's current employer and title(s); (c) the Person's title(s) during the Relevant Time Period and the time periods in which that Person held each such title(s); and (d) a general description of that Person's role in the Transaction.

3.      When used herein in reference to a Communication, the terms "identify" and "identify and describe" mean to state: (a) the date and place of such communication; (b) the identity of each Person who is present at or who transmitted or received such communication; (c) the type of communication; (d) the substance of such communication; and (e) the identity of each Document reflecting or compromising such communication.

4.      When used herein in reference to a Document, the terms "identify" and "identify and describe" mean to state: (a) the type of document being identified; (b) the date of such document; (c) the identity of each Person who transmitted or received such document; and (d) a description of the substance of such document.

5.      If any of the information responsive to these Interrogatories is withheld on the basis of privilege, objection, or otherwise, identify each such communication, information, or Document withheld and specifically set forth: (a) the nature of the privilege claimed; (b) the author; (c) the addressee; (d) the Persons who received copies; (e) the date of the communication, document, or information; and (f) the subject matter of the communication, document, or information.

6.      If you are unable to respond to any Interrogatory completely, you should (a) so state, (b) respond to the extent possible, (c) set forth the reason(s) for your inability to respond more fully, and (d) state whatever knowledge or information you have concerning the unanswered portion.

7.      If you object to only part of an Interrogatory, identify the part to which you object, and respond to the remainder of the Interrogatory.

7

8.    Each Interrogatory should be interpreted broadly, and the generality of any one Interrogatory should not be limited because of the specificity of any other Interrogatory.

9.    Consistent with the Federal Rules of Civil Procedure, these Interrogatories shall be continuing so as to require Lead Plaintiffs to supplement its responses when and if it obtains any further information subsequent to the service of these Interrogatories. Such supplemental responses shall be served upon the undersigned counsel for Defendants promptly after receipt of such information.

10.    Documents produced in response to these Interrogatories shall be produced as they are kept in the usual course of business or shall be organized and labeled to indicate the specific paragraph or paragraphs to which they respond. If multiple copies of a Document were prepared or if additional copies were made after the original Document was prepared, and if any such copies were not or are no longer identical by reason of subsequent notation or modification of any kind, including notations on the front or back of the Document, such non-identical copies must be produced.

## RELEVANT TIME PERIOD AND SCOPE OF PRODUCTION

1.    Unless otherwise indicated, the relevant time period shall be from November 16, 2020 to November 10, 2021 ("Relevant Time Period").

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify Your ownership of PureCycle Securities between November 16, 2020 and November 10, 2021, including all transactions where You sold or bought during the Relevant Time Period, and any Investment Managers that provided advice to You in connection with such transactions.

### INTERROGATORY NO. 2

For each transaction in which You sold or purchased PureCycle Securities during the Relevant Time Period, (i) describe each and every reason why you sold or purchased PureCycle Securities; (ii) explain whether or not (a) You had knowledge of the transaction before it was executed, (b) You directed the transaction, and (c) You approved or authorized the transaction; and (iii) identify all Persons associated with or acting on behalf of Lead Plaintiffs who were involved in the transaction.

### INTERROGATORY NO. 3

Identify all sources of information You reviewed, considered or relied upon in connections with each purchase and sale of PureCycle Securities during the Relevant Time Period, Including all research reports You reviewed or subscribed to during the Relevant Time Period, and the dates and sources You from which You accessed or received the sources of information.

**INTERROGATORY NO. 4**

Identify all registration statements, prospectuses, proxy statements, or all other public filings related to PureCycle Securities with the Securities and Exchange Commission You reviewed or accessed during the Relevant Time Period.

**INTERROGATORY NO. 5**

Describe all actions that You took to monitor Your investment in PureCycle Securities during the Relevant Time Period.

**INTERROGATORY NO. 6**

Identify the date You first learned about or read: (i) the Hindenburg Report; and (ii) the allegations, facts, and circumstances in the Hindenburg Report.

**INTERROGATORY NO. 7**

Did You communicate during the Relevant Time Period about any topic with PureCycle or with any current or former employee, agent, officer, director, or shareholder of PureCycle?  If the answer is anything other than an unqualified no, identify all Persons who communicated on Your behalf during the Relevant Time Period with PureCycle or with any current or former employee, agent, officer, director, or shareholder of PureCycle, identify the current or former employee, agent, officer, director, or shareholder of PureCycle with whom the communications were made, and identify the date and manner of all such Communications.

