# EXHIBIT D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

WILLIAM C. THEODORE,
individually and On Behalf of All Others
Similarly Situated,

Plaintiffs,

v.

PURECYCLE TECHNOLOGIES,
INC., MICHAEL OTWORTH,
MICHAEL E.DEE, DAVID
BRENNER, BYRON ROTH, and
TASMIN ETTEFAGH,

Defendants.

Case No. 6:21-cv-809-PGB-GJK

**DEMAND FOR A JURY TRIAL**

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiffs Robert Ciecko and Mariusz Ciecko, individually and on behalf of all others similarly situated ("Plaintiffs") by and through their undersigned attorneys, Pomerantz LLP, hereby respond and object to Defendants PureCycle Technologies, Inc. ("PureCycle"), Michael Otworth, Michael E. Dee, and David Brenner's (collectively, "Defendants") First Request for Production of Documents, dated August 14, 2023 ("Requests").

### GENERAL OBJECTIONS

1. Plaintiffs object to the Requests to the extent they purport to impose or seek to impose any requirement or discovery obligations greater than or different from those

under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, or any other agreements between the parties.

2.      Plaintiffs object to the Requests, including the Definitions and Instructions, to the extent they seek information unrelated and irrelevant to the claims or defenses in this litigation and are not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiffs object to the Requests as overly broad and unduly burdensome, including that they seek broad or vaguely defined categories of information that are not reasonably tailored to the subject matter of this Action and would require a search for information that would be of little or no benefit with respect to the issues or controversies in this Action, such that the value of the information would be far outweighed by the burden of obtaining it.

4.      Plaintiffs object to the Requests to the extent they purport to request the identification or disclosure of information or documents that were prepared in anticipation of litigation, constitute attorney work product, reveal documents or information protected by the attorney-client or common interest privileges, or are otherwise protected from disclosure under any applicable privileges, laws, or rules. Plaintiffs assert all such applicable privileges and protections and have made every effort to exclude privileged and protected information from their responses to the Requests. Inadvertent production of any information or documents that are privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or

- 2 -

the subject matter thereof, or of Plaintiffs' rights to object to the use of any such information or documents or the subject matter thereof during this or any other action.

5. Plaintiffs object to the Requests to the extent the information sought is more appropriately pursued through another means of discovery or to the extent Defendants have already had an opportunity to obtain the information.

6. Plaintiffs object to the Requests and to each Definition and Instruction, to the extent they seek information outside of Plaintiffs' possession, custody, or control. Plaintiffs construe each Request as seeking only information in Plaintiffs' possession, custody, or control.

7. Plaintiffs object to the Requests to the extent they request information protected by the right of privacy of Plaintiffs or third parties, or information that is confidential, proprietary, or competitively sensitive.

8. Plaintiffs object to the Requests, including the Definitions and Instructions, to the extent they seek information readily available through public sources, or from sources that are more convenient, less burdensome, or less expensive than the Requests.

9. Plaintiffs object to the Requests, including the Definitions and Instructions, to the extent they seek information not relevant to any party's claim or defense, not proportional to the needs of the case, not probative to resolution of the issues, or for which the burden of providing a response outweighs its likely benefit.

10. Plaintiffs object to the Requests to the extent that they call for Plaintiffs to form and then render an expert opinion.

11.     Plaintiffs object to the Requests, including the Definitions and Instructions, to the extent they seek information that can be found in the pleadings and other court filings.

12.     Plaintiffs object to the Requests that seek information that require expert opinions or require Plaintiffs to disclose analyses, opinions, or theories that will be the subject of expert testimony. Plaintiffs are entitled to provide additional evidence responsive to one or more Requests in the form of expert reports or opinions at the appropriate time in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders in the action.

13.     Plaintiffs object to the extent the Requests call for a professional opinion from a lay witness with respect to the application of law, and are thus oppressive, harassing and without a foundational showing of competency to support requiring Plaintiffs to provide lay opinions on legal issues. Plaintiffs' Responses and Objections, and any production of documents or provision of information in response to the Requests, are not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission as to any fact in dispute or a waiver of any rights or defenses Plaintiffs have or may assert with respect to any claim.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Plaintiffs object to the Definitions and Instructions to the extent they purport to impose or seek to impose any requirement or discovery obligations greater than or different from those under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, or any other agreements between the parties,

including any protocol for discovery of electronically stored information to be agreed upon by the parties.

