## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| WILLIAM C. THEODORE, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiffs,<br><br>                    v.<br><br>PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER, and BYRON ROTH,<br><br>                                    Defendants. | Case No. 6:21-cv-809-PGB-RMN<br><br>**JOINT AGREED MOTION AND PROPOSED ORDER TEMPORARILY STAYING PROCEEDINGS** |

## JOINT AGREED MOTION AND PROPOSED ORDER TEMPORARILY STAYING PROCEEDINGS

Plaintiffs Robert Ciecko and Mariusz Ciecko ("Plaintiffs") and Defendants PureCycle Technologies, Inc. ("PureCycle"), Michael Otworth, David Brenner, Michael Dee ("PureCycle Defendants"), and Byron Roth (collectively, "Defendants" and, with Plaintiffs, the "Parties"), by and through their attorneys, jointly move this Court for entry of a temporary stay for thirty (30) days so that the Parties may continue mediation discussions in an attempt to resolve the above captioned action ("Joint Motion").

In support thereof, the Parties state as follows:

WHEREAS, on May 11, 2021, Plaintiffs filed the above-captioned securities class action (the "Class Action") against Defendants PureCycle, Michael Otworth,

David Brenner, Michael Dee, Tasmin Ettefagh[1], and Byron Roth;

WHEREAS, in 2021, two derivative actions were filed in the United States District Court for the District of Delaware, which have now been consolidated as *In re: PureCycle Technologies, Inc. Derivative Litigation*, Lead Case No. 21-1569-RGA ("Consolidated Derivative Action"). The Consolidated Derivative Action has been stayed until thirty (30) days after this Court's determination of the Motion for Reconsideration, ECF No. 149, pending in the Class Action;

WHEREAS, on February 26, 2024, the Parties in the Class Action engaged in mediation before Jed Melnick of JAMS ADR. The parties in the Consolidated Derivative Action and certain stockholders who had issued demands for books and records and/or litigation demands ("Demand Stockholders") were also invited to, but did not participate in, the February 26 mediation;

WHEREAS, on March 5, 2024 and March 13, 2024 the parties in the Consolidated Derivative Action, and the Demand Stockholders also engaged in mediation before Jed Melnick of JAMS ADR;

WHEREAS, the Parties are continuing to make progress regarding a potential settlement;

WHEREAS the next deadlines pursuant to the Case Management and Scheduling Order, ECF No. 154, are Plaintiffs' disclosure of their merits expert report on May 17, 2024, and Defendants' disclosure of their merits expert report on June 17,

---

[1] Tasmin Ettefagh was dismissed from the above-captioned action on June 15, 2023. ECF No. 144.

2024;

WHEREAS Plaintiffs and Defendants have been in protracted discussions regarding completing fact discovery;

WHEREAS, the Parties in the Class Action have met and conferred regarding scheduling, and the Parties agree that, under the unique circumstances of the Class Action, the interests of efficient and effective case management and conservation of judicial and litigant resources are best served by temporarily staying all proceedings and deadlines in the Class Action so that the Parties may continue to attempt to resolve the Class Action through a settlement;

WHEREAS, the Parties make this request in good faith in order to preserve limited resources, and not for the purposes of delay or any other improper reason; and

WHEREAS, the Parties jointly request that the Court grant this agreed motion and enter an order temporarily staying the Class Action as follows:

1. The Action, including all discovery, motion practice and disclosure obligations under applicable local and federal rules shall be stayed thirty (30) days from the date of filing of this joint motion, March 20, 2024.

2. Within seven (7) days following the expiration of the initial thirty (30) day stay of proceedings, the Parties will report to the Court on the status of the mediation and, only if necessary, submit a proposed revised case scheduling order.

3. If the Parties reach a settlement agreement during the thirty (30) day stay window, the Parties will make every effort to complete a definitive agreement within ten (10) days of reaching that agreement.

4. Nothing herein shall be deemed to constitute a waiver of any of the Parties' claims or defenses, and all Parties preserve all substantive, procedural, and/or jurisdictional arguments.

5. The existence of this motion, the contents thereof, and any negotiations or proceedings in connection therewith shall not be deemed a presumption, concession, finding, or admission by any of the Parties of any fault, liability, or wrongdoing.

