# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

WILLIAM C. THEODORE,
individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

PURECYCLE TECHNOLOGIES,
INC., MICHAEL OTWORTH,
MICHAEL E. DEE, DAVID
BRENNER, and BYRON ROTH,

Defendants.

Case No. 6:21-cv-809-PGB-RMN

## <u>STIPULATION OF SETTLEMENT</u>

This Stipulation of Settlement (the "Stipulation"), dated May 6, 2024, is entered

into by and among Lead Plaintiffs Robert Ciecko and Mariusz Ciecko (on behalf of

themselves and each of the Class Members) ("Lead Plaintiffs" or "Plaintiffs"), and

Defendants PureCycle Technologies, Inc. ("PureCycle" or the "Company"), Michael

Otworth ("Otworth"), David Brenner ("Brenner"), Michael Dee ("Dee") (collectively,

"PureCycle Defendants"), and Byron Roth ("Roth") (collectively, "Defendants"),

through their respective counsel of record relating to the above-captioned litigation.

This Stipulation is intended to fully, finally, and forever resolve, discharge and settle

all claims asserted in this Action against Defendants subject to the approval of the

United States District Court for the Middle District of Florida (the "Court").

I.    **THE LITIGATION**

    A.    **Procedural History of the Litigation**

        PureCycle is a recycling services company that focuses on recycling waste from polypropylene plastic using a processing technology licensed from The Procter & Gamble Company ("P&G").  On November 16, 2020, PureCycle announced that it would combine with Roth CH Acquisition I Co. ("ROCH"), a publicly traded special purpose acquisition company ("SPAC").  On March 16, 2021, shareholders approved the business combination, and the transaction closed the next day.  PureCycle's stock began trading publicly on the NASDAQ exchange on March 18, 2021.

        This securities class action lawsuit was brought on behalf of purchasers of PureCycle Securities under Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934.  In their Second Amended Complaint ("SAC," as defined below), Plaintiffs allege they were damaged by allegedly false and misleading statements made by Defendants between November 16, 2020, and November 10, 2021 (the "Class Period").  Specifically, Plaintiffs allege that Defendants made misleading statements, including that: (i) PureCycle's recycling process was "proven" to convert waste polypropylene (called feedstock) into virgin polypropylene resin more cost effectively than manufacturing virgin polypropylene traditionally; (ii) that PureCycle's recycling process could utilize a broader range of feedstock than traditional recycling; and (iii) that the PureCycle management team had "broad experience across plastics" and decades of experience scaling early-stage companies.  According to Plaintiffs, the truth about PureCycle's technology and its management team was revealed to the public in

2

a third-party short seller report issued by Hindenburg Research (the "Report") published before the markets opened on May 6, 2021. That day, PureCycle's stock closed at $14.83 per share, down from a closing price of $24.59 per share the day before. Plaintiffs further allege that, after the market closed on November 10, 2021, PureCycle revealed in an SEC filing that the SEC had issued an investigative subpoena to Defendant Otworth "requesting testimony in connection with a non-public, fact finding investigation of the Company," which caused PureCycle's stock to fall from $11.50 per share to $9.79 per share.

On May 11, 2021, two separate complaints were filed against Defendants and other certain individuals alleging violations of the Securities Exchange Act based on the alleged misstatements and omissions discussed above. On July 14, 2021, Judge Paul G. Byron consolidated these complaints under the caption *William S. Theodore v. PureCycle Technologies, et al.*, 6:21-cv-809-PGB-GJK. On August 5, 2021, the Court appointed Robert Ciecko and Mariusz Ciecko as Co-Lead Plaintiffs, and approved Pomerantz LLP as Lead Counsel.

Plaintiffs filed their initial Consolidated Amended Complaint ("FAC") on September 27, 2021. On August 4, 2022, the Court granted Defendants' motion to dismiss the FAC.

Plaintiffs filed the Consolidated Second Amended Complaint ("SAC") on August 18, 2022, naming as defendants PureCycle Technologies, Inc., Michael Otworth, David Brenner, Michael Dee, Tamsin Ettefagh, and Byron Roth. The SAC brought four claims: (1) violations of Section 10(b) of the Securities Exchange Act and

3

Rule 10b-5 promulgated thereunder against all defendants; (2) violations of Section

20(a) of the Securities Exchange Act against defendants Otworth, Brenner, Dee,

Ettefagh, and Roth; (3) violations of Section 14(a) of the Securities Exchange Act and

SEC Rule 14-a, 17 C.F.R. § 240, against all defendants; and (4) violations of Section

20(a) of the Securities Exchange Act against defendants Otworth, Brenner, Dee,

Ettefagh, and Roth.  Defendants moved to dismiss the SAC on September 15, 2022.

On June 15, 2023, the Court dismissed defendant Ettefagh, but otherwise denied the

motions to dismiss.  On June 30, 2023, Defendants filed a motion for reconsideration

of the Court's Order denying Defendants' motion to dismiss the SAC, which is still

pending before the Court.

On November 30, 2023, Plaintiffs filed their motion for class certification.  On

January 17, 2024, Plaintiffs filed an amended motion for class certification seeking

only to certify a class asserting claims pursuant to Sections 10(b) and 20(a) of the

Securities Exchange Act. Defendants filed their opposition to Plaintiffs' motion for

class certification on January 23, 2024.  Plaintiffs filed their reply brief on February 21,

2024.  The Court has yet to rule on Plaintiffs' motion for class certification.

On February 26, 2024, the parties voluntarily participated in a full-day

mediation session presided over by Jed D. Melnick of JAMS.  On March 31, 2024, the

Court granted the Parties' joint motion to stay the Action for thirty (30) days to allow

the Parties time to attempt to resolve the Action through a settlement.

### B. Lead Plaintiffs' Assessment of the Claims and Benefits of Settlement

Lead Plaintiffs believe that the claims asserted in the Action, as reflected in evidence developed to date, have merit and support their claims. Additionally, Lead Counsel have researched the applicable law and believes that any defenses Defendants raise can be refuted.

Nonetheless, Lead Plaintiffs and Lead Counsel recognize the expense and length of continued prosecution of the Action against Defendants through completion of discovery, trial, and any subsequent appeals.

Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class, is fair, reasonable, adequate, and in the best interests of the Class.

### C. Defendants' Denials of Wrongdoing

Defendants have denied and continue to deny, *inter alia,* that Defendants have engaged in any wrongdoing or any alleged violations of the federal securities laws, including, without limitation, that their public statements were false or misleading; that they breached any duty to disclose material information to investors; that they acted in any deceitful manner; that they engaged in any scheme to defraud; that they engaged in any misconduct as alleged in the Hindenburg Report; and that any investment losses sustained by Lead Plaintiffs and the Class were caused by Defendants' alleged misconduct.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this one, Defendants have concluded

5

that further litigation of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial that the claims asserted in the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

## II.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.    Introduction

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiffs, the Class, and each of them, and Defendants, and each of them, by and through their respective undersigned counsel or attorneys of record that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Plaintiffs' Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

### B.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0.    "Action" means *William C. Theodore v. Purecycle Technologies, et al.*, No. 6:21-cv-809-PGB-RMN, and includes all actions consolidated therein.

1.1.    "Authorized Claimant" means any member of the Class who is a Claimant (as defined in ¶ 1.4) and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2.    "Bar Date" means the date of the Final Approval Hearing.

1.3.    "Business Day" means any day except a Saturday or Sunday or other day on which national banks are authorized by law or executive order to close in the State of Florida.

1.4.    "Claimant" means any Class Member (as defined in ¶ 1.7) who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.5.    "Claims Administrator" means Strategic Claims Services ("SCS"), which shall administer the Settlement.

1.6.    "Class Period" means the period from November 16, 2020 through November 10, 2021, both dates inclusive.

1.7.    "Common Stock" means the shares of common stock of PureCycle and ROCH.

1.8.    "Court" means the United States District Court for the Middle District of Florida.

1.9.    "Defendants" means PureCycle, Otworth, Brenner, Dee, and Roth.

1.10.    "Defendants' Counsel" means the law firms of Dechert LLP and DLA Piper LLP (US).

1.11.    "Derivative Actions" means *In re PureCycle Technologies, Inc. Derivative Litigation*, Case No. Lead Case No. 21-1569-RGA (D. Del.) and *John Brunson, derivatively and on behalf of PureCycle Technologies, Inc. v. Michael Otworth, et al.*, Case No. 2024-0326 (Del. Ch.).

7

1.12.  "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of this Stipulation have been met and have occurred.

1.13.  "Escrow Accounts" means, collectively, the Notice Administration Fund and the Settlement Fund.

1.14.  "Escrow Agent" means Huntington National Bank.

1.15.  "Exchange Act" means the Securities Exchange Act of 1934, as amended.

1.16.  "Final" means (1) the Court has entered a Judgment approving the Settlement in all material respects, including but not limited to, *inter alia,* (a) certifying a Class for settlement purposes only, (b) approving the scope of the Releases, and (c) ordering the Clerk of the Court to enter final judgment in the form set forth in Exhibit F pursuant to Federal Rule 54(b), finding that there is no just reason for delay of enforcement or appeal of the order, and (2) the Judgment has been affirmed in all respects on any appeal or review and is no longer subject to further appeal or review. Provided, however, and notwithstanding any provision to the contrary in this Settlement, "Final" shall not include (and the Settlement is expressly not conditioned upon) the Court's approval of attorneys' fees and the reimbursement of expenses sought by Lead Counsel, or the approval of payment of a Compensatory Award for the time and expenses expended by Lead Plaintiffs, or any appeals solely related thereto; nor resolution of the claims asserted in the Derivative Actions.

1.17. "Insurers" means, collectively, Certain Underwriters at Lloyd's, London, Westchester Fire Insurance Company, Endurance Risk Solutions Assurance Co., and is inclusive of their respective reinsurers.

1.18. "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit F or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action.

1.19. "Lead Plaintiffs" means Robert Ciecko and Mariusz Ciecko.

1.20. "Lead Counsel" means Pomerantz LLP.

1.21. "Notice" means, collectively. the Notice Of Proposed Settlement Of Class Action, Motion For Attorneys' Fees And Expenses, And Final Approval Hearing ("Long Notice"), the Publication Notice, and the Postcard Notice, which are to be made available to Class Members substantially in the form attached hereto as Exhibits B, C, D.

1.22. "Notice Administration Fund" means an interest bearing escrow account established by the Claims Administrator to receive funds pursuant to ¶ 2.0(a).

1.23. "Parties" means Plaintiffs and Defendants.

1.24. "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political

subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.25.  "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and Defendants shall have no responsibility or liability with respect thereto.

1.26.  "Postcard Notice" means the postcard notice to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit D. and which shall contain information relating to, among other things, how to access the Long Notice, Settlement Stipulation, and file a Proof of Claim.

1.27.  "Preliminary Approval Order" means the order certifying the Class for settlement purposes only, preliminarily approving the Settlement, and authorizing notice thereof and related matters set forth as Exhibit A hereto.

1.28.  "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit E.

1.29.  "Publication Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action and Final Approval Hearing thereon to be published on a national business internet newswire, substantially in the form attached as Exhibit C.

1.30.  "PureCycle Technologies, Inc.," "PureCycle," or "the Company" shall mean PureCycle Technologies, Inc. and any of its predecessors, affiliates, or subsidiaries, including but not limited to PureCycle Technologies LLC or ROCH.

10

1.31.  "PureCycle Securities" shall mean PureCycle common stock, warrants and call options and put options. During the Class Period, until March 17, 2021, the common stock of ROCH traded on the NASDAQ under the ticker symbol "ROCH," the warrants to purchase the common stock of ROCH traded on the NASDAQ under the ticker symbols "ROCHW," and the units comprised of ROCH common stock and warrants traded on the NASDAQ under the ticker symbol "ROCHU." Following the March 16, 2021 shareholder approval of the merger and the March 17, 2021 closing of the merger, PureCycle Technologies, Inc. common stock trades on the NASDAQ under the ticker symbol "PCT," the warrants to purchase its common stock trade on the NASDAQ under the ticker symbol "PTTW," and units comprised of PCT common stock and warrants trade on the NASDAQ under the ticker symbol "PCTTU.

1.32.  "Released Parties" means Defendants and Defendants' Released Parties, and Lead Plaintiffs and Lead Plaintiffs' Released Parties.

(i)    "Defendants' Released Parties" shall mean each and every past and current Defendant and, whether or not identified in any complaint filed in the Action, each Defendant's respective families, associates, affiliates, and each and all of their past or present directors, officers, employees, partners, member firms or affiliates, principals, agents, predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, accountants, Insurers, assigns, spouses, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which Defendants have a controlling interest

or which is related to or affiliated with Defendants, associates, related or affiliated entities, or any members of their immediate families, or any trusts for which any of them are trustees, settlers or beneficiaries.

(ii)    "Lead Plaintiffs' Released Parties" shall mean Lead Plaintiffs, and/or their respective families, associates, affiliates, and each and all of their respective past, present employees, attorneys, accountants, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, personal or legal representatives, estates, administrators, predecessors, successors and assigns or other individuals or entities in which Lead Plaintiffs have a controlling interest or which is related to or affiliated with Lead Plaintiffs and any other representatives of any of these Persons or entities whether or not any such Released Parties were named, served with process or appeared in the Action.

1.33. "Released Defendants' Claims" means all claims, demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, that could have been brought heretofore or in the future against Lead Plaintiffs, Lead Counsel and Lead Plaintiffs' Released Parties, arising out of the instituting, prosecution, settlement or resolution of the Action, provided

12

however, that Defendants and Defendants' Released Parties shall retain the right to enforce in the Court the terms of the Stipulation.

1.34. "Released Plaintiffs' Claims" means all claims (including "Unknown Claims" as defined in ¶ 1.41), rights, demands, suits, matters, issues, liabilities, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, whether known or unknown, whether class or individual in nature, that were, could have been, or could in the future be asserted against Defendants' Released Parties in any court of competent jurisdiction or any other adjudicatory tribunal, in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, in any way, the facts, transactions, events, occurrences, acts, disclosures, oral or written statements, representations, filings, publications, disseminations, press releases, presentations, accounting practices or procedures, compensation practices or procedures, omissions or failures to act which were or which could have been alleged or described in the Complaint in the Action, including any claims for breach of fiduciary duty and other related claims, with the exception of any claims that have been or could have been asserted by the plaintiffs in the Derivative Actions, provided however, that Lead Plaintiffs and Lead Plaintiffs' Released Parties shall retain the right to enforce in the Court the terms of the Stipulation.

1.35. "ROCH" means Roth CH Acquisition I Co. and any of its predecessors, affiliates, or subsidiaries.

13

1.36.  "Settled Claims" means all of the Released Plaintiffs' Claims, and/or Released Defendants' Claims.

1.37.  "Settlement" means the settlement contemplated by this Stipulation.