**INTERROGATORY NO. 8**

Did You communicate during the Relevant Time Period about any topic with the Prior Companies or with any current or former employee, agent, officer, director,

10

or shareholder of the Prior Companies?  If the answer is anything other than an unqualified no, identify all Persons who communicated on Your behalf during the Relevant Time Period with the Prior Companies or with any current or former employee, agent, officer, director, or shareholder of Prior Companies, identify the current or former employee, agent, officer, director, or shareholder of the Prior Companies with whom the communications were made, and identify the date and manner of all such Communications.

**INTERROGATORY NO. 9**

Did You communicate during the Relevant Time Period about any topic with Hindenburg Research, with any current or former employee, agent, officer, director, or shareholder of Hindenburg Research, or with any third party referenced in the Hindenburg Report? If the answer is anything other than an unqualified no:  (i) identify all Persons who communicated on Your behalf during the Relevant Time Period with Hindenburg Research, with any current or former employee, agent, officer, director, or shareholder of Hindenburg Research, or with any third party referenced in the Hindenburg Report; (ii) identify the third party or the current or former employee, agent, officer, director, or shareholder of Hindenburg Research with whom the communications were made; and (iii) identify the date and manner of all such Communications.

**INTERROGATORY NO. 10**

Did You hire, employ, or otherwise utilize any Investment Manager during the Relevant Time Period to oversee or make investment decisions on Your behalf?  If the

11

answer is yes, identify the Persons or entities who acted as Investment Managers on Your behalf.

### INTERROGATORY NO. 11

Did You communicate with the Investment Managers about PureCycle Securities or the Hindenburg Report during the Relevant Time Period?  If the answer is anything other than an unqualified no, identify all Persons who communicated with the Investment Managers on Your behalf, and specify the Persons associated with the Investment Managers with whom each Person communicated on Your behalf.

### INTERROGATORY NO. 12

Describe the circumstances surrounding Your first Communication with Lead Counsel regarding this Action and identify: (i) the date of Your first Communication with Lead Counsel concerning this Action, (ii) whether Your first Communication occurred via telephone, letter, website, in person or some other means; (iii) the name and title of the Person(s) who prepared, sent, received or otherwise participated in Your first Communication with Lead Counsel concerning this Action; and (iv) all Persons, publications, websites and/or Documents that introduced You to Lead Counsel.

### INTERROGATORY NO. 13

Identify any and all Putative Class members with whom You or Lead Counsel have been in contact, and describe the subject matter of that contact or communication.

### INTERROGATORY NO. 14

Identify all known Putative Class members and the quantity of PureCycle Securities they purchased or otherwise acquired during the Relevant Time Period.

12

Dated: August 14, 2023          **DECHERT LLP**

By:    /s/ *Joni S. Jacobsen*
       David Kistenbroker
       Joni S. Jacobsen
       35 W. Wacker Drive, Suite 3400
       Chicago, IL 60601
       312-646-5800
       david.kistenbroker@dechert.com
       joni.jacobsen@dechert.com

       Catherine Wigglesworth
       Circa Centre
       2929 Arch Street
       Philadelphia, PA 19104
       215-994-4000
       catherine.wigglesworth@dechert.com

       Nina S. Riegelsberger
       Three Bryant Park
       1095 Avenue of the Americas
       New York, NY 10036
       212-698-3500
       nina.riegelsberger@dechert.com

       Amy Shay (Florida Bar No. 068841)
       The VUE at Lake Eola
       220 North Rosalind Avenue
       Orlando, FL 32801
       Telephone:  (407) 316-0393
       ashay@scsplaw.com

       *Counsel for Defendants*
       *PureCycle Technologies, Inc., Michael*
       *Otworth, Michael Dee, and David Brenner*

13

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 14th day of August, 2023, I served **Defendants' First Set Of Interrogatories** by e-mail to the following counsel of record for each party:

**Counsel for Lead Plaintiffs**

**POMERANTZ LLP**

Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (646) 581-9973
Facsimile: (917) 463-1044
taweinrib@pomlaw.com

**Counsel for Defendant Roth**

**DLA PIPER (US)**

John R. Loftus
Christine E. Ellice
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Telephone: (310) 595-3000
jake.loftus@dlapiper.com
christine.ellice@dlapiper.com

Amanda E. Reagan
Florida Bar No. 92520
3111 W. Dr. Martin Luther King Jr.
Blvd. Suite 200
Tampa, Florida 33607-6233
Phone: 813-229-2111
Fax: 813-229-1447
Email: amy.reagan@dlapiper.com


*/s/ Joni S. Jacobsen*

*Attorney for Defendants PureCycle
Technologies, Inc., Michael Otworth,
Michael E. Dee, and David Brenner*

14