2.      Plaintiffs object to the Definition of "You" and "Your" as overbroad and unduly burdensome. Plaintiffs further object to the extent they refer to individuals or entities who are not parties to this action, or include Plaintiffs' counsel, and require disclosure of information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or both.

3.      Plaintiffs object to the Instructions to the extent they purport to require duplicative production in response to one Request that may also be responsive to another.

4.      The failure to object on a particular ground or grounds shall not be construed as a waiver of Plaintiffs' right to object on any additional grounds.

5.      The inadvertent disclosure of privileged or otherwise protected information shall not constitute a waiver of any applicable privilege or protection.

6.      The production of any document in response to the Requests does not concede its relevance to any claim or defense in this action.

7.      Plaintiffs' responses are based upon, and therefore limited to, a reasonable inquiry as of the date these responses are made. Plaintiffs reserve the right to revise, supplement, withdraw, or modify these responses in accordance with Federal Rule 26(e)(1).

8.      Subject to and without waiving the foregoing General Objections and the Objections to Definitions and Instructions, Plaintiffs respond as set forth below.

## RESPONSES AND OBJECTIONS

REQUEST NO. 1:

All Communications between You and Defendants or Tasmin Ettefagh.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, compound and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs respond that to the best of their knowledge they do not have any Communications responsive to this Request.

REQUEST NO. 2:

All Documents Concerning: (i) Defendants' alleged plans Concerning PureCycle or any portion of PureCycle after the Merger; (ii) any Documents Concerning the steps taken in furtherance of those alleged plans; and (iii) any Documents Concerning PureCycle's recycling technology, including but not limited to the operation or viability

thereof.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs respond that to the best of their knowledge they do not have any non- privileged Documents responsive to this Request in their possession, custody, or control.

REQUEST NO. 3:

All Documents Concerning Defendants or Tasmin Ettefagh.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague, and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of

- 7 -

admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs respond that they will, after a reasonable search, produce responsive, non-privileged documents in their possession, custody or control concerning their transactions in PureCycle Securities during the Relevant Time Period, and that to the best of their knowledge they do not have any other non- privileged Documents responsive to this Request in their possession, custody or control.

REQUEST NO. 4:

All notes, transcripts, videotapes, recordings, or other Documents Concerning any speeches, remarks, interviews, commentary, or other presentations made or participated in by any Defendant, Tasmin Ettefagh, or any other current or former employee or representative of PureCycle.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of

admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs respond that to the best of their knowledge they do not have any non- privileged Documents responsive to this Request in their possession, custody or control.

REQUEST NO. 5:

All communications and documents exchanged with any current or former Employee or representative of PureCycle, or any current or former Employee or representative of the Prior Companies, Including but not limited to those whose statements or interviews were Included in the Hindenburg Report.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product

- 9 -

privilege. Plaintiffs further object to this Request to the extent it seeks documents that

are already in Defendants' possession or available to Defendants from another source

that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs respond that to

the best of their knowledge they do not have any non- privileged communications or

documents responsive to this Request in their possession, custody or control.

REQUEST NO. 6:

Documents sufficient to demonstrate how You learned the identity of the

PureCycle or Prior Companies' Employees Included or referenced in the Hindenburg

Report.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and

Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly

broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and

information that are not relevant or reasonably calculated to lead to the discovery of

admissible evidence, not proportional to the needs of the case, and not in Plaintiffs'

possession, custody, or control. Plaintiffs further object to this Request to the extent it

seeks documents protected by the attorney-client and/or attorney work product

privilege. Plaintiffs further object to this Request to the extent it seeks documents that

are already in Defendants' possession or available to Defendants from another source

that is more convenient, less burdensome, and/or less expensive.

Subject to and without waiving the foregoing objections, Plaintiffs respond that to

the best of their knowledge they do not have any non- privileged Documents responsive to this Request in their possession, custody or control.

REQUEST NO. 7

Documents sufficient to demonstrate the identity of any PureCycle or Prior Companies' Employees you communicated with prior to the filing of the Complaint, including those individuals Included or referenced in the Hindenburg Report.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs direct Defendants to their Initial Disclosures, dated July 28, 2023.