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO STAY**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Font v. Aetna Life Ins. Co.*, No. 2:21-CV-444-JLB-NPM, 2021 WL 4050934, at *1 (M.D. Fla. Aug. 17, 2021) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This Court, therefore, has "broad discretionary authority in determining whether a stay is appropriate." *Glaze Supply Co., Inc. v. Canyon Power Sols., LLC*, No. 6:21-CV-1841-ACC-GJK, 2021 WL 9333860, at *1 (M.D. Fla. Nov. 30, 2021) (citing *CTI–Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982); *see also Chico v. Dunbar Armored, Inc.*, No. 17-22701-CIV, 2017 WL 4476334, at *1 (S.D. Fla. Oct. 6, 2017) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Courts have granted motions to stay in absence of a dispositive motion upon

- 4 -

consideration of the following factors "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Glaze Supply Co.*, 2021 WL 9333860, at *1; *see also Font,* 2021 WL 4050934, at *1; *Chico*, 2017 WL 4476334, at *2.

Courts have held that "the possibility of avoiding unnecessary expenses while the parties engage in mediation or settlement discussions that might conserve the parties' resources and promote judicial economy" satisfies these factors and justifies a stay. *Chico*, 2017 WL 4476334, at *2 (granting short stay of discovery pending the outcome of the parties' scheduled mediation); *see also Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances and granting a stay to permit mediation (or to require it) will often be appropriate."); *Font,* 2021 WL 4050934, at *1 (granting 60 day stay of all deadlines "in the interest of giving the parties ample time to focus their efforts on reaching an amicable resolution to this case"); *U.S. Commodity Futures Trading Commission v. Vision Financial Partners, LLC*, Case No. 16-60297-CIV-COHN/SELTZER, ECF No. 84 (S.D. Fla. Aug. 11 2016) (granting joint motion to stay so that the parties could continue settlement discussions and finalize agreement). Given the encouraging progress of settlement discussions to-date, and the fast-approaching deadline for disclosure of merits experts reports and the close of discovery, the proposed stay of proceedings will similarly avoid unnecessary discovery

expenses, conserve the Parties' resources, and promote judicial economy. Accordingly, the Parties respectfully request the Court grant the Joint Motion.

[Remainder of Page Intentionally Blank – Signature Page Follows]

Dated: March 20, 2024

POMERANTZ LLP

By: /s/ Tamar A. Weinrib
Tamar A. Weinrib
(*admitted pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
(646) 581-9973

*Lead Counsel for Plaintiffs*

DECHERT LLP

By:    /s/ Joni S. Jacobsen
David Kistenbroker (*admitted pro hac vice*)
Joni S. Jacobsen (*admitted pro hac vice*)
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601
312-646-5800
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com
radhe.patel@dechert.com

Nina S. Riegelsberger (*admitted pro hac vice*)
Hayoung Park (*admitted pro hac vice*)
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
212-698-3500
nina.riegelsberger@dechert.com
hayoung.park@dechert.com
julia.markham-cameron@dechert.com

**STOVASH, CASE, SHAY &
    PEARCE,P.A.**

Amy S. Shay, Esquire
Florida Bar Number 0068871
ashay@scsplaw.com
The VUE at Lake Eola
220 N. Rosalind Ave.
Orlando, Florida 32801
(407) 316-0393

*Counsel for Defendants PureCycle Technologies,
    Inc., Michael Otworth, Michael E. Dee, David
    Brenner*

**DLA PIPER LLP (US)**

*/s/ John R. Loftus*
John R. Loftus (*admitted pro hac vice*)

Christine E. Ellice (*admitted pro hac vice*)
2000 Avenue of the Stars Suite 400
North Tower Los Angeles, CA 90067
Telephone: (310) 595-3000
jake.loftus@dlapiper.com
christine.ellice@dlapiper.com

Ardith Bronson
Florida Bar No. 423025
200 S. Biscayne Blvd. Suite 2500
Miami, FL 33131-5341
Telephone: (305) 423-8562
ardith.bronson@dlapiper.com

*Counsel for Defendant Byron Roth*

IT IS SO ORDERED this __ day of March 2024:

_____

HON. PAUL G. BYRON
UNITED STATES DISTRICT JUDGE