1.38.  "Settlement Amount" means Twelve Million Dollars ($12,000,000).

1.39.  Settlement Class" means all Persons who purchased or otherwise acquired PureCycle Securities between November 16, 2020 through November 10, 2021, both dates inclusive, and who were damaged thereby.  Excluded from the Class are: (i) Defendants, all current and former directors and officers of PureCycle during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above; (ii) Opt-Outs; and (iii) Persons who have no compensable damages.

1.40.  "Settlement Class Member" means any person or entity that falls within the definition of the Settlement Class as set forth in ¶ 1.39.

1.41.  "Settlement Fund" means an interest bearing escrow account established by the Escrow Agent to receive the amounts of funds payable by ¶ 2.0(b).

1.42.  "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and causes of action of every nature and description which Lead Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Plaintiffs' Claims, the Parties stipulate and agree that,

14

upon the Effective Date, Lead Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Lead Plaintiffs shall expressly, fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent

discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## C.    The Settlement

### a.    The Settlement Consideration

2.0.    In consideration of the full and final settlement of all claims asserted or which could have been asserted against Defendants in this Action, Defendants shall cause to be paid to the Class, the Settlement Amount as follows:

(a)    Within fourteen (14) Business Days after (i) entry of an Order of Preliminary Approval of the Settlement, and (ii) transmission to Defendants' Counsel of payee information for the Notice Administration Fund (including the name, tax identification number, and Form W-9), PureCycle shall cause to be wired or paid by check or draft, at the sole election of PureCycle and its Insurers, to the Escrow Agent $200,000 (Two Hundred Thousand Dollars) to be deposited into the Notice Administration Fund.

(b)    Within fourteen (14) Business Days after (i) entry of the Order of Preliminary Approval of the Settlement, and (ii) transmission to Defendants' Counsel of payment instructions for check or wire into the Escrow Account (including the name, tax identification number, and Form W-9), PureCycle shall cause to be wired, or paid by check or draft, at the sole election of PureCycle and its Insurers, to the

Escrow Agent $11,800,000 (Eleven Million Eight Hundred Thousand Dollars) to be deposited by the Escrow Agent into the Settlement Fund.

### b.    The Escrow Agent

2.1.    The Settlement Amount shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  Defendants shall not bear any responsibility for or liability related to the investment of the Settlement Amount by the Escrow Agent.

### c.    Return of Funds in Certain Circumstances

2.2.    Lead Plaintiffs agree that, prior to the Effective Date, the sum deposited into the Notice Administration Fund shall be used solely to fund reasonable out-of-pocket costs and expenses relating to the printing, mailing and publication of notices to Class Members as described in ¶ 2.7, below.  In the event that this Settlement Agreement is terminated prior to the occurrence of the Effective Date, the Escrow Agent shall refund the remaining balance of the Notice Administration Fund, plus accrued interest to the Defendants for the express benefits of PureCycle and the Insurers in proportion to their contribution to the Settlement Fund.  The Settlement is not a claims made settlement; there will be no reversion.

17

Payment of all Notice related costs is Defendants' sole responsibility and shall be paid out of the Notice Administration Fund as provided in ¶ 2.0.  In no event shall Lead Plaintiffs, Lead Counsel, or the Class be liable to Defendants for any sums used to fund such properly incurred out-of-pocket costs and expenses.

### d.     Handling and Disbursement of Funds by the Escrow Agent

2.3.     No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a)     As provided in ¶ 2.8, as regards Taxes, and ¶ 7A, as regards attorneys' fees and expenses; and

(b)     To pay Taxes and Tax Expenses (as defined in ¶ 2.8(c)) on the income earned by the Settlement Fund.  Taxes and Tax Expenses shall be paid out of the Settlement Fund, shall be considered to be a cost of administration of the Settlement, and shall be timely paid by the Escrow Agent without prior order of the Court.

2.4.     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendants' Counsel and Lead Counsel.

2.5.     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Class as are consistent with the terms of this Stipulation.

2.6.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,

until such time as such funds shall be distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order(s) of the Court.

2.7.    The Notice Administration Fund shall be used by the Escrow Agent to pay the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Claims Administrator in connection with the administration and notice of the settlement upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Class; mailing Notice and Proof of Claim and publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund (as defined below) to Authorized Claimants, processing Proof of Claim  Forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims ("Notice and Administration Costs").  Any residual monies held in the Notice Administration Fund upon the completion of notice administration for the Settlement shall be transferred to the Settlement Fund.

**e.    Taxes**

2.8.

19

(a)    The Parties and the Escrow Agent agree to treat the Notice Administration and Settlement Funds as "qualified settlement funds" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    The Claims Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Notice Administration and Settlement Funds (including without limitation the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶ 2.8(a)) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)    All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Notice and Settlement Funds, and expenses and costs incurred in connection with the operation and implementation of this ¶ 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to

file) the returns described in this ¶ 2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund.

Defendants, Defendants' Counsel, Lead Plaintiffs, and Lead Counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be a cost of administration of, the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.

The Escrow Agent shall indemnify and hold each of the Defendants, Defendants' Counsel, Lead Plaintiffs and Lead Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)).   Neither Defendants, Defendants' Counsel, Lead Plaintiffs, nor Lead Counsel are responsible therefor, nor shall they have any liability with respect thereto.

The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8. Defendants' Counsel agree to promptly provide the Escrow Agent with the statement described in Treasury Regulation §1.468B-3(e).

### f.    Termination of Settlement

2.9.    The Defendants shall, acting collectively, have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so to all other Parties within five (5) days of: (a) the Court's denial of Lead Plaintiffs' motion for preliminary approval of the Settlement in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter an Order and Final Judgment in any material respect without leave to amend and resubmit; or (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Fee and Expense Application, or with respect to any Plan of Allocation, shall not be considered material to this Stipulation and shall not be grounds for termination.  In the event that this Stipulation is terminated, the Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing from the Settlement Fund for the Notice and Administration Costs of Settlement pursuant to ¶ 2.7 above, shall be refunded by check or wire transfer in accordance with the instructions to be provided by counsel for the Defendants.

2.10.   Lead Plaintiffs, acting collectively, shall have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so to all other Parties within five (5) days of: (a) the Court's denial of Lead Plaintiffs' motion for preliminary approval of the Settlement in any material respect as to the Defendants without leave to amend and resubmit; (b) the Court's refusal to approve

this Stipulation or any material part of it without leave to amend and resubmit; (c) the Court's declining to enter an Order and Final Judgment in any material respect as to the Defendants without leave to amend and resubmit; (d) the Defendants' failure to timely make full payment of the Settlement Amount into the Escrow Account; or (e) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Fee and Expense Application, or with respect to any Plan of Allocation, shall not be considered material to this Stipulation and shall not be grounds for termination.

2.11. If, prior to the Final Approval Hearing, any persons who otherwise would be members of the Class have timely filed for exclusion from the Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto (see ¶ 4.9 below), and such persons in the aggregate purchased a number of shares of Common Stock, Warrants, or Options during the Class Period in an amount greater than the sum specified in a separate "Supplemental Agreement" between the Parties, Defendants, in their sole discretion, shall have the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until a dispute among the Parties concerning its interpretation or application arises. If submission of the Supplemental

Agreement is required for resolution of a dispute or is otherwise ordered by the Court, Lead Plaintiffs and the Defendants will undertake to have the Supplemental Agreement submitted to the Court *in camera*. Copies of all requests for exclusion received and copies of all written revocations of requests for exclusion received shall be sent to counsel for the Parties within a reasonable time of receipt by the Claims Administrator, and in any event not less than seven (7) days prior to the Final Approval Hearing.

2.12.   If (i) the Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate this Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement as to the Defendants; or (iv) the Effective Date as to the Settlement otherwise fails to occur with respect to the Defendants, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice with respect to the Parties to whom the termination of the Settlement applies and only those Parties, and this Stipulation shall be null and void and shall have no further force or effect with respect to these Parties and only those Parties;

(b)     The Parties to whom the termination of Settlement applies and only those Parties shall revert to their respective positions in the Action on March 20, 2024.

**D.    Class Certification**

3.0.   The Parties hereby stipulate to certification of the Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Settlement.

The certification of the Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final.

### E.    Preliminary Approval Order

4.0.    Promptly after execution of this Stipulation, but in no event later than May 6, 2024, Lead Counsel and Defendant' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall request entry of a Preliminary Approval Order (substantially in the form of Exhibit A) that will, *inter alia,* grant preliminary approval to the Settlement; certify the Class for settlement purposes only; and authorize notification of the Settlement Class substantially in the form of Exhibits B, C, and D hereto, along with provision of a Proof of Claim Form substantially in the form of Exhibit E.

The Notice shall describe the Settlement; the proposed Plan of Allocation; the requests for awards of Attorney Fees and Expenses and Lead Plaintiff Compensatory Awards (consistent with ¶¶ 7.0 and 7.5); the date of the Final Approval Hearing; Class Members' rights to opt out, object or otherwise be heard with regard to these matters; and Class Members' opportunity to file claims upon the Settlement Fund.

No later than ten (10) calendar days after the entry of the Preliminary Approval Order, PureCycle shall provide at its expense transfer records sufficient to identify Class Members.

The Stipulation of Settlement, Notice, Proof of Claim Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

### The Final Hearing/Objections

4.1.    Following provision of Notice to the Class Members, the Court shall hold a hearing (the "Final Approval Hearing") to consider whether to approve the Settlement; approve the Plan of Allocation; and to award attorneys' fees and expenses and Lead Plaintiff Compensatory Awards.

4.2.    Lead Counsel and Defendants shall submit papers in support of the foregoing matters no later than twenty-one (21) days prior to the Final Approval Hearing.

4.3.    Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the matters set forth in ¶¶ 2.0-7.5 must both effect service on Lead Counsel and Defendants' Counsel and file with the Court no later than twenty one (21) days before the Final Hearing its objection in the manner set forth in ¶ 4.4 below; *provided however,* that a Class Member who submits a Request for Exclusion, as defined below, shall not be able to submit an objection.

4.4.    The statement of objection of the Class Member shall state (i) whether the Class Member is a Class Member, (ii) which part of this Stipulation the Class Member objects to and (iii) the specific reason(s), if any, for each such objection made by the Class Member, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection.  Such Class Member shall also provide documentation sufficient to establish the amount of publicly traded PureCycle Securities purchased

and sold during the Class Period, and the prices and dates of each transaction. Failure to provide such information and documentation shall be grounds to void the objection.

4.5.    Any Class Member who fails to comply with any of the provisions of Exhibit E shall waive and forfeit any and all rights he, she or it may otherwise have to appear separately at the Final Approval Hearing and/or to object to this Stipulation, and shall be bound by all the terms of this Stipulation, and by all proceedings, orders and judgments in the Action.

4.6.    Any objector shall be subject to the jurisdiction of the Court and may be deposed by any Party.

4.7.    All papers in opposition to any objections, and in further support of the foregoing matters shall be filed by the Parties no later than seven (7) days before the Final Approval Hearing.

4.8.    At the Final Approval Hearing, Parties shall request that the Court enter a Judgment substantially in the form attached to this Agreement as Exhibit F.

**Requests for Exclusion**

4.9.    Any Person falling within the definition of the Class may be excluded from the Class by submitting to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Preliminary Approval Order, Exhibit A hereto, and is postmarked no later than the Court-ordered date. All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment. However,

a Class Member may submit a written revocation of a Request for Exclusion up until two (2) days prior to the date of the Final Approval Hearing and receive payments pursuant to this Stipulation and Settlement provided the Class Member also submits a valid Proof of Claim, as set forth in ¶ 6.3(i), below, prior to the Bar Date;

**F.    Releases**

5.0.    The obligations incurred pursuant to this Stipulation shall be a full and final disposition of the Action, any and all Released Plaintiffs' Claims, and any and all Released Defendants' Claims, as against all Released Parties.

5.1.    Upon the Effective Date, Lead Plaintiffs, on behalf of themselves and Lead Plaintiffs' Released Parties, shall be deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged all Released Plaintiffs' Claims against Defendants, and each of them, and any and all of Defendants' Released Parties, whether or not any individual Class Member executes and delivers the Proof of Claim.

5.2.    Upon the Effective Date, Defendants, and each of them, on behalf of themselves and Defendants' Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Defendants' Claims against Lead Plaintiffs and any and all of Lead Plaintiffs' Released Parties.

**Proof of Claims**

5.3.    Only those Class Members filing valid and timely Proof of Claim and Release forms shall be entitled to participate in the Settlement and receive a

28

distribution from the Settlement Fund. The Proof of Claim and Release to be executed by Class Members shall release all Released Plaintiffs' Claims against the Released Persons, and shall be substantially in the form contained in Exhibit E attached hereto.

All Class Members not submitting valid and timely requests for exclusion shall be bound by the Releases, whether or not they submit a valid and timely Proof of Claim and Release.

### G.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

6.0.    The Claims Administrator shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants. The distribution checks will be drawn upon the Settlement Fund.

6.1.    Defendants shall have no responsibility or liability for the allocation of the Settlement Fund among the Class Members or the allocation of any awards of Lead Plaintiffs' attorneys' fees, costs and expenses. Any such awards shall be paid solely by the Settlement Fund.

6.2.    The Settlement Fund shall be applied as follows:

(i)    To pay the Taxes and Tax Expenses described in ¶ 2.8 above;

(ii)    To pay all the costs and expenses reasonably and actually incurred in connection with settlement administration, including, but not limited to, locating members of the Class, providing Notice, soliciting Class claims, assisting with the filing of claims, processing Proof of Claim forms, making administrative

29

determinations concerning the acceptance or rejection of submitted claims, administering and distributing the Settlement Fund to Authorized Claimants, paying escrow fees and costs, if any, and paying the fees and expenses of the Claims Administrator;

(iii) To pay Lead Counsel's attorneys' fees, and expenses with interest thereon, as provided in ¶ 7.1 (the "Fee and Expense Award"), to the extent allowed by the Court;

(iv) To pay Compensatory Awards to the Lead Plaintiffs as provided in ¶ 7.5, to the extent allowed by the Court;

(v) To pay the Claims Administrator's fees and expenses reasonably incurred in the claims administration of the Settlement; and

(vi) Upon court approval, to distribute the balance of the Settlement Fund, that is, the total Settlement Fund less the items set forth in ¶¶ 6.2(i), (ii), (iii), (iv) and (v) (the "Net Settlement Fund"), to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, and the Court.

6.3. Upon the entry of the Judgment and thereafter, subject to ¶ 2.3 and in accordance with the terms of the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i) Each Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim,

substantially in the form of Exhibit E hereto, signed under penalty of perjury and supported by such documents as specified in the Proof of Claim or such other documents or proof, as are reasonably available to the Authorized Claimant, as Lead Counsel, in their discretion, may deem acceptable, no later than ninety (90) days from mailing of the Notice;

(ii)    Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or otherwise allowed, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment and will be barred and enjoined from bringing any action against the Released Parties concerning the Settled Claims.