REQUEST NO. 8:

All Documents that support alleged assertions, as stated in Complaint ¶ 10, by current or former Employees of PureCycle or the Prior Companies that Defendants

- 11 -

were deceiving investors, took the Prior Companies public prematurely, issued projections based on "wild ass guessing", or contributed in any way to the Prior Companies' alleged bankruptcy, delisting, or acquisition after an approximately 95% decline in value.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

REQUEST NO. 9:

All Documents that support any allegation, as stated in Complaint ¶ 10, that the Defendants were involved with or employed by the Prior Companies at the time when any of the Prior Companies went into bankruptcy, were delisted, or were acquired after an approximately 95% decline in value.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and

Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

REQUEST NO. 10:

All statements and communications made by current or former Employees or representatives of PureCycle or the Prior Companies that You relied upon in bringing this Action.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or

- 13 -

less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

REQUEST NO. 11:

All Documents that support Your allegations that: (i) PureCycle's recycling technology is unproven; (ii) the flammable pressurized process is not yet functional; (iii) the flammable pressurized process is dangerous; (iv) PureCycle cannot obtain the quantity and quality of feedstock required for its recycling technology; and (v) that the economics of conducting the recycling process at scale are cost prohibitive.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

REQUEST NO. 12:

All Documents that support Your contention that PureCycle cannot use a broader range of feedstock to make virgin quality UPRP pellets than "polypropylene

- 14 -

feedstock of high quality."

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

REQUEST NO. 13:

All Documents that support Your allegation that there is an insufficient volume of, and high competition for, high quality polypropylene feedstock.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it

- 15 -

seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

REQUEST NO. 14:

All communications and Documents between Lead Plaintiffs and Hindenburg Research, any current or former employee, agent, officer, director, or shareholder of Hindenburg Research, or any third party referenced in the Hindenburg Report.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs respond that to the best of their knowledge they do not have any non- privileged Documents responsive to this Request in their possession, custody or control.

- 16 -

REQUEST NO. 15:

Documents sufficient to demonstrate Your ownership of PureCycle Securities at any time, including a full investment history detailing all transactions, purchases, and sales with the date of each respective transaction, purchase, and sale.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs will, after a reasonable search, produce responsive, non-privileged documents in their possession, custody, or control reflecting their transactions in PureCycle Securities during the Relevant Time Period.  Plaintiffs further direct Defendants to the certifications that Plaintiffs previously filed with the Court pursuant to the Private Securities Litigation Reform Act, setting forth dates and prices of purchases and sales of the relevant PureCycle securities (ECF No. 34-3).

REQUEST NO. 16:

All Documents regarding all information You received, reviewed, examined, considered, or relied upon in connection with Your decision to engage in any transactions in PureCycle Securities at any time.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs respond that they will, after a reasonable search, produce responsive, non-privileged documents in their possession, custody, or control reflecting their transactions in PureCycle Securities during the Relevant Time Period.  Plaintiffs further respond that to the best of their knowledge they do not have any other non- privileged Documents responsive to this Request in their possession, custody or control.

REQUEST NO. 17:

All Documents, statements, filings, releases, and publications that You allege contain false and misleading statements about PureCycle, including but not limited to statements and articles referenced in the Complaint.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs direct Defendants to the Documents, statements, filings, releases, and publications alleged to be false and misleading in the Complaint, all of which are in the public domain or otherwise in Defendants' possession.

REQUEST NO. 18:

All Documents You relied upon in deciding whether to vote in favor of the Merger.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs will, after a reasonable search, produce responsive, non-privileged documents in their possession, custody, or control concerning their transactions in PureCycle Securities during the Relevant Time Period.

REQUEST NO. 19:

All business plans, investment horizons, or analyses relating to PureCycle, including but not limited to business plans, investment horizons, or analyses demonstrating any expectations You held regarding Your investment in PureCycle.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is

overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs respond that they will, after a reasonable search, produce responsive, non-privileged documents in their possession, custody, or control reflecting their transactions in PureCycle Securities during the Relevant Time Period.  Plaintiffs further respond that to the best of their knowledge they do not have any other non- privileged Documents responsive to this Request in their possession, custody or control.

REQUEST No. 20:

All Documents or public or non-public information or analyses, including but not limited to analyst reports, that You relied upon or considered in connection with any and all potential investment decisions, such as decisions to purchase, sell or hold PureCycle securities.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is

- 21 -

overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.  Plaintiffs further object to this Request to the extent it seeks Documents or information that is not relevant to Plaintiffs' transactions in PureCycle Securities during the Relevant Time Period.