6.4.    No Person shall have any claim against Lead Plaintiffs, Lead Counsel, Defendants, Defendants' Counsel, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.5.    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net

Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to such not-for-profit as the Court may direct and approve.

This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their insurance carriers.

Defendants and their corresponding Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.6.    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

### H.    Attorneys' Fees and Expenses

7.0.    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including experts or consultants, incurred in connection with prosecuting the Action plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1.    The attorneys' fees and expenses, including the fees and expenses of experts and consultants, as awarded by the Court, shall be payable to Lead Counsel from the Settlement Fund, as ordered, no later than ten (10) days following the entry of the Court's order awarding such fees and expenses notwithstanding any objections to the Settlement or award of such Fees and Expenses.

Lead Counsel agrees to refund to the Settlement Fund any award of attorney's fees and expenses by the Court paid to Lead Counsel in the event the Court's award of attorney's fees and expenses is reduced or reversed on appeal (the "Fee Award"). Payment of some or all of the Fee Award shall be made by Lead Counsel into the Settlement Fund within ten (10) days of a Final order by the Court of Appeals or the Supreme Court directing such reduction or reversal, and shall be distributed by the Escrow Agent to the Class pursuant to the manner directed in the Final order.

Lead Counsel further agrees to refund to the Settlement Fund any award of attorney's fees and expenses by the Court paid to Lead Counsel in the event that this Settlement does not become Final; in such situation, payment of all of the Fee Award shall be made by Lead Counsel into the Settlement Fund within ten (10) days thereof, and shall thereafter be distributed by the Escrow Agent pursuant to the terms of ¶ 8.3.

7.2.    The procedure for and allowance or disallowance by the Court of any application by Lead Counsel for attorneys' fees and expenses, including the fees and expenses of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.

7.3.    Defendants and Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Counsel or any other Plaintiffs' Counsel and/or any other Person who receives payment from the Settlement Fund.

7.4.    Defendants and Defendants' Released Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Counsel

34

and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

### Lead Plaintiffs' Compensatory Award

7.5.    Lead Counsel may submit an application to the Court to authorize the payment of a Compensatory Award from the Settlement Fund for the time and expenses expended by Lead Plaintiffs in assisting Lead Counsel in the litigation of this Action, including their depositions. Subject to the payment terms in ¶ 2.0, payment for any Compensatory Award payable in cash shall be payable to Lead Plaintiffs ten (10) days after the Effective Date.

### I.    Effect of Disapproval, Cancellation, or Termination

8.0.    The Effective Date of the Stipulation shall be conditioned upon the occurrence of all of the following events:

(a)    Defendants have caused the contributions to be made to the Settlement Fund, as required by ¶ 2.0 above;

(b)    the Court has entered the Judgment, or a judgment substantially in the form of Exhibit F attached hereto; and

(c)    the Judgment has become Final, as defined in ¶ 1.17 hereof.

Any appeal or delay in (a) the approval of the Plan of Allocation, (b) the determination of any award of attorneys' fees and expenses, or (c) the granting of a Compensatory Award to Lead Plaintiffs, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1.    Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶ 6.2 hereof.

8.2.    In the event that this Stipulation is not approved by the Court, or the Effective Date does not occur, then this Stipulation shall be canceled and terminated subject to ¶ 8.3 unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with this Stipulation.  None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed herein. Without limitation of any Party's other rights or remedies at law or in equity to enforce its rights against any other Party that breaches its obligations under this Stipulation, no breach by any Party of its obligations under this Stipulation shall permit any other Party to terminate this Stipulation or, after the Effective Date, affect or impair the disposition of the Action or release of claims contemplated by ¶ 5.1.

8.3.    Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or shall not become effective for any reason, within ten (10) Business Days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶ 2.9 hereof, the Settlement Fund (including accrued interest), less any expenses and any costs which have either been properly disbursed pursuant to ¶¶ 2.3-2.6 hereof, or are determined to be chargeable to the Settlement Fund or the notice and administration of the Settlement pursuant to ¶ 2.7 hereof, shall be refunded by the Escrow Agent to

PureCycle and the Insurers, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from PureCycle and the Insurers.  At the request of PureCycle and the Insurers, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, to PureCycle and the Insurers.

8.4.    In the event the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action immediately prior to the execution of this Stipulation.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ 1.0-1.41; ¶¶ 8.2-8.5 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc.*  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.5.    If the Effective Date does not occur, neither Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Notice Administration Fund.  In addition, any expenses already

incurred and properly chargeable to the Notice Administration Fund pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶ 8.3.

J.    **Miscellaneous Provisions**

9.0.    This Stipulation, and all related documents, shall not be construed as or deemed to be evidence of (i) any presumption, an admission or concession on the part of any Defendant, or any of Defendants' Released Parties (as defined in ¶ 1.33(i)), with respect to any claim of any fact alleged by Lead Plaintiffs or any member of the Class, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any member of the Class, or any deficiency or any defense that has been or could have been asserted by the Defendants in this Action or in any other litigation, or (ii) any liability, negligence, fault, wrongdoing, or damage whatsoever and of any kind of any of the Defendants' Released Parties or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceeding.  The Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Rule 11 of the Federal Rules of Civil Procedure.  Further, the Parties, and each of them, will not deny in any statement made to any media representative that the Action is being settled voluntarily after consultation with competent counsel.  The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining.

9.1.    The Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing teens and conditions of this Stipulation.  Lead Counsel and Defendants' Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.2.    The Parties intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Action as well as any disputes which could have been raised in the Action by Lead Plaintiffs, the Class, and Lead Plaintiffs' Released Parties, and each or any of them, against Defendants and Defendants' Released Parties, Defendants' Counsel, and each or any of them, on the one hand, and by Defendants and Defendants' Released Parties, and each or any of them, against Lead Plaintiffs the Class, Lead Plaintiffs' Released Parties, Lead Counsel, and each or any of them, on the other hand. Additionally, as among and between Defendants and Defendants' Released Parties, and each or any of them, Defendants intend this Stipulation to be a final and complete resolution of all disputes between them with respect to the Action, except that nothing contained herein shall constitute a release by Roth of any claims for indemnification or contribution, whether contractual, equitable, or otherwise, against PureCycle.  Accordingly, the Parties agree not to assert

39

in any forum or, in any statement made to any media representative (whether or not for attribution) that the Action was brought by Lead Plaintiffs or defended by any the Defendants, or each or any of them, in bad faith or without a reasonable basis. The Judgment will contain a statement that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Parties further agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3.    Except as otherwise provided herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.4.    The Settlement contemplated herein is not subject to or contingent upon confirmatory discovery or other discovery.

9.5.    Whether or not the Effective Date occurs or this Stipulation is terminated, neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:

(i)    may be deemed, or shall be used, offered or received against Defendants or Defendants' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Plaintiffs' Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have

40

been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Defendants and Defendants' Released Parties, or any of them;

(ii)    may be deemed, or shall be used, offered or received against Lead Plaintiffs, the Class, Lead Plaintiffs' Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Action

If this Stipulation is approved by the Court, any party or any of the Released Parties may file this Stipulation and/or Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, except that nothing contained herein shall constitute a release by Roth of any claims for indemnification or contribution, whether contractual, equitable, or otherwise, against PureCycle;

9.6.    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.7.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

9.8.    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.9.    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.10.    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs.

9.11.    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.12.    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation all exchange original signed counterparts.

9.13.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto and the Released Parties.

42

9.14.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

9.15.    This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Florida and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Florida without giving effect to that State's choice of law principles.

9.16.    This Stipulation is deemed to have been prepared by counsel for all parties, as a result of arm's length negotiations among the parties.  Whereas all parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.17.    Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be provided by electronic mail, or next-day (excluding Saturday and Sunday) express delivery service as follows and shall be deemed effective upon such transmission or delivery to the address set forth below:

If to Lead Plaintiffs, then to:      Jeremy Lieberman
Tamar Weinrib
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
taweinrib@pomlaw.com

43

If to Defendants, then to:      David Kistenbroker
Joni S. Jacobsen
**DECHERT LLP**
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601
david.kistenbroker@dechert.com
joni.jacobsen@dechert.com

John R. Loftus
Christine E. Ellice
**DLA PIPER LLP (US)**
2000 Avenue of the Stars Suite 400
North Tower Los Angeles, CA 90067
jake.loftus@dlapiper.com
christine.ellice@dlapiper.com

9.18.  All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.19.  The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to

be executed, by their duly authorized attorneys, dated May 6, 2024.

**POMERANTZ LLP**

By: _____

Jeremy A. Lieberman
Tamar A. Weinrib (*admitted pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 00016

*Counsel for Lead Plaintiff*

**DECHERT LLP**

By: _____

David Kistenbroker (*admitted pro hac vice*)
Joni S. Jacobsen (*admitted pro hac vice*)
35 W. Wacker Drive, Suite 3400
Chicago, IL 60601

**STOVASH, CASE, SHAY & PEARCE, P.A.**

Amy S. Shay, Esquire
Florida Bar Number 0068871
The VUE at Lake Eola
220 N. Rosalind Ave.
Orlando, Florida 32801

*Counsel for Defendants PureCycle Technologies, Inc., Michael Otworth, Michael E. Dee, and David Brenner*

**DLA PIPER LLP (US)**

By: _____

John R. Loftus (*admitted pro hac vice*)
Christine E. Ellice (*admitted pro hac vice*)
2000 Avenue of the Stars Suite 400
North Tower Los Angeles, CA 90067

# EXHIBIT A

EXHIBIT A

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

WILLIAM C. THEODORE, individually and
on behalf of all others similarly situated,

                                    Plaintiffs,

                                                    Case No. 6:21-cv-809-PGB-RMN

          v.

PURECYCLE    TECHNOLOGIES,    INC.,
MICHAEL OTWORTH, MICHAEL E. DEE,
DAVID BRENNER, and BYRON ROTH,

                                    Defendants.

# [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

EXHIBIT A

WHEREAS, Lead Plaintiffs Robert Ciecko and Mariusz Ciecko (on behalf of themselves and each of the Class Members) ("Lead Plaintiffs"), and Defendants PureCycle Technologies, Inc. ("PureCycle" or the "Company"), Michael Otworth, Michael E. Dee, David Brenner, and Byron Roth (collectively, "Defendants"), have entered into the Stipulation of Settlement, dated May 6, 2024 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court captioned *Theodore v. PureCycle Technologies, Inc., et al.*, Case No. 6:21-cv-809-PGB-GJK (M.D. Florida) (the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2024, that:

1.      Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired PureCycle Securities between November 16, 2020 and November 10, 2021, both dates inclusive. Excluded from the Class are (i) Defendants, all current and former directors and officers of PureCycle during the Class Period, and any family member, trust, company, entity

1

or affiliate controlled or owned by any of the excluded persons and entities referenced above, (ii) Opt-Outs; and (iii) Persons who have no compensable damages.

3.      This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, previously selected by Lead Plaintiff and appointed by the Court, are hereby appointed as Lead Counsel for the Settlement Class ("Lead Counsel").

5.      The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Final Approval Hearing.

6.      The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Final Approval Hearing") pursuant to Federal Rule of Civil

Procedure 23(e), which is hereby scheduled to be held before the Court on _____ 2024

at __:___ _.m. for the following purposes:

(a)     to determine finally whether the applicable prerequisites for class action

treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)     to determine finally whether the Settlement is fair, reasonable, and

adequate, and should be approved by the Court;

(c)     to determine finally whether the Order and Final Judgment as provided

under the Settlement Stipulation should be entered, dismissing the Action on the merits and with

prejudice, and to determine whether the release by the Releasing Parties of the Released Claims

against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along

with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released

Claims extinguished by the release against any of the Released Parties, as also set forth in the

Settlement Stipulation;

(d)     to determine finally whether the proposed Plan of Allocation for the

distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Lead Counsel for an award of attorneys' fees

and expenses and a Compensatory Award to the Class Representatives;

(f)     to consider Settlement Class Members' objections to the Settlement, if any,

whether submitted previously in writing or presented orally at the Final Approval Hearing by

Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice

that they intend to appear at the Final Approval Hearing; and

(g)     to rule upon such other matters as the Court may deem appropriate.

7.      The Court reserves the right to adjourn the Final Approval Hearing to a later date

and to approve the Settlement without modification, or with such modifications as may be agreed

to by the Settling Parties, and with or without further notice of any kind. The Court further reserves

the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action,

on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or

awarded attorneys' fees and expenses.

8.      The Court approves the form, substance and requirements of: (a) the Notice, (b) the

Summary Notice, (c) the Postcard Notice, and (d) the Proof of Claim and Release Form, all of

which are exhibits to the Settlement Stipulation.

9.      Lead Counsel have the authority to enter into the Settlement on behalf of the

Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all

acts or consents required by or that may be given pursuant to the Settlement Stipulation or such

other acts that are reasonably necessary to consummate the Settlement.

10.     For settlement purposes only, Strategic Claims Services is appointed and approved

as the Claims Administrator to supervise and administer the notice procedure as well as the

processing of claims.

11.     Lead Counsel, through the Claims Administrator, shall cause the Postcard Notice,

substantially in the form annexed to the Settlement Stipulation, to be mailed, by first class mail,

postage prepaid, within twelve (12) Business Days of entry of this Order, to all Settlement Class

Members who can be identified with reasonable effort by Lead Counsel, through the Claims

Administrator.

12.     Within fourteen (14) Business Days after (i) entry of a Preliminary Approval Order,

and (ii) transmission to Defendants' Counsel of payee information for the Notice Administration

Fund (including the name, tax identification number, and Form W-9), PureCycle shall cause to be wired or paid by check or draft, at the sole election of the Insurers, to the Escrow Agent $200,000 (Two Hundred Thousand Dollars) to be deposited into the Notice Administration Fund.

13.    Within fourteen (14) Business Days after (i) entry of a Preliminary Approval Order, and (ii) transmission to Defendants' Counsel of payee information for the Notice Administration Fund (including the name, tax identification number, and Form W-9), PureCycle shall cause to be wired or paid by check or draft, at the sole election of the Insurers, to the Escrow Agent $11,800,000 (Eleven Million Eight Hundred Thousand Dollars) to be deposited into the Settlement Fund.