Subject to and without waiving the foregoing objections, Plaintiffs respond that they will, after a reasonable search, produce responsive, non-privileged documents in their possession, custody, or control reflecting their transactions in PureCycle Securities during the Relevant Time Period.  Plaintiffs further respond that to the best of their knowledge they do not have any other non- privileged Documents responsive to this Request in their possession, custody or control.

REQUEST NO. 21:

All Communications with potential class members relating to or concerning this Action.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and

Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

REQUEST NO. 22:

All Documents considered and/or relied upon in: (i) filing this Action; or (ii) drafting the Complaint.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the

- 23 -

attorney-client and/or attorney work product privilege.

REQUEST NO. 23:

Documents sufficient to demonstrate that You have standing to assert the claims included in the Complaint.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs respond that they will, after a reasonable search, produce responsive, non-privileged documents in their possession, custody, or control reflecting their transactions in PureCycle Securities during the Relevant Time Period.  Plaintiffs further direct Defendants to the certifications that Plaintiffs previously filed with the Court pursuant to the Private Securities Litigation Reform Act, setting forth dates and prices of purchases and sales of the relevant PureCycle securities (ECF No. 34-3).

<u>REQUEST NO. 24</u>:

All Documents relating to Your belief that PureCycle securities or common stock existed at an "artificially inflated price" during the Relevant Time Period, as alleged in Paragraphs 106-107 and 114 of the Second Amended Complaint.

<u>RESPONSE</u>:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Plaintiffs further object to this Request as improperly seeking the premature disclosure of expert opinions and/or related supporting documents prior to the deadline for such disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(D) and the Case Management and Scheduling Order entered in this Action on July 26, 2023 (ECF No. 154).

<u>REQUEST NO. 25</u>:

All Documents relating to Your belief as to the "true value" of PureCycle

securities or common stock during the Relevant Time Period.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Plaintiffs further object to this Request as improperly seeking the premature disclosure of expert opinions and/or related supporting documents prior to the deadline for such disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(D) and the Case Management and Scheduling Order entered in this Action on July 26, 2023 (ECF No. 154).

REQUEST NO. 26:

All Documents regarding Persons who provided or provide Lead Plaintiffs investment advice and/or who had authority to make investment decisions on Lead Plaintiffs' behalf, including but not limited to former and current investment professionals and all agents who had or have authority to purchase, sell, hold, or

otherwise effect transactions involving PureCycle Securities on Lead Plaintiffs' behalf.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs respond that they do not have any Documents responsive to this Request.

REQUEST NO. 27:

All Documents relating to any Communications between Lead Plaintiffs or Lead Plaintiffs' Counsel and any governmental or regulatory authority regarding PureCycle, including but not limited to any FOIA requests made to any governmental or regulatory authority and any responses received in response to such requests.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly

- 27 -

broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

REQUEST NO. 28:

All Documents relating to Lead Plaintiffs' decision or potential decision to seek to become a class representative in this Action, including any Documents concerning solicitation, requests, or advertisements from or by Lead Plaintiffs' Counsel or any other law firm.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive.

- 28 -

Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

REQUEST NO. 29:

Without regard to the Relevant Time Period, all Documents relating to Lead Plaintiffs' involvement in any securities-related litigation, arbitration, or other legal or administrative proceeding, including but not limited to any other securities-related actions that were filed by or joined in by Lead Plaintiffs, any securities-related actions in which Lead Plaintiffs moved for appointment as a lead plaintiff or class representative, and any securities-related actions in which Lead Plaintiffs provided testimony, or otherwise participated, at any time.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Subject to and without waiving the foregoing objections, Plaintiffs direct

- 29 -

Defendants to the certifications that Plaintiffs previously filed with the Court pursuant to the Private Securities Litigation Reform Act, which provide that "During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws." (ECF No. 34-3).

REQUEST NO. 30:

All Documents relating to the computation of damages that Lead Plaintiffs seek to recover in this Action for themselves as individuals and on behalf of the Putative Class alleged in the Complaint.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Plaintiffs further object to this Request as improperly seeking the premature disclosure of expert opinions and/or related supporting documents prior to the

deadline for such disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(D) and the Case Management and Scheduling Order entered in this Action on July 26, 2023 (ECF No. 154).