14.    No later than ten (10) calendar days after the entry of the Preliminary Approval Order, PureCycle, at its own expense, shall provide, and/or cause its transfer agent to provide, to Lead Counsel a list of the record owners of PureCycle Securities during the Class Period in a usable electronic format, such as an Excel spreadsheet. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

15.    Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held PureCycle Securities during the Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the letter, either (i) request additional copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) or within ten (10) calendar days of receipt of the letter, request from the Claims Administrator the link to the location hosting the electronic Notice and Proof of Claim and Release Form and, within ten (10) calendar days of receipt, email the link to beneficial owners for whom

valid email addresses are available; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. Where the Claims Administrator receives a valid email address, they shall email the link to the location of the electronic Notice and Proof of Claim and Release Form to beneficial owners. Nominees or custodians who elect to send the Postcard Notice or email the link to the electronic Notice and Proof of Claim and Release Form to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing and/or emailing has been made as directed. Additional copies of the Notice and Proof of Claim and Release Form shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, in an amount not to exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed; $0.03 per link to the electronic Notice and Proof of Claim and Release Form emailed; or $0.03 per name, address, and email address (to the extent available) provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

16.   Lead Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing of the Postcard Notice and emailing of links to the electronic Notice and Proof of Claim and Release Form as required by this Order.

17.    Lead Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release Form to be posted on the Claims Administrator's website within fifteen (15) Business Days after entry of this Order.

18.    Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within twenty (20) Business Days of entry of this Order. Lead Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

19.    The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

20.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than _____, 2024 (twenty-one (21) calendar days prior to the Final

EXHIBIT A

Approval Hearing), or submitted electronically via the Settlement website at www.strategicclaims.net/purecycle no later than 11:59 p.m. EST on _____, 2024. Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)      The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)      Once the Claims Administrator has considered a timely submitted Proof of Claim form, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter

8

or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency, if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

(d)     As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

21.     All Settlement Class Members who do not submit valid and timely Proof of Claim forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Order and Final Judgment, if entered.

22.     Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class

Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2024 (twenty-one (21) calendar days prior to the Final Approval Hearing) (the "Exclusion Deadline"), at the addresses listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Theodore v. PureCycle Technologies, Inc., et al.*, Case No. 6:21-cv-809-PGB-GJK (M.D. Florida)"; and (B) state (i) the date, number of shares and dollar amount of each PureCycle Securities purchase or acquisition during the Class Period, and any sale transactions, and (ii) the number of shares of PureCycle Securities held by the Person as of November 16, 2020 and November 10, 2021.  In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of PureCycle Securities during the Class Period and (ii) demonstrating the Person's status as a beneficial owner of the PureCycle Securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

23.    The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or

EXHIBIT A

upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

24.    Any Person who submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Final Approval Hearing, in which event that Person will be included in the Settlement Class.

25.    All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

26.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Final Approval Hearing Date:

LEAD COUNSEL:

Jeremy A. Lieberman
Tamar A. Weinrib
POMERANTZ LLP
600 Third Avenue, Floor 20
New York, New York 10016


COUNSEL FOR DEFENDANTS:

David Kistenbroker
Joni Jacobsen
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601

EXHIBIT A

John R. Loftus
Christine E. Ellice
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067

and that Person has (at least twenty-one (21) calendar days prior to the Final Approval Hearing

date) filed said objections, papers and briefs, showing due proof of service upon counsel identified

above, with the Clerk of the Court, U.S. District Court, Middle District of Florida, 401 West

Central Boulevard, Orlando, Florida 32801. To be valid, any such objection must contain the

Settlement Class Member's (1) name, address, and telephone number; (2) a list of all purchases

and sales of PureCycle Securities during the Class Period in order to show membership in the

Settlement Class; (3) all grounds for the objection, including any legal support known to the

Settlement Class Member and/or his, her, or its counsel; (4) the name, address and telephone

number of all counsel who represent the Settlement Class Member, including former or current

counsel who may be entitled to compensation in connection with the objection; and (5) the number

of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a

class action settlement in the last five years, the nature of each such objection in each case, the

jurisdiction in each case, and the name of the issuer of the security or seller of the product or

service at issue in each case. Attendance at the Final Approval Hearing is not necessary, but

Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the

Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written

objection (or in a separate writing that is submitted in accordance with the deadline and after

instruction pertinent to the submission of a written objection) that they intend to appear at the Final

Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to

introduce into evidence at the Final Approval Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

27.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

28.    The Court reserves the right to adjourn the Final Approval Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

29.    All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-one (21) calendar days before the Final Approval Hearing.

30.    Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Final Approval Hearing.

31.    Defendants, their counsel, their Insurers and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by

Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

32.     Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

33.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

34.     Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, their Insurers or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, negligence, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

EXHIBIT A

35.     In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to March 20, 2024, pursuant to the terms of the Settlement Stipulation.

36.     The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.


Dated: _____, 2024                    _____
                                             HON. PAUL G. BYRON
                                             UNITED STATES DISTRICT JUDGE

15

# EXHIBIT B

EXHIBIT B

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

WILLIAM C. THEODORE, individually and
on behalf of all others similarly situated,

                                Plaintiffs,

           v.

PURECYCLE TECHNOLOGIES, INC.,
MICHAEL OTWORTH, MICHAEL E. DEE,
DAVID BRENNER, and BYRON ROTH,

                            Defendants.

Case No. 6:21-cv-809-PGB-RMN

---

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL APPROVAL HEARING

If you purchased or otherwise acquired PureCycle Securities[1] between November 16, 2020 through November 10, 2021, both dates inclusive (the "Class Period"), you could get a payment from a proposed class action settlement (the "Settlement").

*A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Settlement Hearing on ____, 2024 at _____ to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide $12,000,000 gross (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, costs, and administrative expenses, net of any taxes on interest, to pay claims of investors who purchased PureCycle Securities.

- The Settlement represents an average recovery of $0.32 per share of PureCycle common stock, $0.29 per warrant, $0.04 per call option, and $0.05 per put option for the approximately 33.9

---

[1] "PureCycle Technologies, Inc.," "PureCycle," or "the Company" shall mean PureCycle Technologies, Inc. and any of its predecessors, affiliates, or subsidiaries, including but not limited to PureCycle Technologies LLC or Roth CH Acquisition I Co. ("ROCH"). During the Class Period, until March 17, 2021, the common stock of ROCH traded on the NASDAQ under the ticker symbol "ROCH," the warrants to purchase the common stock of ROCH traded on the NASDAQ under the ticker symbols "ROCHW," and the units comprised of ROCH common stock and warrants traded on the NASDAQ under the ticker symbol "ROCHU." Following the March 16, 2021 shareholder approval of the merger and the March 17, 2021 closing of the merger, PureCycle common stock trades on the NASDAQ under the ticker symbol "PCT," the warrants to purchase its common stock trade on the NASDAQ under the ticker symbol "PTTW," and units comprised of PCT common stock and warrants trade on the NASDAQ under the ticker symbol "PCTTU." As further described in the Stipulation of Settlement, these are all included within the definition of PureCycle Securities.

million estimated shares of common stock, 3.4 million warrants, 3.7 million call option contracts, and 1.4 million put option contracts that Lead Plaintiffs allege were damaged and declined in value as a result of Defendants' alleged misconduct during the Class Period.[2] A share may have been traded more than once during the Class Period. This estimate solely reflects the average recovery per outstanding share of PureCycle Securities. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold PureCycle Securities, and the total number of claims filed. See the Plan of Allocation on page 12 below for more details.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release Form ("Proof of Claim") by _____, 2024.

- Attorneys for Lead Plaintiffs ("Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount ($4,000,000) plus interest and reimbursement of up to $400,000 in litigation expenses. Since the Action's inception, Lead Counsel have expended considerable time and effort in this litigation on a contingent-fee basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel also intends to ask the Court to grant a Compensatory Award to Lead Plaintiffs collectively not to exceed $60,000 (or $30,000 each). Collectively, the requested attorneys' fees and litigation expenses and Award to Plaintiffs are estimated to average $0.12 per allegedly damaged share of PureCycle common stock, $0.11 per allegedly damaged PureCycle warrant, $0.01 per allegedly damaged PureCycle call option and $0.02 per allegedly damaged PureCycle put option. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The average recovery, after the deductions set forth in the preceding paragraph, is $0.20 per allegedly damaged share of PureCycle common stock, $0.18 per allegedly damaged PureCycle warrant, $0.03 per allegedly damaged PureCycle call option and $0.03 per allegedly damaged PureCycle put option. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold PureCycle Securities, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the Action concerning whether PureCycle, Michael Otworth, Michael E. Dee, David Brenner, and Byron Roth (collectively "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public, including that: (i) PureCycle's recycling process was "proven" to convert waste polypropylene (called feedstock) into virgin polypropylene resin more cost effectively than manufacturing virgin polypropylene traditionally; (ii) that PureCycle's recycling process could utilize a broader range of feedstock than traditional recycling; and (iii) that the PureCycle management team had "broad experience across plastics" and decades of experience scaling early-stage companies. Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Lead Plaintiffs. Defendants have also denied, *inter alia*, the allegations

---

[2] All options-related amounts in this paragraph and the Plan of Allocation are denoted as per share of the underlying security (*i.e.*, 1/100 of a contract).

EXHIBIT B

that Lead Plaintiffs or the Settlement Class have suffered damages or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- The parties disagree on how much money could have been won if the investors won at trial.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim forms must be postmarked or submitted online by ____, 2024 |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Parties about the legal claims in this case. Requests for Exclusion must be received by ____, 2024 |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Class. Objections must be received by counsel by ____, 2024 |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by counsel by ____, 2024 |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

| | or | |
|---|---|---|
| PureCycle Technologies, Inc. Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Telephone: (866) 274-4004<br>Facsimile: (610) 565-7985<br>Email: info@strategicclaims.net | | Jeremy A. Lieberman<br>Tamar A. Weinrib<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, New York 10016<br>Telephone: (212) 661-1100<br>Facsimile: (917) 463-1044<br>Email: jalieberman@pomlaw.com<br>Email: taweinrib@pomlaw.com |

EXHIBIT B

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated May 6, 2024 (the "Stipulation").

## BASIC INFORMATION CONCERNING THE SETTLEMENT

| 1. | **Why did I get this notice package?** |
|---|---|

You or someone in your family may have purchased or otherwise acquired PureCycle Securities between November 16, 2020 and November 10, 2021, both dates inclusive (the "Class Period").

| 2. | **What is this lawsuit about?** |
|---|---|

This case is known as *Theodore v. PureCycle Technologies, Inc., et al.*, Case No. 6:21-cv-809 (M.D. Fla.) (the "Action"). The Court in charge of the case is the United States District Court for the Middle District of Florida. The Action involves allegations that Defendants violated certain federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public regarding PureCycle's polypropylene recycling process and PureCycle management's prior business experience. The Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "SAC") alleges that the misstatements or omissions artificially inflated the price of PureCycle Securities, and that the securities' prices dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Defendants or any of the Released Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |
|---|---|

Lead Plaintiffs and Defendants do not agree regarding the merits of Lead Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to prevail at trial on each claim. The issues on which Lead Plaintiffs and the Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Defendants had a duty to disclose the allegedly omitted information; (3) whether the Defendants acted with scienter; (4) whether the alleged disclosures were corrective disclosures; (5) whether the proposed class meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure; (6) the causes of the loss in the value of the securities; and (7) the amount of alleged damages, if any, that could be recovered at trial.

EXHIBIT B

This matter has not gone to trial and the Court has not decided in favor of either Lead Plaintiffs or Defendants. Instead, Lead Plaintiffs and Defendants have agreed to settle the case. Lead Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Lead Plaintiffs and Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Lead Plaintiffs were to win at trial, and also prevail on any judgment on appeal, Lead Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, while litigation of this type is usually expensive, it appears that, even if Lead Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Settlement Class includes all persons or entities, except those who are excluded as described below, who purchased or otherwise acquired PureCycle Securities between November 16, 2020 and November 10, 2021, both dates inclusive (the "Class Period").

If one of your mutual funds owns PureCycle Securities, that alone does not make you a Settlement Class Member. Also, if you sold PureCycle Securities during the Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly purchased or otherwise acquired PureCycle Securities. Contact your broker to see if you have made any of these transactions.

| 6. | Are there exceptions to being included? |
|---|---|

Yes. Excluded from the Settlement Class are (i) Defendants, all current and former directors and officers of PureCycle during the Class Period, and any family member, trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities referenced above; (ii) Opt-Outs *i.e.*, those Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth below; and (iii) Persons who have no compensable damages.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (866) 274-4004 or at info@strategicclaims.net or by visiting the website at http://www.strategicclaims.net/purecycle, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | **What does the Settlement provide?** |
|---|---|

The proposed Settlement provides that Defendants will cause $12,000,000 to be paid into a settlement fund (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Lead Counsel, and Compensatory Awards to Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

| 9. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including: (i) how many PureCycle Securities you purchased or sold during the Class Period, and the dates and prices of those purchases and sales; (ii) the number of timely and valid claims submitted by other Settlement Class Members, and the purchases and sales of PureCycle Securities represented by those claims; (iii) the amount of administrative costs, including the costs of notice; and (iv) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses and the amount awarded to Lead Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's "Recognized Loss." The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims ("Authorized Claimants"). The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. You can calculate your Recognized Loss by following the instructions in the Plan of Allocation at page 12 of this Notice.

It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

| 10. | **How can I get a payment?** |
|---|---|

To qualify for a payment, you must submit a valid Proof of Claim form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Proof of Claim form is enclosed with this Notice and may also be downloaded at http://www.strategicclaims.net/purecycle. Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail or submit it online so that it is postmarked

EXHIBIT B

or received no later than _____, 2024. The claim form may be submitted online at
http://www.strategicclaims.net/purecycle or mailed to:

PureCycle Technologies Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

---

**11.    When would I get my payment?**

---

The Court will hold a Settlement Hearing on ____, 2024 at _____ to decide whether to approve
the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always
uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more
than a year. It also takes time for all the Proofs of Claim to be processed. Thus, it is unclear when
any payment may be made. Please be patient.

---

**12.    What am I giving up to get a payment or to stay in the Class?**

---

Unless you exclude yourself from the Settlement Class by the _____, 2024 deadline, you will
remain a member of the Settlement Class and will be bound by the release of claims against
Defendants and other Released Parties if the Settlement is approved. That means you and all other
Settlement Class Members and each of their respective present, former and future direct and
indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, and the
officers, directors, attorneys, assigns, legal representatives, and agents of each of them, each of
their respective officers, directors, attorneys, legal representatives, and agents, and any person or
entity which is or was related to or affiliated with any Releasing Party or in which any Releasing
Party has a controlling interest, and each of their immediate family members, heirs,
representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and
estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as
against Defendants and other Released Parties any and all claims which arise out of, are based
upon or relate in any way to the purchase or acquisition of PureCycle Securities during the Class
Period. It means that all of the Court's orders will apply to you and legally bind you. That means
you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered
in the purchase, acquisitions, sale or ownership of PureCycle Securities during the Class Period.
The specific terms of the release are included in the Settlement Stipulation.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want a payment from this Settlement, and you want to keep any right you may have
to sue or continue to sue Defendants or other Released Parties on your own about the claims being
released in this Settlement, then you must take steps to remove yourself from the Settlement. This
is called excluding yourself, or "opting out," from the Settlement.