REQUEST NO. 31:

All Documents relating to any method, means, analysis, or formula by which Lead Plaintiffs intend or seek to prove loss causation and damages in this Action.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Plaintiffs further object to this Request as improperly seeking the premature disclosure of expert opinions and/or related supporting documents prior to the deadline for such disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(D) and the Case Management and Scheduling Order entered in this Action on July 26, 2023 (ECF No. 154).

REQUEST NO. 32:

All Documents that Lead Plaintiffs provided to, or received from, any expert whom Lead Plaintiffs expect to testify in connection with this Action, including but not limited to expert reports, curriculum vitae, engagement letters, opinions, work papers, and reliance materials.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Plaintiffs further object to this Request as improperly seeking the premature disclosure of expert opinions and/or related supporting documents prior to the deadline for such disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(D) and the Case Management and Scheduling Order entered in this Action on July 26, 2023 (ECF No. 154).

REQUEST NO. 33:

All Documents that Lead Plaintiffs intend to or may rely upon or use at trial.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Plaintiffs further object to this Request as improperly seeking the premature disclosure of expert opinions and/or related supporting documents prior to the deadline for such disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(D) and the Case Management and Scheduling Order entered in this Action on July 26, 2023 (ECF No. 154). Plaintiffs further object to this Request on the grounds that it is premature at this stage of the litigation as it calls for the disclosure of documents concerning factual and legal contentions in this Action when discovery is ongoing.

In view of the foregoing objections, and subject to Plaintiffs' ultimate production of expert reports and accompanying materials within the timeframes set forth by Federal

- 33 -

Rule of Civil Procedure 26 and any applicable orders of the Court, Plaintiffs state that, other than documents in the equivalent or superior possession of Defendants, including documents that are publicly available and/or in the possession of Defendants, they are not aware of any non-privileged documents in Plaintiffs' possession, custody, or control on which Plaintiffs reasonably expect to rely to support their contentions in this Action. Regardless, and to the extent Plaintiffs reasonably expect to rely on any responsive non-privileged documents other than the foregoing, Plaintiffs will produce them.

REQUEST NO. 34:

All Communications between You and any Person relating to PureCycle Securities during the Relevant Time Period.

RESPONSE:

Plaintiffs incorporate their General Objections and Objections to Definitions and Instructions by reference. Plaintiffs object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, compound, and seeks documents and information that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case, and not in Plaintiffs' possession, custody, or control. Plaintiffs further object to this Request to the extent it seeks documents that are already in Defendants' possession or available to Defendants from another source that is more convenient, less burdensome, and/or less expensive. Plaintiffs further object to this Request to the extent it seeks documents protected by the attorney-client and/or attorney work product privilege.

Dated: September 13, 2023          **POMERANTZ LLP**
                                   By: _/s/ Tamar A. Weinrib_

- 34 -

Tamar A. Weinrib (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (646) 581-9973
Facsimile: (917) 463-1044
taweinrib@pomlaw.com

*Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 13th day of September, 2023, I served

**Plaintiffs' Responses and Objections to Defendants' First Set of Requests for**

**Production** by e-mail to the following counsel of record for each party:

**Counsel for Defendants**

**DECHERT LLP**

David Kistenbroker
Joni S. Jacobsen
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com

Catherine Wigglesworth
Circa Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
catherine.wigglesworth@dechert.com

Nina Rieglesberger
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
nina.rieglesberger@dechert.com

Amy Shay (Florida Bar No. 068841)
The VUE at Lake Eola
220 North Rosalind Avenue
Orlando, FL 32801
Telephone: (407) 316-0393
ashay@scsplaw.com

**Counsel for Defendant Roth**

**DLA PIPER (US)**

John R. Loftus
Christine E. Ellice
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067
Telephone: (310) 595-3000
jake.loftus@dlapiper.com
christine.ellice@dlapiper.com

Amanda E. Reagan
Florida Bar No. 92520
3111 W. Dr. Martin Luther King Jr.
Blvd. Suite 200
Tampa, Florida 33607-6233
Phone: 813-229-2111
Fax: 813-229-1447
Email: amy.reagan@dlapiper.com

- 36 -

*/s/ Tamar A. Weinrib*

*Lead Counsel for Plaintiffs*