7

| 13. | **How do I exclude myself or opt out of the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement, you must mail a letter stating that you "request exclusion from the Settlement Class in the *Theodore v. PureCycle Technologies, Inc., et al.*, Case No. 6:21-cv-809 (M.D. Fla.)." To be valid, the letter must state (A) your name, address, telephone number, and e-mail address (if any); (B) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of PureCycle Securities during the Class Period; and (C) the number of shares of PureCycle Securities held by you as of November 10, 2021. Any request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must submit your exclusion request so that it is **received no later than _____, 2024 at**:

PureCycle Technologies Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

You cannot exclude yourself by telephone or by e-mail. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

| 14. | **If I do not exclude myself, can I sue the Defendants or the other Released Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Parties or related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **_____, 2024.**

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

**THE LAWYERS REPRESENTING YOU**

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed Pomerantz LLP as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP is provided below.

| 17. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel have expended considerable time litigating this Action on a contingent fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Lead Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel will not receive attorneys' fees or be

EXHIBIT B

reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Lead Counsel will file a motion at the Settlement Hearing asking the Court for an award of attorneys' fees in an amount not greater than one-third of the Settlement Fund, equaling $4,000,000 plus interest, plus reimbursement of litigation expenses of no more than $400,000 and a Compensatory Award to Lead Plaintiffs collectively not to exceed $60,000 (or $30,000 each). The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 18. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Lead Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement in the *Theodore v. PureCycle Technologies, Inc., et al.*, Case No. 6:21-cv-809 (M.D. Fl.). Be sure to include: (1) your name, address, telephone number, and your signature; (2) the date(s), price(s), and amount(s) of all PureCycle Securities that you purchased, otherwise acquired, sold, or otherwise disposed of during the Class Period, in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing must indicate in their written objection that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing.

EXHIBIT B

Be sure to mail or deliver copies of any objections, papers and briefs to **each** of the addresses listed below such that they are **received no later than _____, 2024:**

| Clerk of the Court | Lead Counsel | Counsel For Defendants |
|---|---|---|
| United States District Court<br>Middle District of Florida<br>401 West Central Boulevard<br>Courtroom 4B<br>Orlando, FL 32801 | Jeremy A. Lieberman<br>Tamar A. Weinrib<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, NY 10016 | David Kistenbroker<br>Joni Jacobsen<br>DECHERT LLP<br>35 West Wacker Drive, Suite 3400<br>Chicago, IL 60601<br><br>John R. Loftus<br>Christine E. Ellice<br>DLA Piper LLP (US)<br>2000 Avenue of the Stars<br>Suite 400 North Tower<br>Los Angeles, CA 90067 |

| 19. | What is the difference between objecting and excluding myself? |
|---|---|

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.



| 20. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing on _____, 2024 at _____ at the United States District Court, 401 West Central Boulevard, Courtroom 4B, Orlando, Florida 32801.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided in the Settlement Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Lead Counsel for attorneys' fees and expenses and a Compensatory Award to Lead Plaintiffs for their service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed.

| 21. | **Do I have to come to the hearing?** |
|---|---|

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in the *Theodore v. PureCycle Technologies, Inc., et al.*, Case No. 6:21-cv-809 (M.D. Fl.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Settlement Hearing, must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

## GETTING MORE INFORMATION

| 24. | **Are there more details about the proposed Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation of Settlement dated May 6, 2024 (the "Settlement Stipulation"). The Settlement Stipulation is the controlling document describing the proposed Settlement, and its terms govern anything to the contrary in this Notice. You can get a copy of the Settlement Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting https://www.strategicclaims.net/purecycle or by contacting the Claims Administrator toll-free at (866) 274-4004.

| 25. | **How do I get more information?** |
|---|---|

For even more detailed information concerning the matters involved in this Action, see the Settlement Stipulation, the pleadings in the Action, the papers filed in support of the Settlement, and the orders entered by the Court, which will be posted on the settlement website https://www.strategicclaims.net/purecycle. For a fee, all papers filed in this Action are also available at www.pacer.gov.

EXHIBIT B

## PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND
## AMONG SETTLEMENT CLASS

The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formula described below. A Recognized Loss will be calculated for each PureCycle common stock share, warrant, or call option purchased or otherwise acquired and for each PureCycle put option sold during the Class Period.[3]

Calculations pursuant to the Plan of Allocation are meant to be estimates or indications of neither the maximum amount Settlement Class Members may have been able to recover following a trial, nor the amounts that will be paid to Authorized Claimants pursuant to the Settlement Stipulation. Rather, any computations under the Plan of Allocation have been conducted for the sole purpose of making *pro-rata* allocations of the Net Settlement Fund by determining the relative weight of each Claimant's claim in this matter.

Plaintiffs' consulting damages expert worked in conjunction with Lead Counsel to estimate the amount of artificial inflation in the daily closing prices of PureCycle Securities, which Plaintiffs allege were damaged by Defendants' alleged materially false and misleading statements and omissions.

Under federal securities laws, losses can be represented as compensable only if the disclosure of the allegedly misrepresented or omitted information is the cause of changes in the prices of the relevant securities. Lead Plaintiffs have alleged that over the course of the Class Period, Defendants omitted material facts and issued false statements that led to Plaintiffs purchasing relevant securities at artificially inflated prices.[4] Lead Plaintiffs further allege that Defendants revealed two corrective disclosures: one on May 6, 2021, and another after the market close on November 10, 2021. Lead Plaintiffs allege that such revelations had statistically significant, deflating impacts on the prices of the relevant securities.[5]

---

[3] During the Class Period, until March 17, 2021, the common stock of ROCH traded on the NASDAQ under the ticker symbol "ROCH," the warrants to purchase the common stock of ROCH traded on the NASDAQ under the ticker symbols "ROCHW," and the units comprised of ROCH common stock and warrants traded on the NASDAQ under the ticker symbol "ROCHU." Following the March 16, 2021 shareholder approval of the merger and the March 17, 2021 closing of the merger, PureCycle common stock trades on the NASDAQ under the ticker symbol "PCT," the warrants to purchase its common stock trade on the NASDAQ under the ticker symbol "PTTW," and units comprised of PCT common stock and warrants trade on the NASDAQ under the ticker symbol "PCTTU."

[4] For put options, the inflation is negative.

[5] Any transactions in PureCycle Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

EXHIBIT B

In order to calculate the estimated artificial inflation allegedly caused by Defendants' allegedly materially false and misleading statements and omissions, Plaintiffs' consulting damages expert evaluated price changes in PureCycle Securities in reaction to the aforementioned corrective disclosures on May 6, 2021, and November 10, 2021, that allegedly revealed the truth concerning Defendants' alleged misrepresentations and omissions. Estimated artificial inflation was found under a common methodology based on case specific assumptions provided by Lead Counsel and in a manner that was independent of market and industry trends during the Class Period. The estimated artificial inflation for PureCycle and ROCH's common stock can be found in **Table 1A** attached at the end of this notice. The estimated artificial inflation for PureCycle and ROCH's warrants can be found in **Table 1B** attached at the end of this notice. The estimated artificial inflation for each series of PureCycle and ROCH's call options can be found in **Table 1C** attached at the end of this notice. The estimated negative artificial inflation for each series of PureCycle and ROCH's put options can be found in **Table 1D** attached at the end of this notice.

"Recognized Loss Amount" and recovery for each Claimant is based on the number and value of claims submitted and the timing of the purchase and sale of any of PureCycle Securities defined in the Class, by that Claimant. Specifically, the Recognized Loss Amount for each Claimant is primarily estimated as the difference between the amount of alleged artificial inflation in a relevant security's closing price on that Claimant's purchase date and the amount of alleged artificial inflation in a relevant security's closing price on that Claimant's sale date. Therefore, in order to have a Recognized Loss Amount under this Plan of Allocation, a Claimant who purchased or otherwise acquired PureCycle Securities during the Class Period must have held that security through the first date on which corrective information was released to the market.

Purchases and Sales will be matched on a FIFO (First In, First Out) basis to determine each Claimant's Recognized Claim. If a Claimant has made multiple purchases, acquisitions, or sales of any of PureCycle Securities during the Class Period, then the earliest sale of said relevant securities is matched first to any holdings at the beginning of the Class Period, followed by any other purchases or acquisitions in chronological order.

The Settlement proceeds available for PureCycle or ROCH call options purchased/acquired during the Class Period and PureCycle pr ROCH put options sold (written) during the Class Period shall be limited to a total amount equal to 2% of the Net Settlement Fund. Thus, if the cumulative Recognized Loss Amounts for PureCycle and ROCH call options and PureCycle and ROCH put options exceeds 2% of all Recognized Claims, then the Recognized Loss Amounts calculated for option transactions will be reduced proportionately until they collectively equal 2% of all Recognized Claims. In the unlikely event that the Net Settlement Fund is sufficient to pay 100% of the PureCycle and ROCH common stock and warrant-based claims, any excess amount will be used to pay the balance on the remaining option-based claims.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.

### Calculation of Recognized Loss Amount

A Claimant's "Recognized Claim" will be equated to the sum of that Claimant's Recognized Loss Amounts, which will be calculated according to the relevant formulas in the following sections.

EXHIBIT B

The pro-rata share of the Net Settlement Fund will then be calculated for each Authorized Claimant as the Claimant's Recognized Claim divided by the sum of all Authorized Claimants' Recognized Claims, multiplied by the total amount of the Net Settlement Fund.

**PureCycle and ROCH Common Stock**

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of PureCycle or ROCH common stock during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

For each share of PureCycle or ROCH common stock that was purchased or otherwise acquired during the period from November 16, 2020 through November 10, 2021, inclusive, and:

i) Sold before close of trading on May 5, 2021, the Recognized Loss Amount will be $0.00.

ii) Sold between May 6, 2021 and November 10, 2021, inclusive, the Recognized Loss Amount will be **_the lesser of:_** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1A** minus the amount of artificial inflation per share on the date of sale as stated in **Table 1A**; or (ii) the price of purchase or acquisition minus the price of sale.

iii) Sold between November 11, 2021 and February 8, 2022, inclusive, the Recognized Loss Amount will be **_the least of:_** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1A**; (ii) the price of purchase or acquisition minus the average closing price between November 11, 2021 and the date of sale as detailed in **Table 2A**; or (iii) the price of purchase or acquisition minus the price of sale.

iv) Held as of the close of trading on February 8, 2022, the Recognized Loss Amount will be **_the lesser of:_** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1A**; or (ii) the price of purchase or acquisition minus $9.28.[6]

---

[6] The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for PureCycle and ROCH common stock by limiting losses to the difference between the purchase price paid for such stock and the average price of PureCycle common stock during the "90-day look-back period" subsequent to the class period, from November 11, 2021 through February 8, 2022. The mean (average) closing price for PureCycle common stock during the 90-day lookback period was $9.28.

EXHIBIT B

The Recognized Loss Amount associated with share acquisitions via PIPE Investment[7] will have a discount factor of 25% applied.

**PureCycle and ROCH Warrants**

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of PureCycle or ROCH warrants during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

For each PureCycle or ROCH warrant that was purchased or otherwise acquired during the period from November 16, 2020 through November 10, 2021 inclusive, and:

i)      Sold before the close of trading on May 5, 2021, the Recognized Loss Amount will be $0.00.

ii)      Sold between May 6, 2021 and November 10, 2021, inclusive, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1B** minus the amount of artificial inflation per share on the date of sale as stated in **Table 1B**; or (ii) the price of purchase or acquisition minus the price of sale.

iii)      Sold between November 11, 2021 and February 8, 2022, inclusive, the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1B**; (ii) the price of purchase or acquisition minus the average closing price between November 11, 2021 and the date of sale, as detailed in **Table 2B**; or (iii) the price of purchase or acquisition minus the price of sale.

iv)      Held as of the close of trading on February 8, 2022, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1B**; or (ii) the price of purchase or acquisition minus $3.42.[8]

---

[7] PIPE Investments means the purchase by certain institutions and accredited investors of 25,000,000 shares of ROCH's common stock in a private placement.

[8] The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for PureCycle or ROCH warrants by limiting losses to the difference between the purchase price paid for such warrants and the average price of PureCycle warrants during the "90-day look-back period" subsequent to the class period, from November 11, 2021 through February 8, 2022. The mean (average) closing price for PureCycle warrants during the 90-day lookback period was $3.42.

EXHIBIT B

**PureCycle and ROCH Call and Put Options**

A Recognized Loss Amount will be calculated based on the formula below for each purchase or other type of acquisition of PureCycle or ROCH call options, or sale of PureCycle or ROCH put options during the Class Period. In order to be eligible as an Authorized Claimant under this Plan of Allocation, adequate documentation must be provided confirming all transactions. Recognized Loss Amounts are floored at zero, meaning any Recognized Loss Amount that is calculated as negative under the formula below will be equal to zero.

For each PureCycle or ROCH call option that was purchased or otherwise acquired during the period from November 16, 2020, through November 10, 2021 inclusive, and:

i)      Closed (through sale, exercise, or expiration) before close of trading on May 5, 2021, the Recognized Loss Amount will be $0.00.

ii)      Closed (through sale, exercise, or expiration) between May 6, 2021 and November 10, 2021, inclusive, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1C** minus the amount of artificial inflation per share on the date of close as stated in **Table 1C**; or (ii) if closed through sale, the price of purchase or acquisition minus the price of sale, or if closed through exercise or expiration, the purchase or acquisition price minus the value per option on the date of exercise or expiration.

iii)      Open as of the close of trading on November 10, 2021, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase or acquisition as stated in **Table 1C**; or (ii) the price of purchase or acquisition minus the closing mid-point price ("Holding Price") of that option series on November 11, 2021 as stated in **Table 1C.**

For each PureCycle or ROCH put option that was sold (written) during the period from November 16, 2020 through November 10, 2021 inclusive, and:

i)      Closed (through purchase, exercise, or expiration) before close of trading on May 5, 2021, the Recognized Loss Amount will be $0.00.

ii)      Closed (through purchase, exercise, or expiration) between May 6, 2021 and November 10, 2021, inclusive, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of negative artificial inflation per share on the date of sale (writing) as stated in **Table 1D** minus the amount of negative artificial inflation per share on the date of close as stated in **Table 1D**; or (ii) if closed through purchase, the price of purchase minus the price of sale, or if closed through exercise or expiration, the value per option on the date of exercise or expiration minus the sale price.

iii)      Open as of the close of trading on November 10, 2021, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of negative artificial inflation per share on the date of purchase or acquisition as stated in **Table 1D**; or (ii) the closing mid-point price of that option series on November 11, 2021 ("Holding Price") as stated in **Table 1D** minus the sale price**.**

**Table 1A**

**PureCycle or ROCH Common Stock – Estimated Artificial Inflation Per Share**

**(November 16, 2020 – November 11, 2021, inclusive)**

| Security | Purchase/Sale Date Range | Artificial Inflation per Share |
|---|---|---|
| PureCycle or ROCH Common Stock | Nov 16, 2020 - May 5, 2021 | $11.85 |
| | May 6, 2021 - Nov 10, 2021 | $1.81 |
| | Nov 11, 2021- Present | $0.00 |

**Table 1B**

**PureCycle or ROCH Warrants – Estimated Artificial Inflation Per Share**

**(November 16, 2020 – November 11, 2021, inclusive)**

| Security | Purchase/Sale Date Range | Artificial Inflation per Share |
|---|---|---|
| PureCycle or ROCH Warrants | Nov 16, 2020 – May 5, 2021 | $6.67 |
| | May 6, 2021 – Nov 10, 2021 | $1.02 |
| | Nov 11, 2021- Present | $0.00 |

17

EXHIBIT B

**Table 1C**

**PureCycle or ROCH Call Options – Estimated Artificial Inflation Per Share**

**(November 16, 2020 – November 11, 2021, inclusive)**

| Expiration Date | Strike Price | Call Option Artificial inflation Per Share During Trading Periods | | Holding Price |
|---|---|---|---|---|
| | | 11/16/2020 through 05/05/2021 | 05/06/2021 through 11/10/2021 | |
| 04/16/2021 | $30.00 | $2.79 | | |
| 05/21/2021 | $5.00 | | $0.00 | |
| 05/21/2021 | $7.50 | | $1.66 | |
| 05/21/2021 | $10.00 | | $0.91 | |
| 05/21/2021 | $12.50 | | $0.96 | |
| 05/21/2021 | $15.00 | | $0.78 | |
| 05/21/2021 | $17.50 | $3.98 | $0.61 | |
| 05/21/2021 | $20.00 | $2.60 | $0.40 | |
| 05/21/2021 | $22.50 | $2.04 | $0.31 | |
| 05/21/2021 | $25.00 | $3.58 | $0.55 | |
| 05/21/2021 | $30.00 | $2.66 | $0.41 | |
| 05/21/2021 | $35.00 | $1.34 | $0.21 | |
| 05/21/2021 | $40.00 | | $0.06 | |
| 06/18/2021 | $2.50 | | $0.00 | |
| 06/18/2021 | $7.50 | | $0.00 | |
| 06/18/2021 | $10.00 | | $1.26 | |
| 06/18/2021 | $12.50 | | $1.16 | |
| 06/18/2021 | $15.00 | $5.67 | $0.87 | |
| 06/18/2021 | $17.50 | $5.56 | $0.85 | |
| 06/18/2021 | $20.00 | $5.60 | $0.86 | |
| 06/18/2021 | $22.50 | $3.64 | $0.56 | |
| 06/18/2021 | $25.00 | $1.95 | $0.30 | |
| 06/18/2021 | $30.00 | $2.05 | $0.31 | |
| 06/18/2021 | $35.00 | $1.37 | $0.21 | |
| 06/18/2021 | $40.00 | $0.65 | $0.10 | |
| 07/16/2021 | $2.50 | | $1.43 | |
| 07/16/2021 | $5.00 | | $0.00 | |
| 07/16/2021 | $7.50 | | $0.00 | |
| 07/16/2021 | $10.00 | | $1.76 | |
| 07/16/2021 | $12.50 | | $1.35 | |
| 07/16/2021 | $15.00 | | $1.12 | |
| 07/16/2021 | $17.50 | | $1.12 | |

18

EXHIBIT B

| Expiration Date | Strike Price | Call Option Artificial inflation Per Share During Trading Periods | | Holding Price |
|---|---|---|---|---|
| | | 11/16/2020 through 05/05/2021 | 05/06/2021 through 11/10/2021 | |
| 07/16/2021 | $20.00 | | $0.92 | |
| 07/16/2021 | $22.50 | | $0.88 | |
| 07/16/2021 | $25.00 | | $0.72 | |
| 07/16/2021 | $30.00 | | $0.43 | |
| 07/16/2021 | $35.00 | | $0.16 | |
| 07/16/2021 | $40.00 | | $0.11 | |
| 08/20/2021 | $2.50 | | $0.00 | |
| 08/20/2021 | $7.50 | | $1.60 | |
| 08/20/2021 | $10.00 | | $1.51 | |
| 08/20/2021 | $12.50 | | $1.18 | |
| 08/20/2021 | $15.00 | | $1.18 | |
| 08/20/2021 | $17.50 | | $0.76 | |
| 08/20/2021 | $20.00 | $4.43 | $0.68 | |
| 08/20/2021 | $22.50 | $3.98 | $0.61 | |
| 08/20/2021 | $25.00 | $3.59 | $0.55 | |
| 08/20/2021 | $30.00 | $2.65 | $0.41 | |
| 08/20/2021 | $35.00 | $2.13 | $0.33 | |
| 08/20/2021 | $40.00 | $1.18 | $0.18 | |
| 09/17/2021 | $2.50 | | $1.81 | |
| 09/17/2021 | $7.50 | | $1.73 | |
| 09/17/2021 | $10.00 | | $1.46 | |
| 09/17/2021 | $12.50 | | $1.11 | |
| 09/17/2021 | $15.00 | | $0.63 | |
| 09/17/2021 | $17.50 | | $0.48 | |
| 09/17/2021 | $20.00 | | $0.34 | |
| 09/17/2021 | $22.50 | | $0.23 | |
| 09/17/2021 | $25.00 | | $0.19 | |
| 09/17/2021 | $30.00 | | $0.10 | |
| 09/17/2021 | $35.00 | | $0.06 | |
| 09/17/2021 | $40.00 | | $0.04 | |
| 10/15/2021 | $7.50 | | $1.06 | |
| 10/15/2021 | $10.00 | | $1.60 | |
| 10/15/2021 | $12.50 | | $1.12 | |
| 10/15/2021 | $15.00 | | $0.73 | |
| 10/15/2021 | $17.50 | | $0.39 | |
| 10/15/2021 | $20.00 | | $0.34 | |
| 10/15/2021 | $22.50 | | $0.12 | |

EXHIBIT B

| Expiration Date | Strike Price | Call Option Artificial inflation Per Share During Trading Periods | | Holding Price |
| --- | --- | --- | --- | --- |
| | | 11/16/2020 through 05/05/2021 | 05/06/2021 through 11/10/2021 | |
| 10/15/2021 | $25.00 | | $0.07 | |
| 11/19/2021 | $5.00 | | $0.67 | $4.75 |
| 11/19/2021 | $7.50 | | $1.42 | $2.30 |
| 11/19/2021 | $10.00 | | $1.16 | $0.50 |
| 11/19/2021 | $12.50 | | $1.00 | $0.15 |
| 11/19/2021 | $15.00 | $5.61 | $0.86 | $0.10 |
| 11/19/2021 | $17.50 | $3.92 | $0.60 | $0.05 |
| 11/19/2021 | $20.00 | $4.09 | $0.63 | $0.05 |
| 11/19/2021 | $22.50 | $4.64 | $0.71 | $0.13 |
| 11/19/2021 | $25.00 | $4.39 | $0.67 | $0.05 |
| 11/19/2021 | $30.00 | $3.96 | $0.61 | $0.07 |
| 11/19/2021 | $35.00 | $3.56 | $0.54 | $0.05 |
| 11/19/2021 | $40.00 | $2.47 | $0.38 | $0.15 |
| 12/17/2021 | $10.00 | | $1.20 | $1.05 |
| 12/17/2021 | $12.50 | | $0.80 | $0.50 |
| 12/17/2021 | $15.00 | | $0.64 | $0.30 |
| 12/17/2021 | $17.50 | | $0.34 | $0.12 |
| 12/17/2021 | $20.00 | | $0.25 | $0.08 |
| 12/17/2021 | $22.50 | | $0.19 | $0.10 |
| 12/17/2021 | $25.00 | | $0.13 | $0.15 |
| 02/18/2022 | $2.50 | | $1.81 | $7.35 |
| 02/18/2022 | $5.00 | | $1.13 | $4.30 |
| 02/18/2022 | $7.50 | | $1.53 | $3.10 |
| 02/18/2022 | $10.00 | | $1.22 | $1.79 |
| 02/18/2022 | $12.50 | | $0.97 | $1.20 |
| 02/18/2022 | $15.00 | | $0.90 | $0.80 |
| 02/18/2022 | $17.50 | | $0.62 | $0.60 |
| 02/18/2022 | $20.00 | | $0.62 | $0.40 |
| 02/18/2022 | $22.50 | | $0.58 | $0.30 |
| 02/18/2022 | $25.00 | | $0.42 | $0.30 |
| 02/18/2022 | $30.00 | | $0.48 | $0.20 |
| 02/18/2022 | $35.00 | | $0.34 | $0.04 |
| 02/18/2022 | $40.00 | | $0.25 | $0.10 |
| 05/20/2022 | $5.00 | | $1.66 | $5.00 |
| 05/20/2022 | $7.50 | | $1.52 | $3.70 |
| 05/20/2022 | $10.00 | | $1.15 | $2.63 |
| 05/20/2022 | $12.50 | | $1.04 | $2.15 |

EXHIBIT B

| Expiration Date | Strike Price | Call Option Artificial inflation Per Share During Trading Periods | | Holding Price |
|---|---|---|---|---|
| | | 11/16/2020 through 05/05/2021 | 05/06/2021 through 11/10/2021 | |
| 05/20/2022 | $15.00 | | $0.92 | $1.48 |
| 05/20/2022 | $17.50 | | $0.71 | $1.20 |
| 05/20/2022 | $20.00 | | $0.65 | $1.38 |
| 05/20/2022 | $22.50 | | $0.60 | $1.00 |
| 05/20/2022 | $25.00 | | $0.47 | $0.66 |
| 12/16/2022 | $2.50 | | $1.54 | $7.65 |
| 12/16/2022 | $5.00 | | $1.65 | $7.40 |
| 12/16/2022 | $7.50 | | $1.52 | $4.80 |
| 12/16/2022 | $10.00 | | $1.37 | $3.80 |
| 12/16/2022 | $12.50 | | $1.23 | $2.90 |
| 12/16/2022 | $15.00 | | $1.12 | $2.75 |
| 12/16/2022 | $17.50 | | $1.08 | $3.10 |
| 12/16/2022 | $20.00 | | $0.98 | $2.20 |
| 12/16/2022 | $22.50 | | $0.87 | $1.85 |
| 12/16/2022 | $25.00 | | $0.79 | $1.70 |
| 12/16/2022 | $30.00 | | $0.73 | $1.25 |
| 01/20/2023 | $2.50 | | $1.75 | $7.80 |
| 01/20/2023 | $7.50 | | $1.54 | $4.99 |
| 01/20/2023 | $10.00 | | $1.35 | $3.90 |
| 01/20/2023 | $12.50 | | $1.23 | $3.41 |
| 01/20/2023 | $15.00 | | $1.15 | $2.88 |
| 01/20/2023 | $17.50 | | $0.99 | $3.22 |
| 01/20/2023 | $20.00 | | $0.95 | $2.22 |
| 01/20/2023 | $22.50 | | $0.89 | $2.10 |
| 01/20/2023 | $25.00 | | $0.76 | $2.00 |
| 01/19/2024 | $2.50 | | $1.60 | $8.15 |
| 01/19/2024 | $5.00 | | $1.63 | $6.27 |
| 01/19/2024 | $7.50 | | $1.55 | $5.81 |
| 01/19/2024 | $10.00 | | $1.43 | $5.20 |
| 01/19/2024 | $12.50 | | $1.36 | $5.00 |
| 01/19/2024 | $15.00 | | $1.21 | $4.40 |
| 01/19/2024 | $17.50 | | $1.23 | $3.73 |
| 01/19/2024 | $20.00 | | $1.13 | $2.97 |
| 01/19/2024 | $25.00 | | $0.98 | $3.00 |

EXHIBIT B

**Table 1D**

**PureCycle or ROCH Put Options – Estimated Negative Artificial Inflation Per Share**

**(November 16, 2020 – November 11, 2021, inclusive)**

| Expiration Date | Strike Price | Put Option Negative Artificial Inflation Per Share During Trading Periods | | Holding Price |
|---|---|---|---|---|
| | | 11/16/2020 through 05/05/2021 | 05/06/2021 through 11/10/2021 | |
| 04/16/2021 | $25.00 | $1.49 | | |
| 04/16/2021 | $30.00 | $7.99 | | |
| 05/21/2021 | $5.00 | | $0.04 | |
| 05/21/2021 | $7.50 | | $0.11 | |
| 05/21/2021 | $10.00 | | $0.41 | |
| 05/21/2021 | $12.50 | | $0.71 | |
| 05/21/2021 | $15.00 | | $0.81 | |
| 05/21/2021 | $17.50 | $6.49 | $0.99 | |
| 05/21/2021 | $20.00 | $5.58 | $0.85 | |
| 05/21/2021 | $22.50 | $5.26 | $0.80 | |
| 05/21/2021 | $25.00 | $4.69 | $0.72 | |
| 05/21/2021 | $30.00 | $8.34 | | |
| 06/18/2021 | $2.50 | | $0.02 | |
| 06/18/2021 | $5.00 | | $0.06 | |
| 06/18/2021 | $7.50 | | $0.18 | |
| 06/18/2021 | $10.00 | | $0.35 | |
| 06/18/2021 | $12.50 | | $0.40 | |
| 06/18/2021 | $15.00 | | $0.63 | |
| 06/18/2021 | $17.50 | $3.13 | $0.48 | |
| 06/18/2021 | $20.00 | $4.84 | $0.74 | |
| 06/18/2021 | $22.50 | $6.69 | $1.02 | |
| 06/18/2021 | $25.00 | $9.08 | $1.39 | |
| 06/18/2021 | $30.00 | | $0.00 | |
| 07/16/2021 | $7.50 | | $0.05 | |
| 07/16/2021 | $10.00 | | $0.16 | |
| 07/16/2021 | $12.50 | | $0.18 | |
| 07/16/2021 | $15.00 | | $0.30 | |
| 07/16/2021 | $17.50 | | $0.45 | |
| 07/16/2021 | $20.00 | | $0.60 | |
| 07/16/2021 | $22.50 | | $0.95 | |
| 07/16/2021 | $25.00 | | $0.85 | |
| 07/16/2021 | $30.00 | | $0.99 | |

EXHIBIT B

| Expiration Date | Strike Price | Put Option Negative Artificial Inflation Per Share During Trading Periods | | Holding Price |
|---|---|---|---|---|
| | | 11/16/2020 through 05/05/2021 | 05/06/2021 through 11/10/2021 | |
| 07/16/2021 | $35.00 | | $1.72 | |
| 08/20/2021 | $2.50 | | $0.02 | |
| 08/20/2021 | $5.00 | | $0.06 | |
| 08/20/2021 | $7.50 | | $0.17 | |
| 08/20/2021 | $10.00 | | $0.25 | |
| 08/20/2021 | $12.50 | | $0.42 | |
| 08/20/2021 | $15.00 | | $0.68 | |
| 08/20/2021 | $17.50 | $4.64 | $0.71 | |
| 08/20/2021 | $20.00 | $5.50 | $0.84 | |
| 08/20/2021 | $22.50 | $5.82 | $0.89 | |
| 08/20/2021 | $25.00 | $8.34 | $1.28 | |
| 08/20/2021 | $30.00 | | $1.42 | |
| 08/20/2021 | $35.00 | | $1.51 | |
| 08/20/2021 | $40.00 | | $1.57 | |
| 09/17/2021 | $7.50 | | $0.06 | |
| 09/17/2021 | $10.00 | | $0.27 | |
| 09/17/2021 | $12.50 | | $0.52 | |
| 09/17/2021 | $15.00 | | $0.91 | |
| 09/17/2021 | $17.50 | | $1.27 | |
| 09/17/2021 | $20.00 | | $1.40 | |
| 09/17/2021 | $22.50 | | $0.00 | |
| 09/17/2021 | $25.00 | | $1.59 | |
| 09/17/2021 | $30.00 | | $0.84 | |
| 10/15/2021 | $7.50 | | $0.08 | |
| 10/15/2021 | $10.00 | | $0.22 | |
| 10/15/2021 | $12.50 | | $0.56 | |
| 10/15/2021 | $15.00 | | $1.01 | |
| 10/15/2021 | $17.50 | | $1.54 | |
| 10/15/2021 | $20.00 | | $1.60 | |
| 10/15/2021 | $22.50 | | $1.43 | |
| 10/15/2021 | $25.00 | | $1.67 | |
| 11/19/2021 | $2.50 | | $0.03 | $0.13 |
| 11/19/2021 | $5.00 | | $0.06 | $0.13 |
| 11/19/2021 | $7.50 | | $0.15 | $0.10 |
| 11/19/2021 | $10.00 | | $0.36 | $1.05 |
| 11/19/2021 | $12.50 | | $0.74 | $3.20 |
| 11/19/2021 | $15.00 | $5.71 | $0.87 | $5.70 |

23

EXHIBIT B

| Expiration Date | Strike Price | Put Option Negative Artificial Inflation Per Share During Trading Periods | | Holding Price |
|---|---|---|---|---|
| | | 11/16/2020 through 05/05/2021 | 05/06/2021 through 11/10/2021 | |
| 11/19/2021 | $17.50 | $6.01 | $0.92 | $7.96 |
| 11/19/2021 | $20.00 | $6.65 | $1.02 | $10.80 |
| 11/19/2021 | $22.50 | | $1.22 | $10.45 |
| 11/19/2021 | $25.00 | $6.87 | $1.05 | $15.60 |
| 11/19/2021 | $30.00 | $7.63 | $1.17 | $20.30 |
| 11/19/2021 | $35.00 | | $1.16 | $25.25 |
| 11/19/2021 | $40.00 | | $1.20 | $30.35 |
| 12/17/2021 | $7.50 | | $0.19 | $0.40 |
| 12/17/2021 | $10.00 | | $0.59 | $1.45 |
| 12/17/2021 | $12.50 | | $0.85 | $3.50 |
| 12/17/2021 | $15.00 | | $1.09 | $5.80 |
| 12/17/2021 | $17.50 | | $1.38 | $8.02 |
| 12/17/2021 | $20.00 | | $1.43 | $10.80 |
| 02/18/2022 | $5.00 | | $0.07 | $0.25 |
| 02/18/2022 | $7.50 | | $0.28 | $1.05 |
| 02/18/2022 | $10.00 | | $0.56 | $2.17 |
| 02/18/2022 | $12.50 | | $0.73 | $4.10 |
| 02/18/2022 | $15.00 | | $0.87 | $6.80 |
| 02/18/2022 | $17.50 | | $1.07 | $7.95 |
| 02/18/2022 | $20.00 | | $1.08 | $8.00 |
| 02/18/2022 | $22.50 | | $0.75 | $26.40 |
| 02/18/2022 | $25.00 | | $1.04 | $16.00 |
| 02/18/2022 | $30.00 | | $1.44 | $18.40 |
| 02/18/2022 | $35.00 | | $1.40 | $25.65 |
| 02/18/2022 | $40.00 | | $1.65 | $30.60 |
| 05/20/2022 | $10.00 | | $0.63 | $3.20 |
| 05/20/2022 | $12.50 | | $0.70 | $3.40 |
| 05/20/2022 | $15.00 | | $0.74 | $4.90 |
| 05/20/2022 | $22.50 | | $1.16 | $13.40 |
| 05/20/2022 | $25.00 | | $1.27 | $16.00 |
| 12/16/2022 | $2.50 | | $0.05 | $0.55 |
| 12/16/2022 | $5.00 | | $0.18 | $1.20 |
| 12/16/2022 | $7.50 | | $0.30 | $2.55 |
| 12/16/2022 | $10.00 | | $0.42 | $4.27 |
| 12/16/2022 | $12.50 | | $0.50 | $5.55 |
| 12/16/2022 | $15.00 | | $0.61 | $7.00 |
| 12/16/2022 | $17.50 | | $0.73 | $10.21 |

24

EXHIBIT B

| Expiration Date | Strike Price | Put Option Negative Artificial Inflation Per Share During Trading Periods | | Holding Price |
|---|---|---|---|---|
| | | 11/16/2020 through 05/05/2021 | 05/06/2021 through 11/10/2021 | |
| 12/16/2022 | $20.00 | | $0.84 | $12.20 |
| 12/16/2022 | $22.50 | | $0.93 | $14.49 |
| 12/16/2022 | $25.00 | | $0.89 | $16.80 |
| 12/16/2022 | $30.00 | | $1.03 | $21.50 |
| 01/20/2023 | $10.00 | | $0.48 | $4.30 |
| 01/20/2023 | $12.50 | | $0.68 | $6.30 |
| 01/20/2023 | $15.00 | | $0.60 | $7.10 |
| 01/20/2023 | $17.50 | | $0.66 | $10.50 |
| 01/20/2023 | $20.00 | | $0.75 | $12.85 |
| 01/19/2024 | $2.50 | | $0.06 | $1.58 |
| 01/19/2024 | $7.50 | | $0.26 | $3.98 |
| 01/19/2024 | $10.00 | | $0.38 | $5.28 |
| 01/19/2024 | $15.00 | | $0.54 | $9.60 |
| 01/19/2024 | $20.00 | | $0.73 | $12.45 |

EXHIBIT B

**Table 2A**

**PureCycle Common Stock – 90-Day Look-Back Table**

**(Average Closing Price: November 11, 2021 – February 8, 2022, inclusive)**

| Date | Average Closing Price of Security from Nov 11, 2021, Through Listed Date | Date | Average Closing Price of Security from Nov 11, 2021, Through Listed Date | Date | Average Closing Price of Security from Nov 11, 2021, Through Listed Date |
|---|---|---|---|---|---|
| Nov 11, 2021 | $9.79 | Dec 13, 2021 | $11.65 | Jan 12, 2022 | $10.56 |
| Nov 12, 2021 | $9.65 | Dec 14, 2021 | $11.57 | Jan 13, 2022 | $10.50 |
| Nov 15, 2021 | $10.05 | Dec 15, 2021 | $11.52 | Jan 14, 2022 | $10.44 |
| Nov 16, 2021 | $10.56 | Dec 16, 2021 | $11.46 | Jan 18, 2022 | $10.38 |
| Nov 17, 2021 | $11.07 | Dec 17, 2021 | $11.39 | Jan 19, 2022 | $10.31 |
| Nov 18, 2021 | $11.38 | Dec 20, 2021 | $11.29 | Jan 20, 2022 | $10.24 |
| Nov 19, 2021 | $11.55 | Dec 21, 2021 | $11.22 | Jan 21, 2022 | $10.15 |
| Nov 22, 2021 | $11.81 | Dec 22, 2021 | $11.17 | Jan 24, 2022 | $10.08 |
| Nov 23, 2021 | $11.87 | Dec 23, 2021 | $11.14 | Jan 25, 2022 | $9.99 |
| Nov 24, 2021 | $11.93 | Dec 27, 2021 | $11.09 | Jan 26, 2022 | $9.91 |
| Nov 26, 2021 | $11.95 | Dec 28, 2021 | $11.03 | Jan 27, 2022 | $9.82 |
| Nov 29, 2021 | $11.99 | Dec 29, 2021 | $10.97 | Jan 28, 2022 | $9.74 |
| Nov 30, 2021 | $12.01 | Dec 30, 2021 | $10.93 | Jan 31, 2022 | $9.67 |
| Dec 01, 2021 | $11.99 | Dec 31, 2021 | $10.89 | Feb 01, 2022 | $9.61 |
| Dec 02, 2021 | $11.94 | Jan 03, 2022 | $10.87 | Feb 02, 2022 | $9.54 |
| Dec 03, 2021 | $11.86 | Jan 04, 2022 | $10.85 | Feb 03, 2022 | $9.47 |
| Dec 06, 2021 | $11.78 | Jan 05, 2022 | $10.80 | Feb 04, 2022 | $9.41 |
| Dec 07, 2021 | $11.77 | Jan 06, 2022 | $10.75 | Feb 07, 2022 | $9.35 |
| Dec 08, 2021 | $11.76 | Jan 07, 2022 | $10.70 | Feb 08, 2022 | $9.28 |
| Dec 09, 2021 | $11.73 | Jan 10, 2022 | $10.64 | | |
| Dec 10, 2021 | $11.70 | Jan 11, 2022 | $10.60 | | |

EXHIBIT B

**Table 2B**

### PureCycle Warrants – 90-Day Look-Back Table

### (Average Closing Price: November 11, 2021 – February 8, 2022, inclusive)

| Date | Average Closing Price of Security from Nov 11, 2021, Through Listed Date | Date | Average Closing Price of Security from Nov 11, 2021, Through Listed Date | Date | Average Closing Price of Security from Nov 11, 2021, Through Listed Date |
|---|---|---|---|---|---|
| Nov 11, 2021 | $3.28 | Dec 13, 2021 | $4.32 | Jan 12, 2022 | $3.94 |
| Nov 12, 2021 | $3.38 | Dec 14, 2021 | $4.29 | Jan 13, 2022 | $3.92 |
| Nov 15, 2021 | $3.62 | Dec 15, 2021 | $4.27 | Jan 14, 2022 | $3.89 |
| Nov 16, 2021 | $3.85 | Dec 16, 2021 | $4.25 | Jan 18, 2022 | $3.87 |
| Nov 17, 2021 | $4.10 | Dec 17, 2021 | $4.23 | Jan 19, 2022 | $3.84 |
| Nov 18, 2021 | $4.26 | Dec 20, 2021 | $4.19 | Jan 20, 2022 | $3.81 |
| Nov 19, 2021 | $4.32 | Dec 21, 2021 | $4.16 | Jan 21, 2022 | $3.78 |
| Nov 22, 2021 | $4.45 | Dec 22, 2021 | $4.15 | Jan 24, 2022 | $3.75 |
| Nov 23, 2021 | $4.46 | Dec 23, 2021 | $4.13 | Jan 25, 2022 | $3.71 |
| Nov 24, 2021 | $4.49 | Dec 27, 2021 | $4.12 | Jan 26, 2022 | $3.68 |
| Nov 26, 2021 | $4.50 | Dec 28, 2021 | $4.09 | Jan 27, 2022 | $3.64 |
| Nov 29, 2021 | $4.50 | Dec 29, 2021 | $4.07 | Jan 28, 2022 | $3.61 |
| Nov 30, 2021 | $4.50 | Dec 30, 2021 | $4.06 | Jan 31, 2022 | $3.58 |
| Dec 01, 2021 | $4.48 | Dec 31, 2021 | $4.05 | Feb 01, 2022 | $3.56 |
| Dec 02, 2021 | $4.46 | Jan 03, 2022 | $4.04 | Feb 02, 2022 | $3.53 |
| Dec 03, 2021 | $4.41 | Jan 04, 2022 | $4.03 | Feb 03, 2022 | $3.50 |
| Dec 06, 2021 | $4.37 | Jan 05, 2022 | $4.02 | Feb 04, 2022 | $3.47 |
| Dec 07, 2021 | $4.36 | Jan 06, 2022 | $4.00 | Feb 07, 2022 | $3.45 |
| Dec 08, 2021 | $4.35 | Jan 07, 2022 | $3.98 | Feb 08, 2022 | $3.42 |
| Dec 09, 2021 | $4.35 | Jan 10, 2022 | $3.97 | | |
| Dec 10, 2021 | $4.34 | Jan 11, 2022 | $3.95 | | |

EXHIBIT B

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of PureCycle Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired PureCycle Securities during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that PureCycle common stock, warrants, or call options were originally purchased prior to commencement of the Class Period or PureCycle put options were originally sold prior to the commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of PureCycle Securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of PureCycle Securities.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against PureCycle Securities held as of the close of trading on November 15, 2020 (the last day before the Class Period begins) and then against the purchases of PureCycle Securities during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, the Recognized Loss on "short sales" is zero for PureCycle common stock, warrants, and call options. In the event that a Claimant has an opening short position in PureCycle common stock, warrants, or call options, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered. In the event that a Claimant has an opening long position in PureCycle or ROCH put options, the earliest Class Period sales shall be matched first against such opening long position and not be entitled to a recovery until that long position is fully exhausted.

With respect to PureCycle or ROCH common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of PureCycle or ROCH common stock on the date of exercise. Any Recognized Loss arising from purchases of PureCycle or ROCH common stock acquired during the Class Period through the exercise of an option on PureCycle or ROCH common stock[9] shall be computed as provided for other purchases of PureCycle or ROCH common stock in the Plan of Allocation.

---

[9] Including (1) purchases of PureCycle or ROCH common stock as the result of the exercise of a call option, and (2) purchases of PureCycle or ROCH common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

EXHIBIT B

Payment according to the Plan of Allocation will be deemed conclusive against all Settlement Class Members. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiffs, Lead Counsel, and the Claims Administrator likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead  Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Lead Counsel and approved by the Court.

DATED: _____

_____
BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA

# EXHIBIT C

EXHIBIT C

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| WILLIAM C. THEODORE, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER, and BYRON ROTH,<br><br>      Defendants. | Case No. 6:21-cv-809-PGB-GJK<br><br>**CLASS ACTION** |

## <u>SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND FINAL APPROVAL HEARING</u>

**To:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PURECYCLE SECURITIES[1] BETWEEN NOVEMBER 16, 2020 AND NOVEMBER 10, 2021, BOTH DATES INCLUSIVE.**

---

[1] PureCycle Technologies, Inc.," "PureCycle," or "the Company" shall mean PureCycle Technologies, Inc. and any of its predecessors, affiliates, or subsidiaries, including but not limited to PureCycle Technologies LLC or Roth CH Acquisition I Co. ("ROCH"). During the Class Period, until March 17, 2021, the common stock of ROCH traded on the NASDAQ under the ticker symbol "ROCH," the warrants to purchase the common stock of ROCH traded on the NASDAQ under the ticker symbols "ROCHW," and the units comprised of ROCH common stock and warrants traded on the NASDAQ under the ticker symbol "ROCHU." Following the March 16, 2021 shareholder approval of the merger and the March 17, 2021 closing of the merger, PureCycle common stock trades on the NASDAQ under the ticker symbol "PCT," the warrants to purchase its common stock trade on the NASDAQ under the ticker symbol "PTTW," and units comprised of PCT common stock and warrants trade on the NASDAQ under the ticker symbol "PCTTU." As further described in the Stipulation of Settlement, these are all included within the definition of PureCycle Securities.

EXHIBIT C

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Middle District of Florida, that a hearing will be held on _____, 2024, at __:__ _.m. before the Honorable Paul G. Byron, United States District Judge of the Middle District of Florida, 401 West Central Boulevard, Courtroom 4B, Orlando, Florida 32801, for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $12,000,000 should be approved by the Court as fair, reasonable, and adequate; (2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (3) whether the application of Lead Counsel for an award of attorneys' fees of up to one-third of the Settlement Amount ($4,000,000) plus interest, reimbursement of expenses of not more than $400,000, and a Compensatory Award to Lead Plaintiffs of no more than $60,000 collectively (or $30,000 each) should be approved; and (4) whether this Action should be dismissed with prejudice as set forth in the Stipulation of Settlement dated May 6, 2024 (the "Settlement Stipulation").[2]

If you purchased or otherwise acquired Purecycle Securities between November 16, 2020 and November 10, 2021, both dates inclusive (the "Class Period"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in Purecycle Securities. If you have not received a detailed Notice Of Proposed Settlement Of Class Action, Motion For Attorneys' Fees And Expenses, And Final Approval Hearing ("Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by visiting http://www.strategicclaims.net/purecycle or by contacting the Claims

---

[2] Defendants deny any and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Lead Plaintiffs, including but not limited to, the allegations that Lead Plaintiffs or the Settlement Class have suffered damages or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

EXHIBIT C

Administrator toll-free at (866) 274-4004 or at info@strategicclaims.net. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release Form postmarked no later than _____, 2024, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

   If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than _____, 2024, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

   Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses and award to Lead Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than _____, 2024, to each of the following:

| **Clerk of the Court** | **Lead Counsel** | **Counsel For Defendants** |
|---|---|---|
| United States District Court | Jeremy A. Lieberman | David Kistenbroker |
| Middle District of Florida | Tamar A. Weinrib | Joni Jacobsen |
| 401 West Central Boulevard | POMERANTZ LLP | DECHERT LLP |
| Rm. 4B | 600 Third Avenue, Floor 20 | 35 West Wacker Drive, Suite 3400 |
| Orlando, Florida 32801 | New York, NY 10016 | Chicago, IL 60601 |
| | | |
| | | John R. Loftus |
| | | Christine E. Ellice |
| | | DLA Piper LLP (US) |
| | | 2000 Avenue of the Stars |
| | | Suite 400 North Tower |
| | | Los Angeles, CA 90067 |

EXHIBIT C

If you have any questions about the Settlement, you may visit
http://www.strategicclaims.net/purecycle or write to Lead Counsel at the above address.
**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: _____, 2024                    _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA

# EXHIBIT D

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*You may be entitled to a payment. This notice may affect your legal rights.*

*Please read it carefully.*

PureCycle Technologies, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

The United States District Court for the Middle District of Florida (the "Court") has preliminarily approved a proposed Settlement of claims against defendants PureCycle Technologies, Inc., Michael Otworth, Michael E. Dee, David Brenner, and Byron Roth (collectively, "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that Defendants violated federal securities laws, causing damage to Settlement Class Members. Defendants deny any wrongdoing.

You received this notice because you may have purchased or otherwise acquired PureCycle Securities between November 16, 2020 and November 10, 2021, both dates inclusive. The Settlement dismisses and releases claims against the Defendants and creates a fund consisting of $12,000,000, less attorneys' fees and expenses, which will be divided among Settlement Class Members who timely submit valid Proof of Claim and Release Forms ("Proofs of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing ("Notice") and the Proof of Claim by visiting the website: www.strategicclaims.net/purecycle. You may also request copies of the Notice and Proof of Claim from the Claims Administrator by: (1) mail: PureCycle Technologies, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (2) toll-free phone: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Proof of Claim, which can be found on the website www.strategicclaims.net/purecycle. PROOFS OF CLAIM ARE DUE BY _____, 2024 TO: PURECYCLE TECHNOLOGIES, INC. SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST., STE. 205, MEDIA, PA 19063, or submitted electronically at www.strategicclaims.net/purecycle. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 2024. If you exclude yourself, you cannot get money from this Settlement. If you choose to remain in the Settlement, you may object to it by _____, 2024. The Notice explains how to exclude yourself or to object.

The Court will hold a Final Approval Hearing in this case on _____, 2024 at _:__ _.m. at the Court, 401 West Central Boulevard, Courtroom 4B, Orlando, Florida 32801, to consider whether to approve the Settlement, the Plan of Allocation, and a request by Lead Counsel for up to one third (⅓) of the Settlement Fund in attorneys' fees, plus up to $400,000 in expenses, and total award to Lead Plaintiffs of no more than $60,000 for litigating the case and negotiating the Settlement. You may, but do not have to, attend the Final Approval Hearing and ask to be heard by the Court. The Court reserves the right to hold the Final Approval Hearing telephonically or by other virtual means.

# EXHIBIT E

EXHIBIT E

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:** _____

IF YOU PURCHASED OR OTHERWISE ACQUIRED PURECYCLE SECURITIES[1] DURING THE PERIOD FROM NOVEMBER 16, 2020 THROUGH NOVEMBER 10, 2021, BOTH DATES INCLUSIVE (THE "CLASS PERIOD"), YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. EXCLUDED FROM THE SETTLEMENT CLASS ARE: (I) DEFENDANTS, ALL CURRENT AND FORMER DIRECTORS AND OFFICERS OF PURECYCLE DURING THE CLASS PERIOD, AND ANY FAMILY MEMBER, TRUST, COMPANY, ENTITY OR AFFILIATE CONTROLLED OR OWNED BY ANY OF THE EXCLUDED PERSONS AND ENTITIES REFERENCED ABOVE; (II) OPT-OUTS; AND (III) PERSONS WHO HAVE NO COMPENSABLE DAMAGES.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM AND RELEASE FORM") IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. YOU CAN COMPLETE AND SUBMIT THE ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM BY 11:59 P.M. EST ON _____, 2024 AT WWW.STRATEGICCLAIMS.NET/PURECYCLE.

IF YOU DO NOT COMPLETE AND SUBMIT AN ELECTRONIC VERSION OF THIS PROOF OF CLAIM AND RELEASE FORM, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN  _____, 2024 TO THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

PureCycle Technologies, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2024 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN

---

[1] "PureCycle Technologies, Inc.," "PureCycle," or "the Company" shall mean PureCycle Technologies, Inc. and any of its predecessors, affiliates, or subsidiaries, including but not limited to PureCycle Technologies LLC or Roth CH Acquisition I Co. ("ROCH").  During the Class Period, until March 17, 2021, the common stock of ROCH traded on the NASDAQ under the ticker symbol "ROCH," the warrants to purchase the common stock of ROCH traded on the NASDAQ under the ticker symbols "ROCHW," and the units comprised of ROCH common stock and warrants traded on the NASDAQ under the ticker symbol "ROCHU." Following the March 16, 2021 shareholder approval of the merger and the March 17, 2021 closing of the merger, PureCycle common stock trades on the NASDAQ under the ticker symbol "PCT," the warrants to purchase its common stock trade on the NASDAQ under the ticker symbol "PTTW," and units comprised of PCT common stock and warrants trade on the NASDAQ under the ticker symbol "PCTTU."   As further described in the Stipulation of Settlement, these are all included within the definition of PureCycle Securities.

SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR. IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

EXHIBIT E

### CLAIMANT'S STATEMENT

1. I (we) purchased PureCycle Securities during the Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase or otherwise acquire PureCycle Securities).

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or other acquisition of PureCycle Securities during the Class Period, and each sale, if any, of such PureCycle Securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of PureCycle Securities listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your recognized claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Released Claims," as those terms are defined in the Settlement Stipulation.

EXHIBIT E

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Parties.

9.  "Released Parties" has the meaning laid out in the Settlement Stipulation.

10. "Released Claims" has the meaning laid out in the Settlement Stipulation.

11. "Unknown Claims" has the meaning laid out in the Settlement Stipulation.

12. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of claims released pursuant to the Settlement Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Representative Filers MUST also submit a manually signed Proof of Claim and Release Form. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number.  If you are a Representative Filer and wish to submit your claim electronically, you must contact the Claims Administrator at (866) 274-4004, email at efile@strategicclaims.net, or visit their website at https://www.strategicclaims.net/institutional-filers/ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net/purecycle.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004.  If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

EXHIBIT E

## I. CLAIMANT INFORMATION

| | |
|---|---|
| Name: | |

| | |
|---|---|
| Address: | |

| City | State | ZIP |
|---|---|---|
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |

| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |
|---|---|---|

## II. SCHEDULE OF TRANSACTIONS IN PURECYCLE TECHNOLOGIES, INC. AND/OR ROTH CH ACQUISITION I CORP. SECURITIES

### Beginning Holdings:
A. State the total number of shares of PureCycle Securities held at the close of trading on November 15, 2020 (*must be documented*).  If none, write "zero" or "0."

### Purchases/Acquisitions:
B. Separately list each and every purchase or acquisition of PureCycle Securities between November 16, 2020 and February 8, 2022, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

C.  Separately list each and every sale of PureCycle Securities between November 16, 2020 and February 8, 2022, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D.  State the total number of shares of PureCycle Securities held at the close of trading on February 8, 2022 (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ |  | _____ |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Florida, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of PureCycle Securities during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup

EXHIBIT E

withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)


_____
(Signature)


_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.) Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)


Date: _____

EXHIBIT E

THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/PURECYCLE BY 11:59 P.M. EST ON _____, 2024, OR POSTMARKED NO LATER THAN _____, 2024, AND MUST BE MAILED TO:

PureCycle Technologies Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2024 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Proof of Claim and Release Form by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at **866-274-4004** or by email at info@strategicclaims.net.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

### REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim and Release Form on page 6. If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o   If you move or change your address, telephone number or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

# EXHIBIT F

EXHIBIT F

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| WILLIAM C. THEODORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PURECYCLE TECHNOLOGIES, INC., MICHAEL OTWORTH, MICHAEL E. DEE, DAVID BRENNER, and BYRON ROTH,<br><br>Defendants. | Case No. 6:21-cv-809-PGB-GJK<br><br>**CLASS ACTION** |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

EXHIBIT F

On the _____ day of _____, 2024, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated May 6, 2024 (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants (as defined in the Settlement Stipulation), including the release of the Released Claims against the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel as fees and reimbursement of expenses; and (5) whether and in what amount to award a Compensatory Award to Lead Plaintiffs; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated _____ __, 2024 ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      This Order and Final Judgment incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2.      The Court has jurisdiction over the subject matter of the Action, Lead Plaintiffs, all Settlement Class Members, and Defendants.

3.      The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d) Lead Plaintiffs and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

  i.  the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

  ii.  the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

iii.    the desirability or undesirability of concentrating the litigation of these

claims in this particular forum; and

iv.    the difficulties likely to be encountered in the management of the class

action.

The Settlement Class is being certified for settlement purposes only.

4.    The Court hereby finally certifies this action as a class action for purposes of the

Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of

all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired

PureCycle Securities during the Class Period, November 16, 2020 through November 10, 2021,

both dates inclusive, and who were damaged thereby.  Excluded from the Class are: (i) Defendants,

all current and former directors and officers of PureCycle during the Class Period, and any family

member, trust, company, entity or affiliate controlled or owned by any of the excluded persons

and entities referenced above; (ii) Opt-Outs; and (iii) Persons who have no compensable damages.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of

this Settlement only, Lead Plaintiffs are certified as the class representative on behalf of the

Settlement Class ("Class Representative") and Lead Counsel previously selected by Lead Plaintiffs

and appointed by the Court are hereby appointed as Lead Counsel for the Settlement Class ("Lead

Counsel").

6.    In accordance with the Court's Preliminary Approval Order, the Court hereby finds

that the forms and methods of notifying the Settlement Class of the Settlement and its terms and

conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure,

and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private

Securities Litigation Reform Act of 1995, constituted the best notice practicable under the

circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7.      The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, Settlement Class Members and Defendants. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8.      The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against Defendants and the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9.      The Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation

by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. The Releasing Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity. The Releasing Parties shall be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

10.     To the fullest extent permitted by law, all Persons shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Persons' participation in any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Settlement Stipulation or this Order and Final Judgment shall apply to bar or

otherwise affect any claim for insurance coverage by any Defendant or to bar or otherwise affect any claims by Byron Roth for indemnification or contribution, whether contractual, equitable, or otherwise, against PureCycle.

11. Lead Counsel is awarded attorneys' fees in the amount of $ _____, and expenses in the amount of $_____, plus any applicable interest, such amounts to be paid out of the Settlement Fund no later than ten (10) days following entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Plaintiff's counsel in the manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action. In the event that this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel and all other plaintiffs' counsel to whom Lead Counsel has distributed payments shall within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated or precludes the Effective Date from occurring, refund the Settlement Fund the Fee and Expense Award paid to Lead Counsel and, if applicable, distributed to other counsel.

12. Lead Plaintiffs are awarded in total $_____ or $_____ each, as a Compensatory Award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

13. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel

and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

14.     The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

15.     Neither this Order and Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a)     is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Class Representative, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Defendants, the Released Parties, or each or any of them;

(b)     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendants or Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c)     is or may be deemed to be or shall be used, offered or received against the Settling Parties, Defendants or the Released Parties, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

7

(d)      is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Defendants, or the Released Parties, or each or any of them, that any of Class Representative's or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

16.      The Released Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, except that nothing contained herein shall constitute a release by Byron Roth of any claims for indemnification or contribution, whether contractual, equitable, or otherwise, against PureCycle. The Settling Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Order and Final Judgment.

17.      Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

18.      Without affecting the finality of this Order and Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class

Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

19.     Without further order of the Court, Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

20.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21.     The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Counsels' application for an award of attorneys' fees and expenses or an award to the Class Representative.

22.     In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to March 20, 2024, pursuant to the terms of the Settlement Stipulation.

Dated: _____, 2024

_____
HON. PAUL G. BYRON
UNITED STATES DISTRICT JUDGE